UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY, <br><br> Plaintiffs, <br><br> v. <br><br> ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES, <br><br> Defendants. | | Civil Action No. 1:21-cv-00565 |

**DEFENDANT ELIAZAR CISNEROS DEFENSIVE MOTIONS**
**And**
**DEFENDANT'S ORIGINAL ANSWER**

COMES NOW, ELIAZAR CISNEROS, one of the Defendants named in the Plaintiffs' complaint filed in the above numbered and styled civil action and moves **under Rule 12 (b) Fed R. Civ P.** for dismissal of all claims in Plaintiffs' Complaint as follows:

**MOTION TO DISMISS FOR**
**LACK OF SUBJECT-MATTER JURISDICTION:**
Defendant files this motion to dismiss Plaintiffs suit for lack of subject matter jurisdiction as authorized by federal rule of Civil Procedure 12 (b) ( 1).

A. **Introduction**

1. The Plaintiffs are Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway. The defendants are Eliazar Cisneros, Hannah Ceh, Joeylene Mesaros, Robert Mesaros, Dolores Park, and John and Jane Doe's.

2. Plaintiffs sued Defendants, among other things, for violation of 42 U.S.C.§1985(3).

3. The court lacks subject matter jurisdiction over plaintiff's suit; Therefore, the suit should be dismissed.

B. **Argument**

4. This court's jurisdiction is limited to cases arising under U. S. Constitution or federal law or cases involving diversity of citizenship. See 28USC sections 1331, 1332. In this case, the court lacks subject matter jurisdiction over this dispute because the suit does not give rise to federal - question jurisdiction. 28U.S. Code §1331.

5. Although Plaintiffs allege that the court has federal - question jurisdiction under 42 U.S.C.§1985(3) this case does not involve a federal question because it would be a

1

stretch of the intentions of the act 42 U.S.C.§1985(3) to extend it into the realm where both parties are exercising their First Amendment Rights, both parties acted in advocacy of their party candidates and were zealous with each other and the 42 U.S.C.§1985(3) does not contemplate the use of it as a sword and shield at the same time. Furthermore, 42 U.S.C.§1985(3) contemplates racial motives. Therefor, 42 U.S.C.§1985(3) cannot apply under the facts pled in Plaintiffs' Complaint.

### C.  Conclusion
6.   For these reasons, defendant asks the court to grant Defendant's motion to dismiss Plaintiffs suit for lack of subject merit matter jurisdiction and award Defendant just costs under 28 U. S. C. §1919.

## MOTION TO DISSMISS FOR
## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED:

Defendant files this motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, as authorized by federal rules of Civil Procedure 12 (b) (6).

### A.  Introduction
1.   The Plaintiffs are herein above named in the style of the case; the Defendants herein are likewise herein above named in the style of this case. All references herein to Defendant refer to Eliazar Cisneros though this Motion may also inure to the benefit of all Defendants.
2.   Plaintiffs sued Defendant, among other things, for damages resulting from an alleged conspiracy to deprive Plaintiffs of their civil rights. Plaintiffs claim damages for mental and psychological damage.
3.   In their complaint, the Plaintiffs did not state a claim upon which relief can be granted. Therefore, the court should dismiss Plaintiff's suit.
4.   In their complaint, Plaintiff alleges that the Defendant's conduct caused their damages. Plaintiffs did not suffer any loss of property, property damages or personal injury.

### B.  Argument
5.   A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relieve is plausible. See Ashcroft V. Iqbal, 556 U. S. 662, 678 (2009); Bell Atl. Corp. V. Twombly, 550 U. S. 544, 555 - 56 and n. 3 (2007).
6.   Plaintiff's complaint includes factual allegations that do not show a right to relief that is plausible. Brooks, 578 F. 3D at 581 dash 82. Specifically, Plaintiffs made the following factual allegations: that Plaintiffs feared for their lives; that Plaintiffs had trouble sleeping for over a month after the incident; that Plaintiffs were traumatized by the incident so as to ceased tour bus business; Plaintiffs claim to have suffered substantial emotional distress including experiencing fears in speaking publicly and that it would put her in fear of risk of harm from Defendants. There is no claim of any contact between the Plaintiffs and the Defendants, other than between the driver of the Plaintiffs follow car and the Defendant Cisneros. Under Texas Law, one does not recover for mental and emotional anguish damages. See Parkway Company v.

