UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and Timothy Holloway | § § § | |
| Plaintiffs, | § | Civil Action |
| v. | § § | No. 1:21-CV-565-RP |
| ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS JOEYLYNN AND ROBERT
MESAROS'S MOTION TO DISMISS**

Jerad Najvar (Attorney In Charge)
Texas Bar No. 24068079
Southern District No. 1155651
jerad@najvarlaw.com
Austin M. B. Whatley (Of Counsel)
Texas Bar No. 24104681
Southern District No. 3348472
austin@najvarlaw.com
2180 N. Loop W., Ste. 255
Houston, TX 77018
Tel.: 281.404.4696
Fax: 281.582.4138

1

## TABLE OF CONTENTS

Table of Authorities ...................................................................................................................3

Introduction..................................................................................................................................5

Argument .....................................................................................................................................5

    I.    Rule 12(b)(6) Standard ...................................................................................................5

    II.    Plaintiffs' Unique Contortion of § 1985(3) Should be Dismissed.....................................6

          a.    Plaintiffs Failed to Allege That the Mesaros (Or Any Other) Defendants Acted with Racial Animus as is Required for a § 1985(3) Claim in the Fifth Circuit .......6

          b.    Plaintiffs Failed to Allege Facts Sufficient to Show a "Conspiracy" by the Mesaros Defendants to Deprive Them of a Constitutional Right............................9

    III.    Given the Early Stages of the Instant Lawsuit and the Novel use of these State law Claims, the Court should Dismiss them so That Plaintiffs may Refile them in the Appropriate Court .........................................................................................................9

Conclusion .................................................................................................................................12

Certificate of Service .................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136 (Tex. 2019) ...............................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................................................5, 6

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993) ...............................................7, 9

*Brown v. Reardon*, 770 F.2d 896 (10th Cir. 1985) ...........................................................................8

*Bryan v. City of Madison, Mississippi*, 213 F.3d 267 (5th Cir. 2000) ..........................................5, 7

*Cantu v. Moody*, 933 F.3d 414 (5th Cir. 2019)..............................................................................7, 9

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ..................................................................10

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011) ........................................................5

*Daigle v. Gulf State Utilities Co., Local Union No. 2286*, 794 F.2d 974 (5th Cir. 1986) ...............7

*Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754 (5th Cir. 1987) ........................................................7

*Drake v. Costume Armour, Inc.*, 736 Fed. Appx. 505 (5th Cir. 2018) ................................5, 10, 12

*Elsensohn v. St. Tammany Par. Sheriff's Office*, 530 F.3d 368 (5th Cir. 2008)..............................6

*Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011) ..........................................................10

*Farber v. City of Paterson*, 440 F.3d 131 (3d Cir. 2006) ................................................................8

*Galloway v. State of La.*, 817 F.2d 1154 (5th Cir. May 1987) .........................................................7

*Griffin v. Breckenridge*, 403 U.S. 88 (1971)...................................................................................6

*Grimes v. Smith*, 776 F.2d 1359 (7th Cir. 1985) .............................................................................8

*Harrison v. KVAT Food Mgmt., Inc.*, 766 F.2d 155 (4th Cir. 1985) ...............................................8

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261 (5th Cir. 2001) .........................................8

*Kimble v. D. J. McDuffy, Inc.*, 648 F.2d 340 (5th Cir. 1981) .........................................................7

*Lamar Tex. Ltd. P'ship v. City of Port Isabel*,
    CIV.A B-08-115, 2010 WL 441484 (S.D. Tex. Feb. 3, 2010) ..........................................10

*Loaisiga v. Cerda*, 379 S.W.3d 248 (Tex. 2012) ..........................................................................11

*Lucky Tunes #3, L.L.C. v. Smith*, 812 Fed. Appx. 176 (5th Cir. 2020) ............................................9

*Newberry v. East Texas State University*, 161 F.3d 276 (5th Cir.1998) .........................................7

*Perez-Sanchez v. Pub. Bldg. Auth.*, 531 F.3d 104 (1st Cir. 2008) ...................................................8

*Prescott v. Jefferson*, No. 17-13584-A, 2018 WL 3937045 (11th Cir. May 31, 2018) ....................8

*Redburn v. City of Victoria*, 898 F.3d 486 (5th Cir. 2018) ..............................................................9

*United Broth. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*,
    463 U.S. 825 (1983) .............................................................................................................7, 8

*United Mine Workers of Am. v. Gibbs,* 383 U.S. 715 (1966) .........................................................10

*Seals v. Superior Options of LA, Inc*., 610 Fed. Appx. 436 (5th Cir. 2015) ...................................10

