Case 1:21-cv-00565-RP   Document 25   Filed 08/10/21   Page 1 of 4

**FILED**
August 10, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____C. Cordero_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>      Plaintiffs,<br><br>    v.<br><br>ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES,<br><br>      Defendants. | Civil Action No. 1:21-cv-00565 |

### DEFENDANT ELIAZAR CISNEROS DEFENSIVE MOTIONS

  COMES NOW, ELIAZAR CISNEROS, one of the Defendants named in the Plaintiffs' complaint filed in the above numbered and styled civil action and moves **under Rule 12 (b) Fed R. Civ P.** for dismissal of all claims in Plaintiffs' Complaint as follows

### MOTION TO DISMISS FOR
### LACK OF SUBJECT-MATTER JURISDICTION:

Defendant files this motion to dismiss Plaintiffs suit for lack of subject matter jurisdiction as authorized by federal rule of Civil Procedure 12 (b) ( 1).

 **A. Introduction**
1. The Plaintiffs are Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway. The defendants are Eliazar Cisneros, Hannah Ceh, Joeylene Mesaros, Robert Mesaros, Dolores Park, and John and Jane Doe's.
2. Plaintiffs sued Defendants, among other things, for violation of 42 U.S.C.§1985(3).
3. The court lacks subject matter jurisdiction over plaintiff's suit; Therefore, the suit should be dismissed.

 **B. Argument**
4. This court's jurisdiction is limited to cases arising under U. S. Constitution or federal law or cases involving diversity of citizenship. See 28USC sections 1331, 1332. In this case, the court lacks subject matter jurisdiction over this dispute because the suit does not give rise to federal - question jurisdiction. 28U.S. Code §1331.
5. Although Plaintiffs allege that the court has federal - question jurisdiction under 42 U.S.C.§1985(3) this case does not involve a federal question because it would be a stretch of the intentions of the act 42 U.S.C.§1985(3) to extend it into the realm where both parties are exercising their First Amendment Rights, both parties acted in advocacy of their party candidates and were zealous with each other and the 42

U.S.C.§1985(3) does not contemplate the use of it as a sword and shield at the same time. Furthermore, 42 U.S.C.§1985(3) contemplates racial motives. Therefore, 42 U.S.C.§1985(3) cannot apply under the facts pled in Plaintiffs' Complaint.

### C. Conclusion
6. For these reasons, defendant asks the court to grant Defendant's motion to dismiss Plaintiffs' suit for lack of subject merit matter jurisdiction and award Defendant just costs under 28 U. S. C. §1919.

## MOTION TO DISSMISS FOR
## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED:

Defendant files this motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, as authorized by federal rules of Civil Procedure 12 (b) (6).

### A. Introduction
1. The Plaintiffs are herein above named in the style of the case; the Defendants herein are likewise herein above named in the style of this case. All references herein to Defendant refer to Eliazar Cisneros though this Motion may also inure to the benefit of all Defendants.
2. Plaintiffs sued Defendant, among other things, for damages resulting from an alleged conspiracy to deprive Plaintiffs of their civil rights. Plaintiffs claim damages for mental and psychological damage.
3. In their complaint, the Plaintiffs did not state a claim upon which relief can be granted. Therefore, the court should dismiss Plaintiff's suit.
4. In their complaint, Plaintiff alleges that the Defendant's conduct caused their damages. Plaintiffs did not suffer any loss of property, property damages or personal injury.

### B. Argument
5. A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relieve is plausible. See Ashcroft V. Iqbal, 556 U. S. 662, 678 (2009); Bell Atl. Corp. V. Twombly, 550 U. S. 544, 555 - 56 and n. 3 (2007).
6. Plaintiff's complaint includes factual allegations that do not show a right to relief that is plausible. Brooks, 578 F. 3D at 581 dash 82. Specifically, Plaintiffs made the following factual allegations: that Plaintiffs feared for their lives; that Plaintiffs had trouble sleeping for over a month after the incident; that Plaintiffs were traumatized by the incident so as to ceased tour bus business; Plaintiffs claim to have suffered substantial emotional distress including experiencing fears in speaking publicly and that it would put her in fear of risk of harm from Defendants. There is no claim of any contact between the Plaintiffs and the Defendants, other than between the driver of the Plaintiffs follow car and the Defendant Cisneros. Under Texas Law, one does not recover for mental and emotional anguish damages. See Parkway Company v. Woodruff, 901 S. W. 2d 434 (Tex. 1995) ; City of Tyler v. Likes, 962 S. W. 2d 489 (Tex. 1998 ).

    Additionally, the Plaintiffs' Complaint claims that the Defendant engaged in a conspiracy. The Plaintiffs' do not claim a Criminal Conspiracy but a Civil Conspiracy which requires an underlying Tort. <u>Agar Corp. v. Electro Circuit Int'l, LLC</u>, 580 S.W. 3d 136 (Tex. 2019). The Plaintiffs' have not pled an underlying Tort, yet they seem to allege that being of an opposite party and advocating for an opposite party candidate is a conspiracy and thus a Tort, even when, as in this pled complaint, the Plaintiffs were engaged in the same conduct the Defendants are alleged to have been engaged.

**C. Conclusion**

7. Because plaintiff did not state a claim upon which relief can be granted the court should dismiss the suit.

**C. PRAYER**

51. For these reasons, Defendant asks the court to dismiss Plaintiffs suit with prejudice, assess costs against the Plaintiff, and award Defendant all other relief the court deems appropriate.

                  Respectfully submitted,

                  By<u>:_____/S/_____</u>
                  Francisco R. Canseco
                  Texas Bar No. 03759600
                  *Pro Hac Vice forthcoming*
                  190 Jackson Court
                  San Antonio, Texas 78230
                  frcanseco@gmail.com
                  210.901.4279

                  ATTORNEY IN CHARGE FOR
                  ELIAZAR CISNEROS, DEFENDANT

**CERTIFICATE OF SERVICE**

    I certify that on August 9th, 2021, a copy of Defendant Eliazar Cisneros Defensive Motions
were served by email to: mimi@texascivilrightsproject.org, emma@texascivilrightsproject.org, john.paredes@protectdemocracy.org , cameron.kistler@protectdemocracy.org, ben.berwick@protectdemocracy.org, mgottlieb@willkie.com, shall@willkie.com, mgovernski@willkie.com, jsuriani@willkie.com, mtayer@willkie.com.

On the following attorneys in charge for the Plaintiffs:
Mimi Marziani (TX Bar No. 24091906)
Emma Hilbert (TX Bar No. 24107808)
Texas Civil Rights Project
1405 Montopolis Drive

Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
emma@texascivilrightsproject.org

_____/S/_____
Francisco R. Canseco, Attorney for Eliazar Cisneros