UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>Plaintiffs,<br><br>v.<br><br>ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES,<br><br>Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

As required by Federal Rule of Civil Procedure 26(f), Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway; and Defendants Eliazar Cisneros, Hannah Ceh, Joeylynn Mesaros, Robert Mesaros, and Dolores Park submit this Joint Report setting forth their positions on the matters listed therein.

On December 21, 2021, counsel for Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway; and counsel for Defendants Joeylynn Mesaros, Robert Mesaros, and Dolores Park; conferred by telephone pursuant to Federal Rule of Civil Procedure 26(f).[1] Counsel for Plaintiffs and Counsel for Defendants Eliazar Cisneros, Joeylynn Mesaros, Robert Mesaros, and Dolores Park again

---

[1] Plaintiffs understand from counsel for Defendants Joeylynn Mesaros, Robert Mesaros, and Dolores Park that Counsel for Defendant Cisneros was absent from the scheduled teleconference due to personal reasons. On December 30, 2021, counsel for Defendant Cisneros emailed his client's positions on the Rule 26(f) matters herein to Plaintiffs and did not request a separate teleconference to discuss any items with Plaintiffs' counsel. Defendant Hannah Ceh did not respond to emails from Plaintiffs' counsel seeking to schedule the Rule 26(f) conference, and she did not attend the teleconference. However, on December 30, 2021, Defendant Hannah Ceh also emailed her positions on the Rule 26(f) matters herein to Plaintiffs and did not request a separate teleconference to discuss any items with Plaintiffs' counsel.

conferred by email on December 30, 2021 to finalize their positions regarding the Rule 26(f) conference matters listed herein.  On December 30, 2021, Defendant Ceh emailed counsel for Plaintiffs that she is proceeding pro se in this litigation; that she would sign onto the Joint Federal Rule of Civil Procedure 26 Report; and to finalize her positions regarding the Rule 26(f) conference matters listed herein.

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

    - *Plaintiffs' Position*:

Plaintiffs have three causes of action in this case: **First**, Plaintiffs have a claim against Defendants and certain John and Jane Does for violation of Section 2 of the Ku Klux Klan Act, 42 U.S.C. § 1985(3). The elements of this claim are as follows: (1) a conspiracy prohibited by 42 U.S.C. § 1985(3); (2) an act in furtherance of the same; (3) injury of a person or their property; and (4) damages as a proximate result of the act in furtherance of the conspiracy. **Second**, Plaintiffs have a claim against all named Defendants and certain John and Jane Does for civil conspiracy. A civil conspiracy occurs when "(1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object of the course of action; (4) one or more unlawful, overt actions are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result." *MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 196 (Tex. Ct. App. 2017) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). **Third**, Plaintiffs have a claim against Defendants Cisneros, Robert Mesaros, and certain John and Jane Does for civil assault. A civil assault occurs when a defendant "(1) intentionally, knowingly, or recklessly causes bodily injury to another […]; (2) intentionally or knowingly threatens another with imminent bodily injury […]; or (3) intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative." Tex. Penal Code § 22.01(a). Relatedly, Plaintiffs also have a claim against all named Defendants and certain John and

Jane Does for aiding and abetting a civil assault. Aiding and abetting includes the following elements under Texas law: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation. *Halberstam v. Welch*, 705 F.2d 472, 477-78 (D.C. Cir. 1983).

Plaintiffs understand that Defendants have collectively pled three defenses. ***First***, Defendants Cisneros and Ceh have pled in their respective Original Answers a defense that they are not liable to Plaintiffs because Plaintiffs were contributorily negligent, reckless, and assumed the risks (Dkt. 18 and 21). ***Second***, Defendants Cisneros, Ceh, and Park have pled in their respective motions to dismiss a defense that Plaintiffs lack subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Dkt. 22, 25, and 33). ***Third***, all named Defendants have pled in their respective motions to dismiss a defense that Plaintiffs have failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 22, 24, 25, and 33).

Finally, Plaintiffs understand that there are no counterclaims in this case to date.

- *Defendant Cisneros's Position*:

Defendant Cisneros incorporates the defensive positions espoused by the other defendants in this cause and further states that it was this Defendant's vehicle that was struck by Plaintiffs' "Campaign Staffer A" vehicle and was aggressively run off the road causing damages to the defendant's vehicle. Further stating this Defendant's Position, the Plaintiffs assumed risk and were contributorily negligent. The Plaintiffs were driving recklessly, aggressively, and negligently. The Plaintiffs were driving in the middle of the road swerving in and out of traffic. Plaintiffs were contributorily negligent, reckless, and assumed the risks. Defendant's actions were to defend against the reckless and negligent driving of the Plaintiffs both in the trailing vehicle and in the bus.

