**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>Plaintiffs,<br><br>v.<br><br>ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES,<br><br>Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |
|---|---|

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

Defendants Eliazar Cisneros, Joeylynn Mesaros, Robert Mesaros, and Dolores Park (collectively, "Defendants") argue that a stay of discovery pending resolution of dispositive motions is warranted in this case because they have met their *prima facie* burden for showing good cause. Contrary to Defendants' argument, there is no good cause to stay discovery here. For the reasons outlined below, Plaintiffs respectfully request that this Court deny Defendants' motion to stay discovery.

**BACKGROUND**

On June 24, 2021, Plaintiffs brought suit against Defendants to hold them accountable for their unlawful conduct and to seek redress for damages under both the Klan Act and Texas law. Dkt. 1. In August 2021, all Defendants moved to dismiss, three arguing that this Court lacks

subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and all arguing that Plaintiffs have failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 22, 24, 25, and 33 (collectively, the "Motions to Dismiss"). On September 13, 2021, Plaintiffs filed their consolidated brief in opposition to Defendants' motions (Dkt. 34), and on October 4, 2021, Defendants Joeylynn Mesaros, Robert Mesaros, and Park filed replies in support of their respective Motions to Dismiss. Dkt. 40 and 41.

On December 21, 2021, Defendants Joeylynn Mesaros, Robert Mesaros, and Park met via telephone conference as required under Federal Rule of Civil Procedure 26(f). Defendants Cisneros and Ceh relayed their positions regarding the items in the joint Rule 26(f) report to Plaintiffs via email in the following few days, and on December 30, 2021, the parties filed their joint Rule 26(f) report, as well as their proposed scheduling order. Dkt. 44; Dkt. 43. On December 31, 2021, Plaintiffs served their First Set of Requests for Production and their First Set of Interrogatories to Defendants. That same day, Defendants filed a motion to stay discovery pending resolution of their Motions to Dismiss. Plaintiffs now file this response in opposition to Defendants' motion.

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 26(c), a court may only exercise its discretion to stay discovery pending a decision on a dispositive motion if, "[u]pon a motion by a party and for good cause shown," *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015), the court determines that justice requires such an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay is the exception rather than the rule and is by no means automatically granted whenever a motion to dismiss is pending. *Griffin*, 2015 WL 11019132 at *2; *Glazer's*

*Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Griffin*, 2015 WL 11019132 at *2. Factors informing the court's discretion to issue a stay include (1) the burden of responding to such discovery; (2) the breadth of discovery sought; and (3) the strength of the dispositive motion filed by the party seeking a stay. *Id.*

## ARGUMENT

### I. No Good Cause Exists To Stay Discovery

At bottom, the Federal Rules could contain an automatic mechanism for a stay pending dispositive motions. But they do not. *Hernandez v. Baylor Univ.*, No. 6-16-CV-069 RP, 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."). Accordingly, the Federal Rules place a burden on Defendants like these who ask for a deviation from the standard contemplated practice. Defendants have failed to meet their burden and show good cause to stay discovery pending the Motions to Dismiss for the reasons outlined below.

#### a. Defendants' Burden Of Responding To Discovery Is Not Undue

Defendants have not shown "undue burden or expense" sufficient for a finding of good cause. Fed. R. Civ. P. 26(c); *see also Griffin*, 2015 WL 11019132 at *2. Defendants argue that if they are required to proceed with discovery before resolution of their dispositive motions, they will "undoubtedly incur substantial and crippling costs," a point which Defendants attempt to buttress with references to the fact that the Complaint is 59 pages and is apparently "designed to

go into deep discovery." Mot. (Dkt. 45) at 4. But Defendants fail to adequately demonstrate that this factor weighs in favor of granting their motion to stay discovery.

In *Hernandez*, this Court held that even the extensive costs and efforts that defendants in that case claimed—which included "wide-ranging written discovery and depositions" from students, coaches, board of regents members, and third parties; information from other litigation; and "substantial questions about scope, burden, privacy, and…the attorney-client privilege"—failed to "comprise oppression or an undue burden." *Hernandez*, 6-16-CV-069 RP at *1-2. In this case, to date, Plaintiffs have served Defendants with a single set of interrogatories and requests for production of documents, discovery amounting to nowhere near the level of that detailed in *Hernandez*.

Moreover, while proceeding with discovery in this matter creates no "undue burden or expense" for Defendants, a *stay* of discovery in fact would *create* such costs and inefficiencies in the related case *Cervini et al. v. Stapp et al.*, 1:21-cv-00568-RP (W.D. Tex.) ("*Stapp*"), which is also pending before this Court. When Plaintiffs brought suit against Defendants in this case, *Cervini et al. v. Cisneros et al.* ("*Cisneros*"), they also filed suit against the City of San Marcos and members of the City's law enforcement agencies for violation of a similar provision under the Ku Klux Klan Act of 1871. *Stapp* Dkt. 1. On September 15, 2021, this Court entered the operative scheduling order in that matter. Discovery is underway in *Stapp* and is currently scheduled to conclude on May 27, 2022 (*Stapp* Dkt. 27).[1] Because both cases are premised on the same chain of events, the factual issues in both cases—and hence potential discovery related to those issues—overlap substantially. In particular, one of the essential elements of Plaintiffs' 42 U.S.C. § 1986

[1] Plaintiffs intend to file a motion requesting that the Court synchronize the discovery deadlines in both matters.

claim in *Stapp*—the existence of a conspiracy prohibited by the Ku Klux Klan Act, 42 U.S.C. § 1985(3)—is also at issue in this case. In short, Plaintiffs will need to seek discovery related to the prohibited conspiracy among Defendants both in this case and in *Stapp*. Thus, staying discovery in this case may result in Plaintiffs having to seek third-party discovery from *Cisneros* Defendants in the *Stapp* case first, and then having to seek the same discovery in *Cisneros* once the pending Motions to Dismiss have been resolved. Conversely, proceeding with discovery here will likely avoid the need for duplicative third-party discovery in *Stapp*, saving all parties time, expense, and effort in conducting discovery across both matters.

