UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ERIC CERVINI, et al.                        §
                                            §
            Plaintiffs,                     §          Civil Action
      v.                                    §
                                            §          No. 1:21-CV-565-RP
ELIAZAR CISNEROS, et al.,                   §
                                            §
            Defendants.                     §

**MESAROS DEFENDANTS' ANSWER TO ORIGINAL COMPLAINT**

Defendants, Joeylynn and Robert Mesaros (collectively the "Defendants"), jointly file this answer to Plaintiffs' original complaint (ECF 1).

**I.      Responses to Pleaded Allegations**

1.      Defendants admit that some number of vehicles, many of which were bearing flags for President Trump or other political or policy messages, drove on I-35 in the vicinity of the Biden-Harris campaign bus on the date indicated, but otherwise deny the factual allegations in paragraph 1.

2.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation characterizing the intent of the Biden supporters. Defendants otherwise deny the factual allegations in paragraph 2.

3.      Defendants admit that in the days leading up to October 30, in response to the Biden-Harris Campaign's announcement of plans to tour through Texas, some supporters of President Trump decided to drive in the vicinity of the Biden-Harris Campaign bus as it traversed the area, but deny Plaintiffs'

characterization of such activity as a "political intimidation campaign" and the rest of the factual allegations in paragraph 3.

4.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding individuals who allegedly displayed weapons or screamed death threats.  Defendants deny that the Biden-Harris campaign bus was "ambushed," but admit that a number of Trump supporters drove in the vicinity of the bus on I-35 for a period of time displaying messages in favor of President Trump and other political messages, in a similar fashion as the messages displayed by the Biden-Harris Campaign bus. Defendants deny that Plaintiffs actually felt intimidated, harassed, or attacked.

5.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' planned schedule that date, and otherwise deny the factual allegations in paragraph 5.

6.     Defendants admit that they drove in the vicinity of Plaintiffs' bus on that date along with a number of other Trump supporters but otherwise deny the factual allegations in paragraph 6.

7.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding alleged messages posted on social media by other individuals, and otherwise deny the factual allegations in paragraph 7.

8.     Defendants deny Plaintiffs' characterization of the interaction between Defendant Cisneros and the Biden campaign staffer's car as being instigated or

escalated by Defendant Cisneros because it was in fact the Biden campaign staffer in the white car who instigated and escalated the interaction between him and Cisneros.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' alleged fears, and otherwise deny the factual allegations in paragraph 8.

9.      Defendants deny the factual allegations in paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Holloway's ability to drive a bus since that date, but otherwise deny the factual allegations in paragraph 10.

11.     Paragraphs 11 – 14 primarily contain sensationalized rhetoric and/or legal arguments which are not subject to admission or denial. To the extent those paragraphs contain any factual allegations they are denied.

12.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

13.      Defendants admit that Plaintiff Wendy Davis is a former state senator and was the Democratic candidate for Texas Congressional District 21 in the 2020 election.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

16.    Defendants admit that Hannah Ceh was at least active in some respects in the New Braunfels Trump Train.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 19 regarding Ceh's personal information, and otherwise deny the factual allegations in that paragraph.

17.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 20, other than the fact that Defendant Cisneros was present driving in the vicinity of the Biden-Harris Campaign bus on the date in question.    Defendants otherwise deny the factual allegations in that paragraph.

18.    Defendants admit the factual allegations in paragraphs 21 and 22 regarding the identity of Defendants, their presence in the vehicle, and identity of their vehicle, but otherwise deny the factual allegations in those paragraphs.

19.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 23, other than the fact that Defendant Park was present driving in the vicinity of the Biden-Harris Campaign bus on the date in question.    Defendants otherwise deny the factual allegations in that paragraph.

20.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 24, but deny entering into any cognizable conspiracy with any individuals regarding the date in question.

21.     Paragraph 25 contains jurisdictional allegations and no underlying factual allegations to admit or deny.

22.     Defendants deny that events giving rise to any claim occurred, as alleged in paragraph 26 and 27.  Defendants admit that venue would be proper in this district.

23.     Paragraphs 28 – 43 contain background information based on Plaintiffs' characterization of media reports and/or innuendo, and appear largely to be Plaintiffs' own interpretation of events whose relationship to the complaint unclear.  To the extent those paragraphs contain factual allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations.

24.     Paragraphs 43 – 79 present Plaintiffs' characterization of events in other cities, reproduction of apparent social media posts by other invididuals, and Plaintiffs' characterization of certain internal conversations among Plaintiffs and their supporters.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations, and to the extent these paragraphs contain legal argument, they are not subject to admission or denial.

25.     Paragraphs 80 – 128, similarly, primarily present Plaintiffs' characterization of events at points in the drive that date that are unrelated to Defendants' participation or presence, reproduction of apparent social media posts by other invididuals, and Plaintiffs' characterization of certain internal conversations among Plaintiffs and their supporters and Plaintiffs' conversations

with law enforcement.  Aside from the specific allegations pertaining to the Mesaros Defendants (discussed below), Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in these paragraphs, and to the extent these paragraphs contain legal argument, they are not subject to admission or denial.

26.     Defendants admit that on October 30, 2020 they drove to the Loop 337 exit off of I-35 in order to meet up with other individuals who would also express their support for President Trump as they drove along in the vicinity of the Biden-Harris Campaign Bus.  Defendants admit that they were driving in the vehicle identified as theirs in the Complaint, with Robert Mesaros driving and Joeylynn Mesaros in the passenger seat, and their son in the back seat.  Defendants deny that they joined an "ambush" of the bus, as stated in paragraph 80.

27.     Defendants deny that they "dangerously and abruptly cut[] right in front" of the campaign bus as stated in paragraph 87.  Defendants deny ever driving dangerously or recklessly or in any manner to intimidate anyone, or engaging in any conspiracy to do so.

28.     Paragraphs 129 – 135 present Plaintiffs' characterizations and claims regarding their alleged injuries and damages.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in these paragraphs, and to the extent these paragraphs contain legal argument, they are not subject to admission or denial.

29.    Paragraphs 136 – 152 are comprised of Plaintiffs' legal arguments and characterizations and are not subject to admission or denial.  To the extent that those paragraphs contain factual allegations, they are repetitive of factual allegations stated earlier in the Complaint to which Defendants have responded above.

30.    Defendants neither admit nor deny the allegations/requests in the Prayer for Relief, inasmuch as they appear to be merely descriptive of the legal relief being sought, and not factual assertions.  To the extent they embody factual assertions, Defendants deny them.

31.    As to the Complaint in its entirety, Defendants generally deny all allegations except those otherwise expressly admitted in this Answer.

32.    Defendants further assert an affirmative defense under the First Amendment, which protects their actions on the date in question.

## Conclusion

Based on the foregoing, Defendants pray that the Court dismiss the case and deny Plaintiffs all relief requested and that the Defendants be awarded such additional relief, including attorneys fees, expenses, and costs, to which they may be entitled.

Respectfully submitted,

*/s/ Jerad Najvar*
Jerad W. Najvar
Texas Bar No. 24068079
jerad@najvarlaw.com
NAJVAR LAW FIRM, PLLC

2180 N. Loop W., Ste. 255
Houston, TX 77018
Phone:        (281) 404-4696
Facsimile:    (281) 582-4138

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 6, 2022, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF upon all counsel of record.

*/s/ Jerad Najvar*
Jerad Najvar