UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>                        Plaintiffs,<br><br>  v.<br><br>ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES,<br><br>                        Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

**PLAINTIFFS' OPPOSITION TO NON-PARTY NAOMI NARVAIZ'S "OBJECTIONS AND MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR PRODUCTION OF DOCUMENTS AND FOR PROTECTIVE ORDER"**

Plaintiffs hereby oppose Naomi Narvaiz's "Non-Party's Objections and Motion to Quash Plaintiffs' Subpoena For Production of Documents and For Protective Order" ("Narvaiz Motion"). Dkt. 80. Ms. Narvaiz offers no basis for quashing or modifying the subpoena served in this case, which seeks documents from Ms. Narvaiz, an individual who, per Defendants' initial disclosures and public sources, likely has personal knowledge about and participated in the October 30, 2020 incident at the heart of this litigation. Nor has Ms. Narvaiz met her burden for a protective order. This Court should deny the Narvaiz Motion and order compliance with the subpoena.

## BACKGROUND

Plaintiffs brought this lawsuit against Defendants and John and Jane Does for violating the federal Ku Klux Klan Act of 1871, 42 U.S.C. § 1985(3), as well as Texas state law, by using their vehicles on October 30, 2020, to assault, intimidate, and threaten voters who were supporting and advocating for the election of President Joseph Biden and Vice President Kamala Harris. *See* Compl. ¶¶ 73, 87, 89, 103, Dkt. 1. On March 23, 2022, this Court denied Defendants' motions to dismiss for lack of jurisdiction and for failure to state a claim. *See* Order, Dkt. 64.

The Parties are now conducting discovery.[1] As part of that discovery, Plaintiffs issued two document subpoenas to Ms. Narvaiz—one in this case and one in the related case of *Cervini v. Stapp*, 1:21-cv-00568-RP (W.D. Tex.). Ms. Narvaiz's motion addresses only the subpoena in this case. *See* Narvaiz Motion at 1, 4.

The reasons for issuing a document subpoena to Ms. Narvaiz are straightforward. Defendant Eliazar Cisneros named Ms. Narvaiz as an "individual likely to have discoverable information that the disclosing party may use to support its claim or defenses" in this litigation.

---

[1] The Court has yet to issue a scheduling order in this case specifying a date for the end of fact discovery.

*See* Exhibit A. Public sources corroborate Mr. Cisneros' identification of Ms. Narvaiz as a witness and further suggest that she is likely to have knowledge of, been involved in, and aided in planning and executing the October 30, 2020 incident alleged in the complaint. For example:

- In a *Texas Tribune* news story published October 31, 2020, Ms. Narvaiz's statement suggests she knew about, helped plan, and was involved in the incident:

    > Naomi Narvaiz, a Texas Republican Party official in San Marcos, said Trump supporters formed the convoy after learning of the bus's movements up the interstate on Facebook from fellow supporters in San Antonio. "We decided we would jump on 35 to show support for our president," she said . . . . "We don't want any of the values or policies that the Democratic Party is embracing," she told the Tribune on Saturday. "We don't want any of those in Texas."[2]

- On Twitter, Ms. Narvaiz posted video footage of the incident and wrote, "We sent the @JoeBiden @KamalaHarris bus out of Hays! Your kind aren't welcome here!"[3]:

---

[2] Kate McGee et al., *Biden camp cancels multiple Texas events after a "Trump Train" surrounded a campaign bus*, TEX. TRIB., Oct. 31, 2021, https://www.texastribune.org/2020/10/31/biden-trump-texas-bus/.

[3] *Id.* Although Ms. Narvaiz's Twitter account cited in news articles remains active, *see* Twitter, @nytxnn, https://twitter.com/nytxnn, the tweet reproduced in the *Texas Tribune* piece is no longer available on Twitter. Plaintiffs have no ready way of telling what other relevant social media posts Ms. Narvaiz may have removed—or, for that matter, what non-public relevant communications she may have had on social media (through direct messages, "likes" and other engagements, etc.). Thus, among the topics sought by Plaintiffs' subpoena are her social media posts and communications relevant to the incident.



- On Facebook, Ms. Narvaiz reportedly posted about the incident and "used Facebook live to call for more trucks to harass the campaign bus."[4]

Given the above, Plaintiffs issued the document subpoena at issue here, seeking materials responsive to 15 specific requests for production, all relevant to Plaintiffs' lawsuit. *See* Exhibit B at 7-10 (Plaintiffs' Subpoena to Non-Party Naomi Narvaiz, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Schedule A to Non-Party Naomi Narvaiz) ("Narvaiz Subpoena").

