UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>       Plaintiffs,<br><br> v.<br><br>ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES,<br><br>       Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

### PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' OPPOSED MOTION TO AMEND PLAINTIFFS' PROPOSED SCHEDULING ORDER AND FOR ENTRY OF A SCHEDULING ORDER

Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway ("Plaintiffs") file this reply in support of their Motion to Amend their Proposed Scheduling Order ("Motion"), Dkt. 88, and for the entry of their amended proposed schedule ("Plaintiffs' Amended Proposed Schedule") in light of the consolidated opposition to Plaintiffs' motion filed by Defendants Eliazar Cisneros, Joeylynn Mesaros, Robert Mesaros, and Dolores Park. *See* Dkt. 93 ("Defendants' Opposition"). On July 7, 2022, the Court granted Plaintiffs an extension of seven days to file this reply.[1] *See* July 7, 2022 text order.

---

[1] As explained in Plaintiffs' Motion for Extension of Time to file this reply, on July 1, 2022, Plaintiffs, recognizing that the parties' proposed schedules were not wholly incompatible and hoping to reach a resolution without judicial intervention, reached out to Defendants to discuss the schedule. *See* Dkt. 94 at 2. The parties conferred on July 5, 2022 and Plaintiffs proposed a compromise schedule on July 6, 2022, but were unable to reach agreement with any defendant.

Defendants' Opposition focuses on a single issue with Plaintiffs' Amended Proposed Schedule: Plaintiffs' proposed deadlines for the completion of discovery. Defendants argue both that "[n]o discovery should be ordered until the Court decides [Defendants'] motion [for interlocutory appeal]" and that Plaintiffs' Amended Proposed Schedule "does not provide Defendants with a reasonably sufficient time to complete the required discovery[.]" *See* Dkt. 93 at 1, 2.[2] In so arguing, Defendants claim that they should be excused from engaging in discovery now, and that for that reason they will not be able to complete discovery by the generous deadlines proposed by Plaintiffs in their Amended Proposed Schedule.

Defendants cannot have it both ways, and their failure to engage in meaningful discovery over the past six months is not a justification for an unnecessarily extended discovery period. As an initial matter, a motion for interlocutory appeal does not automatically stay discovery. 28 U.S.C. § 1292(b) ("application for an appeal hereunder ***shall not stay proceedings in the district court*** unless the district judge . . . shall so order.") (emphasis added). Nowhere in Defendants' motions for interlocutory appeal or otherwise have Defendants moved for a stay in discovery pending resolution of those motions. *See* Dkts. 66, 69, 70. To the contrary, Defendants Park and the Mesaroses explicitly represented that no delay in discovery would be caused by the pendency of their motions for interlocutory appeal. *See* Dkt. 66 at 11-12 (Defendant Park's motion for interlocutory appeal would cause "no delay in the instant matter" and that "[t]he matter before this Court, therefore, shall proceed apace, unless this Court or the Fifth Circuit wish to grant a stay"); Dkt. 69 at 8 (there would be "[n]o [p]rejudice to Plaintiffs" by the Mesaroses motion because "an interlocutory appeal would not even delay the progress of discovery unless this

---

[2] Defendants' Opposition also challenges Plaintiffs' claims as "frivolous and novel legal theor[ies]…that fail[ ] as a matter of fact and law." Dkt. 93 at 1. These characterizations do not merit further consideration by this Court nor argument from Plaintiffs, as the Court has already ruled on these issues in its Order Denying Defendants' Motion to Dismiss. *See* Dkt. 64.

Court or the Court of Appeals were to grant a stay of discovery after consideration of a motion for same.").

Despite Defendants' recent arguments that discovery should not now proceed, discovery has been open and ongoing since the parties completed their Rule 26(f) conference on December 21, 2021—over six months ago. *See* Dkt. 44 at 1 (documenting Rule 26(f) conference held on December 21, 2021); Fed. R. Civ. P. 26(d)(1) (discovery is permitted upon completion of the Rule 26(f) conference). During that time, Plaintiffs have diligently pursued discovery, serving dozens of discovery requests on each defendant[3] and four non-party subpoenas. Defendants have had every opportunity to meaningfully pursue discovery in the past six months but to date have served only one set of requests for documents on one Plaintiff, in response to which Plaintiffs are producing documents on a rolling schedule.

