UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ERIC CERVINI, et al.                          §
                                              §
              Plaintiffs,                     §          Civil Action
      v.                                      §
                                              §          No. 1:21-CV-565-RP
ELIAZAR CISNEROS, et al.,                     §
                                              §
              Defendants.                     §

**MESAROS DEFENDANTS' MOTION TO MODIFY AND FOR PROTECTION
AS TO PLAINTIFFS' THIRD-PARTY SUBPOENA TO META**

Defendants, Joeylynn and Robert Mesaros (collectively the "Mesaros Defendants"), respectfully request that the court modify the Plaintiffs' recent overreaching subpoena to Meta Platforms, Inc., the parent company of Facebook and Instagram, and for protection, as follows.

### Background

Plaintiffs issued a subpoena to Meta Platforms, Inc., on July 25, 2022, demanding compliance by noon today, August 8. The subpoena is attached as Exhibit A, although the Complaint, which was attached to the subpoena as issued, is omitted here.

### Argument

**I.    Motion to Modify Subpoena to the Extent it Seeks Content Protected Under the Stored Communications Act**

While Plaintiffs' subpoena is directed to a third-party social media company, the Mesaroses have standing to quash or modify it because they are affected by it. *See* Fed. R. Civ. P. 45(d)(3)(B).  The Mesaroses request that the court modify the

subpoena by quashing the requests for information regarding their own profiles or pages.

With respect to each and every one of the 83 pages listed in the subpoena, Plaintiffs seek "*[a]ll* Documents and Communications sufficient to show all available basic subscriber information for the" page or group.  Ignoring the very limited nature of a permissible subpoena to a third-party data platform which seeks information about user accounts, Plaintiffs simply regurgitate their boundless definitions of Communication" and "Document" that they used in their requests for production sent to parties in this case.  *See* Subpoena at 2-3.  While the Subpoena also includes a definition of "Basic Subscriber Information," this is also drafted unduly broadly.  Plaintiffs declare that it "means any information concerning an account or group that may be permissibly shared with private parties without seeking user consent, consistent with the Stored Communications Act, 18 U.S.C. 1701 *et seq.*, including but not limited to subscriber, administrator, and group member names, IP addresses; and account and group opening and closing dates."

In other words, *Plaintiffs do not identify what they are requesting*; instead, they demand everything that could be turned over without user consent under the Stored Communications Act, without any attempt to tailor the request to information in any way relevant to this case.  Further, by utilizing the expansive definitions of "Documents" and "Communications" as in their requests to parties in written discovery, Plaintiffs' poorly drafted request creates unnecessary ambiguity.  There is no reason the Subpoena should include definitions of "Documents" and

Communications" as broad as here, where Plaintiffs should know that Meta is limited by federal law in what it may produce without a court order. The request creates unnecessary ambiguity and the danger that Meta could respond with content not authorized to be produced in such a subpoena.

Among the 83 pages Plaintiffs target are several of Joeylynn and/or Robert Mesaros's own pages. *See* Subpoena at RFP No. 1, lines 22-25; 32-34; 46-48. The Mesaroses each have standing to quash the subpoena to the extent it seeks their own information. *See Crispin v. Christian Audiger, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (plaintiff had standing to move to quash subpoena that was directed to third-party social networking sites and sought plaintiff's personal information, which was protected under the Stored Communications Act). The Mesaroses are parties to this case, and to the extent Plaintiffs want information from their social media accounts, Plaintiffs can seek it from the Mesaroses directly.

## II. Motion for Protection From Plaintiffs' Inexplicable Fishing Expedition Seeking Information About Nonparty Groups, Without Their Knowledge, From Nonparty Social Media Platforms.

The Mesaroses also seek protection from the subpoena to the extent it demands information about non-party Facebook and Instagram groups without those groups' knowledge and without any apparent relevance to any issue in this case.

Plaintiffs' ambitious Subpoena demands "[a]ll Documents and Communications sufficient to show all available basic subscriber information for the following accounts or groups," followed by a list of 83 pages on Facebook and Instragram, the vast majority of which have no apparent connection to this case. The Mesaroses have standing to move for protection from a subpoena to a third party that

seeks irrelevant information. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005).

To the extent the Subpoena applies to any pages other than the Mesaros's own pages identified above, the Mesaroses move for protection.  Plaintiffs' subpoena is invasive and abusive.  It targets groups, including "Bexar County Christian Conservatives," "Lone Star 2A," "Mask Free San Antonio," "Republican Men of San Antonio," "Texan Conservatives," and "Texas Border Citizens for Truth."  Even those groups with "Trump" or "Trump Train" in their name are entirely irrelevant to the traveling speech activity undertaken by Defendants on I-35 between San Antonio and Austin on October 30, 2020 unless Plaintiffs can demonstrate some relation to the events at issue.  Perhaps Plaintiffs want member lists for organizations that Plaintiffs oppose politically, and they are opportunistically using their subpoena power in this federal litigation to secure it.  Whatever the reason, Plaintiffs are not entitled to embark on this fishing expedition.  Plaintiffs cannot burden the Defendants by expanding the scope of discovery to include information from all the Texas political groups that Plaintiffs and their law firms might want access to.  The Subpoena should be quashed as to all of these non-Mesaros groups and pages unless and until Plaintiffs can demonstrate that any of this information is reasonably calculated to the discovery of relevant evidence.  This is particularly sensitive and important given that the targeted groups are without any ability to even stand up for their own rights, given that they do not know that Plaintiffs are targeting them in a

lawsuit that they—unless and until Plaintiffs demonstrate otherwise—have nothing to do with.

## CONCLUSION

The Mesaros Defendants respectfully request that the Court quash the subpoena as to the Mesaros's own pages, and grant protection against the subpoena to the extent it targets all other pages.

Respectfully submitted,

*/s/ Jerad Najvar*
Jerad W. Najvar
Texas Bar No. 24068079
jerad@najvarlaw.com
NAJVAR LAW FIRM, PLLC
2180 N. Loop W., Ste. 255
Houston, TX 77018
Phone:        (281) 404-4696
Facsimile:    (281) 582-4138

## CERTIFICATE OF CONFERENCE

The undersigned conferred by email with counsel for Plaintiffs to express in general objections to the substance of the subpoena, and Plaintiffs' counsel responded that they did not believe they had any obligation to address the parties' concerns since the subpoena is directed to a third party.  To be fair, Plaintiffs did address one concern—issuing a federal subpoena under Rule 45 in place of the California state court subpoena they initially served—but appear to have made that concession because such original subpoena was obviously and facially defective.  Counsel will seek to have his concerns regarding the subpoena's content addressed without necessity of court action on this motion, but had no choice but to file the motion this morning before the odd compliance time (noon) chosen by Plaintiffs in the subpoena.

*/s/ Jerad Najvar*
Jerad Najvar

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on August 8, 2022, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF upon all counsel of record.

*/s/ Jerad Najvar*
Jerad Najvar