AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

(If the action is pending in another district, state where:

_____ District of _____                )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

_____, who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES,<br><br>　　　　　　　　　Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

**SCHEDULE A TO SUBPOENA TO NON-PARTY**
**META PLATFORMS, INC.**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs hereby request that Meta Platforms, Inc., produce the following documents and tangible things at the offices of Protect Democracy, 2120 University Ave., Berkeley, CA 94704, no later than fourteen (14) days from service of this First Set of Requests for Production of Documents (the "Requests"), unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.  The Definitions and Instructions that appear below form an integral part of the Requests that follow and must be read in conjunction with them and followed when responding to the Requests.

## GENERAL DEFINITIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of the Requests, the following definitions shall apply:

1.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2.      The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3.      "You," "Your," or "Yours" refers to Meta Platforms, Inc. and all of its subsidiaries, including but not limited to Facebook, Instagram, and Whatsapp (collectively, "Meta"), and includes any persons or entities acting for or on behalf of Meta, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Meta has control.

4.      "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages,   instant   messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social

Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of social media), are forms of communication.

5.      "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all social media activity, or any other use of ephemeral communications services or social media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

6.      "Including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any request.

7.      "Relating to" or "Relate to" means, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter

specified.

## SPECIFIC DEFINITIONS

8.      "Basic Subscriber Information" means any information concerning an account or group that may be permissibly shared with private parties without seeking user consent, consistent with the Stored Communications Act, 18 U.S.C. § 1701 *et seq.*, including but not limited to subscriber, administrator, and group member names; IP addresses; and account and group opening and closing dates.

9.      "Complaint" means the complaint filed in *Cervini et al. v. Cisneros et a.*, No. 1:21-cv-00565-RP (W.D. Tex.), as ECF docket entry number 1 and attached to this subpoena as Exhibit A.[1]

10.     "Incident" means the events of October 30, 2020, as described in the Complaint.

## INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.      You must fully respond, search for, and produce all Documents and Communication responsive to these Requests.

B.      These Requests are continuing in nature.  If, after making initial responses, You obtain or become aware of any further Documents responsive to the Requests, You are required to supplement their responses and provide such Documents pursuant to FRCP Rule 26(e).

C.      Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

---

[1] *Cervini et al. v. Stapp et al.*, No. 1:21-cv-00568-RP (W.D. Tex.) and *Cervini et al. v. Cisneros et al.*, No. 1:21-cv-00565-RP (W.D. Tex.) are related cases in the United States District Court for the Western District of Texas. Plaintiffs are serving you with a subpoena for each case. As both cases arise out of the same Incident, and both subpoenas refer to the same allegations, Plaintiffs would be amenable to Your providing a single consolidated response to both subpoenas.

D.      Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

E.      Unless otherwise agreed by the parties, you must produce responsive, non-privileged documents in either TIFF or native formats (or both) with load files. "Native" files refer to electronic files in the same format in which they were originally collected from custodians or other sources. Native file productions shall include metadata (to the extent it exists or is reasonably accessible or available) and a single page placeholder TIFF image indicating that the associated file was produced in native form. "TIFF" refers to Group IV Tagged Image File Format. Productions of documents by TIFF images may be made regardless of whether such documents are stored by the parties in the ordinary course of business in electronic or hard copy form. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy. "Load file" refers to Relativity-compatible Load Files, including a Relativity DAT file and an Opticon delimited file, that indicate document breaks of the TIFF images and relevant metadata fields.  You are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected.

F.      In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, You shall produce a Privilege Log in accordance with Federal Rules of Civil Procedure.

G.      If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

H.      If any responsive document once was, but is no longer, in Your possession, custody, or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian.   To the extent that any responsive document was lost or destroyed, produce any document that supports Your assertion that the document was lost or destroyed, provide the date when each such document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

I.      If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request.

J.      Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to these Requests.   Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.   Documents attached to each other should not be separated.

