IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, TIMOTHY HOLLOWAY, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-565-RP |
| ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court are Defendant Dolores Park's ("Park") Emergency Motion Requesting Authorization for Interlocutory Appeal, (Dkt. 66); Joeylynn and Robert Mesaros's ("the Mesaros Defendants") Motion to Reconsider or, in the Alternative, Authorize Interlocutory Appeal, (Dkt. 69); and Eliazar Cisneros' ("Cisneros") Motion for Leave to Appeal, (Dkt. 70). After reviewing the briefing, the relevant law, and the record, the Court will deny all three motions.

**I. BACKGROUND**

On March 23, 2022, this Court entered an order denying Defendants' Motions to Dismiss. (Dkt. 66). Thereafter, Park, the Mesaros Defendants, and Cisneros filed their motions for the Court to reconsider and grant leave for an interlocutory appeal. The Mesaros Defendants request the Court reconsider its ruling, arguing that the Court failed to address the issue of whether "a cause of action (rather than jurisdiction) is lacking under 1985(3) for interference with 'support or advocacy' in the absence of state action." (Dkt. 69, at 3). All three motions argue that the Court should certify an interlocutory appeal because the issue of whether § 1985(3) requires the Plaintiffs to plead that the

1

conspiracy against them stemmed from race-based animus is a novel, controlling issue of law, there is substantial ground for difference of opinion about the question of law, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. (*See generally* Dkts. 66, 69, 70).

## II. LEGAL STANDARD

1. Motion for Reconsideration

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). American Title asserts its motion under Rule 54(b). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up) (citing Fed. R. Civ. P. 54(b)).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

2.  Interlocutory Appeal

28 U.S.C. § 1292(b) permits a district judge to, in certain circumstances, certify an issue for interlocutory appeal. The statute reads in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Thus, Defendant must convince the Court that the Court's Order involved (1) a controlling question of law, (2) that there is substantial ground for difference of opinion about the question of law, and (3) that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); *accord Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) ("Section 1292(b) appeals are exceptional.").

Further, "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987) (vacated on other grounds by *Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 1033 (1989)); *see Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); *Cheney v. U.S. Dist. Ct. for Dist. of Columbia,* 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J.,

dissenting) ("[T]he decision whether to allow an [interlocutory] appeal lies in the first instance in the District Court's sound discretion.").

### III. DISCUSSION

1. Motion for Reconsideration

The Mesaros Defendants argue the Court should reconsider its order on the motions to dismiss because the Court failed to address the issue of whether "a cause of action (rather than jurisdiction) is lacking under 1985(3) for interference with 'support or advocacy' in the absence of state action." (Dkt. 69, at 3). First, the Mesaros Defendants state that their motion relies on similar arguments to those made in their filings on the motion to dismiss, indicating the Court has already addressed their arguments and declined to rule in their favor. (*Id.* at 1) ("As described in the Mesaroses' filings . . . ."). In addition, the Court's order on the motion to dismiss addressed the question of whether a cause of action under 1985(3) can exist in the absence of state action and cited the Fifth Circuit in support of that proposition. (Dkt. 64, at 12–13) ("[T]he Fifth Circuit has previously stated that § 1985(3) was created to allow plaintiffs to recover damages for interference with their election-related rights and is a 'specific remedy for interference by private individuals,' unlike a claim based on the Fourteenth Amendment, which requires state action.") (citing *Paynes v. Lee*, 377 F.2d 61, 63–64 (5th Cir. 1967)). Therefore, the Court declines to reconsider its order on this basis.

2. Motion for Interlocutory Appeal

All three motions for interlocutory appeal assert that the Court should certify an appeal because the question of whether Plaintiffs were required to plead race-based animus. (Dkt. 66, at 5; Dkt. 69, at 6; Dkt. 70, at 1). Park, the Mesaros Defendants, and Cisneros contend the order meets the requirements of 28 U.S.C. § 1292(b). Specifically, they argue that the question of "whether the

second portion of § 1985(3) … lacks the requirement to plead race-based animus" is a controlling question of law, (Dkt. 69, at 6), because "Plaintiffs have made clear from the beginning that their basis for federal jurisdiction revolves around this claim brought under the Act." (Dkt. 66, at 8). They believe there is substantial ground for difference of opinion because "neither the Supreme Court nor the Fifth Circuit have addressed this question head on" and "this is an unresolved question of federal law." (*Id.* at 10, 13) (citing Dkt. 64, at 10). Finally, they argue that an appeal will materially advance the termination of this litigation because if this question of law is resolved in Defendants favor, Plaintiffs' cause of action will necessarily be dismissed. (Dkt. 69, at 8).

Plaintiffs primarily focus their argument in response on the "substantial ground for difference of opinion" requirement. Plaintiffs contend that—although the Supreme Court and Fifth Circuit have not addressed the question of whether Plaintiffs were required to plead race-based animus head on—"just because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." (Dkt. 75, at 12) (citing *Texas v. Ysleta del Sur Pueblo*, 370 F. Supp. 3d 705, 710 (W.D. Tex. 2018)). They argue that a mere lack of cases addressing a particular legal issue directly does not demonstrate a ground for difference of opinion, and that "a substantial ground for difference of opinion is more likely to exist where 'the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" (*Id.* at 11) (citing *Holcombe v. United States*, No. 5:18-CV-1151-XR, 2019 WL 13080126, at *2–3 (W.D. Tex. Sept. 10, 2019)). Plaintiffs also assert that a ruling from the Fifth Circuit on the scope of the Ku Klux Klan Act would not prevent Plaintiffs from continuing to pursue their state law claims in litigation and thus would not materially advance the termination of this litigation. (*Id.* at 22).

For many of the reasons cited by Plaintiffs, this Court concludes that Park, the Mesaros Defendants, and Cisneros have failed to show that this Court's March 23, 2022 order meets the requirements of Section 1292. Applying the law here, the Court finds that its order does not involve a "controlling question of law to which there is substantial ground for difference of opinion." As Plaintiffs point out, a lack of binding cases addressing a specific legal issue does not constitute a substantial ground for difference of opinion. The Court followed the Fifth Circuit law available to it and did not find either a conflict in that body of law or a dearth of precedent that it could rely on to reach its conclusion. Additionally and independently, early appellate review will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Rather, an interlocutory appeal would slow this case, which is especially problematic as the parties have begun to engage in discovery and another case in front of this Court, *Cervini v. Stapp*, 1:21-cv-568, is dependent on the continuing litigation in this case.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Park's Emergency Motion Requesting Authorization for Interlocutory Appeal, (Dkt. 66); the Mesaros Defendants' Motion to Reconsider or, in the Alternative, Authorize Interlocutory Appeal, (Dkt. 69); and Cisneros's Motion for Leave to Appeal, (Dkt. 70), are **DENIED**.

**SIGNED** on August 19, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

6