UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>                        Plaintiffs,<br><br>    v.<br><br>ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, DOLORES PARK, and JOHN and JANE DOES,<br><br>                        Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT ELIAZAR CISNEROS TO PRODUCE HIS MOBILE PHONE AND DOCUMENTS RELATED TO POTENTIAL SPOLIATION OF EVIDENCE**

Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway (together, "Plaintiffs") respectfully request the Court to order Defendant Eliazar Cisneros ("Cisneros") to produce his mobile phone and any documents relating to the potential spoliation of evidence relevant to this case.

## BACKGROUND

This lawsuit arises out of a politically-motivated conspiracy to disrupt the Biden-Harris presidential campaign and intimidate its supporters during the 2020 election. On October 30, 2020, Plaintiffs were attacked by a self-described "Trump Train" that swarmed a Biden-Harris campaign bus traveling from San Antonio to Austin on Interstate 35 as part of a scheduled campaign tour.

It is undisputed that Cisneros drove in the Trump Train on October 30, 2020. Dkt. 18 at 3, ¶ 1. Publicly-available evidence shows that Cisneros coordinated with dozens of other individuals to wait for and surround the campaign bus as it drove on Interstate 35. Video evidence shows that Cisneros drove dangerously close to the bus, abruptly braking and changing speeds to interfere with the bus's driving, and eventually striking and damaging an accompanying vehicle driven by a campaign staffer. Following the incident, Cisneros bragged on social media about his participation in the Trump Train, stating "that was me slamming that fucker" and that "Texas welcome[d] Biden/Harris" with "35 in [inch] tires[.]" He also posted, "How did you like Texas?" on Plaintiff Eric Cervini's professional Facebook page after identifying Cervini as a Biden-Harris volunteer. Dkt. 1 ¶¶ 68, 74–75, 85, 100–107, 121, 127.

Plaintiffs filed this lawsuit against Cisneros and others on June 24, 2021 to hold them accountable under Section 2 of the Ku Klux Klan Act of 1871, 42 U.S.C. § 1985(3), for conspiring "to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy" for a presidential or congressional campaign, and under related

Texas state torts. Dkt. 1 ¶ 137. Plaintiffs served Cisneros process and a preservation letter on July 8, 2021, which expressly instructed him to preserve relevant documents including, among other things, phone records and social media evidence. Dkt. 27; Ex. 1. Cisneros filed a motion to dismiss, which was denied on March 23, 2022, *see* Dkts. 18, 19, 25, 64, and a motion for interlocutory appeal, which was denied on August 19, 2022, Dkts. 70, 100.

Discovery opened in this case after the parties' Rule 26(f) conference on December 21, 2021. Dkt. 44.[1] Since then, Plaintiffs have served forty-two Requests for Production of Documents ("RFPs") on Cisneros.[2] As of this filing, Cisneros has produced a total of thirty-six documents, most of which are screenshots of communications between October 30, 2020 through November 24, 2020. Cisneros has produced only one document showing communications from October 30, 2020, the day of the incident. Ex. 2 at 2. The remaining thirty-five documents produced are messages Cisneros received immediately after the incident. Cisneros's counsel notified Plaintiffs that his client has produced all responsive material in his possession, custody, or control. Ex. 3.

Cisneros admits that additional responsive materials exist in the mobile phone he used on October 30, 2020 and in his social media accounts, including on Facebook, Instagram, and Twitter. Ex. 4 at 2–3. However, he asserts that he cannot produce documents from these repositories because those documents have been destroyed. Plaintiffs have been working to understand exactly how responsive material was lost and what data can be recovered since Cisneros first described the loss in his March 4, 2022 discovery responses. In response to Interrogatory No. 3, which

---

[1] Cisneros moved to stay discovery pending the Court's consideration of his motion to dismiss, which this Court vacated as moot by text order on April 5, 2022. Dkt. 45.

[2] Plaintiffs served their First Set of RFPs on December 31, 2021 and their Second Set of RFPs on April 8, 2022. By agreement of the parties, Cisneros served his responses and objections to the First RFPs on March 4, 2022. Cisneros has not served responses and objections to the Second RFPs. Plaintiffs also served eleven Interrogatory Requests and eight Requests for Admission, to which Cisneros has timely responded.

requested the identification of his social media accounts, Cisneros stated that all his accounts "were deleted by unknown persons or parties and no longer exist."[3] Ex. 6 at 3. In an April 6, 2022 meet and confer, Cisneros's counsel explained that the phone and all social media accounts were "hacked," although counsel did not know who did the "hack[ing.]" Ex. 7 at 1. Counsel agreed to discuss the issue with his client and provide further explanation in writing.

