UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ELIAZAR CISNEROS, et al.,<br><br>*Defendants.* | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

**Ms. Park's Opposition to Plaintiffs Motion to Amend their Complaint**

On October 28, 2022, Plaintiffs filed a Motion to Amend their Complaint (ECF No. 1), which was filed on June 24, 2021. Plaintiffs oppose the motion because Plaintiffs have not stated a claim against Ms. Dolores Park upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and therefore the claims Plaintiffs propose against Ms. Park in their Amended Complaint are futile.[1]

Ms. Park re-asserts, and incorporates by reference, the arguments made by Ms. Park in her Motion to Dismiss (ECF No. 33), her Reply in Support of her Motion to Dismiss (ECF No. 40), her Motion for this Court to Authorize an Interlocutory

---

[1] Ms. Park attached emails between counsel for the Court to gain insight on the process Plaintiffs follow when "meeting and conferring." (Ex. 1 – Email exchange between counsel). While this is one of the more agreeable exchanges from Plaintiffs, this might shed light on why Plaintiffs have filed so many discovery motions. Plaintiffs show little care for conducting any meet and confer process and regularly make a simple matter unnecessarily burdensome on Defendants. At this point, this seems by design.

1

Appeal (ECF No. 66), and her Reply in Support of her Motion for this Court to Authorize an Interlocutory Appeal (ECF No. 77). Plaintiffs' motion should be denied based on those arguments already before this Court, which establish that Plaintiffs failed to state of claim under the Ku Klux Klan Act against Ms. Park as a matter of law. Ms. Park additionally argues the following:

### I. Plaintiffs' Motion to Amend Their Complaint, as to Ms. Park, Should Be Denied as Futile.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth Circuit has elaborated on *Foman*, and while there is a "presumption in favor of allowing pleading amendments," *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004), this Court has broad discretion to deny a motion to amend when "there is a substantial reason to do so." *Lefall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). And "futility of the proposed amendment" is one such "substantial reason." *Foman,* 371 U.S. at 182; *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996). An amendment's futility "is determined under Rule 12(b)(6) standards." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Under these standards, Plaintiffs' allegations against Ms. Park fail to state a claim that she conspired under the Ku Klux Klan Act or under Texas law.

### II. Plaintiffs' Proposed Amended Complaint Fails to Establish that Ms. Park Conspired to "Deter Constitutionally Eligible Voters from Engaging in Support or Advocacy on behalf of their Preferred

**Candidates for President and Vice President in the Upcoming Elections, or to Injure Them in Person or Property on Account of Such Support of Advocacy." (Pls' Proposed Amend. Compl. at ¶ 150).**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The proposed Amended Complaint fails to assert sufficient factual matter that could plausibly assert that Ms. Park conspired with any of the Defendants to stop Plaintiffs from engaging in support or advocacy of the Biden-Harris 2020 ticket by causing Plaintiffs to cancel campaign events.

A claim of conspiracy under § 1985 requires an allegation of four elements: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652 (5th Cir. 1994); *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997)); *see also* 42 U.S.C. § 1985(3). To further clarify, a general civil conspiracy claim, which would apply to Plaintiffs' § 1985(3) claim, has the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010).

