IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:21-CV-0565-RP |
| | § | |
| ELIAZAR CISNEROS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On April 27, 2023, Plaintiffs filed a Notice of Dismissal to provide the court with notice of their voluntary dismissal with prejudice of all claims against Defendant Kyle Kruger. (Dkt. 183). Plaintiffs also filed an agreed motion to dismiss their claims against Defendant Hannah Ceh with prejudice pursuant to Rule 41(a)(2). (Dkt. 184).

Rule 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Though Rule 41 speaks of dismissing an "action," the Fifth Circuit has interpreted it to allow plaintiffs to dismiss all of their claims against individual opposing parties. *See Oswalt v. Scripto, Inc.*, 616 F.2d 191, 194–95 (5th Cir. 1980); *Plains Growers ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun*

*Glasshouses, Inc.*, 474 F.2d 250, 254–55 (5th Cir. 1973); *see also* 9 Charles A. Wright, et al. *Federal Practice and Procedure* § 2362 (3d ed. Aug. 2019 update)

Here, Defendant Kyle Kruger has not served an answer or motion for summary judgment. Plaintiffs' notice dismissing the claims against Kyle Kruger is therefore "self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015), *as revised* (May 15, 2015).

As to Defendant Hannah Ceh, she will not be prejudiced by the dismissal because the parties have resolved all claims against her, including claims related to costs, expenses, and attorneys fees. (Mot. Diss., Dkt. 184, at 2). Furthermore, Plaintiffs have agreed to dismiss all claims against Ceh with prejudice. (*Id.*). Hannah Ceh has not filed a counterclaim that would preclude dismissal. *See* Fed. R. Civ. P. 41(a)(2). Additionally, Hanna Ceh does not oppose Plaintiffs' motion. (*Id.* at 6). Therefore, the Court will grant Plaintiffs motion to dismiss.

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to dismiss, (Dkt. 184), is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate Kyle Kruger and Hannah Ceh as parties. Eliazar Cisneros, Randi Ceh, Steve Ceh, Joelynn Mesaros, Robert Mesaros, and Dolores park remain as parties in this suit.

**SIGNED** on April 28, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE