IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-0565-RP |
| ELIAZAR CISNEROS, et al., | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court are Defendants Joeylynn Mesaros and Robert Mesaros' (together, "the Mesaros defendants") Second Motion to Dismiss, (Dkt. 162); Defendant Dolores Park's ("Park") Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. 163); and Defendant Eliazar Cisneros's ("Cisneros") Second Motion to Dismiss, (Dkt. 164). Plaintiffs filed a joint, consolidated response in opposition, (Dkt. 167), and Park and the Mesaros defendants filed replies, (Mesaros Def's.' Reply, Dkt. 168; Park's Reply, Dkt. 169). Having considered the parties' briefs, the record, and the relevant law, the Court finds that all three motions should be denied.

**I. BACKGROUND**

This case arises out of an incident alleged to have occurred during the 2021 U.S. presidential election campaign period. Plaintiffs assert that on October 30, 2020, they were traveling on I-35 between San Antonio and Austin, Texas, in a Biden-Harris campaign tour bus. (Am. Compl., Dkt. 151, at 2–3). At that time, they allege, "dozens of individuals in at least forty vehicles" participated in a "Trump Train" to show support for presidential candidate Donald Trump by surrounding the campaign bus on the highway. (*Id.*). Plaintiffs state that for at least ninety minutes, the Trump Train forced the campaign bus to slow down to a crawl on the highway, that cars came within inches of

the campaign bus, boxing it in, and that one Trump Train vehicle slammed into a Biden campaign staffer's car, causing Plaintiffs to fear for their lives and suffer emotional trauma. (*Id.* at 2–3).

Plaintiffs state Cisneros, the Mesaros defendants, and Park, along with other dismissed Defendants, coordinated to wait for and surround the campaign bus. (*Id.* at 3). They assert that Cisneros side-swiped another Biden campaign staffer's vehicle, rapidly decelerated in front of the campaign bus, and drove within feet of the rear of the bus. (*Id.* at 4, 33, 41, 42). Plaintiffs further assert that the Mesaros defendants abruptly cut in front of the bus and, after Cisneros purportedly hit the staffer's car, pulled over to film the staffer's attempts to leave the roadway. (*Id.* at 31, 35–36, 48). Finally, Plaintiffs allege that Park assisted another Trump Train vehicle in boxing the campaign bus in. (*Id.* at 34). Plaintiffs assert that all Defendants posted on their social media in support of the Trump Train either before, during, or following the alleged incident. (*Id.* at 3, 6–7, 8, 9, 31–32, 52, 55).

Based on these allegations, Plaintiffs assert several causes of action: (1) that Defendants violated the Ku Klux Klan Act, 42 U.S.C. § 1985(3); (2) that Defendants engaged in a civil conspiracy; and (3) that Defendants engaged in a civil assault. (*Id.* at 58–62). Defendants filed three motions. To some extent, each of the motions incorporates by reference arguments the Court rejected in the first round of motions to dismiss, with the Mesaros defendants and Park fleshing out some of those arguments. The Mesaros defendants' motion also includes a motion to authorize an interlocutory appeal, (Dkt. 162, at 5), which Park joins and incorporates into her own motion, (Dkt. 163, at 8). Finally, Cisneros's motion incorporates by reference the arguments in the Mesaros defendants', Park's, and his own first motions to dismiss, (Dkts. 24, 25, and 33); the arguments in the Mesaros defendants' motion to reconsider, (Dkt. 69); and the arguments in the Mesaros defendants' and Park's second motions to dismiss, but it does not include any other arguments. (Dkt. 164).

## II. LEGAL STANDARD

### A. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503

3

F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### C. Motion for Interlocutory Appeal

28 U.S.C. § 1292(b) permits a district judge, in certain circumstances, to certify an issue for interlocutory appeal. The statute reads in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Thus, a movant must convince the Court that the order at issue involved (1) a controlling question of law, (2) that there is substantial ground for difference of opinion about the question of

4

law, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); *accord Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) ("Section 1292(b) appeals are exceptional.").

Further, "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987) (vacated on other grounds by *Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 1033 (1989)); *see Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting) ("[T]he decision whether to allow an [interlocutory] appeal lies in the first instance in the District Court's sound discretion.").

### III. DISCUSSION

#### A. Section 1985(3) of the Ku Klux Klan Act Claim

Plaintiffs' § 1985(3) claim has remained essentially the same as the claim that appeared in their original complaint. Park and the Mesaros defendants[1] argue that the Court should dismiss Plaintiffs' claim because Plaintiffs' claim under the "support or advocacy" clauses of § 1985(3) requires: (1) racial animus, (Mesaros defendants' Mot., Dkt. 162, at 1); and (2) state action, (*id.* at 1–

---

[1] Because Cisnero's motion incorporates by reference Park's and the Mesaros' motions without making any new arguments, the Court will only reference the arguments in those motions. (Cisneros' Mot., Dkt. 164).

2; Park's Mot., Dkt. 163, at 5–8). As Defendants acknowledge, the Court has addressed Defendants' arguments in its prior orders and declined to rule in their favor. (*See* Mesaros Def's.' Mot., Dkt. 162, at 1 ("While the Mesaros Defendants dispute the court's [racial animus] analysis . . . ."); *id.* ("This motion does provide further clarity regarding the necessity of state action to support a cognizable claim . . . . The court's analysis of this issue . . . fails to address the actual issue"). For the reasons it expressed in its prior orders denying Defendants' motions to dismiss, (Dkt. 64), and motion for reconsideration, (Dkt. 100), the Court again declines to dismiss Plaintiff's § 1985(3) claim.

