IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ERIC CERVINI, et al.,                          §
                                               §
        Plaintiffs,                            §
                                               §
v.                                             §                1:21-CV-565-RP
                                               §
ELIAZAR CISNEROS, et al.,                      §
                                               §
        Defendants.                            §

## ORDER

Before the Court is Plaintiffs' Notice Concerning Certification to the Attorney General, (Dkt. 227), Defendant Dolores Park ("Park") and Defendant Eliazar Cisneros's ("Cisneros") response in opposition, (Dkt. 228), Defendants Joeylynn Mesaros and Robert Mesaros' (together, "the Mesaros defendants") response in opposition, (Dkt. 235), and Plaintiffs' reply, (Dkt. 232).

In their Notice, Plaintiffs argue that the Court should notify the Attorney General and permit the United States to intervene in this case under 28 U.S.C. § 2403(a). The statute requires that:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403(a).

Plaintiffs argue that the statute is applicable in this case because Defendants' motions for reconsideration, (Dkts. 210, 222–224), call into question the constitutionality of the "support-or-advocacy clauses" of the Ku Klux Klan Act of 1871. (Notice, Dkt. 227, at 4). Plaintiffs point to Defendants' arguments that their motions for reconsideration should be granted because Plaintiffs'

1

reading of the support-or-advocacy clauses would violate Article I of the U.S. Constitution and the First Amendment. (Reply, Dkt. 232, at 3–5).

In response, Defendants argue that their motions do not question the constitutionality of the "support-or-advocacy clauses" but rather question Plaintiffs' interpretation of those clauses. (Park Resp., Dkt. 228, at 8). The Court agrees. The Fifth Circuit has stated that there is a difference between requests to certify under § 2403 that involve a challenge to the constitutionality of the statute itself and requests to certify that involve challenges to the interpretation of a statute. *See Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 577–78 (5th Cir. 2007) (reviewing a district court's decision to deny state intervention under 28 U.S.C. § 2403(b)). Certification of a case under § 2403 is not warranted when a case raises "only questions of the proper interpretation" of a statute because such a case has not questioned the statute's constitutionality. *Id.* Defendants' motions for reconsideration do not argue that the Ku Klux Klan Act is unconstitutional but rather question whether the Plaintiffs' interpretation of the "support-or-advocacy clauses" is valid.

Accordingly, the Court will decline to certify this case to the Attorney General for the United States' intervention at this time.

**SIGNED** on September 27, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

2