IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, TIMOTHY HOLLOWAY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-565-RP |
| ELIAZAR CISNEROS, HANNAH CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK, | § § § § | |
| Defendants. | § § | |

### ORDER

Before the Court are Defendants Joeylynn Mesaros and Robert Mesaros's (together, "the Mesaros Defendants") Motion for Reconsideration and Renewed Request to Certify an Interlocutory Appeal, (Dkt. 210); Defendant Eliazar Cisneros's ("Cisneros") Motion for Reconsideration and Renewed Request to Certify an Interlocutory Appeal, (Dkts. 222, 223); and Defendant Dolores Park's ("Park") Motion for Reconsideration and Renewed Request to Certify an Interlocutory Appeal, (Dkt. 224). Plaintiffs filed a joint, consolidated response in opposition. (Dkt. 240). Also, before the Court are the Mesaros Defendants' Motion to Stay Case Pending Resolution of Reconsideration and Interlocutory Appeal, (Dkt. 229), Park's Motion to Stay, (Dkt. 230), and related briefing. Having considered the parties' briefs, the record, and the relevant law, the Court will deny Defendants' motions for reconsideration and requests to certify an interlocutory appeal, and moot Defendants' motions for a stay.

# I. BACKGROUND

This case arises out of an incident alleged to have occurred during the 2020 U.S. presidential election campaign period. Plaintiffs assert that on October 30, 2020, they were traveling on I-35 between San Antonio and Austin, Texas, in a Biden-Harris campaign tour bus. (Am. Compl., Dkt. 151, at 2–3). At that time, they allege, "dozens of individuals in at least forty vehicles" participated in a "Trump Train" to show support for presidential candidate Donald Trump by surrounding the campaign bus on the highway. (*Id.*). Plaintiffs state that for at least ninety minutes, the Trump Train forced the campaign bus to slow down to a crawl on the highway, that cars came within inches of the campaign bus, boxing it in, and that one Trump Train vehicle slammed into a Biden campaign staffer's car, causing Plaintiffs to fear for their lives and suffer emotional trauma. (*Id.* at 2–3). Plaintiffs state Cisneros, the Mesaros Defendants, and Park, along with other dismissed Defendants, coordinated to wait for and surround the campaign bus. (*Id.* at 3). Based on these allegations, Plaintiffs assert several causes of action: (1) that Defendants violated the Ku Klux Klan Act, 42 U.S.C. § 1985(3); (2) that Defendants engaged in a civil conspiracy; and (3) that Defendants engaged in a civil assault. (*Id.* at 58–62).

On March 23, 2022, this Court entered an order denying Defendants' Motions to Dismiss. (Dkt. 64). Shortly after, Defendants filed their first motions for certificate of appealability pursuant to 28 U.S.C. § 1292 and reconsideration on the Court's order denying the motions to dismiss. (Dkts. 66, 69, 70). In their motions, Defendants argued that the Court should certify an interlocutory appeal because the issue of whether § 1985(3) requires Plaintiffs to plead that the conspiracy against them stemmed from race-based animus is a novel, controlling issue of law, that there is substantial ground for difference of opinion about the question of law, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. (*Id.*) On August 19, 2022,

2

this Court denied these motions. (Dkt. 100). This Court found that its order denying the motions to dismiss did not involve a "controlling question of law to which there is substantial ground for difference of opinion" because "a lack of binding cases addressing a specific legal issue does not constitute a substantial ground for difference of opinion." (*Id.* at 6). Further, the Court found that early appellate review would not "materially advance the ultimate termination of the litigation," as required by § 1292, because interlocutory appeal would slow the case, which was "problematic as the parties have begun to engage in discovery and another case in front of this Court, *Cervini v. Stapp*, 1:21-cv-568, is dependent on the continuing litigation in this case." (*Id.*).

On January 18, 2023, Plaintiffs filed their First Amended Complaint, (Dkt. 151), and on February 8, 2023, Defendants responded by filing renewed motions to dismiss and requests to authorize an interlocutory appeal, (Dkts. 163, 164, 165). Defendants argued that the Court should dismiss Plaintiffs' claims under § 1985(3) because these claims require racial animus and state action. (*Id.*). Defendants also argued that the Court should certify an interlocutory appeal to resolve the question of whether Plaintiffs were required to plead the elements of racial animus or state action for the § 1985(3) claim. (*Id.*). On August 3, 2023, the Court issued an order denying both the motions to dismiss and motions for interlocutory appeal. (Dkt. 204). The Court found that Defendants' assertions were a rehashing of arguments made in previous motions and denied the renewed motions for the reasons cited in its previous orders. (*Id.* at 5–6, 8).

The Mesaros Defendants and Park then filed petitions for writs of mandamus with the Fifth Circuit. (Dkts. 205-1, 208-1). They asked the Fifth Circuit to vacate this Court's denial of Defendant's motions to dismiss, or in the alternative vacate its denial to certify an interlocutory appeal, and direct this Court to certify an appeal under 28 U.S.C. § 1292(b). (*Id.*). On August 28 and September 13, 2023, the Fifth Circuit issued substantially identical orders denying the petitions, *In re*

*Joeylynn Mesaros*, No. 23-50593 (5th Cir. Aug. 28, 2023); *In re Dolores Park*, No. 23-50585 (5th Cir. Sep. 13, 2023), stating that the court has never used the writ of mandamus to cure a district court's denial of certification under § 1292(b). *In re Joeylynn Mesaros*, slip op. at 1.[1] The Fifth Circuit also stated that "there is *unquestionably* a 'substantial ground for difference of opinion' that necessitates certification of a 'controlling question of law' under 28 U.S.C. § 1292(b)." (*Id.* at 6) (emphasis in original). In the Fifth Circuit's opinion, Defendants have at least four grounds of substantial difference of opinion that would necessitate certification. (*Id.*). Thus, the Fifth Circuit concluded that this Court had "ample ground for reconsidering its decision in this case" and that this Court "should have granted the § 1292(b) motion." (*Id.* at 1–2, 10).

Based upon the Fifth Circuit's order, the Defendants filed their present motions, renewing their request to certify an interlocutory appeal and requesting reconsideration of the Court's order denying Defendants' previous motions to dismiss the First Amended Complaint and motions for certification of interlocutory appeal. (Dkts. 210, 222–224). All three motions incorporate the Fifth Circuit's discussion of the four grounds for substantial difference of opinion and argue that reconsideration and certification are necessary based upon the Fifth Circuit's order. (*Id.*). Park's motion argues that the Fifth Circuit has directed this Court to certify an interlocutory appeal. (Dkt. 224, at 2). Park also argues that the Fifth Circuit held that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." (*Id.* at 8). Last, the Mesaros Defendants and Park also filed motions to stay the case pending resolution of their motions for reconsideration and the interlocutory appeal. (Dkts. 229, 230).

---

[1] Because both orders are substantially the same, in all references to the Fifth Circuit's orders, the Court will cite to the order in *In re Joeylynn Mesaros* for ease of citation.

Plaintiffs filed a consolidated response in opposition to Defendants' reconsideration motions. (Dkt. 240). Plaintiffs state that in light of the Court of Appeal's order, they will assume that the first two criteria of the test for certification are satisfied, though they note their disagreement with that decision and argue that there is no "substantial difference of opinion" on a "controlling question of law" for several reasons. (*See id.* at 1, 11–23). Plaintiffs rest their opposition, instead, on the argument that the third prong for certification, whether an interlocutory appeal would materially advance the termination of the litigation, is not met in this case and that the Fifth Circuit's order does not address the issue. (*Id.* at 2). Plaintiffs argue that this Court should exercise the discretion granted to it by § 1292(b) to continue to deny certification of an interlocutory appeal because the third requirement for certification is not met. (*Id.* at 2–3).

## II. LEGAL STANDARD

### 1.  Motion for Reconsideration

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Defendants assert their motions under Rule 54(b). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up) (citing Fed. R. Civ. P. 54(b)).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

## 2.  Interlocutory Appeal

28 U.S.C. § 1292(b) permits a district judge to, in certain circumstances, certify an issue for interlocutory appeal. The statute reads in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Thus, Defendants must convince the Court that the Court's order involved (1) a controlling question of law, (2) that there is substantial ground for difference of opinion about the question of law, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). "All three of these criteria must be met for an order to properly be certified for interlocutory appeal." *Crankshaw v. City of Elgin*, 2020 WL 1866884, at *1 (W.D. Tex. Apr. 14, 2020) (citing *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir. 1983)). "The burden of demonstrating the necessity of an interlocutory appeal is on the moving party." *In re L.L.P. & D. Marine, Inc.,* 1998 WL

66100, at *1 (E.D. La. Feb. 13, 1998) (citing *Orson, Inc. v. Miramax Film Corp.,* 867 F. Supp. 319, 320 (E.D. Pa. 1994)).

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.,* 116 F.3d 153, 154 (5th Cir. 1997)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); *accord Clark–Dietz,* 702 F.2d at 69 ("Section 1292(b) appeals are exceptional."). Typically, interlocutory review is reserved for "exceptional" cases, as the basic structure of appellate jurisdiction disfavors piecemeal appeals. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Clark–Dietz,* 702 F.2d at 69.

Further, "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987), *vacated on other grounds by Pan Am. World Airways, Inc. v. Lopez,* 490 U.S. 1032, 1033 (1989); *see Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); *Cheney v. U.S. Dist. Ct. for Dist. of Columbia,* 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting) ("[T]he decision whether to allow an [interlocutory] appeal lies in the first instance in the District Court's sound discretion.").

## III. DISCUSSION

Defendants' motions for reconsideration are intertwined with their renewed requests to certify an interlocutory appeal under § 1292(b) in the sense that both motions require the Court to once again decide whether the issues identified in its previous orders meet the statutory criteria for certification. Defendants urge that this Court's decision is predetermined because of the Fifth

Circuit's orders denying their petitions for writs of mandamus. After careful reconsideration of the issues and review of the Fifth Circuit's orders, the Court respectfully disagrees. While this Court is bound to follow the direction of the Fifth Circuit, § 1292(b) is a unique statute in the federal scheme in that it "create[s] a dual gatekeeper system for interlocutory appeals: both the district court and the Fifth Circuit must agree . . . before the normal rule requiring a final judgment will be overridden." *In re Ford Motor Co.*, 344 F.3d 648, 654 (7th Cir. 2003). To this end, the Fifth Circuit has stated that even when a panel invites a district court to certify a case for appeal, as it did here, district courts still retain the "discretion to refuse to certify an appeal." *McClelland Eng'rs, Inc. v. Munusamy*, 784 F.2d 1313, 1316 n.1 (5th Cir. 1986), *overruled on other grounds by In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987). The Court does not interpret the Fifth Circuit's orders in *In re Joeylynn Mesaros* and *In re Dolores Park* to be directing the Court to certify an appeal; rather, the Court understands the orders as an invitation to certify an interlocutory appeal in line with the discretion afforded under *McClelland Engineers*. 784 F.2d at 1316 n.1. However, for the reasons set out below, certifying an interlocutory appeal would not materially advance the ultimate termination of this litigation. Accordingly, because not all criteria for certification are met, this Court will exercise the discretion it retains under § 1292(b) and deny certification of an interlocutory appeal.

In its previous orders, the Court denied certification of appeal because it found that none of the three requirements were met. (*See* Dkt. 100 at 6; Dkt. 204 at 8). The Court stated that there was no "controlling question of law to which there is substantial ground for difference of opinion" because "a lack of binding cases addressing a specific legal issue does not constitute a substantial ground for difference of opinion." (Dkt. 100 at 6). In its recent orders, however, the Fifth Circuit stated that "there is *unquestionably* a 'substantial ground for difference of opinion' that necessitates certification of a 'controlling question of law' under 28 U.S.C. § 1292(b)." *In re Joeylynn Mesaros*, slip

op. at 6 (emphasis in original). The court recounted five grounds by its count that would necessitate this finding: (1) whether the support-or-advocacy clause creates an independent substantive right to engage in support or advocacy, or whether it merely supplies a remedy for violations of rights found elsewhere; (2) whether Plaintiffs' reading of the support-or-advocacy clauses "comports with the text" of the statute; (3) whether Plaintiffs' interpretation "comports with Article I of the Constitution"; (4) whether Plaintiffs' interpretation "comports with the First Amendment"; and (5) whether Plaintiffs need to allege class-based animus. *Id.* at 6–10. In light of the Fifth Circuit's order, the Court will reconsider its decisions as to the first two requirements for certification under the discretion provided by Rule 54(b). Accordingly, the Court now finds that its previous orders do involve a (1) "controlling question of law" and (2) that there is "substantial ground for difference of opinion" about the question of law in the orders.

However, the Fifth Circuit did not address the third factor: whether certification would materially advance the ultimate termination of this litigation. The Court finds that Defendants have failed to show why this Court erred by denying certification on this prong. Defendants do not devote much space in their motions to discussions about this third requirement. Cisneros and the Mesaros Defendants do not discuss this requirement at all, and Park's motion devotes only one paragraph to the issue, (*see* Dkt. 224, at 8). Park argues that an interlocutory appeal would materially advance the ultimate termination of the litigation because Plaintiffs' Klan Act claims are the "only basis for litigating in federal court"; therefore, if Plaintiffs have failed to plead a federal cause of action under § 1985(3), then their case "fails for want of federal court jurisdiction." (*Id.*). Park asserts that because the Fifth Circuit stated that the Klan Act claims are Plaintiffs' "only basis for litigating in federal court," it follows that the Fifth Circuit has held that the third requirement for certification has been met. (*Id.* (citing *In re Dolores Park*, slip op. at 7)). Plaintiffs respond that the third

requirement is not met in this case because Defendants' failure to properly address this third requirement amounts to a failure to carry their burden in proving that the requirement is met. (Dkt. 244, at 7–8). Plaintiffs also argue that the requirement is not met because an "interlocutory appeal would not avoid trial, shorten the litigation, or make discovery easier or less costly." (*Id.* at 8).

The Court agrees with Plaintiffs. This Court has previously recognized that an interlocutory appeal should not be certified if the movant did not convince the court that the appeal would materially advance the ultimate termination of the litigation. *See Gomez v. Niemann & Heyer, L.L.P.*, 2016 WL 8673848, at *2 (W.D. Tex. Aug. 8, 2016); *Doe 1 v. Baylor Univ.*, 2017 WL 1628994, at *2 (W.D. Tex. May 1, 2017); *see also Coates v. Brazoria Cnty.*, 919 F. Supp. 2d 863, 866–67 (S.D. Tex. 2013) (stating that a movant's failure to demonstrate that an interlocutory appeal would materially advance the ultimate termination of the litigation was "fatal" to the movant's motion). Here, the Court finds it unlikely that Defendants could have met their burden for this requirement when two Defendants did not address the issue at all, while the third Defendant devoted only one paragraph to discussing the issue, especially given that movants carry the burden of proving that all three requirements for certification are met. *See L.L.P. & D. Marine, Inc.,* 1998 WL 66100, at *1.

Furthermore, the Court does not agree with Park that "the Fifth Circuit held an immediate appeal of the order will materially advance the ultimate termination of the litigation." (Dkt. 224, at 8). In its orders, the Fifth Circuit simply stated that, "Without the Support-or-Advocacy Clause, respondents' only federal claim (and hence their only basis for litigating in federal court) fails." *In re Dolores Park*, slip op. at 7. The Fifth Circuit did not indicate that this statement was holding that an interlocutory appeal would materially advance the ultimate outcome of the litigation. Nor did this single sentence, which only discusses supplemental jurisdiction, absolve Defendants of their obligation to establish the requisite third element for certification. This Court retains discretion

under § 1292(b) to deny certification if a party has not met all three elements and finds that Defendants have not done so.

The Court also agrees with Plaintiffs' substantive arguments about why an interlocutory appeal would not be judicially efficient in this case. In determining if an interlocutory appeal would materially advance the ultimate termination of the litigation, "a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Casanova v. Gold's Texas Holdings Grp., Inc.*, 2016 WL 1446233, at *3 (W.D. Tex. Apr. 11, 2016) (quoting *Coates.*, 919 F. Supp. 2d at 867). The ultimate termination of litigation is materially advanced when the "resolution of a controlling question of law would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (citing 16 Charles Alan Wright, et al., *Federal Practice & Procedure* § 3930 at 432 (2d ed. 1996)). The Court finds that none of these considerations counsel in favor of an interlocutory appeal.

First, an interlocutory appeal would not eliminate the need for trial because even if an appeal led to the dismissal of Plaintiffs' Klan Act claims, Plaintiffs' state law claims for civil conspiracy and civil assault would remain. Although the Klan Act claims are the only federal claims in this case, Defendant Park is incorrect that without these claims, the Plaintiffs' case would "fail[] for want of federal court jurisdiction." (Dkt. 224, at 8). The supplemental jurisdiction statute gives district courts discretion whether to exercise supplemental jurisdiction over claims when it has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation . . . that court has abused its discretion under 28 U.S.C. § 1367." *Brookshire Bros. Holding, Inc. v. Dayco*

*Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (finding that the district court abused its discretion in remanding state law claims due to the district court's intimate familiarity with the case after it had been pending in the district court for almost three years, had resulted in numerous depositions and discovery disputes, and had required significant consideration by the district court of multiple motions to dismiss or grant summary judgment). Here, this case has been pending before this Court for over two years and has prompted two sets of motions to dismiss, three sets of motions for reconsideration, and several discovery disputes. Given the significant resources and time that this Court has devoted to this case, it would be reasonable for this Court to exercise supplemental jurisdiction under § 1367 over Plaintiffs' state law claims should the Klan Act claims be dismissed on appeal. In such a scenario, an interlocutory appeal would not eliminate the need for trial.

Second, an interlocutory appeal would not eliminate complex issues so as to simplify the trial because Plaintiffs' Klan Act claims are factually interrelated and involve the same underlying events as Plaintiffs' state law claims. Plaintiffs' Klan Act claims require Plaintiffs to prove that "two or more persons . . . conspire[d]" either to (i) "prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy" in a federal election, or to (ii) "injure any citizen in person or property on account of such support or advocacy." 42 U.S.C. § 1985(3). These elements overlap substantially with the elements Plaintiffs must show to succeed on their state law claim of civil conspiracy. The Klan Act claim elements also overlap with the showing that Plaintiffs must make to prove civil assault: Plaintiffs must prove that Defendants "intentionally or knowingly threaten[ed] [Plaintiffs] with imminent bodily injury" without the need to prove physical contact. Tex. Penal Code § 22.01(a)(2); *see also Sanchez v. Striever*, 614 S.W.3d 233, 239 (Tex. App. 2020) (noting that the elements of civil assault in Texas "mirror those of a criminal assault").

12

Therefore, Plaintiffs would require substantially the same evidence to prove their state law claims as they would need for their Klan Act claims. This Court has previously denied certification when claims remaining after interlocutory appeal would "likely require much of the same evidence, examination, and argument" as claims to be considered on interlocutory appeal because certification would "neither significantly narrow the scope of evidence nor substantially shorten future analysis or trial." *Doe 1*, 2017 WL 1628994, at *2; *see also Gomez*, 2016 WL 8673848, at *2 (denying certification where the claims to be considered on interlocutory appeal were "factually interrelated and all involve the same underlying" events as the claims that would remain after appeal). Because Plaintiffs' Klan Act claims and the state claims are so intertwined, an interlocutory appeal would not help to eliminate complex issues so as to simplify the trial.

Third, an interlocutory appeal at this stage in the litigation would also not eliminate issues to make discovery easier and less costly. Given the overlapping nature of the Plaintiffs' claims and the evidence needed to prove them, the scope of discovery would not significantly change should an interlocutory appeal dismiss the Klan Act claims. In addition, there has already been extensive discovery in this case since discovery began on December 21, 2021, almost two years ago. (*See* Dkt. 44). Defendants have collectively served 283 Requests for Production of Documents and responded to fifty Interrogatories, fifty-two Requests for Admissions, and 251 Requests for Production of Documents. (Dkt. 240, at 10). They have produced over 32,000 documents and participated in eight non-party depositions. (*Id.*). Remaining discovery includes the depositions of Defendant Park and Plaintiffs, and the parties' discovery deadline is December 12, 2023. (Dkt. 254). While Defendants argue that remaining discovery will be time-consuming and costly, (*see* Mesaros Mot. to Stay, Dkt. 229, at 2 n.1), Plaintiffs argue that the "bulk of discovery is over" and that any remaining discovery, such as Park and the Plaintiffs' depositions, would need to occur regardless of an appeal of the Klan

13

Act claims, (*see* Resp., Dkt. 240 at 10–11). The Court agrees with Plaintiffs. An interlocutory appeal would not make discovery easier or less costly given the limited nature of discovery left in this case and the need for that discovery to occur with or without Plaintiffs' Klan Act claims remaining as part of this case.

Accordingly, the Court is not convinced that an interlocutory appeal to the Fifth Circuit will materially advance the ultimate termination of this litigation. Even if the Fifth Circuit were to dismiss the Klan Act claims through an interlocutory appeal, such resolution would not "serve to avoid a trial or otherwise substantially shorten the litigation," *see McFarlin*, 381 F.3d at 1251. Nor would it "eliminate complex issues so as to simplify the trial" or make "discovery easier and less costly." *See Coates*, 919 F. Supp. 2d at 867. Because the Court finds that an interlocutory appeal would not materially advance the ultimate termination of this litigation, Defendants have not carried the required burden to succeed on a motion for certification of an interlocutory appeal under § 1292(b). *See Crankshae*, 2020 WL 1866884, at *1 ("All three of [the certification] criteria must be met for an order to properly be certified for interlocutory appeal."). The Court therefore denies Defendants' motions for reconsideration and renewed requests for interlocutory appeal. Because an interlocutory appeal has not been certified at this time, Defendants' motions for a stay are moot.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the Mesaros Defendants' Motion for Reconsideration and Renewed Request to Certify an Interlocutory Appeal, (Dkt. 210); Cisneros's Motion for Reconsideration and Renewed Request to Certify an Interlocutory Appeal, (Dkts. 222, 223); and Park's Motion for Reconsideration and Renewed Request to Certify an Interlocutory Appeal, (Dkt. 224), are **DENIED**.

**IT IS FURTHER ORDERED** that the Mesaros Defendants' Motion to Stay Case Pending Resolution of Reconsideration and Interlocutory Appeal, (Dkt. 229), and Park's Motion to Stay, (Dkt. 230), are **MOOT**.

**SIGNED** on October 18, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE