UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, et al. | § § | |
| Plaintiffs, | § § | Civil Action |
| v. | § § | No. 1:21-CV-565-RP |
| ELIAZAR CISNEROS, et al., | § § | |
| Defendants. | § § | |

### MESAROS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Joeylynn and Robert Mesaros (collectively the "Mesaros Defendants") move for summary judgment, pursuant to Federal Rule of Civil Procedure 56, as to Plaintiffs' lone federal claim.

Like the original Complaint, the First Amended Complaint alleges a single federal cause of action (a violation of 42 U.S.C. § 1985(3) in Count I) which fails as a matter of law because Plaintiffs' novel claim—arising under the "support or advocacy clause" as Plaintiffs style it—requires state action (if indeed a stand-alone "support or advocacy clause" claim exists at all in the absence of voting interference). The court's analysis of this issue in its March 23, 2022 Order denying the Defendants' initial motions to dismiss—consisting of a single paragraph—fails to recognize material distinctions (improperly conflating alleged interference with actual voting/registration and alleged interference with speech or association) and thus fails to address the actual issue. Neither has the court addressed this distinction in subsequent orders. Plaintiffs' claim still suffers from this fatal defect, and as an

1

intervening decision of the Fifth Circuit has intimated, summary judgment is appropriate for Defendants on this issue.

## I.     Summary Judgment Standard

Summary judgment is appropriate "where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007) (citing Fed. R. Civ. P. 56(c)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1423 n.11 (5th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the nonmovant cannot rest on his allegations to get to a jury without any significant probative evidence tending to support his position. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotations omitted). It is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992).

## II. Plaintiffs' Klan Act Claim Fails As a Matter of Law for Lack of State Action.

Plaintiffs lodge no allegation that any Plaintiff (or anyone else) was dissuaded or affected in any way with respect to their ability to actually vote or register to vote. Indeed, all of the Plaintiffs themselves had either already voted in Texas or were residents of other states and ineligible to vote in Texas. Instead, Plaintiffs' case centers on the claim that their "speech or advocacy"—campaign activity on behalf of their preferred presidential candidate—was impacted by Defendants. *See* First Amended Complaint (ECF No. 151) at ¶ 10 ("Davis, Gins, and others were prevented from exercising their First Amendment rights"), ¶ 49 (discussing that Plaintiffs' bus tour planned to include "rallies and gatherings in support of the Biden-Harris Campaign as well as speeches"), ¶ 145 (referring to "engaging . . . with prospective voters and exercising their First Amendment rights to freedom of speech and association"), ¶ 151 (again referring to "engaging . . . with prospective voters and exercising their First Amendment rights to freedom of speech and association"), ¶ 157 ("Plaintiffs . . . were prevented from exercising their First Amendment rights").

In its March 2022 Order (ECF 64), this court rejected the argument that state action was required for such a claim, reasoning that "the Fifth Circuit has previously stated that § 1985(3) was created to allow plaintiffs to recover damages for interference with their *election-related rights* and is a 'specific remedy for interference by private individuals.'" ECF 64 at 12 (quoting *Paynes v. Lee*, 377 F.2d 61 (5th Cir. 1967)) (italics added). But the court's generalized reference to "election-related rights" obscures the material distinction between interference with actual voting or

3

voter-registration activity (as in *Paynes*) and interference with "speech or advocacy" itself. When this distinction is observed, *Paynes* loses its application, and, under the Supreme Court's rationale in *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 830 (1983), Plaintiffs cannot maintain a claim in the absence of state action.

In its brief analysis rejecting the state action requirement, this court cited the Fifth Circuit's 1967 decision in *Paynes*, and the Supreme Court's 1971 decision in *Griffin v. Breckenridge*, 403 U.S. 88 (1971), for the general proposition that "Section 1985(3) can reach 'private conspiracies to deprive others of legal rights.'" ECF 64 at 13 (quoting *Griffin*, 403 U.S. at 104). True enough. But that does not answer the question in this case. "Section 1985(3) 'provides no substantial rights itself' to the class conspired against." *Carpenters*, 463 U.S. at 833 (quoting *Great American Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979)). "The rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere[.]" *Id.* While it felt compelled to deny the Mesaroses' request to order this court to certify an interlocutory appeal for other reasons, the Fifth Circuit issued a published decision recognizing that *Carpenters*, as well as the other Circuit authority cited by Defendants, hold that the statute does not create substantive rights itself, and expressed skepticism of Plaintiffs' "novel theory" to the contrary. *In re Joeylynn Mesaros*, No. 23-50593 (Aug. 28, 2023).

Because Plaintiffs here do not allege interference with anyone's ability to vote or register to vote, their claims, like those of the nonunion workers in *Carpenters*, cannot be founded upon any constitutional or statutory right to vote, but arise only

4

by virtue of the First Amendment's guarantee of speech and association (which Plaintiffs' Complaint itself implicitly acknowledges).

*Carpenters* held that "an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state." 463 U.S. at 830. Fully aware of the actual violence perpetrated against the nonunion plaintiffs in the case, the Supreme Court rejected the view that Section "1985(3) provided a remedy for every concerted effort by one political group to nullify the influence of or do other injury to a competing group," even "by use of otherwise unlawful means." *Id*. at 836. *Carpenters* warned against

> making the federal courts … the monitors of campaign tactics … a role that the courts should not be quick to assume. If respondents' submission were accepted, the proscription of § 1985(3) would arguably reach the claim that a political party has interfered with the freedom of speech of another political party by encouraging the heckling of its rival's speakers and the disruption of the rival's meetings.

*Id.*

Following *Carpenters*, the Eighth Circuit has affirmed the dismissal of a § 1985(3) claim, both under the equal protection and federal-election "support or advocacy" provisions, for lack of state action. *Federer v. Gephardt*, 363 F.3d 754 (2004) ("[B]ecause the substantive federal right that Federer wishes to vindicate is a First Amendment right, state action is required."); *Gill v. Farm Bureau Life Ins., Co.*, 906 F.2d 1265 (8th Cir. 1990) (holding the Ku Klux Klan act does not provide a cause of action for an infringement of a First Amendment right without a showing of state action).

5

The court was wrong in March 2022 to rely on *Paynes* and *Griffin* for the general proposition that § 1985(3) can reach purely private conspiracies. Because this case does not involve any alleged interference with actual voting, or racial (or any other potentially cognizable class) animus, but only claimed interference with rights based in the First Amendment, the Supreme Court's subsequent decision in *Carpenters* speaks more directly to the issue, and requires state action. Lacking state action, Plaintiffs are without a claim.

## CONCLUSION

The Mesaros Defendants respectfully request that the Court grant summary judgment in their favor as to Plaintiffs' Klan Act claim and order that Plaintiffs take nothing as to such claim.

Respectfully submitted,

*/s/ Jerad Najvar*
Jerad W. Najvar
Texas Bar No. 24068079
jerad@najvarlaw.com
NAJVAR LAW FIRM, PLLC
2180 N. Loop W., Ste. 255
Houston, TX 77018
Phone:      (281) 404-4696
Facsimile:  (281) 582-4138
*Counsel for Mesaros Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 5, 2024, the foregoing document, and any accompanying exhibits and proposed order, was served

by CM/ECF upon all counsel of record.  I sent via First Class U.S. Mail a copy of the foregoing to Defendants Steve Ceh and Randi Ceh, at the following addresses:

Steve Ceh
18501 FM 306
Canyon Lake, Texas 78133

Randi Ceh
18501 FM 306
Canyon Lake, Texas 78133

*/s/ Jerad Najvar*
Jerad Najvar
