**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>Plaintiffs,<br><br>v.<br><br>ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK,<br><br>Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

# PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE AMENDED DISCLOSURES

On February 20, 2024, Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway ("Plaintiffs") filed a motion for leave to amend their disclosures to add three fact witnesses—two witnesses whose relevance is limited *entirely* to providing technical assistance in downloading online materials, and one witness that was made necessary by, and would provide limited testimony on, spoliation by Defendant Eliazar Cisneros. Dkt. 350. In their responses, Defendants Park, Cisneros, and J. and R. Mesaros attempt to inflate this amendment beyond recognition, alleging extreme prejudice and even bad faith, and demanding denial, a half-year continuance, and/or that the Court revisit prior briefing concerning the intentional spoliation of documents by certain Defendants.[1]

But their arguments make little sense on close review. Defendants Park, Cisneros, and J. and R. Mesaros all appear to argue extreme prejudice if Yaniv Schiff is allowed to testify, solely because they believe he is an expert witness and would thus require extensive expert discovery and reports. First, Mr. Schiff would testify only as to certain facts about *Cisneros's* spoliation; thus, there can be no prejudice to any other Defendant. What is more, Cisneros has known about, and even agreed to, the relevant work of Mr. Schiff's company, Consilio, since November 2022. The need for Mr. Schiff's testimony at trial was not clear until Cisneros and his counsel suggested during a January 31, 2024 spoliation hearing that *Plaintiffs' discovery vendor* might have deleted his missing data. Plaintiffs disclosed Mr. Schiff's identity to all Defendants the following week. Finally, Mr. Schiff is not testifying as an expert, and would only provide factual statements about how he examined Cisneros's phone and what was, and was not, on it when he did.

Defendants Park and Cisneros go on to claim that adding a representative from Gryphon

---

[1] Defendants Steve and Randi Ceh did not respond to Plaintiffs' motion. As a result, they should be treated as unopposed. Local Rule CV-7(d)(2) allows a court to grant a motion as unopposed if the non-moving party fails to timely respond. W.D. Tex. Civ. R. 7(d)(2).

Strategies ("Gryphon"), John Polizzi, and Page Vault, Todd Price, would so prejudice them that only a six-month extension of discovery could provide relief. Why Defendants need half a year of additional discovery on the technical details of how agents of Plaintiffs and/or third-party witness Susan Allison downloaded documents from the internet makes little sense, especially when no Defendant ever previously sought discovery from Plaintiffs or Ms. Allison on the downloading process (despite knowing the identity of the parties and Ms. Allison since June 24, 2021 and August 4, 2022, respectively). Contrary to Defendants' assertions, the mere fact that Plaintiffs and Ms. Allison used vendors to download certain materials from the internet, rather than downloading the materials themselves, does not materially affect their case. Certain limited discovery over the next three months would suffice to cure any whiff of prejudice (although it remains unclear to Plaintiffs if Defendants would even propound additional discovery on this subject given that they have not previously sought discovery on the downloading of documents produced to them throughout the almost-two-year discovery period).

      Finally, the Mesaros Defendants alone insinuate that Mr. Polizzi at Gryphon may be hiding some bad faith conduct by Plaintiffs that could undermine prior findings about their intentional spoliation of documents. But their incendiary implications are illogical. The Mesaroses confess that they had always thought it was Plaintiffs' *attorneys* or a *paralegal* that downloaded their social media posts. They do not (and cannot) explain why the identity of Plaintiffs' agent in downloading public social media posts—whether it was a paralegal or an IT vendor—could somehow provide new material information on whether J. Mesaros deleted relevant documents. Nor do the Mesaros Defendants explain why they did not raise this issue at the spoliation hearing, if they thought it was so integral, when they had known about Gryphon's role well before that date. That said, Plaintiffs remain open to discovery of Gryphon within the remaining months before trial, subject

to relevant objections. The Court should, therefore, allow for these minimal amendments to Plaintiffs' initial disclosures.

### I. Consilio Representative, Yaniv Schiff, Will Provide Important Testimony Regarding Spoliation and Will Not Prejudice Defendants

Plaintiffs seek to amend their disclosures to add Yaniv Schiff, a representative from Consilio, Plaintiffs' e-discovery services provider, as having knowledge regarding the June 2023 forensic imaging of Defendant Cisneros's phone and the data retrieved from it. Defendants do little to challenge the factors of the four-part test to determine whether a party's failure to timely disclose a witness was "substantially justified or [] harmless." Fed. R. Civ. P. 37(c)(1).[2] Instead, they state conclusorily that Plaintiffs have no excuse for the failure to designate earlier (Dkt. 361 at 5), that Plaintiffs make no claim that their testimony is important (*id.* at 7), and that Defendants are prejudiced in the extreme (*id.*).

All of this is false. Mr. Schiff's testimony is important to Plaintiffs' case because it would be helpful to a jury in understanding Defendant Cisneros's spoliation and that there is no evidence that Defendant Cisneros's texts were somehow deleted by Plaintiffs' vendor, which Defendant Cisneros put at issue for the first time in his testimony at the January 31, 2024 spoliation hearing. *See* Ex. 1 at 49:4–14.

In terms of prejudice, Defendant Cisneros is the only Defendant who could claim any kind of prejudice by the addition of Mr. Schiff because Mr. Schiff would testify *only about Defendant Cisneros and his spoliation*. However, Defendant Cisneros is also not prejudiced because he has

---

[2] As stated in Plaintiffs' motion, Dkt. 350 at 3, courts use a four-part test to determine whether a violation of Rule 26 is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose[.]" *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

known about Consilio's efforts to review his phone (and in fact expressly agreed to that work) since November 2022 when he mailed his phone to Consilio. Since then, Defendant Cisneros has made no attempt to depose or propound discovery requests to or about Consilio.

Defendant Cisneros does not deny that he knew of Consilio well before the close of discovery—instead, along with Defendants Park and J. and R. Mesaros, he argues that Mr. Schiff should have been disclosed *as an expert*. Their only purported evidence that Mr. Schiff should be treated as an expert comes from a declaration to support a *different* motion in this case—Plaintiffs' motion for sanctions against Defendant Park—for which his background in computer forensics was included. Dkt. 361 at 3–4 (quoting Dkt. 277-13). But that is not the topic he would be testifying about at trial. Defendants cite no other evidence of expert testimony, nor do they cite cases to support their argument or include or address the standard for determining whether Mr. Schiff's testimony would be expert or lay testimony.

That analysis is straightforward. Mr. Schiff would testify that when he personally viewed the capture of Defendant Cisneros's phone, there were no messages present with certain recipients during specific date ranges that Plaintiffs asked him to review.[3] That specific text messages were not on the phone when Mr. Schiff viewed it is not an opinion at all, lay or otherwise—instead, it is an observation based on Mr. Schiff's personal perception, which is undoubtedly lay testimony. Mr. Schiff would also testify to his understanding of Cellebrite's data extraction process, which does not include manipulation of data that would allow for deletions. Mr. Schiff is familiar with this process based on his experience as someone who routinely contracts with Cellebrite to extract data from phones with passcodes. Again, this is simply an observation based on his experience.

---

[3] Defendant Cisneros has acknowledged sending text messages to both Edward Niño and Jason Peña during the date ranges that Plaintiffs directed Mr. Schiff to review, but those texts were missing from the forensic capture of Defendant Cisneros's phone. Dkt. 350-8.

However, if the Court is concerned that Mr. Schiff's knowledge of Cellebrite's process is opinion testimony, it is a lay opinion—not an expert one. Federal Rule of Evidence 701 governs opinion testimony by lay witnesses.[4] Although Defendants do not cite to Rule 701, they seemingly contend that Mr. Schiff is an expert regardless of the content of his testimony because he has "technical" knowledge. *See* Fed. R. Evid. 701. But Rule 701 "does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." *United States v. Breland*, 366 F. App'x 548, 552 (5th Cir. 2010) (quoting Rule 701 Committee Note (2000)). "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Ebron*, 683 F.3d 105, 136–37 (5th Cir. 2012) (cleaned up). "A lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury." *Id.* at 137. And "an officer or employee of a corporation may testify to industry practices . . . without qualifying as an expert."[5] *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th

---

[4] Rule 701 states in full, "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

[5] The committee note to Rule 701's 2000 amendment, which added the subsection of the rule addressing technical knowledge, notes that, for example, "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an . . . expert" because "[s]uch opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701 Committee Note (2000); *see also Saldana v. Tex. Dep't of Transp.*, 2015 WL 3952328, at *8 (W.D. Tex. June 29, 2015) (citing Rule 701's committee notes and noting that "if opinion testimony is based on the particularized knowledge that a witness has by virtue of his or her position in his or her business, such testimony is not expert testimony pursuant to Rule 702").

Cir. 2003).

Mr. Schiff's relevant factual knowledge about Cellebrite's phone imaging process and the forensic capture of Defendant Cisneros's phone comes from his on-the-job observation, not some technical deduction based on his expertise. If Mr. Schiff's testimony can be characterized as an opinion at all, it is one that an ordinary person in his job would form based on his perceptions, and his opinion would be helpful to the jury in understanding that the process used by Cellebrite does not involve data manipulation—instead, the capture Mr. Schiff viewed of Defendant Cisneros's phone was merely an exact image of what was on the phone at the time Consilio received it.[6] Thus, while it is true that Mr. Schiff has served as an expert in other contexts, he would provide only lay testimony here, and the four-factor test weighs in favor of allowing him to testify.[7]

**II.    Adding Page Vault Representative, Todd Price, and Gryphon Representative, John Polizzi, Will Not Prejudice Defendants**

Plaintiffs also seek to add Todd Price from Page Vault, a third-party vendor hired both by Plaintiffs and a disclosed third-party witness, Susan Allison, to capture social media posts and comments related to this lawsuit, and John Polizzi from Gryphon, a third-party vendor retained by

---

[6] This testimony is lay testimony. Mr. Schiff would state that based on his personal experience, Defendant Cisneros's phone was never operated by Consilio or Cellebrite in a way that would allow the person creating the capture to delete any data from the phone—it was merely imaged. But even if the Court finds that testimony could also have been expert testimony, a lay witness may "express an opinion even on matters appropriate for expert testimony" where the witness has "personalized knowledge of the facts underlying the opinion" and "the opinion [has] a rational connection to those facts." *In re: Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 265 (5th Cir. 2022) (quoting *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002)).

[7] Defendants Park and Cisneros state that "it appears at least one, if not all three of the witnesses that Plaintiffs seek to add, would be more properly characterized as an expert witness," Dkt. 361 at 1, but they do not actually argue that Todd Price from Page Vault or John Polizzi from Gryphon Strategies would provide expert testimony. Accordingly, Defendants have waived the argument. To the extent the Court finds that Defendants' argument was not waived, the testimony from Mr. Price and Mr. Polizzi is clearly lay testimony. They would be testifying only as discovery vendors to how documents were collected, which is plainly not expert testimony.

Plaintiffs and directed by Plaintiffs' counsel to capture publicly available, online materials related to this litigation. The four-part test to determine whether a party's failure to timely disclose a witness was "substantially justified or [] harmless" weighs in favor of allowing both Mr. Price and Mr. Polizzi. Fed. R. Civ. P. 37(c)(1). The testimony of both Mr. Price and Mr. Polizzi is important to Plaintiffs' case—Plaintiffs likely need them to authenticate documents they preserved for this case at trial. Plaintiffs' failure to disclose them was inadvertent and was ultimately harmless.

Defendants Park and Cisneros do not raise specific concerns about either Mr. Price or Mr. Polizzi but allege only a general prejudice based on not having an opportunity to depose the witnesses. Dkt. 361 at 5. Defendants J. and R. Mesaros join in the response filed by Defendants Park and Cisneros as to Mr. Price, but they do not oppose the addition of Mr. Polizzi. Dkt. 362 at 1. Instead, they argue only that Plaintiffs should have disclosed Gryphon[8] prior to the close of discovery because Gryphon could have somehow testified that J. Mesaros did not engage in spoliation. These arguments are unavailing.

As an initial matter, Plaintiffs are not opposed to allowing Defendants an opportunity to depose each of Plaintiffs' proposed witnesses. But Plaintiffs do not believe a continuance is necessary for Defendants to depose witnesses who acted entirely under the direction and control of counsel, and whose only potential relevant testimony concerns downloading social media produced during discovery. Defendants J. and R. Mesaros have not requested a continuance, but Defendants Cisneros and Park requested a six-month continuance. Dkt. 362 at 6; Dkt. 361 at 7–8.

---

[8] Throughout their response to Plaintiffs' motion, Defendants J. and R. Mesaros refer to John Polizzi as "Gryphon," further underscoring Plaintiffs' point that the specific names of the individuals Plaintiffs seek to add are immaterial. Defendants are not prejudiced by Plaintiffs' late disclosures because the subjects of these disclosures were "otherwise . . . made known" to Defendants "during the discovery process or in writing." *See* Dkt. 350 at 7–8 (quoting Fed. R. Civ. P. 26(e)(1)(A) and noting that Defendants had notice of Page Vault since at least January 30, 2023; Consilio since at least November 2022; and Gryphon since at least November 8, 2023).

Defendants cannot possibly need half a year to depose witnesses who can testify only to such limited discovery issues and not to any facts related to the underlying case. Their allegations of extreme prejudice, moreover, are undermined by the fact that they did not attempt to obtain this information in discovery when they—apparently—believed that the collection of social media was performed solely by Plaintiffs, Plaintiffs' lawyers or paralegals, or by the third party, Ms. Allison, herself. Indeed, Defendants did not seek *any* discovery from Ms. Allison, so it is unclear why they now want six months to obtain discovery of her agent she used to download her social media.[9]

Further, as a practical matter, many of the documents collected by Gryphon and Page Vault are *still publicly available*. Mr. Polizzi and Mr. Price would testify only to how specific social media captures were downloaded. It would be absurd for Plaintiffs to have to choose a paralegal on their team or an individual who was already listed on Plaintiffs' disclosures to visit each URL with social media comments or posts related to this litigation and then re-download and re-produce *the exact same social media captures Plaintiffs already timely produced to Defendants* to avoid having to use Mr. Polizzi and Mr. Price at trial to authenticate documents.

---

[9] Defendants Park, Cisneros, and J. and R. Mesaros each claim severe prejudice by Plaintiffs' proposed witnesses, but Defendants did not address in their responses Plaintiffs' contention that, in determining whether a party opposing a late-disclosed witness has been prejudiced, courts consider when the party "first learned about the proposed witness and the steps [the party] has taken since that date to discover, by deposition or otherwise, the contents of the witness's testimony." Dkt. 350 at 7 n.6 (quoting *Antero Res. Corp. v. C & R Downhole Drilling, Inc.*, 2022 WL 18609862, at *1 n.2 (N.D. Tex. Mar. 23, 2022)). Plaintiffs notified Defendants about John Polizzi from Gryphon on January 16, 2024 (not January 26, 2024, as alleged by Defendants Park and Cisneros, Dkt. 361 at 5); Todd Price from Page Vault on February 2, 2024; and Yaniv Schiff from Consilio on February 8, 2024. *See* Dkt. 350-6 at 1–4; Dkt. 350-9 at 1. Instead of attempting to discover the content of the witnesses' testimony when Plaintiffs emailed about John Polizzi on January 16, and then about Todd Price on February 2, counsel for Defendants Park and J. and R. Mesaros asked to revisit the issue at a later date, and counsel for Defendant Cisneros did not even respond. *See* Dkt. 350-6 at 4–5. Defendants cannot now credibly allege severe prejudice by the late disclosure of the names of individuals from Plaintiffs' vendors when Defendants either ignored Plaintiffs' communications about the witnesses or asked to revisit the issue at a later date when Plaintiffs explicitly brought up the issue.

What is more, had Defendants properly approached discovery and reviewed their own social media posts, much of the proposed testimony would not be needed. Under Local Rule CV-26(d)(1), "[u]nless the party timely objects, a party's production of a document in response to written discovery authenticates the document for use against the party in any pretrial proceeding or at trial." Many of the documents Plaintiffs seek to authenticate are ones that should have been produced by Defendants and would have been authenticated if properly produced. *See* Ex. 2.[10]

Finally, the Mesaroses' assertion that the identity of Gryphon has somehow prejudiced their defense to Plaintiffs' spoliation motion is entirely illogical. Plaintiffs (1) retained Gryphon to capture publicly available materials (and only publicly available materials) relevant to the litigation at the direction of Plaintiffs' counsel and (2) produced to all Defendants during discovery *every document* captured by Gryphon (noting in the load files for the produced documents that Gryphon was the original custodian).[11] Lawyers routinely use agents to help with the technical and rote aspects of collecting electronically stored information. And importantly, the Mesaros Defendants confess they had always assumed Plaintiffs had used an agent, noting in an email to

---

[10] To recite just two examples, when J. Mesaros was asked to authenticate Exhibit 2 in her deposition, a capture of a post she clearly made in a group on Facebook, J. Mesaros answered only, "I see my name, and I see the text, and I see the date." Ex. 3 at 209:11–23. And when Defendant Park was asked to authenticate Exhibit 4 in her deposition, a post about the Biden-Harris Bus Tour that she commented on, she testified that she did not recognize the document and could not remember commenting on it. Ex. 5 at 210:6–212:10. In an abundance of caution, Plaintiffs now seek to add authentication witnesses for documents similar to these so that Plaintiffs do not have to rely solely on testimony of Defendants or other third-party witnesses to authenticate social media documents.

[11] J. and R. Mesaros contend that Plaintiffs should have disclosed the identity of an individual from Gryphon in response to requests for production from J. and R. Mesaros to Plaintiff Holloway. Dkt. 362 at 5–6; Dkt. 362-1. But Plaintiffs *did* timely produce documents from Gryphon throughout this litigation responsive to requests from Defendants—the identification of the name of the individual who collected some of Plaintiffs' social media captures at Gryphon, and the fact that Plaintiffs used vendors to assist with this litigation, was not responsive to J. and R. Mesaros's requests for production.

Plaintiffs' counsel on March 5, 2024, that "[p]rior to [Plaintiffs' Motion for Leave to Serve Amended Disclosures], we knew that Plaintiffs had captured the posts [Joeylynn Mesaros] deleted . . . (*Without any contrary indication, I had figured the Plfs' attorneys or paralegals at your firms had reviewed defendants' social media pages and saved relevant posts.*)[.]" Ex. 6 (emphasis added). J. and R. Mesaros do not explain why their arguments related to spoliation would be any different with an IT vendor, Gryphon, obtaining the information rather than a paralegal (as they apparently had always thought). Nor could they. Any discovery the Mesaroses now claim to need concerns only the *method of the collection* (which the Mesaroses have never previously asked about) and not *the identity of the agent* doing the collection. *Who* collected the Mesaroses' publicly available posts before Plaintiffs filed suit simply has no bearing on whether they deleted social media material, including private material (for instance, private messages, posts available only to friends, or posts in private groups), once they learned of the suit.[12] Essentially, Defendants are attempting to use Plaintiffs' proposed amendment as a second bite at the apple, but no amount of inflated rhetoric or hand-waving supports the connection between their theory and this amendment. Notwithstanding this basic truth, Plaintiffs have already agreed to J. and R. Mesaros's March 5, 2024 request to depose Mr. Polizzi.[13]

Plaintiffs' motion for leave to serve amended initial disclosures should be granted.

---

[12] In their response, J. and R. Mesaros imply that there were somehow false representations about what "Plaintiffs" collected from social media. Dkt. 362 at 3. But again, the distinction they draw is *solely* that they previously thought that references to what "Plaintiffs collected" referred to what "Plaintiffs' counsel or law firms" collected. *Id*. at 4. The identity of Plaintiffs' agent in no way changes the representations Plaintiffs have made about Plaintiffs' collection efforts in this matter.

[13] To the extent that Plaintiffs were under some kind of obligation to disclose their vendor, Gryphon, Plaintiffs' error was in good faith, and the appropriate remedy for that error is an opportunity to depose a representative from Gryphon now—not exclusion of the witness. But Mr. Polizzi did not do a systematic review of J. Mesaros's entire social media in capturing the two posts J. Mesaros has admitted deleting and cannot say whether she deleted other social media posts or not, as J. Mesaros suggests in her response. *See* Dkt. 362 at 5.

DATED: March 12, 2024            Respectfully submitted,

*/s/ Samuel Hall*

**TEXAS CIVIL RIGHTS PROJECT**
Christina M. Beeler (TX Bar No. 24096124)
Sarah Xiyi Chen (CA Bar No. 325327) (*pro hac vice*)
Veronikah Rhea Warms (TX Bar No. 24132682) (*pro hac vice*)
Travis Fife (TX Bar No. 24126956)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
christinab@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org
travis@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
john.paredes@protectdemocracy.org
orion.danjuma@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922) (*pro hac vice*)
Cerin Lindgrensavage (DC Bar No. 1741602) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Anne Harden Tindall (DC Bar No. 494607) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163

Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
cameron.kistler@protectdemocracy.org
cerin.lindgrensavage@protectdemocracy.org
joanna.suriani@protectdemocracy.org
anne.tindall@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
Jamielah Yancey (DC Bar No. 1619055) (*pro hac vice*)
Rebecca Heath (DC Bar No. 1644402) (*pro hac vice*)
Amy R. Orlov (DC Bar No. 1780213) (*pro hac vice*)
Aaron E. Nathan (NY Bar No. 5478227) (*pro hac vice*)
Noah Mussmon (DC Bar No. 90006660) (*pro hac vice*)
Willkie Farr & Gallagher LLP

- 13 -

1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jyancey@willkie.com
rheath@willkie.com
aorlov@willkie.com
anathan@willkie.com
nmussmon@willkie.com

Madeleine Tayer (NY Bar No. 5683545)
(*pro hac vice*)
John P. Catalanotto (NY Bar No. 5857750)
(*pro hac vice*)
Christina Adele Peck (NY Bar No. 5923545) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mtayer@willkie.com
jcatalanotto@willkie.com
cpeck@willkie.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas in compliance with the Federal Rules of Civil Procedure. I further certify that the foregoing was emailed to Steve Ceh and Randi Ceh per agreement of the parties.

DATED:  March 12, 2024                          Respectfully submitted,

*/s/ Samuel Hall*

**WILLKIE FARR & GALLAGHER LLP**
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: shall@willkie.com