IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-565-RP |
| ELIAZAR CISNEROS, et al., | § § § | |
| Defendants. | § | |

### ORDER

Before the Court is Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway's (collectively, "Plaintiffs") motion for leave to amend their disclosures to add three fact witnesses. (Dkt. 350). Defendants Eliazar Cisneros ("Cisneros") and Dolores Park ("Park") filed a joint response in opposition, (Dkt. 361), and Defendants Joeylynn and Robert Mesaros (the "Mesaros Defendants") filed a joint response partially in opposition, (Dkt. 362). Plaintiffs filed a reply. (Dkt. 371). Having considered the parties' briefs, the record, and the relevant law, the Court will grant Plaintiffs' motion for leave to serve amended disclosures.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) requires disclosure of "each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). If a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a violation of Rule 26 is harmless, courts consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). "The decision whether the

1

failure [to timely disclose witnesses] was justified and/or harmless is committed to the district court's sound discretion" and is reviewed for abuse of discretion. *Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 375 (5th Cir. 2004).

## II. DISCUSSION

Discovery closed in this case on December 12, 2023, and trial is set to begin on June 10, 2024. (Am. Scheduling Order, Dkt. 254). Throughout the litigation, Plaintiffs have had difficulty obtaining discovery from Defendants. The extent of the parties' discovery disputes has been the subject of a motion to compel Cisneros to produce his phone, (*see* Mot., Dkt. 109; Order Granting Motion to Compel, Dkt. 136), and three motions for sanctions against Cisneros, Joeylynn Mesaros, and Park due to alleged spoilation of evidence, (*see* Dkts. 267, 271, 277). United States Magistrate Judge Mark Lane held a hearing on January 31, 2024, on the motions for sanctions. (*See* Minute Entry, Dkt. 318). At the conclusion of the hearing, Judge Lane denied Plaintiffs' motion against Park. (*See id.*; Text Order dated March 21, 2024). As for the motions against Cisneros and Joeylynn Mesaros, Judge Lane has filed a report and recommendations, in which he details his findings and conclusions as to their intentional spoilation of evidence and recommends that this Court grant Plaintiffs' motions for sanctions against them. (R. & R., Dkt. 377). Judge Lane has recommended that this Court sanction these two defendants by instructing the jury at trial on permissive inferences it may make based on Joeylynn Mesaros and Cisneros's actions. (*Id.* at 27–28).

Because of the difficulties Plaintiffs have had during discovery, Plaintiffs now seek to amend their disclosures to add three witnesses: one that would speak to Cisneros's spoilation of evidence and two that would authenticate documents that Plaintiffs had to access through the help of third-party vendors because they could not obtain them from Defendants. Specifically, Plaintiffs wish to add three fact witnesses: 1) Yaniv Schiff ("Schiff"), a representative from Consilio, Plaintiffs' e-discovery services provider, as having knowledge pertaining to the June 2023 imaging of Cisneros's

2

phone and the data retrieved from it; 2) Todd Price ("Price") from Page Vault, a third-party vendor hired by both Plaintiffs and a disclosed third-party witness, Susan Allison, to create captures of social media posts and comments related to this lawsuit; and 3) John Polizzi ("Polizzi") from Gryphon Strategies, a third-party vendor retained by Plaintiffs and directed by Plaintiffs' counsel to download and archive publicly available materials related to this litigation. (Mot., Dkt. 350, at 2). Plaintiffs wish to add Price and Polizzi for the limited purposes of authentication and add Schiff to testify about Cisneros's spoliation of evidence. (Mot., Dkt. 350, at 2). They argue that this amendment of their disclosures would be harmless.

Defendants for the most part oppose Plaintiffs' motion. Cisneros and Park argue that the late disclosure would prejudice them and ask that the Court either deny Plaintiff's motion or re-open discovery to allow Defendants an opportunity to depose the added witnesses. (Cisneros & Park Resp., Dkt. 361, at 1–2, 5). They request that the Court grant at least a six-month continuance if it is inclined to re-open discovery. (*Id.* at 8). The Mesaros Defendants join in Cisneros and Park's objection as to Price and Schiff. As to Polizzi, they indicate that they would like to receive discovery from Gryphon Strategies. The Mesaros Defendants, however, do not believe that a six-month continuance would be necessary to complete discovery on all three witnesses; instead, they state that the length of any extension could be the subject of a subsequent motion. (Mesaros Resp., Dkt. 362, at 5–6).

The Court finds that the late disclosure of all three witnesses would be harmless to Defendants. The importance of their testimony and Plaintiffs' explanation for their late notice outweigh the minimal prejudice that Defendants would face. Further, prejudice can be cured by re-opening discovery as to these three witnesses for a brief period prior to trial. Accordingly, the Court will grant Plaintiffs' motion for leave to serve amended disclosures. The Court explains its reasoning to each witness in turn.

### A. Yaniv Schiff

Plaintiffs seek to amend their disclosures to add Yaniv Schiff, a representative from Consilio, Plaintiffs' e-discovery services provider, as having knowledge regarding the June 2023 forensic imaging of Cisneros's phone and the data retrieved from it. Schiff's testimony is important because it would be helpful to a jury in understanding that specific relevant text messages were missing from Cisneros's phone when it was forensically imaged, and that data was not deleted from the phone when it was forensically imaged. Plaintiffs state that they did not disclose Schiff as a witness earlier because the need for his testimony only became apparent after the January 31, 2024, hearing on Plaintiffs' motions for sanctions, at which Cisneros for the first time suggested that Consilio may have deleted the missing text messages. (*See* Mot., Dkt. 350, at 9; Minute Entry, Dkt. 318). The Court finds Schiff's testimony to be important to Plaintiffs' case and Plaintiffs' explanation to be a sufficient reason for Plaintiffs' late disclosure.

As for prejudice, Defendants suggest that Schiff should have been disclosed as an expert witness and therefore they are prejudiced because Schiff never filed an expert report and accordingly Defendants never had the opportunity to provide a rebuttal forensic expert. (Cisneros & Park Resp., Dkt. 361, at 3–7). However, Schiff will not be providing expert testimony. "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Ebron*, 683 F.3d 105, 136–37 (5th Cir. 2012) (cleaned up). Schiff is testifying as to what he personally viewed when he examined Cisneros's phone and to his understanding of Cellebrite's data extraction process, which he is familiar with as someone who routinely contracts with Cellebrite to extract data from phones. These are both observations based on personal perception and on-the-job experience, and as such fall into the category of lay testimony. While Schiff has technical knowledge and has otherwise relied upon that

4

knowledge to support other filings in this case, (*see* Dkt. 277-13), in this instance, he would be giving lay testimony outside that technical expertise. *See United States v. Breland*, 366 F. App'x 548, 552 (5th Cir. 2010) ("Rule 701 'does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*.'") (quoting Rule 701 Committee Note (2000)).

Because Schiff will be providing lay testimony, the late disclosure of his testimony provides minimal prejudice to Defendants. The late disclosure of Schiff as a fact witness cannot prejudice any defendant aside from Cisneros given that Schiff's testimony only pertains to Cisneros. Even as to Cisneros, the prejudice is only minimal because he has known about Consilio's efforts to review his phone since November 2022 when he consented to Consilio forensically imaging his phone and mailed it to Consilio. (Reply, Dkt. 371, at 3–4). This minimal prejudice can be ameliorated by giving Cisneros an opportunity to seek discovery from Schiff before the current trial setting in June. Accordingly, the late disclosure of Schiff as a fact witness is harmless, and Plaintiffs can include him as a fact witness.

### B. Todd Price and John Polizzi

Plaintiffs seek to amend their disclosures to add Todd Price, the chief technology officer and co-founder of Page Vault. Page Vault was hired by both Plaintiffs and a disclosed third-party witness, Susan Allison, to create captures of social media posts and comments related to this lawsuit. Plaintiffs state that although Allison and former-Defendants Hannah Ceh and Kyle Kruger can testify to the accuracy of most of the Page Vault materials, additional testimony may be needed to explain the technical download process Page Vault used in capturing these documents and the metadata collected in those captures as proof of their authenticity. (Mot., Dkt. 350, at 4).

Plaintiffs also seek to add John Polizzi as a fact witness as a representative from Gryphon Strategies. Gryphon Strategies is similarly a third-party vendor retained by Plaintiffs and directed by Plaintiffs' counsel to download and archive publicly available materials related to this litigation.

Gryphon Strategies has captured over a thousand social media posts, comments, and videos. Plaintiffs state that they may need Polizzi to testify to the authenticity of the posts Gryphon has captured if Defendants or third-party witnesses cannot or will not authenticate the documents themselves. (*Id.* at 4–5).

The Court finds that the testimony of both Price and Polizzi is important to Plaintiffs' case. Without Price and Polizzi, Plaintiffs would need to rely upon Defendants or third-party witnesses to authenticate the Page Vault and Gryphon documents. Given that Plaintiffs have had difficulty gathering discovery from Defendants in this case and Defendants have been reluctant in some settings to authenticate similar documents, (*see* Reply, Dkt. 371, at 9 n.10), it is reasonable for Plaintiffs to seek to authenticate these documents with their own witnesses. Plaintiffs state that they did not disclose these witnesses until now because Plaintiffs only recently realized that they may have to rely on documents at trial that were not produced or authenticated by the parties or third-party witnesses. (Mot., Dkt. 350, at 9–10). The Court finds this to be a sufficient explanation for the late disclosure.

The Court also finds that there would be minimal prejudice to allowing the late disclosure of these witnesses. Defendants have had notice about Page Vault since at least January 2023, when documents from Allison were first produced to Defendants. In addition, in all depositions of Defendants, and in many other depositions of third-party witnesses, Plaintiffs used documents identified by a cover page with Page Vault's name on it. (*Id.* at 7). Similarly, Defendants had notice about Gryphon Strategies since at least November 8, 2023, when Plaintiffs listed Gryphon as the custodian for documents they produced. (*Id.*). Further, these witnesses are needed for a limited purpose only. They will authenticate documents and data that Plaintiffs have already provided to Defendants or are still in Defendants' possession or control. The Court finds no significant

prejudice in allowing Plaintiffs to provide extra authentication for documents that are either in Defendants' possession or, in some cases, remain publicly accessible.

Defendants do not raise specific concerns about the addition of either witness but allege a general prejudice based on not having an opportunity to depose them. (*See* Cisneros & Park Resp., Dkt. 361, at 5). Again, this minimal prejudice can be cured by allowing Defendants an opportunity to seek discovery from Price and Polizzi as to the nature of their testimony. Therefore, the late disclosure of Price and Polizzi is harmless, and Plaintiffs may amend their disclosures to add them as fact witnesses.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that the Plaintiff's motion for leave to serve amended disclosures, (Dkt. 350), is **GRANTED**.

**IT IS FURTHER ORDERED** that the scheduling order in this case is amended to allow the parties to seek discovery from Yaniv Schiff, Todd Price, and John Polizzi. Discovery shall be completed on or before **May 20, 2024**.

**SIGNED** on March 22, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE