IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-565-RP |
| ELIAZAR CISNEROS, et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Plaintiffs' motions for Rule 37 discovery sanctions against Defendant Eliazar Cisneros ("Cisneros"), (Dkt. 267), and Defendant Joeylynn Mesaros, (Dkt. 271). (R. & R., Dkt. 377). Judge Lane issued his report and recommendation on March 21, 2024, (*id.*), after holding a hearing on the motions on January 31, 2024, (Minute Entry, Dkt. 318). Joeylynn Mesaros filed objections to the report and recommendation on April 18, 2024, (Objs., Dkt. 388), after being granted a brief extension of time to file her objections, (*see* Dkt. 384; Text Order dated April 5, 2024). Cisneros has not filed objections to the report and recommendations nor a motion for extension of time to do so.

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court can review the magistrate judge's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because Joeylynn Mesaros timely objected to the report and recommendation, the Court reviews the portion of the report and recommendation pertaining to her *de novo*. As Cisneros has not timely filed objections, the Court reviews the portion of the report and recommendations pertaining to him for clear error. Having done those reviews and for the reasons given in the report and recommendation, the Court overrules Joeylynn Mesaros's objections and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 377), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for Rule 37 discovery sanctions against Cisneros, (Dkt. 267), and Plaintiffs' motion for Rule 37 discovery sanctions against Joeylynn Mesaros, (Dkt. 271), are **GRANTED**.

**IT IS FINALLY ORDERED** that, in accordance with Rule 37(e)(2)(B), the Court will provide the following instructions to the jury, should this case proceed to a jury trial:

1. The Court will instruct the jury that Eliazar Cisneros intentionally deleted text messages relevant to Plaintiffs' claims in this litigation with Jason Peña, Edward Niño, and others from the days leading up to October 30, 2020 and on October 30, 2020, and that the jury may presume that Eliazar Cisneros deleted those text messages because they were unfavorable to his case and would have been used by Plaintiffs to establish his liability.

2. The Court will instruct the jury that Joeylynn Mesaros intentionally deleted social media content relevant to Plaintiffs' claims in this litigation and instructed her husband Robert Mesaros to do the same, and that the jury may presume that Joeylynn Mesaros deleted this social media content because it was unfavorable to her case and would have been used by Plaintiffs to establish her liability.

3. The Court will instruct the jury that Joeylynn Mesaros intentionally failed to preserve her text messages from key time periods including shortly before, during, and after October 30, 2020, and that the jury may presume that Joeylynn Mesaros failed to preserve these text messages because they were unfavorable to her case and would have been used by Plaintiffs to establish her liability.

4.     The Court will instruct the jury that Joeylynn Mesaros intentionally failed to preserve other phone data from key time periods including shortly before, during, and after October 30, 2020, and that the jury may presume that Joeylynn Mesaros failed to preserve this phone data because it was unfavorable to her case and would have been used by Plaintiffs to establish her liability.

**SIGNED** on April 22, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE