IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:21-CV-565-RP |
| | § | |
| ELIAZAR CISNEROS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Dolores Park's ("Park") motion to compel discovery, or motion for leave to allow discovery. (Dkt. 406). The United States filed a response in opposition. (Dkt. 407). Having considered the parties' briefs, the record, and the relevant law, the Court will deny Park's motion.

## I. BACKGROUND

Discovery closed in this case on December 12, 2023. (Am. Scheduling Order, Dkt. 254). Motions for summary judgment are pending before this Court. (*See* Dkts. 325, 326, 328). And trial is set to begin on September 9, 2024. (Dkt. 405).

On February 20, 2024, Plaintiffs filed a motion for leave to amend their disclosures to add three fact witnesses: Yaniv Schiff, Todd Price, and John Polizzi. (Mot. Leave, Dkt. 350). On March 22, 2024, the Court granted Plaintiff's motion for leave to serve amended disclosures. (Order, Dkt. 378). To cure the minimal prejudice that Defendants would face by allowing the amended disclosures, the Court also amended the scheduling order to allow the parties to seek discovery from Schiff, Price, and Polizzi. (*Id.* at 7). The Court ordered that any discovery from these parties be completed on or before May 20, 2024. (*Id.*).

On April 5, 2024, the United States filed a notice of intervention in this case. (Dkt. 385). The United States informed the Court that, pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1) and 28 U.S.C. § 2403(a), it was intervening in this case for "the limited purpose of defending the constitutionality of the 'support or advocacy' clause of 42 U.S.C. § 1985(3) and stating the views of the United States on the proper interpretation of the statute." (Not. Intervention, Dkt. 385, at 1). Concurrent with the notice of intervention, the United States also filed a memorandum of law regarding its position on the constitutionality and interpretation of § 1985(3). (Dkt. 386).

On April 17, 2024, Park served on the United States a Request for Interrogatories and a Request for Production of Documents. (Mot. Compel, Dkt. 406, at 1). The discovery requests include 7 interrogatories and 42 requests for production. (Park's Req. for Interrogs., Dkt. 406-1; Park's Req. for Prod. of Documents, Dkt. 406-2). They are expansive in scope, ranging from discovery requests about the incident at issue in this case to requests for documents and communications between the United States and the following parties: the FBI, the Biden-Harris Presidential Campaigns in 2020 and 2024, President Biden's Presidential Inaugural Committee, and various cities in Texas. (*See id.*). On April 25, 2024, the United States sent Park a letter stating that the United States did not intend to respond to the discovery requests because discovery had closed in this case and even if discovery were open, the United States's limited intervention in the case did not render it a party subject to discovery. (*Id.* at 2; *see also* Letter, Dkt. 406-3).

On May 20, 2024, Park filed the instant motion to compel discovery, or motion for leave to allow discovery. (Dkt. 406). She argues that the United States's responses to her discovery requests were due as of May 20 under the Court's March 22 order because that order re-opened discovery. (*Id.* at 7). Park contends that the United States's "limited intervention" in the case does not mean that it is immune to discovery obligations, and therefore the Court should compel it to answer her discovery requests. (*See id.* at 5–7). Alternatively, she argues that if the Court deems that discovery

was closed, then there is good cause for the Court to modify the scheduling order to re-open discovery as to the United States because it intervened after the close of discovery. (*Id.* at 7–9). The United States filed a response in opposition, arguing that discovery was closed in this case and that it is not subject to discovery in this action due to the limited nature of its intervention. (Resp., Dkt. 407).

## II. LEGAL STANDARDS

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. Fed. R. Civ. P. 37(a). If the motion is filed and granted, the Court must order the resisting party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander,*

*Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

Additionally, a scheduling order may be modified only for good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

### III. DISCUSSION

The Court finds that Park's motion to compel discovery should be denied for a few reasons. First, discovery has been closed in this case since December 12, 2023. (Am. Scheduling Order, Dkt. 254). The Court's March 22 order only re-opened discovery for the limited purpose of allowing the parties to seek discovery from the three newly disclosed fact witnesses that were the subject of Plaintiffs' motion for leave to file amended disclosures. Park's argument that the order re-opened discovery for broader purposes ignores the clear language of the Court's order.

Second, the Court does not find good cause to modify the scheduling order to allow Park to seek discovery against the United States. Park has not adequately explained why the requested discovery is relevant to her case and how she would be prejudiced if the Court did not allow her to seek this discovery. In explaining the second factor of the good cause analysis—the importance of the proposed modification—Park simply states, "Considering the broad scope of discovery allowed

4

under the federal rules, it would be hard to conclude that none of Ms. Park's discovery requests are relevant or reasonably likely to lead to relevant evidence." (Mot. Compel, Dkt. 406, at 9). As for the third factor—potential prejudice—Park only explains that "Ms. Park would be greatly prejudiced by not being allowed to pursue discovery from an intervening party." (*Id.*). However, Park has the burden to explain why her discovery requests are relevant, and nowhere in her motion does she explain why her expansive discovery requests are relevant to her case.

Park's silence on the relevance of her discovery requests is particularly important because there is no indication that the United States would have evidence relevant to this case. The United States has intervened solely to offer its views on the legal interpretation of § 1985(3). In its memorandum of law, the United States explains that it "takes no position on the original parties' factual disputes or whether the factual record in the case substantiates the plaintiffs' claims." (Mem. of Law, Dkt. 386, at 3). The United States has also told Park's counsel that it "did not collect or review evidence, interview parties or witnesses, or otherwise conduct any factual investigation in connection with its intervention in this case." (Letter, Dkt. 406-3, at 2). Park argues that the United States has taken a position on the facts in this case because its memorandum of law cites to Plaintiffs' amended complaint. (Mot. Compel, Dkt. 406, at 6). However, the memorandum of law simply recounts what Plaintiffs have alleged in this case and what causes of action they have brought. (*See* Mem. of Law, Dkt. 386, at 3). The memorandum specifically states that Defendants dispute Plaintiffs' account of the events. (*Id.*). The memorandum does not demonstrate that the United States has an opinion on the factual allegations in this case, and the United States has represented that it did not conduct a factual investigation when it decided to intervene in the case. Accordingly, the Court finds that Park has not demonstrated the importance of her proposed discovery requests and thus has not proven good cause for the modification of the scheduling order.

Last, the United States is not subject to discovery due to the limited nature of its status as an intervening party. 28 U.S.C. § 2403(a) affords the United States an unconditional statutory right to intervene "[i]n any action . . . wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question." In such instances the statute mandates that the court:

> . . . shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(a). This statute does not, however, transform the United States into a party for all purposes and impose on the United States the same obligations as any other party in a case. In interpreting the statute in cases where a state intervened to defend the constitutionality of a state statute, the Supreme Court and the Fifth Circuit have found that states intervening under § 2403(b) are not subject to liability on the same terms as other parties. *See Tennessee v. Garner*, 471 U.S. 1, 22 (1985); *see also Nash v. Chandler*, 848 F.2d 567, 573–74 (5th Cir. 1988) (finding that the state of Texas was not subject to liability and thus could not be held liable for attorney's fees due to its intervention); *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 70 n.25 (1997) ("[Section 2403(b)] does not subject an intervenor to liability for damages available against a party defendant."). By the same logic, the Court finds that the United States' intervention under § 2403(a) does not subject it to the same discovery obligations that the Federal Rules of Civil Procedure impose on other parties.

Park's attempts to argue otherwise lack merit. Park does not identify any case holding that intervention under § 2403(a) makes the United States subject to discovery.[1] Instead, Park cites the

---

[1] Park cites *La Union del Pueblo Entero v. Abbott*, No. SA-21-CV-00844-XR, 2022 WL 17574079 (W.D. Tex. Dec. 9, 2022), and an opinion by Chief Justice Roberts concurring in the judgment in part and dissenting in part in *South Carolina v. North Carolina*, 558 U.S. 256 (2010), for the proposition that Rule 26 is an "applicable provision of law" under § 2403(a) that governs all parties in litigation, including intervenors. (Mot. Compel,

portion of § 2403(a) that provides that the United States "shall be subject to the applicable provisions of law" for the proposition that the United States must adhere to the Federal Rules of Civil Procedure that govern discovery. (Mot. Compel, Dkt. 406, at 5–6). However, looking to the full statutory text, § 2403(a) specifies the rights and liabilities the United States will enjoy—"all the rights of a party" and potential liability for costs. The phrase "subject to the applicable provisions of law" does not alter those rights and liabilities; it only describes the manner in which they will be afforded to the United States. In other words, the statute limits the liability of the United States as to the issue of court costs but does not impose all the other obligations and liabilities that come along with being a party in a case. Even the phrases "all the rights of a party" and "all liabilities of a party as to court costs" are only imposed on the United States "to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." In a case like this, where the United States has only intervened as to the legal interpretation of a federal statute and has taken no position as to the facts of the case, factual discovery would not be necessary to the United States's intervention or other parties' responses to its intervention. Accordingly, the Court finds that the statute does not support Park's position that the United States is subject to the same discovery obligations as other parties.

## IV. CONCLUSION

The Court will not compel the United States to respond to Park's discovery requests. Discovery was closed when Park served her requests. And Park has not demonstrated good cause for the Court to modify the scheduling order and re-open discovery at this late stage of the litigation, especially given the limited nature of the United States' intervention in this case.

---

Dkt. 406, at 3). However, neither of these cases involved intervention under § 2403. *La Union* involved intervention by private parties in a suit brought against state official defendants. *See La Union del Pueblo Entero*, 2022 WL 17574079, at *1. And the Chief Justice's opinion in *South Carolina* dealt with private parties seeking to intervene in a dispute between two States under the original jurisdiction of the Supreme Court. *See South Carolina*, 558 U.S. at 287–88 (opinion of Roberts, C.J.).

For these reasons, Park's motion to compel discovery, or motion for leave to allow

discovery, (Dkt. 406), is **DENIED**.

**SIGNED** on May 29, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE