UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>                      Plaintiffs,<br><br>   v.<br><br>ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK,<br><br>                      Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

**PLAINTIFF ERIC CERVINI'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

Plaintiff Eric Cervini respectfully requests, pursuant to Federal Rule of Civil Procedure 41(a)(2), that the Court dismiss his claims with prejudice. The other plaintiffs in this case, Wendy Davis, David Gins, and Timothy Holloway (together, "Plaintiffs") are unopposed to Dr. Cervini's dismissal. Defendant Dolores Park is likewise unopposed and would have stipulated to Dr. Cervini's dismissal if all parties had agreed. Defendants Eliazar Cisneros, Randi Ceh, Steve Ceh, Joeylynn Mesaros, and Robert Mesaros have refused to stipulate to Dr. Cervini's dismissal from this case and are opposed to this motion.

**BACKGROUND**

This case arises from an incident of political violence by supporters of President Donald Trump against Plaintiffs, including Dr. Cervini, for their support and advocacy for the election of President Joseph Biden in the days preceding the 2020 presidential election. Following that

incident, on June 24, 2021, Dr. Cervini and Plaintiffs brought this suit to vindicate their rights and to hold Defendants accountable for violating 42 U.S.C. § 1985(3) and Texas state law.[1]



He therefore respectfully requests that this Court grant this motion and dismiss his claims with prejudice for the reasons set out below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[3] "The district Court has discretion to grant a Rule 41(a)(2) motion to dismiss." *Rex Real Estate I, LP v. Rex Real Estate Exch. Inc.*, 2023 WL 7783097, at *2 (W.D. Tex. Nov. 15, 2023) (citing *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). "[A]s a general rule, 'motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice[.]'" *Id.* (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)); *see*

---

[1] Plaintiffs incorporate by reference the factual background set forth in prior briefing, *e.g.*, Dkt. 364 at 1–5 (Pls.' response opposing Defs.' motion for summary judgment).

[3] Voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) is inapplicable as the parties have briefed summary judgment and the Defendants will not stipulate to Dr. Cervini's dismissal.

- 3 -

*also Penrick R&C, LP v. City of Fredericksburg*, 2020 WL 7973914, at *3 (W.D. Tex. Apr. 6, 2020) (quoting same).

If, however, "the district court concludes that granting the motion unconditionally will cause plain legal prejudice" to the non-moving parties, "it can craft conditions that will cure the prejudice." *Elbaor*, 279 F.3d at 317–18. One way to cure any "plain legal prejudice," in its entirety, is to dismiss the moving party's claims with prejudice to refiling. *See, e.g.*, *Cluck v. MetroCare Servs.-Austin, LP*, 2017 WL 8811604, at *1–2 (W.D. Tex. Oct. 19, 2017); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010); *cf. Elbaor*, 279 F.3d at 320 (district court may condition dismissal on condition that it be with prejudice).

## ARGUMENT

As stated above, Dr. Cervini wishes to dismiss his claims and end his participation in this lawsuit ███████████████████████████████████████

███████████████████████████████████████

██████████

███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

█████████████████████████████████████

███████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████
          ████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████████ He therefore respectfully requests that his claims be dismissed pursuant to Rule 41(a)(2).

The dismissal of Dr. Cervini's claims will not cause Defendants to suffer any plain legal prejudice. "In assessing whether dismissal will cause the non-moving party plain legal prejudice, the Fifth Circuit has considered various factors, including whether: (1) the plaintiff seeks dismissal to avoid an adverse ruling; (2) the plaintiff excessively delayed or lacked diligence in prosecuting the action; (3) the plaintiff inadequately explains the need for dismissal; or (4) the parties have expended significant resources preparing for trial or moving for summary judgment." *Rex Real Estate*, 2023 WL 7783097, at *2. Each of these factors works against Defendants.

First, Dr. Cervini is not seeking dismissal to avoid an adverse ruling. Plaintiffs have overcome Defendants' repeated motions to dismiss, Dkts. 64, 204, and to seek interlocutory

review, Dkts. 100, 258, as well as Defendants' repeated mandamus petitions to the Fifth Circuit, Dkts. 209, 221, 285, 290. Plaintiffs have additionally prevailed in a motion to compel, Dkt. 136, and to sanction Defendants for their improper conduct, Dkt. 377. As this Court has acknowledged, "[w]here 'the most recent disposition ha[s] been in the [moving party's favor],' it is "unlikely that the [moving party] filed [its] motion for dismissal out of fear of an adverse result.'" *Rex Real Estate*, 2023 WL 7783097, at *2 (citing *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2018)). Dr. Cervini therefore is not seeking dismissal to evade such a ruling himself. Moreover, the other Plaintiffs, whose claims are identical to Dr. Cervini's, will remain in the case.

Second, Dr. Cervini has not delayed or lacked diligence in prosecuting this action. Each delay that has arisen in this case is the result of the Defendants' actions, not Plaintiffs. *See* Dkts. 146–148, 154, 229, 230. Third, as set out above, Dr. Cervini has provided an adequate explanation as to why he wishes to have his claims dismissed. *See supra* at 3–4. Fourth and finally, Dr. Cervini's participation in this case has not caused Defendants to expend significant resources that they would not otherwise have expended because his claims are not unique. Because all of the Plaintiffs' claims are identical, nearly all of the money and time expended litigating thus far would have been spent even if Dr. Cervini had never been a plaintiff.

Each of the above factors counsels against a finding of plain legal prejudice to Defendants. Nevertheless, in an abundance of caution, Dr. Cervini requests that the dismissal of his claims be with prejudice to refiling. This ensures that any possible plain legal prejudice is cured. *See Cluck*, 2017 WL 8811604, at *1–2.[4]

---

[4] For reasons similar to those set out in this motion, Dr. Cervini's voluntary dismissal here does not entitle Defendants to prevailing party status under 42 U.S.C. § 1988 for purposes of awarding attorney's fees. *See Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001) (holding that prior to award

## CONCLUSION

For the foregoing reasons, this Court should grant Dr. Cervini's motion to dismiss his claims with prejudice and permit him to withdraw as a plaintiff to this lawsuit.

DATE: July 11, 2024

Respectfully submitted,

*/s/ John Paredes*

**TEXAS CIVIL RIGHTS PROJECT**
Christina M. Beeler (TX Bar No. 24096124)
Sarah Xiyi Chen (CA Bar No. 325327) (*pro hac vice*)
Veronikah Rhea Warms (TX Bar No. 24132682) (*pro hac vice*)
Travis Fife (TX Bar No. 24126956)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
christinab@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org
travis@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org

---

of attorney's fees under Section 1988, defendant must show that plaintiff voluntarily dismissed case "to avoid a disfavorable judgment on the merits" and that the plaintiff's suit was "frivolous, groundless, or without merit").

orion.danjuma@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922) (*pro hac vice*)
Cerin Lindgrensavage (DC Bar No. 1741602) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Anne Harden Tindall (DC Bar No. 494607) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
cameron.kistler@protectdemocracy.org
cerin.lindgrensavage@protectdemocracy.org
joanna.suriani@protectdemocracy.org
anne.tindall@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No.

1023549) (*pro hac vice*)
Jamielah Yancey (DC Bar No. 1619055) (*pro hac vice*)
Rebecca Heath (DC Bar No. 1644402) (*pro hac vice*)
Amy R. Orlov (DC Bar No. 1780213) (*pro hac vice*)
Noah Mussmon (DC Bar No. 90006660) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jyancey@willkie.com
rheath@willkie.com
aorlov@willkie.com
nmussmon@willkie.com

Aaron E. Nathan (NY Bar No. 5478227) (*pro hac vice*)
Madeleine Tayer (NY Bar No. 5683545) (*pro hac vice*)
Christina Adele Peck (NY Bar No. 5923545) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: anathan@willkie.com
mtayer@willkie.com
cpeck@willkie.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 3, 2024, counsel for Plaintiffs communicated via email with counsel for Defendants as well as Defendants Steve Ceh and Randi Ceh to ask whether they consented to Dr. Cervini's withdrawal as a plaintiff and would stipulate to his dismissal or, in the alternative, whether they opposed Dr. Cervini's motion to dismiss. That same day, Defendant Dolores Park explained that she consented to Dr. Cervini's dismissal and would stipulate if all parties agreed. Defendants Cisneros, Randi Ceh, Steve Ceh, Joeylynn Mesaros and Robert Mesaros notified Plaintiffs that they opposed Dr. Cervini's withdrawal and as well as the instant motion.

DATED:  July 11, 2024                                Respectfully submitted,

*/s/ John Paredes*

John Paredes (NY Bar No. 5225412) (*pro hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing has been served on all counsel of record and Steve and Randi Ceh via email, in compliance with the Federal Rules of Civil Procedure and as agreed by the parties.

DATED: July 11, 2024                                                                 Respectfully submitted,

/s/ John Paredes

John Paredes (NY Bar No. 5225412) (*pro hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org