UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, et al. | § | |
| | § | |
| Plaintiffs, | § | Civil Action |
| v. | § | |
| | § | No. 1:21-CV-565-RP |
| ELIAZAR CISNEROS, et al., | § | |
| | § | |
| Defendants. | § | |

**MESAROS DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

## Introduction

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

### **Calling Witnesses**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### **Objections and Rulings of the Court**

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other

side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against an attorney or the attorney's client because that attorney has made an objection. If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. Any objection that I did not expressly sustain is deemed overruled. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence. If I sustained an objection to a question or to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

## **Witness Testimony**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that, at some other time, the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether

3

that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field-he is called an expert witness-is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Finally, certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers were shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

## Consideration of the Evidence

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony, exhibits, stipulated facts, and

judicially noticed facts as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## Burden of Proof: Preponderance of the Evidence

Each Plaintiff has the burden of proving his or her individual case by a preponderance of the evidence.

To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that a Plaintiff has failed to prove any element of a claim by a preponderance of the evidence, then he or she may not recover on that claim.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## ELEMENTS OF PLAINTIFF'S CLAIMS

### I.     42 U.S.C. Section 1985(3) – Ku Klux Klan Act Claim

Plaintiffs allege that the Defendants conspired to prevent them, by "force, intimidation, or threat," from providing their "support or advocacy" for certain political candidates of their choice.  To prevail on such an alleged civil rights conspiracy under 42 U.S.C. § 1985(3), the Plaintiffs must prove by a preponderance of the evidence each of the following elements:[1]

1)     a conspiracy between two or more persons;

---

[1] 42 U.S.C. § 1985(3); *Gray v. Town of Darien*, 927 F.2d 69, 73 (2d Cir.) (citing *United Brotherhood of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) ("*Carpenters*"); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)), *cert. denied*, 502 U.S. 856 (1991); *Holt v. Wal-Mart Store, Inc.*, 2022 U.S. Dist. LEXIS 13237 (W.D. Tex. 2022); *Newberry v. East Tex. State Univ.*, 161 F.3d 276, n.2 (5th Cir. 1998); *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (internal quotation marks and citation omitted); *McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919, 928-29 (5th Cir. 1977); *Almon v. Sandlin*, 603 F.2d 503, 506 (5th Cir. 1979).

      2)      doing or causing to be done an act in furtherance of the object of the conspiracy

      3)      for the purpose of preventing by force, intimidation, or threat;

      4)      any citizen who is lawfully entitled to vote;

      5)      from giving his or her support or advocacy

      6)      in a legal manner

      7)      toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States;

      8)      whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Additionally, the conspiracy must be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.

Moreover, Plaintiffs must prove that one or more state or local officials, acting under color of law, were part of the conspiracy.[2]

## **Conspiracy**

To hold any particular Defendant liable for a "conspiracy," the Plaintiffs must prove by a preponderance of the evidence that such Defendant conspired with one or more other persons with the <u>specific</u>, <u>subjective</u> intent to prevent the Plaintiffs from offering "support or advocacy" for the presidential and/or congressional candidate(s)

---

[2] *See Carpenters.*

of their choice.³ In other words, it is not enough for Plaintiffs to show that a Defendant agreed with other persons to drive out onto the roadway in the vicinity of the Biden-Harris Campaign bus in order to express support for President Trump or otherwise protest the Biden-Harris Campaign. Defendants had the constitutional right to drive their vehicles displaying political messaging on public roadways just as the Biden bus itself was doing. Instead, Plaintiffs must show, by a preponderance of the evidence, that the particular Defendant agreed to prevent Plaintiffs' support or advocacy by "force, intimidation, or threat" (words which will be separately defined below). Intentional acts are not merely negligent, or reckless. Negligent deprivation of another's liberty interests does not give rise to a claim under the Ku Klux Klan Act. Plaintiffs must prove that a particular Defendant's actions on the date in question were motivated by an intent to deprive the Plaintiffs of their rights.⁴

**Preventing by Force, Intimidation, or Threat**

---

³ *Doe v. Mckesson*, 71 F.4th 278, 290 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 913 (2024) ("It is clear that "mere association" with a group whose member commits some unlawful act "is an insufficient predicate on which to impose liability." *Claiborne*, 458 U.S. at 924–25, 102 S.Ct. 3409. "For liability to be imposed by reason of association alone, it is necessary to establish that the group itself possessed unlawful goals and that the individual held a specific intent to further those illegal aims." *Id.* at 920, 102 S.Ct. 3409."); *id.* at 297 ("[F]or an associate, P must show that the D 'held a specific intent to further' the organization's 'illegal aims.'").

⁴ Even where speech would constitute proscribable "force, intimidation, or threat," it is not punishable, civilly or criminally, without proof of scienter—awareness that the speech was out of bounds—just as in the context of defamation where actual malice is required, and in the context of true threats, incitement, and obscenity. *See Counterman v. Colorado*, 600 US 66, 76 (2023).

"Force, intimidation, or threat," for purposes of a Ku Klux Klan Act claim, means using actual physical force or expressing by word or action an intent to place the Plaintiffs in fear of bodily harm or death.[5]

## Causation

A Defendant deprives another of a constitutional right, if the Plaintiffs prove by the preponderance of the evidence that the Defendant does an affirmative act or knowingly participates in another's affirmative act which the Defendant knows will inflict a constitutional harm. A Defendant cannot cause a constitutional injury by acting negligently or recklessly. The Plaintiffs must prove causation, and that the Defendants' acts were a proximate cause of any constitutional injury. When making a causation determination, you must take a very individualized approach.[6]

## II.   Civil Conspiracy Under Texas Law

To prove a civil conspiracy,[7] the Plaintiffs must prove by a preponderance of the evidence: (1) two or more persons, (2) an object to be accomplished; (3) a meeting

---

[5] "Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group … with the intent of placing the victim in fear of bodily harm or death." *Counterman*, 600 U.S. at 91 (Sotomayor, J., statement concerning denial of cert.) (quoting *Black*).

[6] *Mckesson*, 71 F.4th at 292; *Wong v. United States*, 373 F.3d 952, 966 (9th Cir. 2004); *Gilbrook v. City of Westminster*, 177 F.3d 839, 854 (9th Cir. 1999); *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997); *Bateson v. Geisse*, 857 F.2d 1300, 1304 (9th Cir. 1988); *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987); *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

[7] *Agar Corp, Inc. v. Electro Circuits, Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019); *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005); Tex. P.J.I. 109.1; *see also Tilton v. Marshall*, 925 S.W.2d, 681 (Tex. 1996). *Malone v. Harden*, 668 S.W.3d 39, 42 (2022); *Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663 (E.D. La. 2009); *Firestone Steel Prods. Co. v. Barajas,* 927

9

of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. A civil conspiracy requires a meeting of the minds on the object to be accomplished through a certain course of action. A mere allegation of conspiracy without factual specificity is insufficient. The gist of civil conspiracy is the injury that was intended to cause. Proof of a joint intent to engage in the conduct that resulted in the injury is not sufficient to establish civil conspiracy. Plaintiffs must prove that the Defendants knew of or were aware of the harm or the wrongful conduct at the beginning of the combination or agreement; parties cannot agree, expressly or tacitly, to commit a wrong about which they lacked knowledge. To be part of a conspiracy, each Defendant, with and another person or persons, must have had knowledge of, agreed to, and intended a common objective and that course of action that resulted in the damages to the Plaintiffs, under the same limitations and individualized, specific intent requirements explained above.

### III. Civil Assault Under Texas Law

Plaintiffs allege that each of the Defendants are liable for assault under Texas law. A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens another with imminent bodily injury.[8]

---

S.W.2d 608, 614 (Tex.1996); *Greenberg Traurig of New York, P.C. v. Moody*, 161 S.W.3d 56, 82 (Tex. App. 2004).

[8] Texas Pattern Jury Charge 6.6 (modified to delete subpart (3), regarding assault with physical contact, because no physical contact is alleged here).

**[Plaintiffs must meet a heightened standard of intent consistent with the First Amendment, as described above.]**

## Aiding and Abetting an Assault

Plaintiffs also allege that Defendants aided and abetted an assault. In order to prove this cause of action, Plaintiffs are required to prove by the preponderance of the evidence that:

1) The existence of the underlying tort (that Plaintiffs have proven their claim for civil assault under Texas state law);

2) The Defendant, with unlawful intent, gave substantial assistance or encouragement to a wrongdoer in a tortious act.

**Authority**

*Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); RESTATEMENT (SECOND) OF TORTS § 876(b); *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001); *Richardson v. Potter's House of Dallas, Inc.*, No. 05-16-00646-CV, 2017 WL 745803, at *3 (Tex. App. Feb. 27, 2017).

## Defense- Protected Speech and Association Under the First Amendment

If you find that Plaintiffs have proved each element of any of their claims by a preponderance of the evidence, then you must consider whether Defendants' words and actions were protected free speech and association under the First Amendment (and/or, as to the state-law claims, the Texas constitutional guarantee of free speech). If you find a Defendant has proved by a preponderance of the evidence that his or her

actions were protected speech and association, then you must return a verdict in favor of the Defendant and against Plaintiffs.

The First Amendment protects a person's right to speech, to associate with others, and to assemble for purposes of engaging in political speech. The First Amendment protects speech that some may find to be intimidating or unwelcome. The First Amendment even protects political hyperbole and speech that may be seen as abusive or unpleasant. Such speech can only be unlawful if a Defendant intends violence by their speech or actions. Speech loses its First Amendment protections if the Plaintiffs establish that an individual Defendant held a specific intent to further violence or is proven to have acted with reckless indifference. Each Defendants' intent must be judged to determine whether they specifically intended to intimidate or threaten Plaintiffs in a manner meeting the heightened intimidation/threat requirements of the First Amendment (or, as applicable, Texas speech and associational guarantees).

## Emotional Distress Damages

To recover compensatory damages for mental and emotional distress, Plaintiff must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support his or her claims with competent evidence of the nature, extent, and duration of the

harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

### **Consider Damages Only If Necessary**

If the plaintiff has proven a claim against a defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win the case. It is your task first to decide whether defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that a defendant is liable and that the plaintiff is entitled to recover money from that defendant.

### **Damages – Reasonable – Not Speculative**

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's act or omissions. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

### Multiple Claims

You must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

With respect to punitive damages, you may make separate awards on each claim that plaintiff has established.

### Nominal Damages

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury. If you find from a preponderance of the evidence that Plaintiff sustained a technical violation of his or her rights but that he suffered no actual loss as a result of this violation, then you may award Plaintiff nominal damages.

### Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other

about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever charge your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussion in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff's claims were proved by a preponderance of the evidence.

## Notes

During the trial, I permitted you to take notes and I have noticed that several of you have done so. As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in this trial in light of all the evidence presented. Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with

15

other jurors in determining the contact of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

## **Verdict Form**

I have prepared a verdict form for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict. Your foreperson should sign and date the verdict form.

After the verdict form is completed, your foreperson should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdict.

Mesaros Proposed Jury Instructions