UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | Civil Action |
| v. | § | |
| | § | No. 1:21-CV-565-RP |
| ELIAZAR CISNEROS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MESAROSES' RESPONSE TO CERVINI'S MOTION TO PARTIALLY SEAL MOTION TO WITHDRAW AND MOTION TO WITHDRAW**

As explained below, Defendants Robert and Joeylynn Mesaros are not opposed to Plaintiff Cervini's motion to dismiss his claims with prejudice. The Mesaroses do, however, oppose his motion to seal the motion to dismiss in most respects.

While the Mesaroses initially responded to Plaintiffs' counsel to state their opposition to Cervini's motion to withdraw, having now confirmed that his withdrawal as a party at this juncture will not affect the Mesaroses' ability to seek fees, costs, and other sanctions for filing this frivolous litigation, the Mesaroses are not opposed to Cervini's request that his claims be dismissed with prejudice.

However, there is no merit to Cervini's request to seal the bulk of the information he requests to seal. Indeed, all of the material Cervini seeks to seal that was already in the public domain (some of it created and promoted publicly by Cervini himself) and/or already in possession of Defendants and their counsel is expressly excluded from the reach of the protective order that Plaintiffs themselves drafted. *See Confidentiality and Protective Order* (ECF 82) at section 3.a.i, 3.a.iii

1

("<u>Classified information shall not include</u> information that either … is in the public domain at the time of disclosure, as evidenced by a written document" or "the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure[.]"). Cervini's Exhibits 1, 2, 3, and 5 are all outside the scope of the protective order and cannot be sealed on that basis.[1]

Therefore, Cervini's reliance on the protective order as a supposed basis for sealing this information is unfounded.  Nor did Cervini supply any other argument in favor of sealing such exhibits (or their descriptions in the motion).  While these materials are already (rightly) public (and will remain so), out of respect for the Court, the Mesaroses and their counsel are not describing the specifics here in this response.  Suffice it to say that the subjective characterizations lodged by Cervini—behind the curtain of his redaction pen in the motion (*see* Mtn. for Vol. Dismissal at p. 4)—are disputed.

## CONCLUSION

The Mesaroses do not oppose Cervini's motion to voluntarily dismiss his claims with prejudice.  They do oppose the request to seal Exhibits 1, 2, 3, and 5.

> Respectfully submitted,
>
> /s/ *Jerad Najvar*
> Jerad W. Najvar
> Texas Bar No. 24068079
> jerad@najvarlaw.com
> NAJVAR LAW FIRM, PLLC
> 2180 N. Loop W., Ste. 255

---

[1] The Mesaroses do not object to the sealing of Cervini's Exhibit 4 for purposes of this motion or the references to such exhibit in the motion.  The Mesaroses are indifferent to the status of Exhibit 6.

Houston, TX 77018
281.404.4696 phone
281.582.4138 fax
*Counsel for Mesaros Defendants*

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on July 25, 2024, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF as follows upon all counsel of record.

/s/ *Jerad Najvar*
Jerad Najvar