IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY, § § § | | |
| Plaintiffs, § § | | |
| v. § | 1:21-CV-565-RP | |
| § § | | |
| ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK, § § § § § | | |
| Defendants. § | | |

### ORDER

Before the Court is Plaintiff Eric Cervini's ("Cervini") motion for voluntary dismissal with prejudice, filed on July 11, 2024. (Dkt. 414). In his motion, Cervini requests that the Court dismiss his claims against Defendants with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). (*Id.*). The other plaintiffs in this case are unopposed to Cervini's dismissal and will continue to litigate their own claims against Defendants. (*Id.* at 1, 5).

The motion states that Defendant Dolores Park is unopposed to Cervini's dismissal. (*Id.* at 1). Defendants Joeylynn Mesaros and Robert Mesaros (together, the "Mesaros Defendants") have filed a response in which they indicate they are also unopposed to Cervini's motion to dismiss. (Resp., Dkt. 434, at 1). Defendants Randi Ceh, Steve Ceh, and Eliazar Cisneros indicated their opposition to the motion, (Mot., Dkt. 414, at 1), but, to date, have not filed a response to Cervini's motion. Their response to Cervini's motion to dismiss was due no later than July 25, 2024. *See* W.D. Tex. Loc. R. CV-7(d)(2) (stating that response to non-discovery or case management motions shall be filed no later than 14 days after the filing of the motions). Because their time to respond has now passed, the Court considers these defendants unopposed to the motion to dismiss. *See id.* ("If there

1

is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

Rule 41(a)(2) governs voluntary dismissal in instances where an answer has been filed and the defendants do not agree to dismissal. Fed. R. Civ. Pro. 41(a)(2). The rule states that an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). As the Fifth Circuit has explained, "as a general rule, motions for voluntary dismissal should be freely granted, unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In assessing whether dismissal will cause the non-moving party plain legal prejudice, the Fifth Circuit has considered various factors, including whether: (1) the plaintiff seeks dismissal to avoid an adverse ruling; (2) the plaintiff excessively delayed or lacked diligence in prosecuting the action; (3) the plaintiff inadequately explains the need for dismissal; or (4) the parties have expended significant resources preparing for trial or moving for summary judgment. *See U.S. ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197–98 (5th Cir. 2018)

Here, the Court finds good cause to grant Cervini's motion to dismiss. Defendants are unopposed to the dismissal. Further, Defendants will not be prejudiced by Cervini's dismissal. There is no indication that he is seeking dismissal to avoid an adverse ruling or has excessively delayed in prosecuting this case. In the sealed, unredacted copy of his motion, Cervini has adequately explained his reason for seeking dismissal. Last, because all of Plaintiffs' claims in this case are identical and the other Plaintiffs will be continuing to litigate their claims, Cervini's participation in this case has

not caused Defendants to expend significant resources that they would not otherwise have expended. Accordingly, the Court will grant Cervini's motion to dismiss.

Also before the Court is Cervini's motion to seal in which he requests that an unredacted version of his motion for voluntary dismissal and accompanying exhibits be filed under seal. (Dkt. 413). Cervini asks that his unredacted version of his motion be filed under seal because it sets forth "sensitive personal reasons why he is seeking to withdraw from this case as a plaintiff." (*Id.* at 1). The motion is then supported by exhibits which support Cervini's reasons for dismissal. (*Id.*). Cervini has designated these documents as "Confidential" under the Protective Order in this case, (Dkt. 82), because it is "sensitive information that, if not restricted as set forth in [the Protective Order] . . . may subject [Cervini] to . . . harassment." (Dkt. 413, at 1 (citing Dkt. 82, at 3)).

Only the Mesaros Defendants filed a response in opposition to Cervini's motion to seal. (Dkt. 434). They oppose the sealing of Exhibits 1, 2, 3, and 5 to the motion to dismiss but do not state any opposition to sealing the unredacted motion or Exhibits 4 and 6. (*See id.* at 2). They argue that Exhibits 1, 2, 3, and 5 fall outside the scope of the Protective Order because they are documents that are already in the public domain and in possession of Defendants. (*Id.* at 1–2). They cite language in the Protective Order that prohibits the classification of information that either "is in the public domain at the time of disclosure, as evidenced by a written document" or "the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure." (Dkt. 82, at 2–3).

The Court finds good cause to seal Cervini's unredacted motion and Exhibits 4 and 6 to the motion because no party challenged the sealing of these documents. The Court also finds good cause to seal Exhibits 1, 2, 3, and 5. Even though Exhibits 1, 2, 3, and 5 are in the public domain, Cervini's reaction to those materials and his reasons for withdrawal are not public, and the Protective Order permits a party to designate as classified "information that the party in good faith

3

believes in fact is confidential" including "sensitive information that, if not restricted . . . may subject the producing or disclosing person to . . . harassment." (Dkt. 82, at 3). Based upon the information before the Court in the sealed materials, the Court finds that there is good cause to believe that Cervini could be subject to harassment for the information in the unredacted motion itself. And if the unredacted motion is not filed publicly, it would make little sense to file Exhibits 1, 2, 3, and 5 publicly because the redacted motion does not reference these exhibits. Accordingly, filing these exhibits publicly would simply create undue confusion and speculation as to the content of the unredacted motion to dismiss.

For these reasons, **IT IS ORDERED** that Cervini's motion for voluntary dismissal, (Dkt. 414), is **GRANTED**. Cervini's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Cervini's motion to seal, (Dkt. 413), is **GRANTED**. The Clerk of the Court is **ORDERED** to file the unredacted version of Cervini's motion for voluntary dismissal, (Dkt. 413-1), and accompanying exhibits, (Dkts. 413-2 through 413-7), under seal.

**SIGNED** on August 2, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE