UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI, et al., *Plaintiffs* v. ELIAZAR CISNEROS, et al., *Defendants* | Civil Action No. 1:21-cv-00565-RP  Hon. Robert Pitman |

### ELIAZAR CISNEROS' MOTION IN LIMINE TO EXCLUDE THE ADMISSION OF EXTRANEOUS AND IRRELEVANT EVIDENCE Defendant

Eliazar Cisneros respectfully files this motion in limine to exclude the admission of extraneous and irrelevant evidence. Plaintiffs have indicated an intent to attempt to admit evidence at trial that is irrelevant to the case at hand but merely intended to inflame, embarrass, or prejudice Defendants, including Eliazar Cisneros.

This Court should exclude any such evidence.

I. Facts and Statements in Question

Plaintiffs wish to raise issues at trial and admit alleged evidence to the jury that has no relevance to any element of any cause of action pled in this case. For example, Plaintiffs have indicated that they wish to raise irrelevant allegations or statements regarding Co-Defendants being present in Washington, D.C. on January 6, 2021, questions or statements about Defendants owning guns (regardless of whether it has any connection to the facts or timing in the case and even if such gun ownership is legal), and other irrelevant and extraneous facts. An example of this incendiary testimony can be found in the Transcript to the Motion Hearing conducted

1

on January 21, 2024. Plaintiffs' counsel questioned Eliazar Cisneros regarding taking "collapsible batons and bear mace" to the January 6th Insurrection:

> Q. Question, you were in Washington D.C.? Answer, yes. Question, and prior to going there, do you recall sending a message to someone about where to get collapsible batons and bear mace? Answer, yes, I believe so.
>
> A.     Yes.

(Ex. 1, Trans. of Jan. 31, 2024 Mot. Hearing at 40, lns. 17-22).

Additionally any evidence that in the summer of the year 2020, Defendant Cisneros confronted with a crowd of Black Lives Matter in downtown San Antonio must be excluded and irrelevant and prejudicial to Defendant Eliazar Cisneros as he admitted same in his deposition [ECF 245].

This trial should focus on the relevant evidence that pertains to the elements of the causes of action pled (such as there is any). It should not become a circus for accusation, inuendo, smearing, playing on biases, attempting to embarrass the Defendants, or any other irrelevant statements. The Eliazar Cisneros has a right to a fair trial, and the jury deserves better.

## II.     Applicable Law

### A. The Assertions in Question Should Be Excluded as Irrelevant under Fed. R. Evid. 401 and 402.

2

The "essential prerequisite of admissibility is relevance." *U.S. v. Hall*, 653 F.2d 1002 (5th Cir. 1981). And the touchstone and starting point for any relevance analysis is Fed. R. Evid. 401. That rule states that "Evidence is relevant if:

(a) It has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) The fact is of consequence in determining the action.

Fed. R. Evid. 401. If a fact or piece of evidence is irrelevant, it "is not admissible." Fed. R. Evid. 402.

Federal courts have held that the test to determine whether evidence has any tendency to make the existence of a fact of consequence to the action more probable or less probable, the rule of thumb is to inquire whether a reasonable man might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence. *U.S. v. Brashier*, 548 F.2d 1315 (9th Cir. 1976). Conversely, irrelevant evidence is evidence that does not possess a tendency to make the existence of a fact to be provided more probable or less probable. *U.S. v. Quinto*, 582 F.2d 224 (2d Cir. 1978). In other words, if the fact makes the elements of the cause of action more proven or less proven, it is relevant. If the proffered fact has nothing to do with the elements of the causes of action pled, it is irrelevant. In such case, it should be excluded.

As this Court has stated, "[i]mplicit in that definition" in Rule 401 "are two distinct requirements:

(1) The evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action.

*U.S. v. Hall, supra* at 1005; citing McCormick on Evidence, s. 185 at 434; 1 Weinstein's Evidence, p. 401(03). Facts are only relevant if it is probative of "the

3

elements of the offenses charged and the relevant defenses (if any) raised to defeat [] liability." *U.S. v. Hall*, *supra* at 1005.

Applying this analysis to the instant case, nothing about a Defendant owning a gun (that is not even alleged to have been used on the day in question in accordance with the elements of Plaintiffs' claims). Such evidence then does not help prove any element of the claims raised or defenses proffered in this case.

Nothing about a Defendant being present in Washington, D.C. on January 6, 2021 is relevant at all to whether a conspiracy was formed during an impromptu drive down a Texas freeway—months prior and well before January 6. No length of discussion of bear mace will help Plaintiffs prove the elements of the causes of action they chose to raise. These facts are all irrelevant. And under Fed. R. 402, they must be excluded.

### B. Even if the Assertions in Question were Relevant, They Should be Excluded as Unfairly Prejudicial Under Fed. R. Evid. 403.

Even if—*arguendo*—the assertions were considered relevant, the federal rules of evidence permit the court to "exclude relevant evidence if its probative value is substantially outweighed" by the danger of confusing the issues or misleading the jury. *U.S. v. Rider*, 94 F.4th 445, 456-57 (5th Cir. 2024). This is particularly true when the testimony is attempted to be admitted through an expert witness, because such testimony "presents a risk that the jury may give the testimony undue consideration simply because it came from an expert . . . ." *Id.*

The events in question took place on October 30, 2020. Whether any CoDefendants were subsequently at the Capitol on the date that yet other people were arrested for unlawful acts is not at all probative of the elements of any of Plaintiffs' claims. Instead, such facts are only being raised to attempt to give rise to any bias, preconceived opinions, or emotions any juror may have pertaining to that date. Worse, they will be raised to smear other Co-Defendants who had nothing to do with that date or those facts, being smeared by implication. Such information is unfairly

4

prejudicial. Plaintiffs will attempt to use that information against all Defendants, even those like Dolores Park who were not even in attendance in Washington D.C. on January 6. Thus, the prejudicial effect far outweighs any probative value of the alleged evidence.

This Court should exclude any such discussion or evidence at trial.

### III. If the Court Does Permit Admission of Prejudicial Facts About Other Co-Defendants, Eliazar Cisneros has no objection to Dolores Park's Request for Her Own Separate Trial So That She Is Not Unfairly Prjeudiced.

Eliazar Cisneros further reserves the right to present argue and defend all other Motions in Liminie presented by any other defendant in this matter. They shall have avoided duplications to avoid unnecessary complication to include those Presented by Defendants Mesaros, Park and Ceh.

Respectfully submitted,

Dated: July 29, 2024

FRANCISCO R. CANSECO,

Attorney at Law
119 Jackson Court
San Antonio, Texas 78230

By:/s/Francisco R. Canseco
Francisco R. Canseco
Pro Hac Vice
State Bar No. 03759600
Counsel for Defendant
Eliazar Cisneors

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all registered ECF participants listed for this case.  I sent via email per agreement of the parties a copy of the foregoing to Defendants Steve Ceh and Randi Ceh at the following addresses provided by the parties:

Steve Ceh
Email: steveceh33@gmail.com

Randi Ceh
Email: randiceh716@gmail.com

                                               */s/ Francisco R. Canseco*
                                               Francisco R. Canseco

9

7