2

Woodruff, 901 S. W. 2d 434 (Tex. 1995) ; City of Tyler v. Likes, 962 S. W. 2d 489 (Tex. 1998 ).

Additionally, the Plaintiffs' Complaint claims that the Defendant engaged in a conspiracy. The Plaintiffs' do not claim a Criminal Conspiracy but a Civil Conspiracy which requires an underlying Tort. Agar Corp. v. Electro Circuit Int'l, LLC, 580 S.W. 3d 136 (Tex. 2019). The Plaintiffs' have not pled an underlying Tort, yet they seem to allege that being of an opposite party and advocating for an opposite party candidate is a conspiracy and thus a Tort, even when, as in this pled complaint, the Plaintiffs were engaged in the same conduct the Defendants are alleged to have been engaged.

## C. Conclusion

7. Because plaintiff did not state a claim upon which relief can be granted the court should dismiss the suit.

## Defendant's Original Answer

Defendant Eliazar Cisneros, files this Original Answer to Plaintiffs' complaint.

## A. ADMISSIONS AND DENIALS:

1. This Defendant denies that his express purpose was "to terrorize and intimidate a group based on that group's political viewpoints including their support for a different presidential campaign".

   This Defendant further denies that his "...goal of this effort was to intimidate supporters of then- Democratic Presidential and Vice Presidential, Candidates Joseph R. Biden and Kamala Harris, and to stop those supporters from speaking and acting freely in support of the candidate of their choice in Texas". Otherwise, Defendant admits to all other averments found in Paragraph 1. Page 2 of Plaintiffs' Complaint.

2. Regarding paragraph two page 2 of Plaintiffs' complaint, this Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither a admit or deny that "supporters of the Biden - Harris campaign intended to campaign at various political events across Central Texas.

   This defendant denies that he deliberately upended the Plaintiffs' plans; this Defendant further denies that he slammed into a staffer's follow car, and can neither denies or admit that "those o the bus feared injury or for their lives or suffered lingering trauma in the days and months thereafter".

3. Regarding paragraph three, page 2 of Plaintiffs' Complaint, This Defendant denies "intimidation", and can neither admit or deny the balance of the allegations contained therein.

4. Regarding paragraph four page 3 of Plaintiffs' Complaint, This Defendant denies that he participated in any "conspiracy to ambush the Biden-Harris Campaign's tour bus between San Antonio and Austin, Texas". This Defendant denies that he was neither an

3

"assailant…displayed weapons… or screamed death threats" as alleged therein. This Defendant can neither admit or deny all other allegations contained in this paragraph.

5. Regarding paragraph five, page 3 of Plaintiffs' Complaint, This Defendant denies that he "attacked…in a "conspiracy" to disrupt the campaign and intimidate its supporters", and can neither admit or deny the balance of the allegations contained therein.

6. Regarding paragraph six page 3 of Plaintiffs' Complaint, This Defendant denies that he "Conspired" or "ambush(ed)" or "terrorize" the Plaintiffs.

7 Regarding paragraph Seven page 3 of Plaintiffs' Complaint, Defendant denies that he terrorized or menaced the driver and passengers on the Bus, (the Plaintiffs). Defendant denies that "They played a madcap game of highway "chicken," coming within three to f our inches of the bus. They tried to run the bus off the road". This defendant can neither deny or admit the remaining allegations contained therein.

8.      Regarding paragraph eight, page 4 of Plaintiffs' Complaint, Defendant denies that he "side-swiped an accompanying SUV driven by a Biden-Harris Campaign staffer" when in fact this Defendant was side-swiped by the accompanying SUV and attempting to drive Defendant off of the road. Defendant denies that he described the incident with the SUB as "slamming that fucker". If Defendant said any such thing if after the time and dates mentioned in Plaintiffs' Complaint and is taken out of context. Defendant can not otherwise admit or deny the remaining allegations contained therein.

9.      Regarding paragraph nine, page 4 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny.

10. Regarding paragraph 10, page 4 of Plaintiffs' Complaint, Defendant denies that he prevented anyone from exercising their First Amendment Rights or that he intimidated or posed a safety risk to anyone. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained therein.

11.      Regarding paragraph 11, page 4-5 of Plaintiffs' Complaint, Defendant admit the allegations and averments contained therein.

12.      Regarding Paragraph 12, page 5 of Plaintiffs' Complaint, Defendant denies that he used force of any kind, or threatened anyone with whom he disagreed politically or terrorized anyone with whom he disagrees. Further, Defendant denies that he conspired to use his vehicle as a weapon to interfere with the constitutional rights of those who support the Biden-Harris Campaign as alleged in that paragraph of Plaintiffs' Complaint.

13.      Regarding Paragraph 13, page 5 of Plaintiffs' Complaint, Defendant denies that the Ku Klux Klan Act of 1871 as alleged by Plaintiffs therein, (42 U.S. Code § 1983) applies to the Plaintiffs' claims. The Defendant was not acting under "color of law" as expressly provided in the statute, and under 42 U.S. Code § 1985 (3), there was not a

conspiracy to harm a citizen or citizens because of their support or advocacy for a federal candidate for public office.

14.    Regarding paragraph 14, page 5 of Plaintiffs' Complaint, Defendant denies violation of the Klan Act and or Texas Law. Defendant has insufficient knowledge or information to form a belief about the truth and thus can neither deny or admit that the Plaintiffs were injured or that Plaintiffs were driven out of town, yet specifically deny that they were driven out of town" for their political beliefs. Defendant denies that they are entitled to damages of any kind.

15.    Regarding paragraph 15, 16, 17 ,18 and 19 page 6 – 7 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny  the allegations contained therein.

16.    Regarding paragraph 20, page 7 of Plaintiff's Complaint, Defendant denies that he forcefully harassed and intimidated the Plaintiffs, The Biden-Harris bus, and the escorting vehicles. Defendant denies that he struck any vehicles as alleged therein but admits that he was forcibly struck by the escorting vehicle.

17.    Regarding paragraph 21, 22 and 23, page 7-8 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither  admit or deny  the allegations contained therein

18.    Regarding paragraph 24, page 8 of Plaintiffs' Complaint, Defendant denies that he conspired with anyone to execute any incident on October 30, 2020, Otherwise, this Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither  admit or deny  the allegations contained therein

19.    Regarding paragraph 25, 26 and 27, page 8 of Plaintiffs' Complaint, Defendant denies that this court has jurisdiction under 42 U.S. Code § 1985 (3). Defendant requests a more definite statement to the allegations contained in paragraph 25 wherein Plaintiffs claims "state law claims" and concludes that their claims are closely related to the federal claims. Further, Defendant denies committing any legal violations against the Plaintiffs when in fact the Plaintiffs and their entourage of follow vehicles were driving offensively dangerous and threateningly to commit possible harm to any one or multiple vehicles that came within certain parameters they deemed dangerous.

20.    Regarding paragraphs  28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 39 and 40, pages 8-12 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny  the allegations contained therein

21.    Defendant admits the averments and allegations of paragraph 41, page 12 of Plaintiffs' Complaint.

22.     Regarding paragraph 42, page 12 of Plaintiffs' Complaint, Defendant states that he legally exercises his Second Amendment Rights; that he protected property and shop owners from riotous looters, both Black Lives Matter and ANTIFA rioters when they were in San Antonio to cause havoc and destruction in the down-town area. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained therein.

23.     Regarding paragraph 43, page 12-13 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither a admit or deny the allegations contained therein

24.     Regarding paragraphs 44, through 72, page 13 – 26 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained therein

25.     Regarding paragraph 73, page 26 of Plaintiff's Complaint, Defendant denies that his actions surrounding the Plaintiffs' bus was either harassing or forcing it to slow down. Otherwise, Defendant admits the contained allegations therein.

26.     Defendant admits the allegations and averments contained in paragraph 74, page 27 of the Plaintiffs' Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained in paragraph 75, 76, 77, 78, 79, 80, 81, 82, 83, and 84, pages 27 – 30 of Plaintiffs' Complaint.

27.     Regarding paragraph 85, page 31 of Plaintiffs' Complaint, the Defendant denies that the Defendant moved his vehicle in front of Plaintiffs' bus at any one time except to pass the Plaintiffs bus far from the bus, otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither a admit or deny the allegations contained therein.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations and averments contained in paragraphs 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98 and 99, pages 31– 40 of Plaintiffs' Complaint.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus, can neither admit or deny the allegations contained in paragraph 100, 101, 102, page 40 of the Plaintiffs' Complaint. Defendant requests a more definite statement of the number of feet alleged to be the distance between the bus and Defendant's vehicle. Defendant states that it was the Plaintiffs' bus that kept startling the middle line of the highway, forcing the Defendant's vehicle to fall back and prompting the Plaintiffs' follow vehicle to force the Defendant off the road.

30.     Defendant denies that allegations and averments contained in paragraph 103, page41 of Plaintiff's Complaint in as much as the Defendant never attempted to edge the

Campaign Staffer A off his course. On the contrary, the Campaign Staffer A, as alleged attempted to run the Defendant off of the road and he struck the Defendants vehicle on the side.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus, can neither admit or deny the allegations contained in paragraph 104, page 41 of the Plaintiffs' Complaint.

32.     Defendant denies that allegations and averments contained in paragraph 105, page 42 of Plaintiff's Complaint in as much as the Defendant never attempted to edge the Campaign Staffer A off his course. On the contrary, the Campaign Staffer A, as alleged attempted to run the Defendant off of the road and he struck the Defendants vehicle on the side.

33.     Defendant denies that allegations and averments contained in paragraph 106, page 43 of Plaintiff's Complaint in as much as the Defendant never attempted to edge the Campaign Staffer A off his course. On the contrary, the Campaign Staffer A, as alleged attempted to run the Defendant off of the road and he struck the Defendants vehicle on the side. The damages caused were as a result of Campaign Staffer A, assault on Defendant's vehicle.

34.     Defendant admits to having attempted to protect himself against Campaign Staffer A for damaging Defendant's vehicle and trying to drive Defendant off the road. Defendant denies the implications insinuated in this paragraph 107, page 43-44 of Plaintiffs' Complaint that Defendant was the aggressor in the instance herein averred.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained in paragraph 108, 109, 110, 111, and 112 page 46 - 49 of the Plaintiffs' Complaint.

36.     Defendant admits being at the Austin campaign spot as alleged in Paragraph 113 page 49 of Plaintiffs' Complaint, yet Denies harassing the Plaintiffs.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither a admit or deny the allegations contained in paragraph 114, 115, 116, and 117, page 49 – 50 of the Plaintiffs' Complaint. Defendant denies that he was hostile as averred in paragraph 118, page 50 and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither a admit or deny the allegations contained in paragraph 118, page 50 of the Plaintiffs' Complaint.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained in paragraph 119 page 50 of the Plaintiffs' Complaint.

7

39. Defendant requests a more definite statement to the allegations and averments contained in paragraph 120, page 50 of Plaintiffs' Complaint and otherwise denies the allegations contained therein.

40. Defendant denies the allegations and averments contained in paragraph 121, page 50 of Plaintiffs' Complaint in as much as they are taken out of context.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained in paragraph 122, 123, 124, and 125, pages 52 - 53 of the Plaintiffs' Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither a admit or deny the allegations contained in paragraph 127, page 53, lines 1-4 of Plaintiffs' Complaint yet denies that his Facebook post to Plaintiff Cervini was threatening or harassing.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained in paragraph 128, pages 54 of the Plaintiffs' Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained in paragraphs 129, 130, 131, 132, 133, 134 and 135, pages 54-56, Plaintiffs' Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations thus can neither admit or deny the allegations contained in paragraphs 136, pages 56, Plaintiffs' Complaint.

46. Regarding paragraph 137, page 56 of Plaintiff's Complaint, Defendant denies that 42 U.S.C.§1985(3) is applicable to any claims alleged by Plaintiffs' Complaint. Defendant denies that he violated 42 U.S.C.§1985(3), as averred in Paragraph 138, page 57 of Plaintiffs' Complaint, and Defendant further denies that he intimidated or physically assaulted, threatened or harassed the Plaintiffs.

47. Defendant denies the allegations and averments contained in paragraphs 139, 140, 141, 142, 143,144,145, and 146, pages 57 - 58 of Plaintiffs' Complaint in that there was no conspiracy as defined by law. There was no illegal act committed by Defendant. Whitfield v. United States, 453 U.S. 209 (2005). The claims under 42 U.S.C.§1985(3) are far from applicable to the claims presented by Plaintiffs' Complaint.

48. Defendant denies the allegations and averments contained in Paragraphs 147, page 58 of Plaintiffs' Complaint. An incident without physical harm cannot prove psychological and emotional harm. No one's First Amendment rights were prevented and there was not conspiracy.

49.     Defendant denies the allegations and averments contained in paragraphs 148 149 150 151 and 152, pages 59 dash 60 of Plaintiffs' Complaint.

## B.  DEFENSES AND AFFIRMATIVE DEFENSES:

50. The defendant is not liable to plaintiff's cause the Plaintiffs assumed risk and work contributorily negligent. Although the Plaintiffs claim in their complaint that the defendants were driving recklessly and negligently, this defendant claims that his actions along the road work to defend against the reckless and negligent driving of the Plaintiffs both in the trailing vehicle and in the bus. Defendant was struck by the Plaintiffs rear escort driver vehicle to throw him off the roadway, causing damages to the defendant's vehicle. The Plaintiffs were driving in the middle of the road swerving in and out of traffic. And were thus contributorily negligent, reckless, and assumed the risks.

## C. PRAYER

51. For these reasons, Defendant asks the court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs suit with prejudice, assess costs against the Plaintiff, and award Defendant all other relief the court deems appropriate.

Respectfully submitted,

By: _____

Francisco R. Canseco
Texas Bar No. 03759600
*Pro Hac Vice forthcoming*
190 Jackson Court
San Antonio, Texas 78230
frcanseco@gmail.com
210.901.4279

ATTORNEY IN CHARGE FOR
ELIAZAR CISNEROS, DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on July 29th, 2021, a copy of Defendant Eliazar Cisneros Defensive Motions And Defendant's Original Answer werre served by email to: mimi@texascivilrightsproject.org, emma@texascivilrightsproject.org, john.paredes@protectdemocracy.org , cameron.kistler@protectdemocracy.org, ben.berwick@protectdemocracy.org, mgottlieb@willkie.com,  shall@willkie.com, mgovernski@willkie.com, jsuriani@willkie.com, mtayer@willkie.com.

On the following attorneys in charge for the Plaintiffs:
Mimi Marziani (TX Bar No. 24091906)

Emma Hilbert (TX Bar No. 24107808)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
emma@texascivilrightsproject.org

Francisco R. Canseco, Attorney for Eliazar Cisneros.