*Tummel v. Milane*, 787 Fed. Appx. 226 (5th Cir. 2019). ...............................................................11

*Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014) .................................................................11

*Waffle House, Inc. v. Williams*, 313 S.W.3d 796 (Tex. 2010) .......................................................11

**INTRODUCTION**

Defendants Joeylynn Mesaros and Robert Mesaros (collectively, the "Mesaros Defendants") file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). While Plaintiffs' complaint is rife with factual misrepresentations and suffers from several legal deficiencies, this entire suit should be dismissed without any need to wade into all of those issues. Plaintiffs' single federal cause of action, arising under 21 U.S.C. § 1985(3), falters out of the starting blocks because Plaintiffs do not even allege facts supporting a fundamental element, which is that any alleged conspiracy be motivated by racial animus. *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 276 (5th Cir. 2000). As such, it is not a viable claim in this Circuit. And stripped of the sole federal claim, which is the principal cause of action, Fifth Circuit precedent weighs strongly in favor of dismissing Plaintiffs' pendent Texas-law claims due to their novelty and given the early stage of the litigation here. *Drake v. Costume Armour, Inc.*, 736 Fed. Appx. 505, 506 (5th Cir. 2018).

**ARGUMENT**

**I.  Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Rule 12(b)(6) dismissal can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Par. Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).  The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

## II. Plaintiffs' Unique Contortion of § 1985(3) Should be Dismissed

Plaintiffs assert a claim under 42 U.S.C. § 1985(3) (conspiracy to violate civil rights) against the Mesaros Defendants, seeking nominal, compensatory, and punitive damages. *See* Compl. at 59 (prayer for relief).  However, despite their vast resources and salacious public relations tour, Plaintiffs have failed to plead an essential element to their claim: that any alleged conspiracy was predicated in race-based animus.  In fact, Plaintiffs have completely failed to allege, or present facts that show, an animus towards *any identifiable class* whatsoever.

As Plaintiffs have utterly failed to plead an essential element to their claim under 42 U.S.C. § 1985(3), this claim should be dismissed with prejudice.

### a. Plaintiffs Have Failed to Allege That the Mesaros (Or Any Other) Defendants Acted with Racial Animus as is Required for a § 1985(3) Claim in the Fifth Circuit.

Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by invidiously discriminatory animus.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  To show a cognizable claim under § 1985(3), a plaintiff must allege and prove four elements:

> (1) a conspiracy; (2) *for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws*; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

6

*United Broth. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983) (citing 42 U.S.C. § 1985) (emphasis added). To state a claim under § 1985(3), therefore, a plaintiff must allege the existence of a conspiracy in fact to deprive individuals based on specific class-based animus.

While it has alluded that other classes could qualify, the Supreme Court has only found a showing of "racial animus" to qualify under the "class-based" element. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993) ("Whatever may be the precise meaning of a "class" for purposes of *Griffin*'s speculative extension of § 1985(3) beyond race, the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors"). The Fifth Circuit has repeatedly made clear that "the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019), *cert. denied*, 141 S. Ct. 112 (2020) (citing *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987)); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000) ("In this circuit, we require an allegation of a race-based conspiracy.") (citing *Newberry v. East Texas State University*, 161 F.3d 276, 281 n. 2 (5th Cir.1998).[1]

While some circuits at least recognize that § 1985(3)'s purpose could be broadened in scope with further legislation or a mandate from the Supreme Court, following the Supreme

---

[1] Early Fifth Circuit panels even alluded to the potentiality of including "plaintiff's political beliefs or associations." *Galloway v. State of La.*, 817 F.2d 1154, 1159 (5th Cir. May 1987). However, sitting en banc, the Fifth Circuit had already foreclosed non-race-based classifications. *Daigle v. Gulf State Utilities Co., Local Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986) ("Thus, we have held that the *Griffin* race of class-based animus requirement of § 1985(3) also applies to claims under the second part of § 1985(2).") (citing *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 346 (en banc), *cert. denied*, 454 U.S. 1110 (1981). The Fifth Circuit has repeatedly reiterated the requirement of allegations of race-based animus. *E.g., Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 n. 3(5th Cir. 1987) ("Our conclusion that the plaintiffs' failure to allege a race-based conspiracy forecloses their cause of action under section 1985(3)...").

Court's opinion in *United Bhd. of Carpenters Local 610*, 463 U.S. 825, the number of circuit courts requiring specifically racial animus for a conspiracy claim under § 1985(3) is at near unanimity.[2]

Plaintiffs have not alleged any racial or other class-based animus on the part of any of the Defendants, let alone of the Mesaros Defendants as individuals. With allegations of racial animus entirely absent from the Complaint, Defendants are left guessing as to what purported class the Plaintiffs contend they are a part of, that Defendants had a specific animus towards, and was the intent behind their alleged actions. Leaving the obvious public relations purpose of this suit and the Plaintiffs' strained (at best) interpretations of the facts and applicable law, Defendants are left to speculate that the identified class is meant to be "constitutionally eligible voters." Compl. ¶ 140. In the Fifth Circuit, racial animus is a required element to a § 1985(3) claim. Without a racial animus element, no suit under § 1985(3) can survive.

While having failed to show an actual conspiracy, having also failed to show the necessary element of racial animus, Plaintiffs' claims must be dismissed. *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001) ("[Plaintiff] has alleged no racial

---

[2] *See, e.g., Perez-Sanchez v. Pub. Bldg. Auth*., 531 F.3d 104, 109 (1st Cir. 2008) ("We find the Supreme Court's dicta in *Scott* and the reasoning of our sister circuits persuasive. Recognizing a claim under § 1985(3) for discrimination due to political affiliation would open the federal courts to a wide variety of claims, ranging from employment disputes such as this one to election-related claims. We thus decline to extend § 1985(3)'s protection to political affiliation."); *Farber v. City of Paterson*, 440 F.3d 131, 140 (3d Cir. 2006) ("As to both groups, however, the invidiously discriminatory animus behind the Klan's actions was motivated by racial hatred, not by its victims' political party affiliation."); *Grimes v. Smith*, 776 F.2d 1359, 1366 (7th Cir. 1985) ("The import of both *Griffin* and *Scott* is that the legislative history of § 1985(3) does not support extending the statute to include conspiracies other than those motivated by a racial, class-based animus against 'Negroes and their supporters.'"); *Brown v. Reardon*, 770 F.2d 896, 905 (10th Cir. 1985) (rejecting class definitions broader than "race, sex, religion, or national origin."); *Harrison v. KVAT Food Mgmt., Inc*., 766 F.2d 155, 161 (4th Cir. 1985) ("In analyzing the *Scott* decision, we find little support for the contention that § 1985(3) includes in its scope of protection the victims of purely political conspiracies."); *Prescott v. Jefferson*, No. 17-13584-A, 2018 WL 3937045, at *2, (11th Cir. May 31, 2018) (holding that "[a] plaintiff pursuing a claim under either § 1985(2) or § 1985(3) must show that a ... class-based animus underlies the actions of the conspirators").

animus, so her claim fails; the district court correctly dismissed it under FED.R.CIV.P. 12(b)(6)"); *Cantu*, 933 F.3d at 420 (5th Cir. 2019) (upholding 12(b)(6) dismissal when plaintiff failed to properly plead facts showing appropriate class-based animus).

### b. Plaintiffs Failed to Allege Facts Sufficient to Show a "Conspiracy" by the Mesaros Defendants to Deprive Them of a Constitutional Right

Even assuming that the Plaintiffs had some kind of class-based animus in mind, Plaintiffs' claims are still subject to a Rule 12(b)(6) dismissal. Plaintiffs cannot "cross from 'the factually neutral [to] the factually suggestive'" because they do not "link [their] conspiracy allegations to [their] status." *Cantu*, 933 F.3d at 420. The complaint is entirely absent of facts showing that Mesaros Defendants' motivations were "directed specifically at" any identifiable class of persons "as a class" or that their "actions were motivated '*by reason of*'" their status as members of some class. *Id*. (quoting *Bray*, 506 U.S. at 270) (emphasis in original).

The fact that Plaintiffs' allegations lack the requisite factual base indicating a conspiracy on the part of the Mesaros Defendants to deprive Plaintiffs of their rights specifically based on their membership of *some* class is alone enough for this court to dismiss Plaintiffs' claim.

## III. Given The Early Stages of the Instant Lawsuit And The Novel Use of These State Law Claims, the Court should Dismiss them so That Plaintiffs may Refile them in the Appropriate Court.

Generally, when all federal claims are dismissed, leaving only state-law claims, a federal district court has the discretion to dismiss the claims *without prejudice* or to otherwise dispose of them. *Lucky Tunes #3, L.L.C. v. Smith*, 812 Fed. Appx. 176, 184 (5th Cir. 2020); *Redburn v. City of Victoria*, 898 F.3d 486, 496–97 (5th Cir. 2018). In determining whether to dismiss any remaining state law claims, a court looks to four factors: (1) whether they concern a novel or complex issue of state law; (2) whether the Texas state law claims "predominate" over the federal claims; (3) whether the district court has dismissed the federal claims; and (4) whether

there are exceptional circumstances. *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011).

Because the exercise of "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," courts "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966).[3]  "When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction. *Id.*  The Fifth Circuit has taken this "powerful reason" even further, stating that "[the Fifth Circuit's] general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Drake,* 736 Fed. Appx. at 506; *Seals v. Superior Options of LA, Inc*., 610 Fed. Appx. 436, 438 (5th Cir. 2015).  Indeed, absent any other rationale, the fact that all federal claims are dismissed is alone enough to "support[] dismissal of the state law claims[.]"  *Drake*, 736 Fed. Appx. at 506.

However, this Court has additional "powerful reasons" for dismissing the remaining state law claims, as they represent a novel commandeering of Texas-law claims meant primarily for public relations and a media campaign rather than actual meritorious grievances.  If an issue of state law is novel or complex a district court should *not* exercise its supplemental jurisdiction. *Lamar Tex. Ltd. P'ship v. City of Port Isabel*, CIV.A B-08-115, 2010 WL 441484, at *3 (S.D. Tex. Feb. 3, 2010).  The Texas Supreme Court has very rarely opined directly on the existence of civil assault claim, and never in the context of a minor traffic accident or in a similar exercise of

---

[3] These common-law factors encompass the fourth "exceptional circumstance" factor as set out in *Enoch*. 641 F.3d at 159.

citizens' First Amendment rights. *See e.g. Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012). Rather, the few Texas Supreme Court rulings on the issue have considered cases that concern actual physical contact that would be recognized as clear cases of assault. *See e.g. Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801 (Tex. 2010) (recognizing jury determination of civil assault when manager would repeatedly and forcefully sexually assault employee); *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014) (deciding arrestee's claim following injuries sustained during an arrest was one for assault rather than negligence during a sovereign immunity analysis).

Here, every factor weighs in favor of dismissing Plaintiffs' single remaining independent cause of action.[4] First, Plaintiffs' claim for civil assault represents an entirely novel usage. Second, a review of the Complaint reflects that even the Plaintiffs are centrally focused on the (deficient) federal claim. The Complaint only addresses the Texas-law claims in a secondary manner. Even at this stage of litigation, and viewed in the best light for the Plaintiffs, these novel "assault" claims are borderline frivolous. Their single independent cause of action under state law serves merely as an afterthought.[5] Third, as they have utterly failed to plead essential elements of their § 1985(3) claim, if this Court dismisses it, there will be no federal claims remaining. Fourth, if their federal claim is dismissed, this early stage in litigation alone is a

---

[4] Civil conspiracy is not recognized as an independent tort in Texas. *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019), reh'g denied (Sept. 6, 2019). Rather, it is better characterized as a theory of vicarious liability that requires another underlying tort to be shown. *Tummel v. Milane*, 787 Fed. Appx. 226, 227 (5th Cir. 2019).

[5] Plaintiffs' recitation of an inapplicable criminal statute (Tex. Penal Code § 7.02(a)) in a futile effort to expand the reach of isolated facts, Compl. at ¶ 149, is unsupported by any case law. The Mesaros Defendants are unaware of a single court in Texas that has adopted a comparable "accomplice culpability" test to claims for civil assault. *See e.g. Kaiser v. Grimsinger*, 13-97-138-CV, 1998 WL 35277046, at *6 (Tex. App.—Corpus Christi Aug. 13, 1998, no pet.).

"powerful reason" that "supports dismissal of the state law claims." *Drake*, 736 Fed. Appx. at 506.

Because every single factor weighs *heavily* in favor of dismissal, if this Court dismisses Plaintiffs' single federal claim, it should also dismiss their remaining state law cause of action without prejudice. This would leave the Plaintiffs free to file their state law claims in state court, where such novel claims should be addressed in the first instance.

## CONCLUSION

For the reasons stated herein, the Mesaros Defendants respectfully request that this Court dismiss Plaintiffs' claims under 21 U.S.C. § 1985(3) with prejudice, dismiss the remaining state law claims without prejudice, and award the Mesaros Defendants such fees, costs, or other relief as to which the Court finds they are entitled.

Respectfully submitted,

/s/ *Austin M. B. Whatley*
  Austin M. B. Whatley
  Texas Bar No. 24104681
  austin@najvarlaw.com
  Jerad W. Najvar
  Texas Bar No. 24068079
  jerad@najvarlaw.com
  NAJVAR LAW FIRM, PLLC
  2180 N. Loop W., Ste. 255
  Houston, TX 77018
  281.404.4696 phone
  281.582.4138 fax

*Counsel for Joeylynn
and Robert Mesaros*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on August 9, 2021, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF as follows upon all counsel of record.

/s/ *Austin M. B. Whatley*
Austin M. B. Whatley