- *Defendants Joeylynn and Robert Mesaros's Position*:

The Mesaros Defendants filed their Motion to Dismiss on August 9, 2021, and are waiting to file an answer, including counterclaims, following the resolution of the motion. They echo the position stated here by Defendant Park, which itself reiterates much of what is asserted in the Mesaroses' motion to dismiss. Among other deficiencies fatal to their claim, Plaintiffs have failed to allege a requisite element under 42 U.S.C. § 1985(3). *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019), cert. denied, 141 S. Ct. 112 (stating that "the only conspiracies actionable under section 1985(3) are those motivated by racial animus."). Likewise, even if the Court broke with binding Fifth Circuit precedent and found that other class-based animus could raise a cognizable claim under 42 U.S.C. § 1985(3), Plaintiffs have failed to plead facts that show class-based animus and that such animus was "directed specifically" at Plaintiffs because of their membership of that class. *Id.* at 420. Plaintiffs have failed to state a claim upon which relief can be granted and their speculative § 1985(3) claim must be dismissed.

Because Plaintiffs failed to state a claim for their sole federal cause of action, the Court should refuse to exercise its pendent jurisdiction over the remaining state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Drake v. Costume Armour, Inc.*, 736 Fed. Appx. 505 (5th Cir. 2018) (stating that the "[the Fifth Circuit's] general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). This is especially true at this early stage of litigation and due to the novel and unsupported nature of Plaintiffs' causes of action. *Lamar Tex. Ltd. P'ship v. City of Port Isabel*, CIV.A B-08-115, 2010 WL 441484, at *3 (S.D. Tex. Feb. 3, 2010). Plaintiffs have raised only a single independent cause of action under state law that has not been applied in comparable circumstances where the defendant was not the participant alleged to have actually committed the assault—especially so when the alleged underlying actual assault did not happen. *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019), reh'g denied (Sept. 6, 2019).

Plaintiffs' lone federal cause of action is deficient for myriad reasons, but the fact that they have not plead the requisite element of racial, or even class-based, animus requires that it be dismissed. Consequently, Plaintiffs' nascent state law claim should likewise be dismissed.

- *Defendant Park's Position*:

Defendant Park denies Plaintiffs' characterization of the facts and law and denies that she is liable to the Plaintiffs in any respect. Plaintiffs base their lawsuit on the principle of "free speech for me but not for thee." So, when Plaintiffs decided to take their political message to the streets of Texas to hold rallies throughout Texas intentionally arousing attention with their large 25-ton bus wrapped in campaign logos and slogans for the Biden- Harris presidential ticket, based on previous experiences, they should reasonably have expected to encounter individuals espousing a different political viewpoint by displaying Trump bumper stickers and flags next to the Biden-Harris bus. The actions of Mrs. Park described in the complaint occurred on public streets which are considered public forums for speech and assembly since time immemorial. Escorting a campaign bus to demonstrate an opposing viewpoint does not violate the Ku Klux Klan Act. Thus, Plaintiffs have failed to plead a plausible claim against Mrs. Park under the Ku Klux Klan act of 1871 upon which this court may grant relief. That is because Congress does not have the power to create a general private cause of action under the Ku Klux Klan act. But even if this Court finds that the Ku Klux Klan Act can be asserted against a private party, Plaintiffs have failed to do so against Mrs. Park because they have failed to plausibly allege that she was involved in a conspiracy with the other Defendants (or anyone else), colluded with state actors, or acted out of racial animus or another class-based discriminatory animus.

The Plaintiffs' federal claim under the Ku Klux Klan Act is in law and fact, frivolous. Upon dismissing the federal claim, this Court should also dismiss the state law claims brought under 28 U.S.C.

§ 1367 for want of jurisdiction. However, if the Court decides to reach Plaintiffs' state law allegations, it will find those claims are frivolous as well. Under state law conspiracy (Claim II), Plaintiffs' allegations do not plausibly establish that there was a meeting of minds with two or more people who sought to commit an unlawful act that resulted in injuries which the conspirators specifically intended to cause. Moreover, in Plaintiffs' state law assault claim (Claim III), there are no allegations that Mrs. Park was involved in the collision between the white truck and Defendant Cisneros,

- *Defendant Ceh's Position*:

Defendant Ceh joins each of the other Defendants in their response hereto.

2. Are there any outstanding jurisdictional issues?

    - *Plaintiffs' Position*: Plaintiffs understand that Defendants Cisneros, Ceh, and Park have pled in their respective motions to dismiss a defense that Plaintiffs lack subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Dkt. 22, 25, and 33). Plaintiffs maintain that subject-matter jurisdiction exists for the reasons cited in their consolidated opposition to Defendants' respective motions to dismiss (Dkt. 34).

    - *Defendant Cisneros's Position*: Yes.

    - *Defendants Joeylynn and Robert Mesaros's Position*: The Mesaros Defendants assert that, should the Court grant dismissal for lack of jurisdiction as stated in the motions filed by their co-Defendants, then the claims against the Mesaroses must be dismissed for the same reason. The Mesaroses further assert that, should Plaintiffs' lone federal cause of action under 42 U.S.C. § 1985(3) be dismissed, the Court should dismiss the remaining claims under Texas law.

    - *Defendant Park's Position*: Yes. See Docket 33.

    - *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

   - *Plaintiffs' Position*: There are no unserved parties currently named in this case.

   - *Defendant Cisneros's Position*: None at this time, as the case progresses it may be shown that there are parties missing. NO dismissal of these parties that have not been disclosed yet.

   - *Defendants Joeylynn and Robert Mesaros's Position*: There are no unserved parties currently named in the case. However, Plaintiffs have yet to identify John and Jane Doe defendants that they seek to identify through discovery.

   - *Defendant Park's Position*: No.

   - *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

   - *Plaintiffs' Position*: Plaintiffs believe that any agreement or stipulation as to facts or elements of the cause of action in this case is premature to discuss at this time, but may be open to discussing at a later date.

   - *Defendant Cisneros's Position*: Defendant Park believes that any agreement or stipulation as to facts or elements of the cause of action in this case is premature.

   - *Defendants Joeylynn and Robert Mesaros's Position*: The Mesaros Defendants agree with Plaintiffs that such stipulations would be premature at this juncture.

   - *Defendant Park's Position*: Defendant Park believes that any agreement or stipulation

as to facts or elements of the cause of action in this case is premature.

- *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

    - *Plaintiffs' Position*: Plaintiffs believe that the narrowing of any legal issues in this case is premature to discuss at this time, but may be open to discussing at a later date.

    - *Defendant Cisneros's Position*: Defendant Cisneros believes it is premature to discuss the narrowing of any legal issues in this case at this time.

    - *Defendants Joeylynn and Robert Mesaros's Position*: The Mesaros Defendants believe that the legal issues of this case can readily be narrowed. The entirety of Plaintiffs' federal cause of action depends upon a novel legal argument, which would require the Court to break from binding Fifth Circuit precedent. This expansion of 42 U.S.C. § 1985(3) case law is a question entirely separate from Plaintiffs' state law claims and the underlying facts of the case.

    - *Defendant Park's Position*: Defendant Park believes it is premature to discuss the narrowing of any legal issues in this case at this time.

    - *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

6. Are there any issues about preservation of discoverable information?

    - *Plaintiffs' Position*: Plaintiffs have some concern about preservation of discoverable information, particularly that which exists on social media, messaging, and other electronic platforms.

    - *Defendant Cisneros's Position*: Defendant Cisneros's position on preservation of discoverable information joins the responses of other defendants in this matter

especially those of Defendant Park's response hereto.

- *Defendants Joeylynn and Robert Mesaros's Position*: Plaintiffs have some concern about preservation of discoverable information, particularly that which exists on social media, messaging, and other electronic platforms.

- *Defendant Park's Position*: Defendant Park has concerns about preservation of discoverable information on all electronic platforms and/or other means of information storage by the individual Plaintiffs, the Biden-Harris campaign staff involved in the bus tours, and the national Biden and/or Harris campaign staff.

- *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

- *Plaintiffs' Position*: Plaintiffs intend to seek discovery of electronically stored information ("ESI") and, therefore, will likely submit an ESI discovery proposal to Defendants. Plaintiffs will confer and attempt to reach agreement with Defendants on such a proposal before filing with the Court prior to the exchange of documents or ESI.

- *Defendant Cisneros's Position*: Defendant Cisneros will consider Plaintiffs' ESI proposal and will attempt to reach an agreement on such a proposal. Otherwise joins with the other Defendants in their response to this item 7..

- *Defendants Joeylynn and Robert Mesaros's Position*: The Mesaros Defendants agree to consider Plaintiffs' ESI proposal and will attempt to reach an agreement on such proposal.

- *Defendant Park's Position*: Defendant Park agrees to consider Plaintiffs' ESI proposal and will attempt to reach an agreement on such a proposal.

- *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

8. What are the subjects on which discovery may be needed?

    - *Plaintiffs' Position*: Plaintiffs anticipate that this case will involve three categories of discovery: (1) John and Jane Doe discovery, for the purpose of identifying any additional defendants; (2) merits discovery, for the purpose of identifying, for the period before and during the events of October 30, 2020, whether Defendants violated (a) 42 U.S.C. 1985(3), (b) committed a civil conspiracy, and (c) committed and/or aided and abetted a civil assault; and (3) the nature and extent of Plaintiffs' damages. Plaintiffs reserve the right to seek discovery regarding any other matters related to the parties' claims and defenses.

    - *Defendant Cisneros's Position*: Defendant Cisneros joins the other Defendants hereto in their response to this item 8. In addition, the disclosure of Campaign Staffer A's discovery (in the litigation/procedural contect) to be included.

    - *Defendants Joeylynn and Robert Mesaros's Position*: The Mesaros Defendants propose to conduct discovery of all Plaintiffs for the period before and during the events of October 30, 2020, which lead to the allegations in their complaint; relevant communications of Plaintiffs after the events in question and filing of this lawsuit; medical records; mental health records; federal and state tax records; Plaintiffs' communications with each other and with the Biden-Harris campaign staff and law enforcement. The Mesaroses reserve the right to seek discovery regarding any other matters related to the parties' claims and defenses.

- *Defendant Park's Position*: Defendant Park proposes to conduct discovery of all Plaintiffs for the period before and during the events of October 30, 2020, which lead to the allegations in their complaint; medical records; mental health records; federal and state tax records; Plaintiffs' communications with each other and with the Biden-Harris campaign staff and law enforcement.

- *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

    - *Plaintiffs' Position*: Initial disclosures have not been made. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the parties have stipulated to a deadline for exchanging initial disclosures of January 11, 2022. Plaintiffs do not anticipate making changes to either the form or requirement for initial disclosures.

    - *Defendant Cisneros's Position*: Same as the response of other Defendants to this item 9.

    - *Defendants Joeylynn and Robert Mesaros's Position*: Initial disclosures have not been made. The Mesaros Defendants do not foresee that any changes need to be made to the January 11, 2022, deadline.

    - *Defendant Park's Position*: Mrs. Park agrees with Plaintiffs' Position.

    - *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

- *Plaintiffs' Position*: No discovery has been completed. Plaintiffs anticipate that the discovery that remains to be done falls into the categories listed in item (8), *supra*. Under Plaintiffs' Proposed Scheduling Order (Dkt. 43), Plaintiffs propose completing fact discovery in this case by September 30, 2022, and expert discovery by December 16, 2022.

- *Defendant Cisneros's Position*: No discovery has been taken. Defendant Cisneros proposes a longer period for completion of the fact witnesses discovery as indicated in item (8) *supra*. Defendant Cisneros proposes a two-month extension for completion of fact discovery, and extending all subsequent dates contained in the proposed scheduling order accordingly.

- *Defendants Joeylynn and Robert Mesaros's Position*: No discovery has been completed. The Mesaros Defendants believe that discovery should be stayed during the pendency of all Defendants' dispositive motions and are filing a motion to stay discovery until the motions are resolved.

- *Defendant Park's Position*: No discovery has been taken. Defendant Park proposes a longer period for completion of the fact witnesses discovery as indicated in item (8) *supra*. Defendant Park proposes a two-month extension for completion of fact discovery, and extending all subsequent dates contained in the proposed scheduling order accordingly.

- *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

11. What, if any, discovery disputes exist?

- *Plaintiffs' Position*: Plaintiffs understand that Defendants Cisneros, Joeylynn Mesaros, Robert Mesaros, and Park intend to move for a stay of discovery until after the Court

12

has ruled on their motions to dismiss (Dkts. 24, 25, and 30). Plaintiffs oppose such a motion.

- *Defendant Cisneros's Position*: Defendant Cisneros will join in a motion to stay discovery until after the Court rules on her Motion to Dismiss.

- *Defendants Joeylynn and Robert Mesaros's Position*: The Mesaros Defendants believe that discovery should be stayed during the pendency of all Defendants' dispositive motions and are filing a motion to stay discovery until the motions are resolved.

- *Defendant Park's Position*: Defendant Park will join in a motion to stay discovery until after the Court rules on her Motion to Dismiss.

- *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

    - *Plaintiffs' Position*: Yes. Plaintiffs anticipate that they will request that the Court enter a confidentiality and protective order in this matter that will include a provision responsive to F.R.E. 502(d).

    - *Defendant Cisneros's Position*: Defendant Cisneros may consider the Plaintiffs' position once it is clear.

    - *Defendants Joeylynn and Robert Mesaros's Position*: The Mesaros Defendants are open to discussing this issue with Plaintiffs and may agree to an appropriately limited order.

    - *Defendant Park's Position*: Defendant Park is open to considering Plaintiffs' position once it is made clear.

- *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

13. Have the parties discussed early mediation?

    - *Plaintiffs' Position*: Yes. Plaintiffs are open to considering early mediation or other discussions or offers of settlement.

    - *Defendant Cisneros's Position*: Defendant Cisneros will not mediate the issues in this matter since the Constitution of the United States is clear.

    - *Defendants Joeylynn and Robert Mesaros's Position*: Mesaros Defendants are open to mediation and settlement discussions.

    - *Defendant Park's Position*: Defendant Park is not interested in mediation because serious fundamental constitutional issues are involved.

    - *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

14. Have the parties considered seeking entry of a confidentiality and protective order, and are there any other scheduling or discovery items requiring the court's attention?

    - *Plaintiffs' Position*: Yes. Plaintiffs anticipate that they will request that the Court enter a confidentiality and protective order in this matter. Plaintiffs anticipate that the parties will come to an agreement on the scope and terms of the protective order.

    - *Defendant Cisneros's Position*: Defendant Cisneros may come to such an agreement depending on the scope and terms of a protective order.

    - *Defendants Joeylynn and Robert Mesaros's Position*: As Plaintiffs have not raised their desire for a protective order with the defendants and have undertaken an extensive media campaign about their alleged conduct; the Mesaros Defendants are currently

opposed to such a conveniently timed protective order.

- *Defendant Park's Position*: Defendant Park anticipates she will come to an agreement on the scope and terms of a protective order.

- *Defendant Ceh's Position*: Defendant Ceh joins each of the other Defendants in their response hereto.

Dated: this 30th day of December, 2021.

Respectfully Submitted,

*/s/ Emma Hilbert*
**TEXAS CIVIL RIGHTS PROJECT**
Mimi Marziani (TX Bar No. 24091906)
Emma Hilbert (TX Bar No. 24107808)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
emma@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
The Protect Democracy Project, Inc.
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
john.paredes@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922)
(*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
cameron.kistler@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207)
(*pro hac vice*)

The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: rmeyer@willkie.com
mgottlieb@willkie.com
shall@willkie.com
mgovernski@willkie.com
jsuriani@willkie.com

Madeleine Tayer (NY Bar No. 5683545) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mtayer@willkie.com

*Attorneys for Plaintiffs*

*/s/ Francisco R. Canseco (by permission)*
Francisco R. Canseco
Texas Bar No. 03759600
*Pro Hac Vice*
190 Jackson Court
San Antonio, Texas 78230
frcanseco@gmail.com
210.901.4279

***Attorney for Defendant Cisneros***

*/s/ Hannah Ceh (by permission)*
Hannah Ceh
*Pro se*
2039 Wind Chime Way
New Braunfels, Texas 78130
hannahceh2001@gmail.com
830.743.1443

***Pro se***

*/s/ Jerad Najvar (by permission)*
Austin M. B. Whatley
Texas Bar No. 24104681
austin@najvarlaw.com
Jerad W. Najvar
Texas Bar No. 24068079
jerad@najvarlaw.com
NAJVAR LAW FIRM, PLLC
2180 N. Loop W., Ste. 255
Houston, TX 77018
281.404.4696 phone
281.582.4138 fax

***Attorneys for Mesaros Defendants***

*/s/ Richard Thompson (by permission)*
Richard Thompson
Michigan Bar No. P21410*
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Dr., #J3200
Ann Arbor, MI 48106
Tel. (734) 827-2001 / Fax (734) 930-7160
rthompson@thomasmore.org
ATTORNEY FOR DEFENDANT
Dolores Park
**Pro Hac Vice*

***Attorney for Defendant Dolores Park***