**b. The Discovery Sought Is Not Overbroad**

Defendants here have not even attempted to present any arguments or evidence regarding the breadth of discovery that is being sought in this case. Where, as here, Defendants "do not present evidence regarding the breadth of any discovery that is being sought . . . or any abusive litigation tactics by the [Plaintiffs]," *Griffin*, 2015 WL 11019132 at *3, a stay of discovery pending resolution of dispositive motions is unwarranted.

Even if Defendants' motion implies that discovery is overbroad—which it does not—defendants cannot make such a showing regardless. Rule 26 provides that the permissible scope of discovery includes any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably

could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1987); *Matter of AET, Inc., Ltd.*, No. 1:10-cv-51, 2018 WL 4201264, at *2 (E.D. Tex. June 8, 2018). As discussed *supra*, Plaintiffs have issued only one set of interrogatories and one set of requests for production of documents thus far. These interrogatories and RFPs are limited to matters that are relevant to the parties' claims or defenses, and are proportional to the needs of the case. Therefore, this factor weighs against granting Defendants' motion.

**c. Defendants' Dispositive Motions Do Not Warrant A Stay**

Defendants argue that discovery should be stayed because the granting of their pending Motions to Dismiss would dispose of all of Plaintiffs' claims. Mot. (Dkt. 45) at 3-4. But "[the] assertion that the favorable resolution of [a] motion to dismiss would dispose of Plaintiff's claims is of questionable weight given that the same could be said of many if not most motions to dismiss pursuant to Rule 12(b)(6)." *Hernandez*, 2016 WL 9450693 at *2. As this Court has explained,

> A stay of the type[,] where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss[.] [T]his would circumvent the procedures for resolution of such a motion[,] although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value[.]

*Id.* (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)) (cleaned up).

Defendants do not appear to allege in their stay motion that the Complaint is frivolous—because it is not—or that it was filed to conduct a fishing expedition—because it was not. Even still, considering the strength of Defendants' Motions to Dismiss on their face weighs against granting the motion to stay. In their Motions to Dismiss, Defendants do not seriously dispute that Plaintiffs' allegations satisfy the elements of their claims pursuant to the Ku Klux Klan Act of 1871 ("Klan Act") and Texas law. MTD Opp. at 1. They instead rely on jurisdictional arguments

that are wrong as a matter of law (*see* MTD Opp. at Argument § I); invent pleading requirements that are untethered from the text of the Klan Act, its statutory history, and the case law interpreting it (*see* MTD Opp. at Argument § II); and fail to seriously address Plaintiffs' detailed allegations satisfying each of the elements of their civil conspiracy and civil assault claims (*see* MTD Opp. at Argument § III–IV). As such, a discovery stay is not warranted here.

#### d. Delay Is An Additional Factor That Warrants Denial Of Defendants' Motion To Stay Discovery

A final consideration that weighs against granting Defendants' motion here are the risks associated with a delay in discovery. While Defendants are under an obligation to preserve materials relevant to this action, the passage of time can lead to intentional or unintentional loss or deletion of content or information.[2] Especially considering that the events that prompted this action took place over two years ago, any delay in discovery brings with it an increased risk of loss of memory and possession of relevant materials, which can cease to exist or be lost for a variety of reasons. For those reasons, a denial of Defendants' motion is warranted. *See Oliva v. United States*, No. EP-18-CV-00015-FM, 2019 WL 2572554, at *2 (W.D. Tex. Apr. 29, 2019) (denying defendant's motion to stay discovery in part because "delays could result in the weakening of memories from eyewitnesses or the spoliation of evidence").

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to stay discovery pending resolution of dispositive motions.

---

[2] Defendant Joeylynn Mesaros recently stated in a Facebook Live recording that she was considering deleting her Facebook account—an account that contains evidence cited in Plaintiffs' Original Complaint (Dkt. 1), as well as potential other discoverable evidence crucial to Plaintiffs' claims. *The Savvy Truth*, Facebook (Nov. 30, 2021), https://www.facebook.com/watch/live/?ref=watch_permalink&v=306328834825381.

Respectfully submitted,

DATED: January 7, 2022

*<u>/s/ Emma Hilbert</u>*

**TEXAS CIVIL RIGHTS PROJECT**
Mimi Marziani (TX Bar No. 24091906)
Emma Hilbert (TX Bar No. 24107808)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
emma@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
The Protect Democracy Project, Inc.
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
john.paredes@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
cameron.kistler@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.

15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093)
(*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jsuriani@willkie.com

Madeleine Tayer (NY Bar No. 5683545)
(*pro hac vice*)
Willkie Farr & Gallagher LLP

787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mtayer@willkie.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas in compliance with the Federal Rules of Civil Procedure as well as via e-mail pursuant to an agreement of the parties.

*/s/ Emma Hilbert*
Emma Hilbert