Ms. Narvaiz was personally served with the subpoena on May 12, 2022 at 2:31 p.m. *See* Exhibit C (Affidavit of Service); Narvaiz Motion at 1 ("On May 12, 2022, Plaintiffs served a Subpoena . . . on Naomi Narvaiz . . . ."). On May 26, 2022, the deadline for compliance, Ms. Narvaiz filed the instant motion.[5]

---

[4] Twitter, @RzstProgramming, https://twitter.com/rzstprogramming/status/1323359776311517185 (Nov. 2, 2020, 3:22 p.m.).

[5] The motion was filed at 5:25 p.m. CT. Counsel for Ms. Narvaiz left a short voicemail with counsel

3

## **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a subpoena may command a person to attend a deposition or—as here—produce "documents, electronically stored information, or tangible things in that person's possession, custody, or control."[6] On a "timely motion," a court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The party seeking to quash the subpoena bears the burden of proof." *Ikhinmwin v. Rendon*, No. 5:16-CV-184-OLG, 2018 WL 7118193, at *1 (W.D. Tex. Apr. 13, 2018); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

"A non-party's objections to discovery requests in a subpoena" must "'be made with specificity,'" and "'the responding party must explain and support its objections.'" *LiiON, LLC, v. Vertiv Grp. Corp.*, No. 1:19-CV-666-RP, 2019 WL 13136760, at *1 (W.D. Tex. July 30, 2019) (Pitman, J.) (quoting *MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018)). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818.

"[T]he burden is upon [the party or person seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *MetroPCS*, 327 F.R.D. at 611 (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). A protective order is warranted only if "the

---

for Plaintiffs at 4:50 p.m. CT but did not meet and confer with counsel for Plaintiffs before filing.

[6] "'Possession, custody, or control' includes more than actual possession; it extends to a party's legal right or practical ability to obtain documents from a non-party on demand." *LiiON, LLC v. Vertiv Grp. Corp.*, No. 1:19-CV-666-RP, 2019 WL 13136760, at *2 (W.D. Tex. July 30, 2019) (Pitman, J.).

party seeking it demonstrates good cause and a specific need for protection." *Id.* (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990)).

## ARGUMENT

### I. Ms. Narvaiz's Motion Lacks Merit

Ms. Narvaiz asserts that Plaintiffs' subpoena is "defective and thereby objected to" on several grounds discussed below. Narvaiz Motion at 2-4. All of her arguments lack merit.

#### *A. Rule 45(b)(1)'s witness fees provisions do not apply to Plaintiffs' document subpoena*

Ms. Narvaiz asserts that the subpoena "is violative of FRCP 45(b)(1) [sic] as such requires a tendering of witness fees." *Id.* at 2. This argument fails, as it does not apply to document subpoenas. By its terms, the rule cited by Ms. Narvaiz governs only "if the subpoena requires that person's attendance" at a deposition. Fed. R. Civ. P. 45(b)(1); *id.* 45(a)(1)(B), (D) (distinguishing a subpoena "commanding attendance at a deposition" from a subpoena "to produce documents . . ."). As Rule 45 makes clear, "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, *need not appear in person* at the place of production or inspection *unless also commanded to appear for a deposition, hearing, or trial*." *Id.* 45(d)(2)(A) (emphasis added). Here, it is undisputed that the subpoena does not require Ms. Narvaiz's attendance as a witness; it seeks her documents. Thus, no witness fees are required. *See, e.g.*, *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, at *5 (E.D. Mich. Dec. 10, 2008) ("[T]he tender requirement does not apply to document-production demands."); *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997) (similar).[7]

---

[7] The lone authority cited by Ms. Narvaiz's motion, *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003), concerned a "deposition subpoena" only, *id.*, not a document subpoena, and is therefore inapposite.

5

### B. *Ms. Narvaiz has not demonstrated that she lacked reasonable time to respond*

Ms. Narvaiz appears to claim either that she lacked a reasonable time to respond to the subpoena or that Plaintiffs' deadline of 12:00 pm on May 26, 2022 was "deficient."[8] Narvaiz Motion at 2. She has provided no support for these bald assertions, much less carried her "burden of proof" on that score. *Wiwa*, 392 F.3d at 818. Rule 45 required objections to this subpoena to be served within 14 days, *see* Fed. R. Civ. P. 45(d)(2)(B), and this Court and others have treated 14 days as a presumptively reasonable period within which to respond, *see, e.g.*, *In re Request for Jud. Assistance From the Consumer Ct. of Istanbul in Istanbul, Turk.*, No. 1:21-MC-476-RP, 2021 WL 6750936, at *3 (W.D. Tex. June 11, 2021) (Pitman, J.) (ordering response to a Rule 45 document subpoena "within 14 days after service"); *Ramirez v. Abreo*, No. 5:09-CV-189-C, 2010 WL 11565408, at *2 (N.D. Tex. Mar. 1, 2010) (rejecting claim that *less than* 14 days was unreasonable time to respond to a Rule 45 document subpoena).

### C. *Plaintiffs satisfied their obligations to notify the parties*

Contrary to Ms. Narvaiz's assertions, Narvaiz Motion at 2, Plaintiffs met their obligations to notify the parties in this case. "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). To that end, before serving the subpoena on Ms. Narvaiz, counsel for Plaintiffs emailed a notice and a copy of the document subpoena at issue here to each Defendant (in the case of *pro se* party Hannah Ceh) or counsel for each Defendant in

---

[8] Cover form AO 88B requires a party to state a date and time for compliance, which Plaintiffs did by providing a deadline of noon on May 26, 2022. In recognition of the possibility that the exact timing of service can be variable, however, Plaintiffs provided in their written instructions that Ms. Narvaiz could respond "no later than fourteen (14) days from service." Because the date of service on Ms. Narvaiz was May 12, 2022, those dates are the same: May 26, 2022.

6

this matter. *See* Exhibit D. Ms. Narvaiz cites no authority for her suggestions that Plaintiffs were required to serve such a notice on her or otherwise confer with the parties.

### D. Ms. Narvaiz's assertions of "undue burden" lack specificity, support, and merit

Ms. Narvaiz claims that the subpoena subjects her to "undue burden." Narvaiz Motion at 2-3.

> To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.

*Wiwa*, 392 F.3d at 818 (citing *Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998)). Importantly, "[t]he moving party has the burden of proof to demonstrate 'that compliance with the subpoena would be 'unreasonable and oppressive.'" *Id.* (quoting *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).

This is a "heavy burden," *Williams*, 178 F.R.D. at 109 (quotations omitted), that Ms. Narvaiz does not carry. Far from it, her "undue burden" argument consists of a single paragraph in which she asserts—with hardly any explanation or specificity, much less proof—that (i) the documents Plaintiffs seek from Ms. Narvaiz are not relevant or needed for this litigation, because Plaintiffs cite "numerous visuals" in their complaint, (ii) "there is no end to the breath [sic] of materials requested in content or time," and (iii) the request "amounts to an invasion of privilege and privacy" and seeks privileged information. Narvaiz Motion at 3. These assertions should be rejected because they lack the required "specificity," *LiiON, LLC*, 2019 WL 13136760, at *1 (quotations omitted), do not meet Ms. Narvaiz's "burden of proof," *Wiwa*, 392 F.3d at 818, and otherwise lack merit.

7

With respect to relevance and need, Ms. Narvaiz does not attempt to articulate, much less prove, why documents sought from an individual who likely knew about, was involved in, and has evidence about the incident at the heart of this case somehow are irrelevant or unnecessary. "Under the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged. Discovery requests are relevant when they seek admissible evidence or evidence that is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa*, 392 F.3d at 820 (quotations omitted); Fed. R. Civ. P. 26(b). Here, relevance and need are manifest: a Defendant has identified Ms. Narvaiz as an "individual likely to have discoverable information," *see* Exhibit A; Ms. Narvaiz posted to social media regarding her involvement in the incident underlying this litigation, *see supra* at 2-3; and Ms. Narvaiz gave a statement to *The Texas Tribune* suggesting she knew about or was involved in the planning of the incident, *see supra* at 2.[9]

As to the breadth of Plaintiffs' subpoena, Ms. Narvaiz's charge that "there is no end to the breath [sic] of the materials requested in content or time" mischaracterizes the subpoena. Each of Plaintiffs' 15 requests for production are limited to either relevant subject matter, a relevant time period, or both. *See, e.g.*, Exhibit B, Request for Production No. 1 (limited in subject matter to Documents and Communications "about any of the events and any individuals, including yourself, involved in or relating to the Incident or described in the Complaint"); Requests for Production

---

[9] Based on "the numerous visuals included in Plaintiffs' pleadings," Ms. Narvaiz would have the Court agree with her that "Plaintiffs are well stocked with information either similar or identical to what has been requested of Naomi Narvaiz." Narvaiz Motion at 3. The motion provides no grounds for such a finding, and the Court should not credit Ms. Narvaiz's bald assertion that Plaintiffs do not "need" relevant, responsive information that she has in her possession, custody, or control.

8

Nos. 8-10, 12 (limited in time to Documents and Communications on or after January 1, 2020).[10] Ms. Narvaiz has not shown why these or any other requests for production are overbroad.

Finally, Ms. Narvaiz's naked assertions that the subpoena "amounts to an invasion of privilege and privacy" and seeks privileged information, are insufficient to quash or modify the subpoena. Ms. Narvaiz nowhere explains or demonstrates an invasion of privacy that subjects her to an undue burden. As for privilege, under Rule 45(e)(2)(A), "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." As this Court has explained, "blanket claims of privilege are disfavored," and "a party asserting the privilege bears the burden of proving the privilege is applicable." *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 263 F.R.D. 395, 397 (W.D. Tex. 2009) (Pitman, J.). But Ms. Narvaiz's motion asserts a "blanket claim[] of privilege" and does not even try to "prov[e] the privilege is applicable." *Id.* With respect to Request for Production No. 14 specifically, Ms. Narvaiz asserts that she has a "working relationship" with Francisco R. Canseco, one of the counsel for Defendants in this matter. Narvaiz Motion at 3. That assertion is not only insufficient as a claim of privilege as between Ms. Narvaiz and Mr. Canseco, *see Advanced Tech. Incubator, Inc.*, 263 F.R.D. at 397 (requiring proof that a privilege applies); *id.* (explaining that not all working relationships between attorneys and clients are "in a legal capacity," and when that capacity is non-legal, "the attorney-client privilege does not protect their

---

[10] "Documents," "Communications," "Incident," "Social Media," and "Complaint" are defined in the subpoena. Ms. Narvaiz's objection that the definitions are "unbridled by any scope" and "include[] all evidence arising from of [sic] Naomi Narvaiz's life experiences and expressions except for documentation of thought," Narvaiz Motion at 2, is puzzling. Plaintiffs' actual requests for production are properly scoped.

9

communications"), but it suggests that any communications Ms. Narvaiz may have had with *other* counsel for Defendants are *not* privileged. In any event, nothing in Plaintiffs' subpoena prevents Ms. Narvaiz from conducting a reasonable search, reviewing responsive documents for applicable privilege, and properly claiming and substantiating any privilege claims in a privilege log. *See, e.g.*, *City of San Antonio v. Hotels.com, L.P.*, No. SA-06-CA-381-OG, 2008 WL 11334563, at *2 (W.D. Tex. Dec. 30, 2008) (stating the obligation of a person responding to a subpoena to "expressly make the claim" and serve a "privilege log" that describes the nature of the information withheld sufficient to allow "the parties to assess the claim").[11]

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully urge this Court to deny the Narvaiz Motion in full and order Ms. Narvaiz's compliance with the subpoena within 14 days of the Court's order denying the instant motion.

---

[11] Plaintiffs need not and will not address the remainder of Ms. Narvaiz's motion, which attacks this lawsuit as "remarkably irreconcilable to responsible jurisprudence," Narvaiz Motion at 3, except to note that this Court's denial of Defendants' motions to dismiss this action disposed of these arguments, *see* Dkt. 64.

DATED:  June 2, 2022                                Respectfully submitted,

*/s/ Jacek Pruski*

**TEXAS CIVIL RIGHTS PROJECT**
Mimi Marziani (TX Bar No. 24091906)
Ashley Fernandez Dorsaneo (TX Bar No. 24127393) (*pro hac vice*)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
ashley@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
john.paredes@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922) (*pro hac vice*)
Cerin Lindgrensavage* (NY Bar No. 5541354) (*pro hac vice*)
Jacek Pruski (DC Bar No. 888325144) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
cameron.kistler@protectdemocracy.org
cerin.lindgrensavage@protectdemocracy.org
jacek.pruski@protectdemocracy.org
*Not yet admitted in D.C., practicing under supervision

11

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jsuriani@willkie.com

Madeleine Tayer (NY Bar No. 5683545) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000

Facsimile: (212) 728-8111
Email: mtayer@willkie.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2022, a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas, in compliance with the Federal Rules of Civil Procedure as well as via e-mail pursuant to an agreement of the parties. I further certify that on June 2, 2022, a true and correct copy of the foregoing has been served counsel for Ms. Narvaiz via e-mail pursuant to an agreement of the parties.

*/s/ Jacek Pruski*