All told, Plaintiffs' Amended Proposed Schedule contemplates a discovery period that allows thirteen months for fact discovery, from December 21, 2021 to January 27, 2023. *See* Dkt. 88-1. Such a discovery period is more than sufficient for diligent parties to complete discovery. Defendants' protestations that Plaintiffs' Amended Proposed Schedule "does not provide Defendants with a reasonably sufficient time to complete the required discovery," Dkt. 93 at 2, conveniently ignores the past six months of open discovery in which Defendants have chosen not to participate. Having to complete the entirety of their discovery in the next six months is not prejudicial so much as a self-inflicted failure to conduct discovery in the months that have elapsed since discovery commenced.

Finally, Defendants' Opposition included a proposed schedule that suggested a single discovery completion deadline without explanation and did not substantively engage with

---

[3] Given Defendants' position that discovery has not yet begun in earnest, Plaintiffs regretfully anticipate that motions to compel discovery from several defendants may be needed in the near future to continue discovery, which is otherwise nearing an impasse.

Plaintiffs' proposal to bifurcate fact and expert discovery.[4] For the reasons stated in their Motion, Plaintiffs continue to believe bifurcated discovery is justified to streamline both fact and expert discovery. *See* Dkt. 88 at 3 n.1.

For the foregoing reasons Plaintiffs respectfully move the Court to enter Plaintiffs' Amended Proposed Schedule.[5]

DATED:  July 13, 2022                                           Respectfully submitted,

*/s/ John Paredes*

**TEXAS CIVIL RIGHTS PROJECT**
Mimi Marziani (TX Bar No. 24091906)
Ashley Fernandez Dorsaneo (TX Bar No. 24127393) (*pro hac vice*)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
            ashley@texascivilrightsproject.org

---

[4] Since the filing of their Opposition, Defendants have expressed opposition to Plaintiffs' counsel to the bifurcation of fact and expert discovery, which Plaintiffs first proposed over six months ago in their December Proposed Schedule, *see* Dkt. 43, and to which Defendants were not opposed as of the February 23 conference held by this Court. Because these belated objections were not raised in Defendants' Opposition they are not properly before the Court, and notwithstanding Defendants' recent opposition, allowing expert discovery to trail fact discovery conserves resources, is more efficient, and allows the parties to provide the Court with more comprehensive expert reports.  *See* Dkt. 88 at 3 n.1.

[5] Plaintiffs believe that their Amended Proposed Schedule is reasonable for all parties and should be entered without modification. However, as noted in Plaintiffs' Motion for Extension of Time to file this reply, *see* Dkt. 94, Plaintiffs' Amended Proposed Schedule and Defendants' Proposed Schedule are not wholly incompatible. In particular, and as Plaintiffs conveyed on the parties' July 5, 2022 meet and confer, Plaintiffs are not opposed in principle to modifying the ADR and written settlement offer deadlines to fall after the close of discovery.

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
john.paredes@protectdemocracy.org
orion.danjuma@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922) (*pro hac vice*)
Cerin Lindgrensavage* (NY Bar No. 5541354) (*pro hac vice*)
Jacek Pruski (DC Bar No. 888325144) (*pro hac vice*)
Anne Harden Tindall (DC Bar No. 494607) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
cameron.kistler@protectdemocracy.org
cerin.lindgrensavage@protectdemocracy.org
jacek.pruski@protectdemocracy.org
anne.tindall@protectdemocracy.org
*Not yet admitted in D.C., practicing under supervision

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117

Telephone: (202) 579-4582
Facsimile: (929) 777-8428
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
      rmeyer@willkie.com
      shall@willkie.com
      mgovernski@willkie.com
      jsuriani@willkie.com

Madeleine Tayer (NY Bar No. 5683545) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mtayer@willkie.com

*Attorneys for Plaintiffs*