K.      Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

L.      In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications sufficient to show all available basic subscriber information for the following accounts or groups:

1. ACTT, Facebook, https://www.facebook.com/groups/1179371855857116
2. Alamo City Trump Train, Facebook, https://www.facebook.com/groups/3208800589241453/
3. Arlington TX Train, Facebook, https://www.facebook.com/groups/4887498547956819
4. Bexar County Christian Conservatives, Facebook, https://www.facebook.com/groups/46455155461091
5. Biden is Not My President- Trump Won, Facebook, https://www.facebook.com/groups/249508463322282/
6. Constitutional Conservatives For Chip Roy— CRUZ ON Texas #TX21, Facebook https://www.facebook.com/groups/859859087524578
7. Chumps for Trump, Facebook, https://www.facebook.com/groups/399112167558194/
8. Cibolo/Schertz One Community: https://www.facebook.com/groups/CiboloandSchertz
9. Dolores Park, Facebook, https://www.facebook.com/dolores.park
10. Dolores Park, Instagram, https://www.instagram.com/dolores_mommapark/?hl=en
11. El Conservador with George Rodriguez, Facebook, https://www.facebook.com/groups/elconservador
12. Eliazar Cisneros, Facebook, Cisco3172@yahoo.com
13. Eliazar Cisernos, Facebook, https://www.facebook.com/profile.php?id=100071680908491
14. Eliazar Cisneros, Instagram, @Cisco3172
15. Friends who like Donald J Trump, Facebook, https://www.facebook.com/groups/1870254926526697/
16. Hannah Ceh, Facebook, https://www.facebook.com/hannah.ceh.52
17. Hannah Ceh, Instagram, https://www.instagram.com/hannahlynnceh/?hl=en
18. Hill Country Patriots, Instagram, https://www.instagram.com/hillcountry.patriots/
19. Hill Country Patriots, Facebook, https://www.facebook.com/groups/hillcountrypatriots/
20. Jason Frank, Facebook, https://www.facebook.com/freidom.rings.7
21. Joe Garza, Facebook, https://www.facebook.com/Garzajm
22. Joeylynn Mesaros, Facebook, https://www.facebook.com/joeylynn.aramendiamesaros
23. Joeylynn Mesaros, Facebook, https://www.facebook.com/freespeechdefenders
24. Joeylynn Mesaros, Instagram, https://www.instagram.com/freespeechdefenders/
25. Joeylynn Mesaros, Instagram https://www.instagram.com/thetravelingflorist/?hl=en
26. Kambree Kawahine Koa, Instagram, https://www.instagram.com/kamvtv/
27. Kyle Kruger, Instagram, https://www.instagram.com/kylekruger2002
28. Laredo Trump Nation (Uncensored), Facebook, https://www.facebook.com/groups/657609271803209
29. Liberty New Braunfels, Facebook,  https://www.facebook.com/groups/632642267461399
30. Lone Star 2A, Facebook, https://www.facebook.com/groups/467837074263205/
31. Mask Free San Antonio, Facebook, https://www.facebook.com/groups/206357204836558/

32. Mesaros Family, Facebook, https://www.facebook.com/groups/137118163049334/
33. Mesaros Free Speech Defenders, Facebook, https://m.facebook.com/freespeechdefenders/
34. MesarosFreeForFreedomsSake, Instagram,
    https://www.instagram.com/freeforfreedomssake/
35. Naomi Narvaiz, Facebook, https://www.facebook.com/nytxnn
36. Naomi Narvaiz, Instagram, https://www.instagram.com/nytxnn/
37. NBers Who Say FJB, Facebook, https://www.facebook.com/groups/214864290732627
38. #Operation1009, Save Our Children, @ENDHUMANTRAFFICKING, Facebook,
    https://www.facebook.com/groups/218049623477439
39. Patriots 4 Trump, Facebook, https://www.facebook.com/groups/1112033095892962
40. Patriots Daily News and Mission, Facebook,
    https://www.facebook.com/groups/992883821492521/
41. Patriots of New Braunfels, Facebook,
    https://www.facebook.com/groups/902758483585406/
42. Patriots of Schertz/Cibolo, Facebook,
    https://www.facebook.com/groups/347403899737221
43. Randi Ceh, Facebook, https://www.facebook.com/randi.ceh
44. Republican Men of San Antonio, Facebook,
    https://www.facebook.com/groups/2533022493684702/
45. Rigby Trump Train, Facebook, https://www.facebook.com/groups/408405053884405/
46. Robert Mesaros, Facebook, https://www.facebook.com/robertjmesaros
47. Robert Mesaros, Instagram, https://www.instagram.com/handsomerobthepatriot/
48. Robert Mesaros, Instagram, https://www.instagram.com/magamustache/
49. SA SHOW AND TELL 2A, Facebook,
    https://www.facebook.com/groups/660389964148073
50. Sarah Hill, Facebook, https://www.facebook.com/sarah.hill.58152
51. Sarah Hill, Instagram, https://instagram.com/s.e.beth
52. SATEX Goats, Facebook, https://www.facebook.com/groups/276222423391755
53. Seguin Trump Train, Facebook, https://www.facebook.com/groups/249531062963262/
54. Tammy Coiteux, Facebook, https://www.facebook.com/tammy.coiteux
55. Tammy Coiteux, Instagram, https://www.instagram.com/coiteuxtammy
56. Texan Conservatives, Facebook,  https://www.facebook.com/groups/238400147471050
57. Texans for Trump, Facebook, https://www.facebook.com/groups/953849124712647
58. Texans of Hill Country TNM, Facebook,
    https://www.facebook.com/groups/471329857467099
59. Texas Border Citizens for Truth, Facebook,
    https://www.facebook.com/groups/txbordercitizensfortruth/
60. Texas Truck Alliance, Facebook, https://www.facebook.com/groups/2375573625823989/
61. The 0-60 Podcast, Facebook, https://www.facebook.com/groups/380382547079188
62. Texas Trump Train, Facebook, https://www.facebook.com/groups/1608089409351829
63. The AMERICAN PATRIOTS - MEME PARTY, Facebook,
    https://www.facebook.com/groups/254006292815334/
64. The Conservative Think Tank, Facebook,
    https://www.facebook.com/groups/785902592066768
65. The Real Steve and Randi Ceh, https://www.facebook.com/FakeChristiansAndFrauds
66. The Republican Man, Facebook, https://www.facebook.com/groups/TheRepublicanMan
67. The Traveling Florist, https://www.facebook.com/thetravelingflorist/

68. The Trump Train 2024, Facebook, https://www.facebook.com/groups/the.trump.train.group/
69. Trump Country! A conservative group, Facebook, https://www.facebook.com/groups/171079221255920/
70. Trump Patriots Forever, Facebook, https://www.facebook.com/groups/1292049827832789
71. Trumps Top Patriots, Facebook, https://www.facebook.com/groups/366246343972713/
72. Trump Train, Facebook, https://www.facebook.com/groups/304223904023070
73. Trump Train 2024 - MAGA, Facebook, https://www.facebook.com/groups/maga2024/
74. Trump Train America, Facebook, https://www.facebook.com/groups/2370929479855786
75. Trump Train NB, Facebook, https://www.facebook.com/groups/252136099143455
76. Trump Train NE Texas, Facebook, https://www.facebook.com/groups/3254740411300051/
77. Trump Train Parade, Facebook, https://www.facebook.com/groups/961878137628676/
78. United We Stand with President Trump, Facebook, https://www.facebook.com/groups/370323427503468/
79. USA for Trump, Facebook, https://www.facebook.com/groups/USAForTrump/
80. We are Team Trump, Facebook, https://www.facebook.com/groups/708680313120182/
81. "We The People", Facebook, https://www.facebook.com/groups/2603463489967919
82. West Texas Conservative Patriot News Bureau, Facebook, https://www.facebook.com/groups/629040014326171
83. WOMEN for Trump- Make America Great Again, Facebook, https://www.facebook.com/groups/662409850823642/

DATED:  July 25, 2022

*Attorneys for Plaintiffs*

*/s/ John Paredes*

**THE PROTECT DEMOCRACY PROJECT, INC.**

John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) *(pro hac vice)*
The Protect Democracy Project, Inc.
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
Email: john.paredes@protectdemocracy.org
orion.danjuma@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922)
(*pro hac vice*)
Cerin Lindgrensavage*
(NY Bar No. 5541354) (*pro hac vice*)
Jacek Pruski (D.C. Bar 888325144)
(*pro hac vice*)
Anne H. Tindall (D.C. Bar 494607)
The Protect Democracy Project
2020 Pennsylvania Ave. NW, Suite #163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
Email:
cameron.kistler@protectdemocracy.org
cerin.lindgrensavage@protectdemocracy.org
jacek.pruski@protectdemocracy.org
anne.tindall@protectdemocracy.org
*Not yet admitted in D.C., practicing under
supervision

Jared Fletcher Davidson (Louisiana Bar No.
37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
Email:
jared.davidson@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207)
(*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
Email: ben.berwick@protectdemocracy.org

**TEXAS CIVIL RIGHTS PROJECT**

Mimi Marziani (TX Bar No. 24091906)
Ashley Fernandez Dorsaneo
(TX Bar No. 24127393) (*pro hac vice*)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073

Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
ashley@texascivilrightsproject.org