On April 14, 2022, Cisneros's counsel sent a letter describing his client's alleged inability to collect and produce certain documents. Ex. 8. In the letter, counsel represented that the affected repositories cannot be searched due to "hack[ing]" and "delet[ion]," explaining:

> Much of my client's other correspondences that may be germane to Plaintiffs' requests were destroyed and are no longer accessible because his mobile phone and Facebook account were "hacked" and "deleted" by unknown third-party/ies following the incident.

*Id*. at 1 (internal quotations in original). Cisneros's counsel also stated that "Mr. Cisneros' mobile phone surrounding the incident is available but has not been in use since then (the number and activation switched to another phone)" and that "the Facebook account . . . was 'wiped out[.]'"[4] *Id*. at 1–2. The April 14 letter did not describe critical details relating to the loss of evidence, such as how and when Cisneros discovered the data loss, whether he has any information about the identity of the "unknown third part[ies]," whether any backups of his mobile phone exist, and whether he has attempted to recover any data from the respective social media platforms.[5]

---

[3] Also on March 4, 2022, Cisneros served responses to five RFPs stating that he need not produce documents because he already "identified his social media accounts" which were "available to Plaintiffs[.]" Ex. 5 (Responses to RFP Nos. 1, 2, 8, 19, 20). This conflicts with later statements that documents on those accounts are inaccessible even to Cisneros as the account holder.

[4] Plaintiffs understand this to mean that the affected mobile phone device is still in the physical possession, custody, and control of Cisneros, but that it is allegedly inoperable or the data contained therein is not accessible.

[5] Plaintiffs served a Rule 45 subpoena on Meta Platforms, Inc. on July 25, 2022 in part to seek *any* available information on Cisneros's Facebook and Instagram accounts.

On May 18, 2022, Plaintiffs served three interrogatories seeking answers to these questions. Ex. 9. By agreement, Cisneros served responses on June 27, 2022. In response to Interrogatory No. 9, which requested information regarding the potentially relevant documents that may have been lost due to the alleged "hack[ing]" and "delet[ion]," Cisneros responded:

> [O]n or about November 2, 2020, all data Contained in Defendant's Facebook Account, Instagram Account and Twitter Account were erased. Defendant has no longer any custody or control of these services. Defendant further states that it is impossible to identify or describe in detail the communications or documents that were contained therein. This Defendant has previously provided to Plaintiffs all saved content contained in Defendant's LG Thin 40 with Verizon Service.

Ex. 4 at 3. In response to Interrogatory No. 10, which requested a description of efforts to recover the lost data, he stated that "[n]o efforts were attempted to recoup the information because of fears for safety. The violent, profane, pornographic, and vulgar threats that Cisneros was receiving at the time, were coupled with confessions of knowledge that accounts (as above enumerated) had been deleted." *Id*. Neither Cisneros's response nor any documents produced to date detail what "confessions" were made or how those "confessions" were communicated.

On July 7, 2022, Plaintiffs' counsel emailed Cisneros's counsel regarding his client's apparent decision that he had "exhausted the recovery tools or strategies available to retrieve the information that he alleges has been lost from his phone and social media accounts without engaging a discovery vendor or forensic specialist." Ex. 10. Plaintiffs' counsel offered "to make available [their] discovery vendor and bear the cost of a forensic examination to attempt to retrieve the information." *Id*. Plaintiffs asked that Cisneros respond by July 14, 2022 as to whether he would agree to this cooperative solution.[6] Plaintiffs received no reply.

---

[6] In the alternative, Plaintiffs asked Cisneros to imminently hire his own forensic expert. Ex. 10.

On July 14, 2022, having failed to reach a negotiated arrangement to attempt to recover the affected data, Plaintiffs served three RFPs: RFP No. 40, which seeks the inspection of "[a]ny Mobile Phone(s) which has been affected by any alleged Loss of Documents or Communications relevant to the above-captioned litigation"; RFP No. 41, which seeks "[a]ll Documents and Communications relating to any alleged Loss of Documents or Communications potentially relevant to the above-captioned litigation"; and RFP No. 42, which seeks "[a]ll Documents or Communications relating to any steps You took, or anyone else took on Your behalf, to retrieve potentially relevant or responsive Documents and Communications once they were no longer in your possession, custody, or control," (collectively, the "Third RFPs"). Ex. 11 at 9–10.

Cisneros's responses to the Third RFPs were due on August 15, 2022. Plaintiffs did not receive responses or objections on or before that date. On August 16, 2022, Plaintiffs emailed Cisneros's counsel notifying him that the deadline had passed and asking that, because objections had been waived, he advise as to when he would make the requested production. Ex. 12 at 4. Plaintiffs did not receive a response. Plaintiffs also emailed on August 22, 2022 that they intended to seek court intervention if they did not receive a response. *Id*. at 3. Again, no response. When Plaintiffs finally reached Cisneros's counsel by phone on August 31, 2022, he confirmed that his client would produce the mobile phone by September 2, 2022 and agreed to provide daily updates if there was any delay. On September 2, 2022, Cisneros's counsel left a voicemail for Plaintiffs' counsel stating that he was having trouble retrieving the phone. On September 7, 2022, Plaintiffs' counsel requested a status update. *Id*. at 1. As of this filing, Plaintiffs have not received a response.

## ARGUMENT

In discovery, a party may request production or inspection of any electronic information stored in any medium. Fed. R. Civ. P. 34(a)(1)(A); *Steves & Sons, Inc. v. Trinity Glass Int'l Inc.*,

2008 WL 11515726, at *1 (W.D. Tex. Apr. 15, 2008). A party requesting documents or tangible things may move the court to compel discovery if the responding party objects to a request or does not respond to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(iii); *Ogbonna v. USPLabs, LLC*, 2014 WL 12489695, at *2 (W.D. Tex. Aug. 15, 2014). The requesting party must establish that the requested discovery is relevant to the parties' claims or defenses or will lead to the discovery of admissible evidence. *Allen v. Priority Energy Servs., L.L.C.*, 2017 WL 7789280, at *1–2 (W.D. Tex. Jan. 30, 2017); Fed. R. Civ. P. 26(b). Then, "the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Allen*, 2017 WL 7789280, at *2.

The Third RFPs seek inspection of a mobile phone Cisneros claims has been compromised, as well as evidence to support his claims regarding the loss of data from his mobile phone and social media accounts, to determine if evidence critical to the parties' claims and defenses, and to which Plaintiffs clearly are entitled under the Federal Rules of Civil Procedure, can be recovered. This Court should order Cisneros to comply with the Third RFPs so that any responsive evidence that can be recovered is identified and produced.[7]

**A. The Third RFPs Seek Relevant Information.**

Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1); *Perez v. Bodega Latina Corp.*, 2021 WL 3272211, at *3 (W.D. Tex. July 30, 2021) (citing *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)). In the Fifth Circuit, "relevanc[e] is broadly

---

[7] Plaintiffs seek to provide the affected mobile phone device and any related documents to their discovery vendor to conduct a forensic analysis to determine (a) whether any data can be recovered, and (b) whether the source of any spoliation of data can be identified. As outlined in Plaintiffs' proposed order, Plaintiffs plan to conduct the inspection on a reasonable timetable and return the device to Cisneros as soon as practicable upon completion of the inspection.

construed: information is relevant if there is any possibility that it may be relevant to the claim or defense of any party." *Perez*, 2021 WL 3272211, at *3.

There is no serious argument that RFP Nos. 40–42 do not seek relevant information. Cisneros's own discovery responses admit that relevant documents existed on his mobile phone and social media accounts. Ex. 4. Publicly-available evidence shows that Cisneros used his mobile phone and social media to communicate about the October 30 Trump Train, and that planning of the same was largely accomplished on social media and by phone. Ex. 2 at 2; Dkt. 1 ¶¶ 20, 39–43, 46, 55, 59, 63, 68, 74. RFP No. 40 seeks inspection of the mobile phone that contains this evidence, and RFP Nos. 41–42 are probative of Cisneros's credibility as to the existence of this evidence.[8]

Further, a discovery request is relevant if it will lead to the discovery of admissible evidence. *Allen*, 2017 WL 7789280, at *1–2. RFP No. 40 seeks inspection of the affected mobile phone to determine if relevant evidence can be extracted, and RFP Nos. 41–42 seek information regarding the steps Cisneros took to preserve or recover relevant evidence, both of which are likely to assist the parties in determining whether admissible evidence can be recovered.

**B. Cisneros Has Waived His Right To Object to The Third RFPs.**

Cisneros has waived his right to object to the Third RFPs. "The burden is on the 'party who opposes its opponent's request for production' to 'show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.'" *SEC v. Brady*, 238 F.R.D. 429, 436 (N.D. Tex. 2006); *Sackheim v. Lynch*, 2012 WL 13148817, at *3 (W.D. Tex. Oct.

---

[8] As explained further *infra* at 9–10, the loss of evidence at issue may constitute spoliation of nearly all evidence relevant to Plaintiffs' claims that Cisneros at one time possessed. If it is determined that responsive evidence is being improperly withheld, or intentionally or negligently destroyed, Plaintiffs may regretfully need to seek sanctions and relief such as an adverse inference instruction with respect to any spoliated evidence. *See* Fed. R. Civ. P. 37(e); *Marines UPS Ground Freight, Inc. v. Transp. Servs., Inc.*, 2011 WL 13175785 (W.D. Tex. Mar. 31, 2011); *Arista Recs., L.L.C. v. Tschirhart*, 241 F.R.D. 462, 466 (W.D. Tex. 2006).

4, 2012). A party who wishes to object to a request for inspection or production of documents "*must* respond in writing within 30 days after being served" unless otherwise stipulated by the parties. Fed. R. Civ. P. 34(b) (emphasis added). "[I]f a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived[.]" *Kaden v. Schleese Saddlery Serv. Ltd.*, 2017 WL 7905498, at *3 (W.D. Tex. Nov. 20, 2017); *Gomez v. Ford Motor Co.*, 2016 WL 11431535, at *1 (W.D. Tex. Oct. 31, 2016).

Plaintiffs served the Third RFPs on July 14, 2022. Responses were due on August 15, 2022. Fed. R. Civ. P. 34(b), 6. Despite Plaintiffs' repeated attempts to reach his counsel, Cisneros still has not submitted anything in response to the Third RFPs. By failing to timely respond, even despite Plaintiffs' counsel's repeated outreach, Cisneros has waived his right to object to the Third RFPs. *Kaden*, 2017 WL 7905498, at *3.

**C. Inspection of Cisneros's Mobile Phone and the Production of Documents Related to Document Spoliation is Proportional to the Needs of the Case.**

A request to inspect a tangible thing is proportional to the needs of a case when such inspection "is not unreasonably burdensome, cumulative, or expensive[.]" *Soria v. Terex Corp.*, 2022 WL 467005, at *2 (W.D. Tex. Jan. 28, 2022); *see also* Fed. R. Civ. P. 26(b). In deciding whether to grant a request for inspection, a court may consider the specific circumstances in a case, including "the loss of evidence, the changing stories of [a party] concerning this evidence and how it was stored, [or] the conflicting nature of reports [a party] has offered[.]" *Denson v. Corp. of President of Church of Latter-Day Saints*, 2020 WL 3507410, at *5 (D. Utah June 29, 2020) (allowing access to resisting parties' "electronic devices and cloud based accounts" to "preserve any evidence and perhaps discover evidence that has been lost"); *see also Arista Recs., L.L.C. v. Tschirhart*, No. 5:05-cv-00372, Dkt. 22 (W.D. Tex. Jan. 25, 2006) (granting motion to compel

hard drive for forensic analysis where spoliation was suspected). Discrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to collect information from a technological device. *See, e.g.*, *Simon Prop. Grp. L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing plaintiff to image defendant's computers in light of "troubling discrepancies with respect to defendant's document production"); *Ameriwood Indus., Inc. v. Liberman*, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006).

Cisneros has not produced relevant documents and communications from his mobile phone or social media accounts due to "hacking" and "los[s of] all access, custody and control." Ex. 8 at 1; Ex. 4 at 3. Despite repeated requests, fundamental questions remain regarding exactly how the loss of evidence occurred. Cisneros has not provided even basic details about the "unidentified third parties" who allegedly deleted *nearly all evidence relevant to Plaintiffs' claims that Cisneros at one time possessed*, such as how he knows that third parties compromised his phone and accounts, or what is known about the third party who communicated to him "confessions of knowledge that accounts . . . had been deleted." Ex. 4 at 3. Plaintiffs have received no explanation for why Cisneros was able to recover and produce thirty-five communications from October 30, 2020 to November 24, 2020—consisting chiefly of purported threats against him—but cannot produce any other documents or communications from his phone or social media accounts during that time period. Indeed, Cisneros's own productions indicate that he may have access to at least some mobile phone communications from the relevant time period. One produced image appears to be a screen capture of text messages dated October 30, 2020 at 1:19 p.m.—within the time period that Cisneros claims text messages were destroyed. But the cover email on the document suggests that the screen capture was taken on April 13, 2022 at 11:12:16 a.m., suggesting that Cisneros had access to the underlying October 30, 2020 messages on April 13, 2022 to take the

- 9 -

screenshot he produced to Plaintiffs.[9] Ex. 2 at 1–3. Given the inconsistences in Cisneros's discovery responses and productions to date, inspection of his mobile phone under RFP No. 40 is proportional to the needs of the case to determine whether critical evidence is being withheld from Plaintiffs or was otherwise destroyed to prevent their production.

Further, even if there is an innocent explanation for the loss of the affected data, Cisneros has not taken steps to determine whether anything can be recovered from the affected repositories despite repeated reminders of his obligation to preserve relevant evidence. *See* Exs. 1, 7, 10. Plaintiffs' attempts to understand what steps, if any, have been taken to recover any responsive evidence have failed due to his lack of engagement. For example, it remains unclear whether Cisneros can access any backup files for the affected data, such as a cloud-based backup of his mobile phone or by contacting the relevant social media platform. If granted access to the affected phone, a technology vendor can forensically analyze the device to determine if any responsive documents can be recovered. The production of all documents and communications related to how the loss occurred and what has been done to recover access will also provide clarity on whether access to Cisneros's social media accounts can be regained. RFP Nos. 40–42 are proportional to the needs of the case to determine what can be recovered from the affected repositories.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and compel compliance with Request for Production Nos. 40–42. A proposed order is attached.

---

[9] Another produced image shows a text message from November 24, 2020, in which Cisneros tells an unknown individual "I had this phone off for a while[.]" Ex. 2 at 5. This contradicts Cisneros's interrogatory responses and his counsel's April 14 letter, which indicated that the alleged hacking of his phone happened during this period, and may be an admission that his mobile phone was voluntarily turned off, rather than compromised, during this time period.

DATED: September 13, 2022                    Respectfully submitted,

/s/ John Paredes

**TEXAS CIVIL RIGHTS PROJECT**
Mimi Marziani (TX Bar No. 24091906)
Ashley Fernandez Dorsaneo (TX Bar No. 24127393) (*pro hac vice*)
Christina M. Beeler (TX Bar No. 24096124)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
ashley@texascivilrightsproject.org
christinab@texascivilrightsproject.org

**PROTECT DEMOCRACY PROJECT**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
john.paredes@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922) (*pro hac vice*)
Cerin Lindgrensavage* (NY Bar No. 5541354) (*pro hac vice*)
Jacek Pruski (DC Bar No. 888325144) (*pro hac vice*)
Anne Harden Tindall (DC Bar No. 494607) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
cameron.kistler@protectdemocracy.org
cerin.lindgrensavage@protectdemocracy.org

- 11 -

jacek.pruski@protectdemocracy.org
anne.tindall@protectdemocracy.org
*Not yet admitted in D.C., practicing under supervision

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jsuriani@willkie.com

          Madeleine Tayer (NY Bar No. 5683545)
          (*pro hac vice*)
          Willkie Farr & Gallagher LLP
          787 Seventh Avenue
          New York, NY 10019
          Telephone: (212) 728-8000
          Facsimile: (212) 728-8111
          Email: mtayer@willkie.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2022, a true and correct copy of the foregoing has been served on all counsel of record and Defendant Hannah Ceh through the Electronic Case File System of the Western District of Texas and by email, in compliance with the Federal Rules of Civil Procedure and as agreed by the parties.

          */s/ John Paredes*
          John Paredes

## CERTIFICATE OF CONFERENCE

I certify that on August 22, 2022 and August 31, 2022, counsel for Plaintiffs emailed counsel for Cisneros to ascertain his position on this motion. Plaintiffs reached counsel for Cisneros by phone on August 31, 2022. Between August 31, 2022 and September 2, 2022, the parties conferred in an attempt to avoid the filing of this motion but were unable to reach a resolution. On September 7, 2022, Plaintiffs again emailed counsel for Cisneros for an update regarding Plaintiffs' motion and the parties' negotiation. Plaintiffs have received no further communication with counsel for Defendant regarding this motion since September 2, 2022.

          */s/ John Paredes*
          John Paredes