3

When a complaint fails to allege that an agreement existed to establish a conspiracy, the claim must fail. *See, e.g., Olsen v. Idaho Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004) (dismissing Section 1985 claim because the "complaint is devoid of any discussion of an agreement amongst the [defendants] to violate [plaintiff's] constitutional rights"); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim under [Section 1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient."); *Buckheit v. Dennis*, 713 F. Supp. 2d 910, 922 (N.D. Cal. 2010) (dismissing Section 1985(3) claim alleging that "Defendants and each of them, entered into a conspiracy with the unlawful object of depriving, directly or indirectly, Plaintiff . . . of the equal protection of the law" because it "lacks any factual allegations of how the Defendants conspired together to commit these wrongful acts"); *Sloatman v. Housewright*, No. 2:21-CV-08235-DOC (MAA), 2022 U.S. Dist. LEXIS 88025, at *11-13 (C.D. Cal. Apr. 11, 2022) (rejecting argument that allegations that Defendants "silently conspired" could save a complaint from dismissal when the plaintiff failed to provide factual allegations to support the existence of an agreement amongst each defendant to violate the plaintiff's constitutional rights); *Horne v. City of Boston*, 509 F. Supp. 2d 97 (D. Mass. 2007) (holding that an illicit agreement was the essence of conspiracy and without proof of such, there could be no viable cause of action); *Jenkins v. Trs. of Sandhills Cmty. College*, 259 F. Supp. 2d 432 (M.D.N.C.), *aff'd*, 80 Fed. Appx. 819 (4th Cir. 2003) (holding that the claim failed because plaintiff offered no concrete facts showing an

agreement or meeting of minds); *Sisney v. Best Inc.*, 754 N.W.2d 804 (S.D. 2008) (dismissing claims because plaintiff failed to allege the facts necessary to show a meeting of minds or a mutual understanding among defendants); *Egan v. Aurora*, 291 F.2d 706 (7th Cir. 1961) (holding that for a conspiracy, to be actionable under 1985(3), it must be ***for the specific purpose*** of depriving any person of equal protection of laws, or of equal privileges and immunities under laws); *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) ("In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, ***to achieve the unlawful end***.").

Plaintiffs do not allege plausible or specific factual allegations to show Ms. Park conspired with two or more people to stop Plaintiffs from engaging in support or advocacy of the Biden-Harris campaign by forcing Plaintiffs to cancel scheduled campaign events. Ms. Park did not know who was on the bus, did not know if anyone on the bus had a speaking engagement, and did not intend to delay any events or be any part in anything where property was damaged. Ms. Park only intended to wave her Trump flag on the highway and support her chosen candidate next to Biden-Harris Bus. Furthermore, Plaintiffs' amended complaint does not allege that Ms. Park had a meeting of the minds to deprive Plaintiffs of the constitutional right to give support or advocacy or had a meeting of the minds to injure Plaintiffs or their property.

Plaintiffs only refer to Ms. Park by name in just 14 of the 162 paragraphs in their Proposed Amended Complaint. *See* (Pls' Proposed Amend. Compl. at ¶¶ 6, 26, 60, 87, 91, 94, 100, 134, 148-50, 154, 156, 162).[2] Ms. Park resides in San Antonio, Texas—not New Braunfels or Alamo. Ms. Park has never been in a New Braunfels Trump Train Group or an Alamo City Trump Train Group. While Defendants describe postings of these groups, they notably do not allege that Ms. Park is or has ever been part of such a group or that she read or knew of any of those postings that Defendants include in their amended complaint.

Instead in Paragraph 26, Plaintiffs post an "Attention San Antonio" digital poster that says "Bring Flags & Wear your Trump Gear" to "Greet the Biden Bus Trump Style." (Pls' Proposed Amend. Compl. at ¶ 26). There is no wording in the advertisement calling for anyone to stop Plaintiffs from speaking, to interfere with Plaintiffs' support or advocacy for a political candidate, to commit violence, to assault anyone, or to harm anyone's property. The sole stated purpose of this digit post is for people from San Antonio to "bring flags' and "wear Trump gear." In other words, to exercise one's own Free Speech through waving flags and donning merchandise as a counter-protest to the speech displayed on the wrap covering the Biden-Harris bus.

---

[2] Ms. Park does not know any of the other Defendants. She is from San Antonio, Texas. She does not engage in racist or derogatory speech. She is a minority herself. She was never armed. She never communicated with the other Defendants. Ms. Park drove on the highway with her Trump flag with the intent on parading with others doing the same. This is protected First Amendment expression; her actions do not constitute conspiracy under either the Ku Klux Klan Act or Texas law. The claims against Ms. Park require dismissal.

Plaintiffs do not allege that this digital post that they allege is attributed to Ms. Park was ever circulated to any of the named Defendants in this case, nor that any Defendants read it or even knew about it or knew of Ms. Park.

In Paragraph 91, Plaintiffs state that "Park posted on social media identifying herself as present on I-35." (Pls' Proposed Amend. Compl. at ¶ 91). Plaintiffs do not allege any Defendants read that post or knew of that post or knew of Ms. Park. Under the paragraph, Plaintiffs include a statement where Ms. Park is alleged to have said "We were escorting the Biden bus out of town" with a picture of her car several cars behind the Biden bus. Ms. Park does not make any statements that she intended to harm anyone, thwart anyone's efforts to speak on a political matter, or attempt to make someone miss any campaign events, etc.

In Paragraph 94, which is the closest Plaintiffs seem to get to trying to allege a factual basis for Ms. Park's involvement in any sort of conspiracy, Plaintiffs claim: "Video evidence also shows the Cadillac SRX bearing Texas License Plate # KVH 4567, which Defendant Park was driving, assisting the gray Ford F-150 bearing dealer tag # 76022U6, driven by a John Doe, in boxing the bus in." (Pls' Proposed Amend. Compl. at ¶ 94). This allegation, however, still falls woefully short of establishing Ms. Park acted in concert and planned to deprive Plaintiffs of their constitutional rights under the Ku Klux Klan Act. It is not clear, let alone plausible, if Plaintiffs are trying to claim that there was an unspoken, telepathy between Ms. Park and "John Doe" that led her to somehow know to "assist" John Doe and know what John Doe's actions and intent would be. Further, while this is the only act

Plaintiffs allege that might in any way even speak to an agreement or act in concert involving Ms. Park and someone else, albeit an implausible one, the amended complaint does not list John Doe as one of the conspirators. So, this alleged, telepathic "assistance" with John Doe does nothing to provide a factual basis between Ms. Park and the named Defendants or make the alleged "conspiracy" any more plausible.

In Paragraph 100, Plaintiffs list statements from Ms. Park's facebook page stating,

- "This Biden bus is surrounded! Like seriously surrounded by Trump flags!" (Pls' Proposed Amend. Compl. at ¶ 100). This supports Ms. Park's intention described in paragraph 26—to exercise her right to free speech by waving her Trump flag near the Biden Bus. This does not reveal any "meeting of the minds" to injure Plaintiffs' property or person or to thwart their support or advocacy of any political candidate.

- "If my husband sees me like this he's going to kill me for driving like this!" (Pls' Proposed Amend. Compl. at ¶ 100). This statement is ambiguous, but what is certain—the statement does not speak to a conspiracy existing between Ms. Park and the named Defendants, nor does the statement allege assaultive behavior toward the Biden bus or toward Plaintiffs, nor is the statement supported by any factual allegations that Ms. Park assaulted the Biden bus beyond Plaintiffs'

    implausible claim that she "assisted" John Doe in boxing the bus in while the bus was still driving forward on the highway.

- Ms. Park's other quotes in paragraph 100 simply speak to driving in a parade-like formation. For example, "[s]ee when you scoot over, then you let everyone else in, like this. … He's [non-Trump Train vehicle] been with us for quite a few miles, he's been trying to cut everyone off but I'm going to let everyone in." (Pls' Proposed Amend. Compl. at ¶ 100). While Plaintiffs quote this statement as nefarious, it literally speaks to letting cars go in front of Ms. Park and letting car onto the highway, not to aggressive driving or assaultive behavior.

  While Plaintiffs make conclusory statements and allege "threadbare recitals" throughout the Amended Complaint, the factual allegations raised by Plaintiffs regarding Ms. Park fail to assert any cause of action against her. Plaintiffs never allege that there is any agreement or meeting of the minds between Ms. Park or the Defendants who are seemingly from New Braunfels and Alamo.

  Plaintiffs allege that "the goal of the organizers and many of the Participants" of driving by the bus with Trump flags "was to intimidate supporters of then Democratic Presidential and Vice-Presidential Candidates Joseph R. Biden and Kamala Harris", and "to stop those supporters from speaking and acting freely in support of the candidate of their choice in Texas." (Amend. Compl. at ¶ 1). Plaintiffs, however, point to no facts that support that Ms. Park planned, spoke with, had a meeting of the minds with any Defendants to "intimidate" and "to stop" Plaintiffs

"from speaking and acting freely in support of the candidate of their choice." *Id*. Plaintiffs never allege Ms. Park knew who was on the bus. Plaintiffs never allege Ms. Park knew if anyone on the bus might have a speaking event. Plaintiffs' Amended Complaint, as to Ms. Park, has fallen short of what is required under Fed. R. Civ. P. 12(b)(6). Therefore, the motion should be denied.

### III. Plaintiffs Have Failed to Plead a Civil Conspiracy Claim Against Ms. Park Under Texas Law.

In *Jaramillo v. City of Tex. City*, Texas' Court of Appeals noted that "civil conspiracy is not a standalone tort. It is a derivative tort that depends on the legal viability of an underlying tort." No. 01-20-00654-CV, 2022 Tex. App. LEXIS 910, at *10-11 (Tex. App. Feb. 8, 2022); *see also West Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 920 (Tex. App.—Dallas 2014, pet. denied) ("Regardless of the reason for the failure of the underlying tort, there can be no independent liability for civil conspiracy."). Plaintiffs have plead civil conspiracy as a standalone tort. It should be dismissed as a matter of law.

Furthermore, for plaintiffs to bring a civil conspiracy claim as they do in their Amended Complaint, Plaintiffs are required to allege "specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017). This necessarily requires a meeting of the minds on the object or course of action. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005) (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). The conspiring parties must be aware of the intended harm or proposed wrongful conduct at the outset of the combination or

agreement. *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996); *see Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968).

Plaintiffs' Amended Complaint has not alleged that Ms. Park intended to or agreed to harm anyone nor that she intended for any speaking event to be cancelled or even knew of such events. Plaintiffs have not met their burden on this claim.

### IV. Plaintiffs Have Failed to Plead a State Law Assault Claim Against Ms. Park Under Texas Law.

Under Tex. Penal Code § 22.01(a), "A person commits an offense if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative."

Ms. Park's name is only mentioned in the last paragraph of Plaintiffs' assault claim. Plaintiffs state, without any factual basis, that Ms. Park acted "with intent to promote or assist" with a car accident that did not involve her. Plaintiffs, however, provide no factual allegations that Ms. Park was involved in the car accident at all. This claim must also be dismissed against Ms. Park.

### CONCLUSION

For the forgoing reasons Ms. Park respectfully requests that the Court deny Plaintiffs' motion as it pertains to the claims asserted against her.

Respectfully submitted,                                        Dated: November 11, 2022

/s/ Richard Thompson
Richard Thompson
/s/ Erin Elizabeth Mersino
Erin Elizabeth Mersino
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
Suite J-3200
Ann Arbor, MI 48106
(734) 827-2001
Fax: (734) 930-7160
Email:
rthompson@thomasmore.org
emersino@thomasmore.org

## CERTIFICATE OF SERVICE

      I hereby certify that on November 11, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

      Respectfully submitted,

/s/ Erin Elizabeth Mersino
**THOMAS MORE LAW CENTER**
Erin Elizabeth Mersino
(Admitted in Michigan, P70886)
24 Frank Lloyd Wright Dr.
Suite J-3200
Ann Arbor, MI 48106
emersino@thomasmore.org
(734) 827-2001

*Attorney for Defendant Dolores Park*