As to Defendants' racial animus theory, the Court found that "a claim under the election advocacy portion of § 1985(3) does not require Plaintiffs to plead racial or other class-based animus." (Order, Dkt. 64, at 11). The Court has adjudicated this issue. Defendants do not present any new arguments in support of their interpretation of § 1985(3), but instead incorporate by reference the arguments they made in prior briefing. (Mesaros Def's.' Mot., Dkt. 162, at 1; Park's Mot., Dkt. 163, at 1). Therefore, the Court sees no reason to deviate from its prior findings.

With respect to the state action argument, the Court explained that Plaintiffs did not need to plead state action because "§ 1985(3) was created to allow plaintiffs to recover damages for interference with their election-related rights and is a 'specific remedy for interference with private individuals.'" (Order, Dkt. 64, at 12–13) (citing *Paynes v. Lee*, 377 F.2d 61, 63–64 (5th Cir. 1967)). Dissatisfied with the Court's findings, Defendants attempt to "clarify" and elaborate on their argument in the instant motions, but their argument rehashes what the Court has already rejected. Neither Plaintiffs' claim nor Defendants' arguments have substantially changed; therefore, for the same reasons stated in its August 19, 2022, order, (Dkt. 64), the Court will reject Defendants' arguments and deny the motion as to the § 1985(3) claim.

### B. State Claims

1. State Claims against Mesaros Defendants

The Mesaros defendants argue that, should the Court dismiss the Ku Klux Clan Act claim, the Court should dismiss the state law claims. (Mesaros Def's. Mot., Dkt. 162, at 5). However, as the Court is not dismissing Plaintiff's federal cause of action, it will deny the Mesaros defendants' motion to dismiss the state law claims on that basis.

2. Civil Assault Claim Against Park

Park argues that Plaintiffs do not plausibly allege a civil assault claim against her. (Park's Mot., Dkt. 163, at 2–3). The elements of civil assault mirror those of a criminal assault. *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012). A defendant can commit assault by "intentionally or knowingly threaten[ing] another with imminent bodily injury." Tex. Penal Code § 22.01(a)(2). When a defendant is not the principal actor, a plaintiff can still prevail on an assault claim by showing that the defendant "solicit[ed], encourage[d], direct[ed], aid[ed], or attempt[ed] to aid" the principal in committing the offense. Tex. Penal Code § 7.02(a)(2). The factual allegations "must show that at the time of the offense, the parties were acting together, each contributing some part of the execution of the common purpose." *Brooks v. State*, 580 S.W.2d 825, 831 (Tex. Cr. App. 1979).

Plaintiff alleges that Cisneros, Robert Mesaros, and dismissed Defendant Kruger committed civil assault by "abruptly and rapidly slowing down the campaign bus, boxing the bus in, and driving in front of or to the side of the bus at a dangerously low speed, and dangerously close to the bus." (Am. Compl., Dkt. 151, at 61–62). Park argues that the amended complaint "is void of any allegations that [Park] acted with 'Defendants Cisneros, Robert Mesaros, and Kyle Kruger' to slow down the bus, box it in, or even intentionally hit the car of a campaign staffer." (Park's Reply, Dkt. 169, at 6–7). But although Count III of the complaint focuses on Defendants Cisneros and Robert Mesaros's actions, the amended complaint does allege that Park assisted another Trump Train vehicle in boxing the campaign bus in during the incident. (Am. Compl., Dkt. 151, at 34). Presumed to be true at this stage, these factual allegations do "show that at the time of the offense," Park

7

assisted Cisneros and Mesaros, "each contributing some part of the execution of the common purpose of" threatening Plaintiffs with harm. *Brooks*, 580 S.W.2d at 831. Based on these allegations, the Court finds that Plaintiffs have stated "a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.

### C. Motion for Interlocutory Appeal

The Mesaroses' motion for interlocutory appeal, which Park incorporates by reference, asserts that the Court should certify an appeal to resolve the question of whether Plaintiffs were required to plead the elements of state action or race-based animus for their §1985(3) claim. (Dkt. 162, at 5–6). Like their dismissal arguments, the Mesaroses' argument here is a mere rehashing of the arguments they presented in their last motion for interlocutory appeal, (Dkt. 69), which the Court rejected. Thus, for the reasons cited in the Court's August 19, 2022, order, the Court will deny Defendants' motions for interlocutory appeal.

## V. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Joeylynn Mesaros and Robert Mesaros' Second Motion to Dismiss, (Dkt. 162), is **DENIED. IT IS FURTHER ORDERED** that the Mesaros defendants' Motion for Interlocutory Appeal, (*id.*), is **DENIED**.

**IT IS FURTHER ORDERED** that Dolores Park's Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. 163), is **DENIED. IT IS FURTHER ORDERED** that Park's Motion for Interlocutory Appeal, (*id.*), is **DENIED**.

      **IT IS FURTHER ORDERED** that Eliazar Cisneros's Second Motion to Dismiss, (Dkt. 164), is **DENIED**.

      **SIGNED** on August 3, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE