UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ERIC CERVINI, et al.,

              *Plaintiffs,*

    v.

DEFENDANTS STEVE AND
RANDI CEH, et al.,

Civil Action No. 1:21-cv-00565-RP

Hon. Robert Pitman

PRE-TRIAL FILINGS
DEFENDANTS STEVE AND RANDI CEH

**I.** **Steve and Randi Ceh's List of Questions He Desires the Court to Ask Prospective Jurors, W.D. Tex. L.R. 16(a)(1):**

**II.** **Steve and Randi Ceh's Statement of the Plaintiffs' Claims and the Defendants' Defenses, W.D. Tex. L.R. 16(a)(2):**

Plaintiffs David Gins, Timothy Holloway, and Wendy Davis ("Plaintiffs") have brought three claims against Defendants, Eliazar Cisneros, Dolores Park, Joeylynn Mesaros, Robert Mesaros, and Defendants Steve and Randi Ceh  ("Defendants") seeking monetary damages.  In Claim I, Plaintiffs allege that Defendants "violated 42 U.S.C. § 1985(3)" also referred to as the Ku Klux Klan Act, "by conspiring with each other and others to knowingly intimidate constitutionally eligible voters by physically assaulting, threatening, and harassing Plaintiffs while driving on I-35." ECF No. 151, Pls' First Amend. Compl. at 59 ¶ 148.  In Claim II, Plaintiffs allege that

the Defendants are liable for Civil Conspiracy under Texas State Law.  In Claim III, Plaintiffs allege that Defendants are liable for Assault under Texas State Law. Defendants deny the allegations.  Defendants assert that they are not liable for damages for Claims I, II, and III because Plaintiffs cannot establish the required elements to their claims or their requested damages.  Defendants also assert that even if the Plaintiffs were to satisfy the elements of their claims, that Defendants' actions constituted protected speech and association under the First Amendment which provides a complete defense from liability.  U.S. const. amend. I.

### III.   **Stipulated Facts, W.D. Tex. L.R. 16(a)(3):**

Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway, and Defendants **Steve and Randi Ceh** jointly stipulate to the following:

|     | Fact |
| --- | --- |
| 1. | In 2020, Eric Cervini was a volunteer for the Biden-Harris Presidential Campaign. |
| 2. | In 2020, Wendy Davis was a candidate for U.S. Congress and a surrogate for the Biden-Harris Presidential Campaign. |
| 3. | In 2020, David Gins was staffer for the Biden-Harris Presidential Campaign. |
| 4. | In 2020, Timothy Holloway was an independent contractor hired to drive the Biden-Harris Presidential Campaign Bus. |
| 5. | Robert Mesaros drove a Ford F-150, Texas license plate # NJX 1701, with Trump flags, American and patriotic flags-on October 30, 2020 on I-35. |
| 6. | On the evening of October 29, 2020, Dolores Park posted a digital flyer to Facebook stating "BRING FLAGS & WEAR YOUR TRUMP GEAR[.]" |

IV.    **Exhibit List, W.D. Tex. L.R. 16(a)(4):**

Pursuant to Rule 26(a)(3)(A)(iii), Defendants Steve and Randi Ceh, identifies the following documents and other exhibits, including summaries of other evidence, that Defendants Steve and Randi Ceh expect to offer at trial and those they may offer if the need arises:

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -1 | Lerma Dep Transcript MalorieLerma_LinkPDF | | | |
| -2 | Lerma Dep Videos: Lerma_M_120523-1of5 Lerma_M_120523-2of5 Lerma_M_120523-3of5 Lerma_M_120523-4of5 Lerma_M_120523-5of5 | | MPG | |
| -3 | Lerma Dep Ex 1 – L. Kirby FB Post Re: M. Lerma Latinos for Trump | | | |
| -4 | Lerma Dep Ex 2 – Oct. 3 MAGA DTI Invite | | | |
| -5 | Lerma Dep Ex 3 – L. Kirby AMPFest FB Post | | | |
| -6 | Lerma Dep Ex 4 – Bexar Co. Patriots Gmail Cal invite | | | |
| -7 | Lerma Dep Ex 5 – Bexar Co. Patriots Oct. 24 Video | | MP4 | |
| -8 | Lerma Dep Ex 6 – ACTT Gmail Cal Invite | | | |
| -9 | Lerma Dep Ex 7 – TT Spreadsheet | | EXCEL FILE | |
| -10 | Lerma Dep Ex 8 – L. Kirby Sept. 20 FB Post | | | |
| -11 | Lerma Dep Ex 9 – Tab 11a video of post Tab 11 showing tags | | MP4 | |
| -12 | Lerma Dep Ex 10 – Tab 10a Video of post Tab 10 showing Tags | | MP4 | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -13 | Lerma Dep Ex 11 – D. Olinick FB post Oct 28  entire post Timestamp | | | |
| -14 | Lerma Dep Ex 12 – D. Park Oct. 29 FB Post re Flyer | | | |
| -15 | Lerma Dep Ex 13 – D. Park IG post re Flyer 1 | | | |
| -16 | Lerma Dep Ex 14 – D Park Oct 29 IG Post re Flyer 2 | | | |
| -17 | Lerma Dep Ex 15 – X Oct 30 2020 Group text messages | | | |
| -18 | Lerma Dep Ex 16 – M. Lerma video 1 | | MP4 | |
| -19 | Lerma Dep Ex 17 – M. Lerma video 2 | | MP4 | |
| -20 | Lerma Dep Ex 18 – L. Kirby Oct 30 FB post re My girls | | | |
| -21 | Lerma Dep Ex 19 – Version post Tab 21 showing tags | | | |
| -22 | Lerma Dep Ex 20 – D. Park Oct 17 FB post | | | |
| -23 | Lerma Dep Ex 21 – J. Mesaros FB messages Jan 13, 2022 E. Nino | | | |
| -24 | Hill Dep Transcript SarahElizabethHill_LinkPDF | | | |
| -25 | Hill Dep Videos: Hill_S-042423-1of4 Hill_S-042423-2of4 Hill_S-042423-3of4 Hill_S-042423-4of4 | | MPG | |
| -26 | Hill Dep Ex 1 – J. Mesaros and S. Hill Facebook Messages No Bates | | | |
| -27 | Hill Dep Ex 2 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action No Bates | | | |
| -28 | Hill Dep Ex 3 – Invitation to Election Integrity Training No Bates | | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -29 | Hill Dep Ex 4 – J. Mesaros Facebook Comments No Bates | | | |
| -30 | Hill Dep Ex 5 -- | | | |
| -31 | Hill Dep Ex 6 – ACTT Facebook Membership No Bates | | | |
| -32 | Hill Dep Ex 7 – Trump Train Leadership Chart No Bates | | | |
| -33 | Hill Dep Ex 8 – ACTT Facebook Discussion No Bates | | | |
| -34 | Hill Dep Ex 9 – Article '#OperationBlockTheBus': Inside the Pro-Trump FB Group Where Biden Bus Convoy Was Organized | | | |
| -35 | Hill Dep Ex 10 – Defendant Dolores Park's Amended Answers to Plaintiff Eric Cervini's First Set of Interrogatories | | | |
| -36 | Kirby Dep Transcript LauraKirby_LinkPDF | | | |
| -37 | Kirby Dep Videos: Kirby_L-120423-1of2 Kirby_L-120423-2of2 | | | |
| -38 | Kirby Dep Ex 1 – Depo Subpoena | | | |
| -39 | Kirby Dep Ex 2 – Screenshots of messages | | | |
| -4 | Kirby Dep Ex 3 – list of Robert Mesaros's Facebook friends | | | |
| -40 | Kirby Dep Ex 4 – Facebook profile for Jason Pena Ahuyon | | | |
| -41 | Kirby Dep Ex 5 – Facebook post by Ms. Kirby dated October 10th, 2020 | | | |
| -42 | Kirby Dep Ex 6 – Facebook post of video Bexar County Patriots by Ms. Kirby | | MP4 | |
| -43 | Kirby Dep Ex 7 – Facebook post by Ms. Kirby dated September 30th. 2020 | | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -44 | Kirby Dep Ex 8 – Facebook post dated September 13th, 2020 | | | |
| -45 | Kirby Dep Ex 9 – Ms. Kirby post mentioning Cornerstone event date and time, Dated September 27, 2020 | | MP4 | |
| -46 | Kirby Dep Ex 10 – TT leadership spreadsheet | | | |
| -47 | Kirby Dep Ex 11 – Ms. Kirby video post dated September 20, 2020 | | MP4 | |
| -48 | Kirby Dep Ex 12 – Ms. Park Facebook post Trump Style | | | |
| -49 | Kirby Dep Ex 13 – Ms. Park Instagram flier posted October 29, 2020 | | | |
| -50 | Kirby Dep Ex 14 – Corpus Christi bus  videos post | | | |
| -51 | Kirby Dep Ex 15 – Olinick post dated October 28, 2020 | | | |
| -52 | Kirby Dep Ex 16 – Ms. Park driving video | | MP4 | |
| -53 | Kirby Dep Ex 17 – Screenshot Ms. Kirby phone number | | | |
| -54 | Kirby Dep Ex 18 – Ms. Kirby escort post | | | |
| -55 | Kirby Dep Ex 19 – Ms. Kirby Tiktok | | MP4 | |
| -56 | Kirby Dep Ex 20 – Trisha Montgomery phone number | | | |
| -57 | Kirby Dep Ex 21 – Yvonne Clouser phone number | | | |
| -58 | Davis Dep Ex 26 – Article from Nation Magazine from July 8, 2013 | | | |
| -59 | Davis Dep Ex 27 – Deeds Action Fund Post/s from Twitter/X | | | |
| -60 | Gins Dep Transcript David Gins 112923_full_ex | Portions designated confidential | | |
| -61 | Gins Dep Ex 1 – B & W Photo - Outside Biden Bus Pls Bates No. 10 | | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -62 | Gins Dep Ex 2 – B & W Photo – Gins with buttons Pls Bates No. 73 | | | |
| -63 | Gins Dep Ex 3 – B & W Photo – Gins campaigning Pls Bates No. 76 | | | |
| -64 | Gins Dep Ex 4 – B & W Photo of Biden Bus Pls Bates No. 80 | | | |
| -65 | Gins Dep Ex 5 – B & W Photo of Gins with police Pls Bates No. 99 | | | |
| -66 | Gins Dep Ex 6 – B & W Photo w/McLaren & FBI Pls Bates No. 116 | | | |
| -67 | Gins Dep Ex 7 – B & W Photo with Biden sign Pls Bates No. 120 | | | |
| -68 | Gins Dep Ex 8 – B & W Photo of Gins in mask Pls Bates No. 121 | | | |
| -69 | Gins Dep Ex 9 – Bus Tour Sched., Pls Bates No. 178 | | | |
| -70 | Gins Dep Ex 10 – Email re: bus incident Pls Bates No. 1519 | | | |
| -71 | Gins Dep Ex 11 – FB posts Pls Bates No. 2375 to 2380 | AEO | | |
| -72 | Gins Dep Ex 12 – Exchange with Farishta Pls Bates No. 2384 to 2387 | AEO | | |
| -73 | Gins Dep Ex 13 – Exchange with Nassar Pls Bates No. 2424 to 2427 | Confidential | | |
| -74 | Gins Dep Ex 14 – Exchange with txsallie Pls Bates No. 2398 to 2401 | AEO | | |
| -75 | Gins Dep Ex 15 – Exchange with Cristobal Pls Bates No. 2409 to 2411 | AEO | | |
| -76 | Gins Dep Ex 16 – Text about Austin Pls Bates No. 2533 | Confidential | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -77 | Gins Dep Ex 17 – Text about Austin 3:32 Pls Bates No. 2540 | Confidential | | |
| -78 | Gins Dep Ex 18 – Text "COVID crowd" Pls Bates No. 2681 | Confidential | | |
| -79 | Gins Dep Ex 19 – Text concerns on Oct 29 Pls Bates No. 2683 | Confidential | | |
| -80 | Gins Dep Ex 20 – Tex SA on Oct 29 Pls Bates No. 2691 | Confidential | | |
| -81 | Gins Dep Ex 21 – Text Laredo Pls Bates No. 2694 | Confidential | | |
| -82 | Gins Dep Ex 22 – Text Bike racks Pls Bates No. 2703, 2707, 2710 | Confidential | | |
| -83 | Gins Dep Ex 23 – Text No Place to Park Pls Bates No. 2712 | Confidential | | |
| -84 | Gins Dep Ex 24 - Text drive-bys Pls Bates Nos. 2713, 2717, 2718, 2721, 2728, 2729 | Confidential | | |
| -85 | Gins Dep Ex 25 – Text Gins with hamburger Pls Bates No. 2719 | Confidential | | |
| -86 | Gins Dep Ex 26 – Email from Eva Kemp Pls Bates No. 147 | Confidential | | |
| -87 | Gins Dep Ex 27 – Photo of Dolores Park's vehicle Pls Bates No. 2904 | | | |
| -88 | Gins Dep Ex 28 – Text "surrounded" Pls Bates No. 2777 | Confidential | | |
| -89 | Gins Dep Ex 29 – Text Incident helps Pls Bates No. 2804 & 2813 | Confidential | | |
| -90 | Gins Dep Ex 30 – View from the Biden Bus Pls Bates No. 2854 | Confidential | | |
| -91 | Gins Dep Ex 31 – Text Mission Library Pls Bates No. 2859 | Confidential | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -92 | Gins Dep Ex 32 – Color Photo of Police Escort<br>Pls Bates No. 2871 | | | |
| -93 | Gins Dep Ex 33 – Text<br>Adjust Bus Route<br>Pls Bates No. 2153 | Confidential | | |
| -94 | Gins Dep Ex 34 – Text<br>Cancelling Amarillo<br>Pls Bates No. 1237 | Confidential | | |
| -95 | Gins Dep Ex 35 – Text with<br>Wendy Davis<br>Pls Bates No. 1273 | Confidential | | |
| -96 | Gins Dep Ex 36 - Text with drone photo<br>Pls Bates No. 1286 | Confidential | | |
| -97 | Gins Dep Ex 37 – Text<br>Use Eric Cervini<br>Pls Bates No. 1312 & 1316 | Confidential | | |
| -98 | Gins Dep Ex 38 – Text<br>"bus doc"<br>Pls Bates No. 1744 | Confidential | | |
| -99 | Gins Dep Ex 39 – Text with<br>Cervini<br>Pls Bates No. 2167 | Confidential | | |
| -100 | Gins Dep Ex 40 - Email to<br>Cervini<br>Pls Bates No. 1456 | Confidential | | |
| -101 | Gins Dep Ex 41 – Text with<br>Cervini Marriott<br>Pls Bates No. 2551 | Confidential | | |
| -102 | Gins Dep Ex 42 – Text<br>Gins working<br>Pls Bates No. 2565 | Confidential | | |
| -103 | Gins Dep Ex 43 – Text<br>TX Bus Tour POP<br>Pls Bates No. 2580 | Confidential | | |
| -104 | Gins Dep Ex 44 – we only provide to press upon RSVP<br>Pls Bates No. 2606 | Confidential | | |
| -105 | Gins Dep Ex 45 – Text<br>"Trumpers" following<br>Pls Bates No. 2613 | Confidential | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -106 | Gins Dep Ex 46 – Text "empty bus" Pls Bates No. 2617 | Confidential | | |
| -107 | Gins Dep Ex 47 – Text joke about Trump Train Pls Bates No. 2647 | Confidential | | |
| -108 | Gins Dep Ex 48 – Photo/s of derailment – link to article | | | |
| -109 | Gins Dep Ex 49 – Text Instructions to protestors Pls Bates No. 711 | Confidential | | |
| -110 | Gins Dep Ex 50 – Text "surrounded" Pls Bates No. 2675 | Confidential | | |
| -111 | Gins Dep Ex 51 – Email Scrap in person events Pls Bates No. 1464 | Confidential | | |
| -112 | Gins Dep Ex 52 – Text about staff; Pls Bates Nos. 869, 886, 889, 897 | Confidential | | |
| -113 | Gins Dep Ex 53 – Text "fate of democracy" Pls Bates No. 1754 | Confidential | | |
| -114 | Gins Dep Ex 54 – Text Election night party Pls Bates No. 2005 | Confidential | | |
| -115 | Gins Dep Ex 55 – Text bus updates; Pls Bates Nos. 424, 426 & 427 | AEO | | |
| -116 | Gins Dep Ex 56–Facebook chat with Petrillo Pls Bates No. 2494 | Confidential | | |
| -117 | Gins Dep Ex 57 – Email flight back to DC Pls Bates No. 404 | | | |
| -118 | Gins Dep Ex 58 – Rental documents; Pls Bates No. 410 to 416 & 418 | Confidential | | |
| -119 | Gins Dep Ex 59 – Chat with plaintiffs Pls Bates No. 2029 | | | |
| -120 | Gins Dep Ex 60 – YouTube page – link | | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -121 | Gins Dep Ex 61– Video 55 sec from inside of bus; Pls Bates No. 68 | | Mp4 | |
| -122 | Gins Dep Ex 62 – Video 38 sec from inside of bus; Pls Bates No. 69 | | Mp4 | |
| -123 | Gins Dep Ex 63 – Video 43:03 from inside of bus; Pls Bates No. 70 | | Mp4 | |
| -124 | Gins Dep Ex 64 – Color photo of Gins with Candidate Ward (Twitter) | | | |
| -125 | Gins Dep Ex 65 – Gins voting on June 1, 2022 (Twitter post with photo) | | | |
| -126 | Gins Dep Ex 66 – Gins Tweet with photo re: Candidate Ward | | | |
| -127 | Gins Dep Ex 67 – Gins Tweet COVID levels | | | |
| -128 | Gins Dep Ex 68 - Gins Tweet vigil | | | |
| -129 | Gins Dep Ex 69 – Gins Tweet Georgia Election | | | |
| -130 | Gins Dep Ex 70 – Gins Tweet traveling – link | | | |
| -131 | Gins Dep Ex 71 – Gins Instagram "progressive" | | | |
| -132 | Gins Dep Ex 72 – Color Photo - Gins in front of crowd; flag | | | |
| -133 | Gins Dep Ex 73 – Color Photo - Gins Beto event | | | |
| -134 | Gins Dep Ex 74 – Flyer Fundraiser Event | | | |
| -135 | Gins Dep Ex 75 – Video 12:26 from inside Bus Pls Bates No. 71 | | Mp4 | |
| -136 | Gins Dep Ex 76 – Video 18 sec outside Pls Bates No. 176 | | | |
| -137 | Gins Dep Ex 77 – Article Gins stealing signs | | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -138 | Gins Dep Ex 78 – Video Gins "diehard liberal" YouTube Link | | https://www.youtube.com/watch?v=RpjKpvrxxDw0 | |
| -139 | Gins Dep Ex 79 – Article Twitter "David Gins: Kamala Harris aide slammed for 'trying too hard' as he posts about loving his job | | | |
| -140 | Holloway Dep Transcript Holloway Deposition_Full | Portions designated confidential | | |
| -141 | Holloway Dep Ex 1 - 10/26/2020 Email String Pls Bates No. 00001489 | Confidential | | |
| -142 | Holloway Dep Ex 2 - 10/31/2020 Email String Pls Bates No. 00001594 | Confidential | | |
| -143 | Holloway Dep Ex 3 - 10/31/2020 E-mail string Pls. Bates No. 00001582 | Confidential | | |
| -144 | Holloway Dep Ex 4 - 10/28/2020-11/03/2020 Instant Messages Pls. Bates No. 00001771 | AEO | | |
| -145 | Holloway Dep Ex 5 - 11/01/2020 Message string Pls. Bates No. 00001624 | AEO | | |
| -146 | Holloway Dep Ex 6 - 11/02/2020 Message string Pls. Bates No. 00001627 | AEO | | |
| -147 | Holloway Dep Ex 7 - 12/25/2020 Message string Pls. Bates No. 00001634 | AEO | | |
| -148 | Holloway Dep Ex 8 -  11/02/2020 Message string Pls. Bates No. 00001628 | AEO | | |
| -149 | Holloway Dep Ex 9 - 11/02/2020 E-mail Pls. Bates No. 00001598 | Confidential | | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -150 | Holloway Dep Ex 10 - Instant Message: Facebook Takeout Pls. Bates No. 00001802 | Confidential | | |
| -151 | Holloway Dep Ex 11 - Media File (Video taken inside the bus) Pls. Bates No. 00000068 | | Mp4 | |
| -152 | Holloway Dep Ex 12 - Media File (Video taken inside the bus) Pls. Bates No. 00000069 | | Mp4 | |
| -153 | Holloway Dep Ex 13 - Media File (Video taken inside the bus) Pls. Bates No. 00000070 | | Mp4 | |
| -154 | Holloway Dep Ex 14 - Media File (Video taken inside the bus) Pls. Bates No. 00000071 | | Mp4 | |
| -155 | Holloway Dep Ex 15 - 02/18/2021 Meeting Notice Pls. Bates No. 00001829 | Confidential | | |
| -156 | Holloway Dep Ex 16 - Screen capture of 06/24 Zoom Webinar Practice session w/chat Pls. Bates No. 00002029 | | | |
| -157 | Holloway Dep Ex 17 - 07/25/2021-10/11/2021 IM Messages Pls. Bates No. 00001768 | AEO | | |
| -158 | Holloway Dep Ex 18 - 11/02/2020 Instant Message String Pls. Bates No. 00001625 through 00001626 | AEO | | |
| -159 | Holloway Dep Ex 19 - Bus Trip Schedule (with times/maps) Pls. Bates No. 00001570 through 00001574 | | | |
| -160 | Simi Dep Transcript Peter Simi 010824_fulltranscript | Portions designated confidential | | |
| -161 | Simi Dep Ex 1 - Amended Complaint  [DE 151] | | | |
| -162 | Simi Dep Ex 2 - Democrats "Fight" Rhetoric Video | | Mp4 | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -163 | Simi Dep Ex 3 - Klan Act Cartoon | | | |
| -164 | Simi Dep Ex 4 - Deposition of Dolores Park | | | |
| -165 | Blee Dep Transcript Dr. Kathleen Blee 011224_full_ex | Portions designated confidential | | |
| -166 | Blee Dep Ex 1 – Article: The Role of Women in White Supremacist Groups | | | |
| -167 | Blee Dep Ex 2 - Book: Inside Organized Racism | | | |
| -168 | Blee Dep Ex 3 - YouTube video of Simi talk | | Mp4 | |
| -169 | Blee Dep Ex 4 – Article: SPLC Targets/Demonizes Conservative Groups - - Apnews.com | | | |
| -170 | Blee Dep Ex 5 – Article: SPLC naming Moms4Liberty as Hate Group | | | |
| -171 | Blee Dep Ex 6 – Article:  The Anti- Hate Group is the Hate Group | | | |
| -172 | Blee Dep Ex 7 – Article: Has the SPLC Lost Its Way? (Politico) | | | |
| -173 | Blee Dep Ex 8 – Article: Co-Exist/SPLC (labels of Hate Groups) (The Daily Signal) | | | |
| -174 | Blee Dep Ex 9 – Article: Shooting at Family Research Council | | | |
| -175 | Blee Dep Ex 10 – Article: SPLC Attorney facing charges (Washington Examiner) | | | |
| -176 | Blee Dep Ex 11 - Exhibit skipped (The Imaginative Conservative Article) | | | |
| -177 | Blee Dep Ex 12 - Article Stats of sociologists (2% Conservative) | | | |
| -178 | Blee Dep Ex 13 – Article: Can People Become Addicted to White Supremacy, published with Simi | | | |
| -179 | Blee Dep Ex 14 - Video of Blee talk | | Mp4 | |

| Exh. No. | Document Defendant Expects to Offer or May Offer at Trial | Designation | Native File Ext'n, if Not PDF | ESI Objections |
|---|---|---|---|---|
| -180 | Blee Dep Ex 15 – Jewish Chronicle Article on right wing extremism | | | |
| -181 | Blee Dep Ex 16 – YouTube video Blee Zoom talk | | Mp4 | |
| -182 | Blee Dep Ex 17 - (Video) Audio of Blee Interview with ADL | | Mp3 | |
| -183 | Blee Dep Ex 18 - Article/Interview NY Times The Women Behind the Masks of Hage | | | |
| -184 | Blee Dep Ex 19 - Expert Report of Blee and Simi | | | |
| -185 | Bowman Dep Transcript Theron Bowman, Ph.D. 011624_full_ex | Portions designated confidential | | |
| -186 | Bowman Dep Ex 1 - Klan Cartoon Facebook Post | | | |
| -187 | Bowman Dep Ex 2 Davis Video 1 PLExpert00000353 *(aka) Plaintiffs00000070* | | Mp4 | |
| -188 | Bowman Dep Ex 3 – Plaintiffs' First Amended Complaint | | | |
| -189 | Bowman Dep Ex 4 - Still photo from Davis Video 1 PLExpert00000353 *(aka) Plaintiffs00000070* | | | |
| -190 | Bowman Dep Ex 5 – OAN Video | | Mp4 | |
| -191 | Dr. Dorothy Rebuttal_01.138283 Report 12-6-23 | | | |
| | | | | |
| -187 | Steve &Randi Ceh responses to Interrogatories; Requests for Production; Resp. to Admin. | | Mp4 | |
| | | | | |

Defendants Steve and Randi Ceh further reserve the right to present any other exhibits identified by Plaintiffs or any other defendant in this matter. They have avoided duplicating here many exhibits that are listed in other parties' exhibit lists

in order to avoid unnecessary complication to include those Presented by
Defendants Mesaros [*ECF433*] Park and Cisneros.

**V.**   **Witness List, W.D. Tex. L.R. 16(a)(5)-(6):**

Witnesses Defendants Steve and Randi Ceh  expects to call at trial:

    1.    Dolores Park
c/o Richard Thompson, Esq.
24 Frank Lloyd Wright Drive, S
Ann Arbor, MI 48106
734-827-2001

    2.    Steve Ceh
2039 Wind Chime Way
New Braunfels, TX 78130

18501 FM-306
Canyon Lake, TX 78133

1659 State HWY
46 W STE PMB 145 78132
830-832-0966
702-423-4614

    3.    Randi Ceh
2039 Wind Chime Way
New Braunfels, TX 78130
702-449-7743

18501 FM-306
Canyon Lake, TX 78133
Telephone number(s) unknown.

1659 State HWY
46 W STE PMB 145 78132
830-832-1291

    4.    Elizar Cisneros
      c/o Francisco R. Canseco,
      19 Jackson Court
      San Antonio, TX 78230
      210-901-4279

5.      Joeylynn Mesaros
c/o Jerad W. Najvar, Esq.
2180 North Loop West, Suite 25
Houston, TX 77018
281-404-4696

6.      Robert Mesaros
c/o Jerad W. Najvar, Esq.
2180 North Loop West, Suite 25
Houston, TX 77018
281-404-4696

7.      Hannah Ceh
2039 Wind Chime Way
New Braunfels, TX 78130
830-743-1443

8.      Kyle Kruger
645 Herbelin Rd,
New Braunfels, TX 78132
830-312-0505

9.      Paul Dorothy
c/o S-E-A
7001 Buffalo Parkway,
Columbus, OH 43229
800-782-6851

10.     Timothy Holloway
c/o Plaintiffs' counsel
Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
212-728-8904

Amy R. Orlov
Willkie Farr & Gallagher LLP
1875 K Street Nw
Washington, DC 20006
202-303-1051

Anne H. Tindall

The Protect Democracy Project
2020 Pennsylvania Avenue Suit
Washington, DC 20006
240-357-1602

Benjamin L. Berwick
The Protect Democracy Project
15 Main St.
Suite 312
Watertown, MA 02472
202-579-4582

Cameron 0. Kistler
The Protect Democracy Project
2020 Pennsylvania Ave. Nw, Su
Washington, DC 20006
202-579-4582

Cerin Lindgrensavage
The Protect Democrracy Project
2020 Pennsylvania Ave. NW, Su
Washington, DC 20006
202-579-3854

Christina Adele Peck
Willkie Farr & Gallagher LLP
787 7th Ave.
New York, NY 10019
212-728-3891

Jamielah I. Yancey
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
202-303-1196

Jared Fletcher Davidson
The Protect Democracy Project
3014 Dauhine Street Suite J
New Orleans, LA 70117
202-579-4582

JoAnna Barbara Suriani
Protect Democracy

2020 Pennsylvania Avenue, NW
Washington, DC 20006
202-579-4582

John P. Catalanotto
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
212-728-3400

John Paredes
Protect Democracy Project
82 Nassau Street, #601
New York, NY 10038
202-579-4582

Madeleine Tayer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
212-728-8914

Meryl Conant Governski
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
202-303-1016

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
202-303-1442

Noah Mussmon
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
202-303-1066

Rebecca N. Heath
Willkie Farr & Gallagher LLP
1875 K Street Nw
Washington, DC 20006

202-303-1113

Robert J. Meyer
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
202-303-1123

Rodkangyil Orion Danjuma
Protect Democracy
82 Nassau Street, Ste #601
New York, NY 10038
202-579-4582

Samuel Gilbert Hall
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
202-303-1443

Sarah Xiyi Chen
Texas Civil Rights Project
1405 Montopolis Dr
Austin, TX 78741
512-474-5073

Veronikah Rhea Warms
Texas Civil Rights Project
1405 Montopolis Dr
Austin, TX 78741
512-474-5073

Christina Marie Beeler
Texas Civil Rights Project
2100 Travis Street
Suite 360
Houston, TX 77002
512-914-1249

Travis Walker Fife
Texas Civil Rights Project
P.O. Box 1108
Houston, TX 77251
817-991-4607

11.    Eric Cervini
c/o Plaintiff's counsel

12.    David Gins
c/o Plaintiff's counsel

13.    Wendy Davis
c/o Plaintiff's counsel

14.    Sarah Hill
c/o Zachary P. Hudler
ZACHARY P. HUDLER, PC
4 209 N. Nugent Avenue
Johnson City, Texas 78636
830-868-7651

15.    Mallorie Lerma
15431 Fallow Ridge Drive,
San Antonio, Texas 8248
210-608-5748

16.    Laura Kirby
202 Prinz Drive,
Castle Hills, Texas
278-213-1920.

17.    Edward Nino
5403 Stormy Hills,
San Antonio, TX 78247
210-365-2945

18.    Emily Nino
415 Via Pescados,
San Antonio, TX 78245

19.    Jason Pena Ahuyon
337 Burkwood Lane
Cibolo, TX 78108

20.    Chantal Guzman Pena

18715 Gran Mesa

San Antonio, TX 78259

21.    Michael Capizzi
410 Pecan Meadows
New Braunfels, TX 78130

22.    Jennifer Capizzi
410 Pecan Medows
New Braunfels, TX 78130

23.    Cody Ceh
677 Creekside Way, Apt. 423
New Braunfels, Texas 78130

5010 Firefly Hills,
Saint Hedwig, TX 78152

24.    M. Griffin
13706 Winston Oaks,
San Antonio, TX 78249
210-279-8801

25.    Virginia Klingeman
6515 Singing Forest,
San Antonio, TX 78256
210-365-5111

26.    Shana Evans
c/o J. Christopher Byrd
CHRIS BYRD LAW
4 2631 Bulverde Road, Suite 10
Bulverde, Texas 78163
830-249-3559

27.    Lee Besing
8607 Timber Ash Street
San Antonio, TX 78250

28.    Naomi Narvaiz
c/o J. Christopher Byrd
CHRIS BYRD LAW
4 2631 Bulverde Road, Suite 10
Bulverde, Texas 78163
830-249-3559

29.     Keith Granado
10423 Dakota River
Converse, TX 78109

30.     Monique Granado
10423 Dakota River
Converse, TX 78109

31.     Rachel Bailey Ackerson
1137 North Academy Avenue
New Braunfels, TX 78130

32.     Steven Allen
710 North Bowie Street
Seguin, TX 78155
33.      Dr. Peter Simi
c/o Plaintiffs' counsel

34.     Dr. Katherine Blee
c/o Plaintiffs' counsel

35.      Dr. Theron Bowman
c/o Plaintiffs' counsel

## VI.    Witnesses Whose Testimony Shall Be Presented By Deposition, W.D. Tex. L.R. 16(a)(6):

None at this time.  Defendants Steve and Randi Ceh reserves the right to amend this response in the event a witness becomes unavailable and/or fails to response to her subpoena to testify at trial.  Defendants Steve and Randi Ceh also notes that he intends on calling Hannah Ceh and Kyle Kruger as witnesses. Presently, the witnesses have indicated that they are unavailable to testify beginning on September 13, 2024 through September 22, 2024.  Defendants Steve and Randi Ceh requests to call Hanah Ceh and Kyle Kruger either before or after these dates of

unavailability.  Hannah Ceh and Kyle Kruger were named as Defendants in this case, and their testimony is critical to both Plaintiffs and Defendants.

**VII.   Proposed Jury Instructions and Verdict Forms, W.D. Tex. L.R. 16(a)(7):**

    **a.  Proposed Jury Instructions**
        i.  General Instructions:

**Punitive Damages**

Plaintiffs, in addition to seeking compensatory damages, have also requested Punitive Damages.  Punitive damages are only permissible if Plaintiffs have proven, by a preponderance of the evidence, that Defendants Steve and Randi Ceh acted with malice or with reckless indifference to the rights of others.  One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.  Plaintiffs have the burden of proving that punitive damages should be awarded.

The purpose of punitive damages is to punish and deter, not to compensate. You are not required to award punitive damages.  If you do decide to award punitive damages, you must use sound reason in setting the amount.  Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  It should be presumed that Plaintiffs have been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Delores Park's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1)    The reprehensibility of Defendant Defendants Steve and Randi Ceh's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant Defendants Steve and Randi Ceh's conduct was motivated by a desire to augment profit;

2)    the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3)    the possible criminal and civil sanctions for comparable conduct;

You may impose punitive damages against one or more Defendants and not others. You may also award different amounts against Defendants.

**Authority**

Fifth Circuit Standard Jury Instructions 15.7.

## ii.  <u>Specific Instructions- Claim I, Violation of the Ku Klux Klan Act</u>

<u>Necessary Elements of the Ku Klux Klan Act Claim</u>

To prevail on a civil rights conspiracy under 42 U.S.C. § 1985(3), the Plaintiffs must prove by the preponderance of the evidence each of the following elements:

1)    a conspiracy between two or more persons;

2)    doing or causing to be done an act in furtherance of the object of the conspiracy

3)      for the purpose of preventing by force, intimidation, or threat;

4)      any citizen who is lawfully entitled to vote;

5)      from giving his or her support or advocacy

6)      in a legal manner

7)      toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States;

8)      whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Additionally, the conspiracy must be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.  If the object of the conspiracy is the deprivation of Plaintiffs' constitutional rights, then state action is required.

**Authority**

42 U.S.C. § 1985(3); *Gray v. Town of Darien*, 927 F.2d 69, 73 (2d Cir.) (citing *United Brotherhood of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)), *cert. denied*, 502 U.S. 856 (1991); *Holt v. Wal-Mart Store, Inc.*, 2022 U.S. Dist. LEXIS 13237 (W.D. Tex. 2022); *Newberry v. East Tex. State Univ.*, 161 F.3d 276, n.2 (5th Cir. 1998); *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (internal quotation marks and citation omitted); *McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919, 928-29 (5th Cir. 1977); *Almon v. Sandlin*, 603 F.2d 503, 506 (5th Cir. 1979).

## Conspiracy

To prove a "conspiracy," the Plaintiffs must prove by a preponderance of the evidence that a Defendant conspired with one other person or persons. In order to establish a conspiracy Plaintiffs must prove that the Defendant must have agreed to commit acts with the unlawful objective of depriving Plaintiffs of their constitutional rights. To prove a conspiracy against Defendants Steve and Randi Ceh, Plaintiffs must prove four elements: (1) that the Defendants Steve and Randi Ceh had an agreement with at least one other person and participated or caused something to be done in furtherance of that agreement; (2) that the agreement was to deprive the Plaintiffs of a protected right; (3) that Mrs. Park was motivated by a dislike or hateful attitude toward a specific class of people and that the plaintiff was a member of that class or that Mrs. Park conspired with a state actor; and (4) that the conspiracy caused a deprivation of a constitutional right or caused injury to the Plaintiffs' person or property.

It is not enough to use the term "conspiracy" without setting forth sufficient facts that tend to show an unlawful agreement. If there are not sufficient facts to show an agreement, the claim must be dismissed.

## Authority

*Griffin v. Breckenridge*, 403 U.S. 88, 103-04 (1971); cited by *Chambers v. Omaha Girls Club*, 629 F. Supp. 925 (D. Neb. 1986); *Santiago v. Philadelphia*, 435 F. Supp. 136, 155-56 (E.D. Pa. 1977); *Zelinski v Pa. State Police*, 282 F.Supp.2d251 (M.D. Pa. 2003).

## Overt Act to Prove Conspiracy

To establish a claim under the Ku Klux Klan Act, it must be proven that Defendants Steve and Randi Ceh performed an overt act in furtherance of the alleged conspiracy, causing injury to Plaintiff's person or property or depriving Plaintiff of a right or privilege of United States citizenship. Plaintiffs must set forth with certainty facts showing particularly what Defendants Steve and Randi Ceh did to carry the alleged conspiracy into effect, whether such acts fit within the framework of the unlawful objective of the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the Plaintiff. If they cannot prove such overt acts, Plaintiffs' claim fails.

**Authority**

*Flesch v. Eastern Penn. Psychiatric Institute*, 434 F. Supp. 963 (E.D. Pa. 1977); citing *Griffin v. Breckenridge*, 403 U.S. 88 (1971).


**<u>Purpose</u>**

To prove the next element of the claim, the Plaintiffs must prove that the *purpose* of Defendant Park's actions was to deprive the Plaintiffs of their right to support or advocacy by force, intimidation, or threat under the law.

**<u>Preventing by Force, Intimidation, or Threat</u>**

-must be intentional

**<u>Deprivation of legal rights</u>**

The Plaintiffs must prove by a preponderance of the evidence that they were actually deprived of their legal rights. Mere conclusory allegations of deprivation of constitutional rights are insufficient.

**Authority**

*Dipretro v. Cole*, 2017 U.S. Dist. LEXIS 187171 (M.D. La. Nov. 13, 2017).

- **<u>Support or Advocacy in a Legal Manner</u>**

Plaintiffs' support or advocacy must be in compliance with all state and federal law, including but not limited to all of Texas Election Law, all laws of the Texas motor vehicle code, etc.

- **Definition or support or advocacy and definition of in a legal manner**
- **Support or Advocacy** toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States
- **Whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.**
- **Racial Animus**
- **State Action**
  **-get from 1983 instructions**

## Intent

In order for Defendants Steve and Randi Ceh to be found liable, you must find that he acted *intentionally*. Plaintiffs must prove that Defendants Steve and Randi Ceh possessed the intent to deprive the Plaintiffs of their rights. Intent to deprive of a Plaintiff of their right to engage in support or advocacy means that there must be proof by a preponderance of the evidence that the Defendants intended the objective of preventing by force, intimidation, or threat any citizen who is lawfully entitled to vote from giving his or her support or advocacy in a legal manner. Intentional acts are not merely negligent, or reckless. Negligent deprivation of another's liberty interests does not give rise to a claim under the Ku Klux Klan Act. Plaintiffs must prove that Defendants Steve and Randi Ceh' actions on the date in question were motivated by an intent to deprive the Plaintiffs of their rights.

## Authority

*Young v. City of Killeen, Tex.*, 775 F.2d 1349, 1353-54 (5th Cir. 1985); *Dipretro v. Cole*, 2017 U.S. Dist. LEXIS 187171 (M.D. La. Nov. 13, 2017); *Matthews v. Int'l House of*

*Pancakes, Inc.*, 597 F. Supp. 2d 663 (E.D. La. 2009); *Kush v. Rutledge*, 460 U.S. 719 (1983).

## Causation

A Defendant deprives another of a constitutional right, if the Plaintiffs prove by the preponderance of the evidence that the Defendant does an affirmative act or knowingly participates in another's affirmative act which the Defendant knows will inflict a constitutional harm. A Defendant cannot cause a constitutional injury by acting negligently or recklessly. The Plaintiffs must prove causation, and that the Defendants' acts were a proximate cause of any constitutional injury. When making a causation determination, you must take a very individualized approach.

**Authority**

*Wong v. United States*, 373 F.3d 952, 966 (9th Cir. 2004); *Gilbrook v. City of Westminster*, 177 F.3d 839, 854 (9th Cir. 1999); *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997); *Bateson v. Geisse*, 857 F.2d 1300, 1304 (9th Cir. 1988); *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987); *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

### iii. Specific Instructions- Claim II, Civil Conspiracy Under Texas State Law[1]

---

[1] The allegations against Defendants Steve and Randi Ceh raised in Claim II and Claim III are entirely duplicative under Texas State law.

To prove a civil conspiracy, the Plaintiffs must prove by a preponderance of the evidence: (1) two or more persons, (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. A civil conspiracy requires a meeting of the minds on the object to be accomplished through a certain course of action. A mere allegation of conspiracy without factual specificity is insufficient. The gist of civil conspiracy is the injury that was intended to cause. Proof of a joint intent to engage in the conduct that resulted in the injury is not sufficient to establish civil conspiracy. Plaintiffs must prove that the Defendants knew of or were aware of the harm or the wrongful conduct at the beginning of the combination or agreement; parties cannot agree, expressly or tacitly, to commit a wrong about which they lacked knowledge. To be part of a conspiracy, each Defendant, with and another person or persons, must have had knowledge of, agreed to, and intended a common objective and that course of action that resulted in the damages to the Plaintiffs.

**Authority**

*Agar Corp, Inc. v. Electro Circuits, Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019); *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005); Tex. P.J.I. 109.1; *see also Tilton v. Marshall*, 925 S.W.2d, 681 (Tex. 1996). *Malone v. Harden*, 668 S.W.3d 39, 42 (2022); *Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663 (E.D. La. 2009); *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex.1996); *Greenberg Traurig of New York, P.C. v. Moody*, 161 S.W.3d 56, 82 (Tex. App. 2004).

### iv. <u>Specific Instructions- Claim III, Assault Under Texas State Law</u>

Plaintiffs allege that each of the Defendants are liable of Assault under Texas State Law.   Defendants Steve and Randi Ceh denies liability.   According to Texas Law, the elements that the Plaintiffs must prove to establish a civil assault claim mirror that of criminal assault.   To establish liability for assault, Plaintiffs must prove by the preponderance of the evidence that:

1)   The Defendant intentionally and knowingly caused physical contact with the Plaintiff, and

2)   The Defendant knows or should reasonably believe that the Plaintiff will regard the contact as offensive or provocative.

**Authority**

*Sanchez v. Striever*, 614 S.W.3d 233 (2020); *Morrison v. Quarrington*, Not Reported in S.W. Rptr. (2024); *Umana v. Kroger Texas, L.P.*, 239 S.W.3d 434 (2007); *Solis v. S.V.Z.*, 566 S.W.3d 82 (2018).[2]

<u>**Aiding and Abetting an Assault**</u>

Plaintiffs also allege that Defendants aided and abetted an assault.   In order to prove this cause of action, Plaintiffs are required to prove by the preponderance of the evidence that:

1)   The existence of the underlying tort (that Plaintiffs have proven their claim for civil assault under Texas state law);

---

[2] Texas State Courts have not definitively recognized a distinct cause of action for aiding and abetting apart from a claim for civil conspiracy.  *AmWins Specialty Auto, Inc. v. Cabral*, 582 S.W.3d 602 (2019); *Hampton v. Equity Trust Company*, 607 S.W.3d 1 (2020); *Solis v. S.V.Z.*, 566 S.W.3d 82 (2018).

2) The Defendant, with unlawful intent, gave substantial assistance or encouragement to a wrongdoer in a tortious act.

**Authority**

*Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); RESTATEMENT (SECOND) OF TORTS § 876(b); *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001); *Richardson v. Potter's House of Dallas, Inc.*, No. 05-16-00646-CV, 2017 WL 745803, at *3 (Tex. App. Feb. 27, 2017).

### v.  Defense- Protected Speech and Association Under the First Amendment

If you find that Plaintiffs have proved each element of any of their claims by a preponderance of the evidence, then you must consider whether Defendants' words and actions were protected free speech and association under the First Amendment. If you find a Defendant has proved by a preponderance of the evidence that his or her actions were protected speech and association, then you must return a verdict in favor of the Defendant and against Plaintiffs.

The First Amendment protects a person's right to speech, to associate with others, and to assemble for purposes of engaging in political speech. The First Amendment protects speech that some may find to be intimidating or unwelcome. The First Amendment even protects political hyperbole and speech that may be seen as abusive or unpleasant. Such speech can only be unlawful if a Defendant intends violence by their speech or actions. Speech loses its First Amendment protections if the Plaintiffs establish that an individual Defendant held a specific intent to further violence or is proven to have acted with reckless indifference. Each Defendants'

intent must be judged to determine whether they specifically intended to intimidate, threaten, or harass Plaintiffs.

Plaintiffs must prove that Defendants Steve and Randi Ceh had the intent and goal of injuring Plaintiffs or depriving them or their rights, privileges, or immunities. Plaintiffs must prove that Defendants Steve and Randi Ceh' intent was to use force, intimidation, or threats in order to prevent Plaintiffs from voting.  Each Defendants' intent must be judged separately.  Defendants Steve and Randi Ceh did not organize the event, therefore "heightened scrutiny" should be applied to his intent.  Mere negligence does not give rise to a cause of action for political speech.

If you find that Defendants Steve and Randi Ceh' speech was merely political speech, political hyperbole, or that his actions were not based on an intent to harm others or rise to the level of reckless indifference, you must find Defendants Steve and Randi Ceh not liable for the claims brought against her based on her First Amendment rights.  If you find that Defendants Steve and Randi Ceh did not have the specific intent to stop the Plaintiffs from voting, you should enter a verdict of not liable for Defendants Steve and Randi Ceh on the Ku Klux Klan Act claim.

**Authority**

*Brandenberg v. Ohio*, 395 U.S. 444 (1969); *Scales v. United States*, 367 U.S. 203, 229 (1961); *Healy v. James*, 408 U.S. 169 (1972); *Schenk v Pro-Choice Network of W. N.Y.*, 519 U.S. 357, 386 (1997); *Watts v. United States*, 394 U.S. 705, 707-08 (1969); *Doe v. McKesson*, 71 F.4th 278, 297 (5th Cir. 2023); *Counterman v. Colorado*, 600 U. S. 66 (2023).

b. **Verdict Forms**
   i. **Verdict Form- Claim I, Violation of the Ku Klux Klan Act**

**Is Defendants Steve and Randi Ceh liable for a Violation of the Ku Klux Klan Act under 42 U.S.C. § 1985(3)?**

1.   Did Plaintiffs prove by the preponderance of the evidence that Plaintiff David Gins lawfully entitled to vote in this jurisdiction on October 30, 2020?

YES _____

NO_____

2.   Did Plaintiffs prove by the preponderance of the evidence that Plaintiff Timothy Holloway lawfully entitled to vote in this jurisdiction on October 30, 2020?

YES _____

NO_____

3.   Did Plaintiffs prove by the preponderance of the evidence that Plaintiff Wendy Davis lawfully entitled to vote in this jurisdiction on October 30, 2020?

YES _____

NO_____

4.   Did Plaintiffs prove by the preponderance of the evidence that Plaintiff David Gins prevented from giving his support or advocacy toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States?

YES _____

NO_____

5.      Did Plaintiffs prove by the preponderance of the evidence that Plaintiff Timothy Holloway prevented from giving his support or advocacy toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States?

YES _____

NO_____

6.      Did Plaintiffs prove by the preponderance of the evidence that Plaintiff Wendy Davis prevented from giving his support or advocacy toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States?

YES _____

NO_____

7.      Did Plaintiffs prove by the preponderance of the evidence that Plaintiff David Gins' exercise of support or advocacy in a legal manner?

YES _____

NO_____

8.      Did Plaintiffs prove by the preponderance of the evidence that Plaintiff Timothy Holloway's exercise of support or advocacy in a legal manner?

YES _____

NO_____

9.      Did Plaintiffs prove by the preponderance of the evidence that Plaintiff

Wendy Davis' exercise of support or advocacy in a legal manner?

YES _____

NO_____

10.     Did Plaintiffs prove by the preponderance of the evidence that Plaintiff

David Gins was either injured in his person or property or deprived of any right or

privilege of a citizen of the United States?

YES _____

NO_____

11.     Did Plaintiffs prove by the preponderance of the evidence that Plaintiff

Timothy Holloway was either injured in his person or property or deprived of any

right or privilege of a citizen of the United States?

YES _____

NO_____

12.     Did Plaintiffs prove by the preponderance of the evidence that Plaintiff

Wendy Davis was either injured in his person or property or deprived of any right or

privilege of a citizen of the United States?

YES _____

NO_____

13.     Did Plaintiffs prove by the preponderance of the evidence that Defendants Steve and Randi Ceh  conspired with another person or persons with the intent and for the purpose of preventing Plaintiff David Gins from offering his support or advocacy through the use of force, intimidation, or threat?

YES _____

NO_____

14.     Did Plaintiffs prove by the preponderance of the evidence that Defendants Steve and Randi Ceh conspired with another person or persons with the intent and for the purpose of preventing Plaintiff Timothy Holloway from offering his support or advocacy through the use of force, intimidation, or threat?

YES _____

NO_____

15.     Did Plaintiffs prove by the preponderance of the evidence that Defendants Steve and Randi Ceh conspired with another person or persons with the intent and for the purpose of preventing Plaintiff Wendy Davis from offering his support or advocacy through the use of force, intimidation, or threat?

YES _____

NO_____

16.     Did Plaintiffs prove by the preponderance of the evidence that Defendants Steve and Randi Ceh had knowledge and agreed to the object of the conspiracy?

YES _____

NO_____

17.    Did Plaintiffs prove by the preponderance of the evidence that Defendants Steve and Randi Ceh had knowledge and agreed to an unlawful course of action?

YES _____

NO_____

18.    Did Plaintiff prove by the preponderance of the evidence that Defendants Steve and Randi Ceh conspired with a State Actor to deprive Plaintiff David Gins of his constitutional rights?

YES _____

NO_____

19.    Did Plaintiff prove by the preponderance of the evidence that Defendants Steve and Randi Ceh conspired with a State Actor to deprive Plaintiff Timothy Holloway of his constitutional rights?

YES _____

NO_____

20.    Did Plaintiff prove by the preponderance of the evidence that Defendants Steve and Randi Ceh conspired with a State Actor to deprive Plaintiff Wendy Davis of her constitutional rights?

YES _____

NO_____

21.   Did Plaintiff prove by the preponderance of the evidence that Defendants Steve and Randi Ceh was motivated by some racial or another class-based invidious discriminatory animus?

YES _____

NO_____

If all of the answers to questions 21 are yes or all of your answers that pertain to one Plaintiff are all yes, then answer the following questions:

22.   Was Defendants Steve and Randi Ceh the proximate cause of the damages alleged by Plaintiff David Gins?

YES _____

NO_____

23.   Was Defendants Steve and Randi Ceh the proximate cause of the damages alleged by Plaintiff Timothy Holloway?

YES _____

NO_____

24.   Was Defendants Steve and Randi Ceh the proximate cause of the damages alleged by Plaintiff Wendy Davis?

YES _____

NO_____

### ii. Verdict Form- Claim II, Civil Conspiracy Under Texas State Law

**Is Defendants Steve and Randi Ceh liable for civil conspiracy under Texas State Law?**

1.     Did Defendants Steve and Randi Ceh and another person or persons have knowledge of, agreed to, and intended a common objective or course of action that resulted in damages to Plaintiff David Gins?

YES _____

NO_____

2.     Did Defendants Steve and Randi Ceh and another person or persons have knowledge of, agreed to, and intended a common objective or course of action that resulted in damages to Plaintiff Timothy Holloway?

YES _____

NO_____

3.     Did Defendants Steve and Randi Ceh and another person or persons have knowledge of, agreed to, and intended a common objective or course of action that resulted in damages to Plaintiff Wendy Davis?

YES _____

NO_____

4.      Did Defendants Steve and Randi Ceh or another person or persons, in furtherance of an agreed upon common objective, carry out an act to accomplish an unlawful objective?

YES _____

NO_____

5.      Do you find any Defendant in this case liable for Claim III, Assault?

YES _____

NO_____


If all of the answer to all of the questions 1-5 are yes, then answer the following questions:

6.      Was Defendants Steve and Randi Ceh the proximate cause of the damages alleged by Plaintiff David Gins?


YES _____

NO_____


7.      Was Defendants Steve and Randi Ceh the proximate cause of the damages alleged by Plaintiff Timothy Holloway?


YES _____

NO_____

8. Was Defendants Steve and Randi Ceh the proximate cause of the damages alleged by Plaintiff Wendy Davis?

YES _____

NO_____

### i.   Verdict Form- Claim III, Assault Under Texas State Law

**Is Defendants Steve and Randi Ceh liable for assaulting Plaintiff David Gins, Wendy Davis, and Timothy Holloway under Texas State Law?**

1.    Did Defendants Steve and Randi Ceh intentionally or knowingly cause physical contact with Plaintiff David Gins?

YES _____

NO_____

If no, then go to question 2.  If yes, then answer the following question:

Did Defendants Steve and Randi Ceh know or should he have reasonably believed that David Gins would regard the contact as offensive or provocative?

YES _____

NO_____

2.    Did Defendants Steve and Randi Ceh intentionally or knowingly cause physical contact with Plaintiff Wendy Davis?

YES _____

NO_____

If no, then go to question 3.  If yes, then answer the following question:

Did Defendants Steve and Randi Ceh know or should she have reasonably believed that Wendy Davis would regard the contact as offensive or provocative?

YES _____

NO_____

3.      Did Defendants Steve and Randi Ceh intentionally or knowingly cause physical contact with Plaintiff Timothy Holloway?

YES _____

NO_____

If no, then proceed to number 4.  If yes, then answer the following question:

4.      Did Defendants Steve and Randi Ceh know or should she have reasonably believed that Wendy Davis would regard the contact as offensive or provocative?

YES _____

NO_____

5.      Do you find any Defendant in this case liable for Claim II?

YES _____

NO_____

6.      Did Defendants Steve and Randi Ceh act with an unlawful intent and give substantial assistance or encouragement to the Defendant who you found liable for Claim II?

YES _____

NO_____

7.      If all of the answer to all of the questions 1-4 are yes, or the answer to

question 6 is yes, then answer the following questions:

Was Defendants Steve and Randi Ceh the proximate cause of the damages

alleged by Plaintiff David Gins?

YES _____

NO_____

Was Defendants Steve and Randi Ceh the proximate cause of the damages

alleged by Plaintiff Timothy Holloway?

YES _____

NO_____

Was Defendants Steve and Randi Ceh the proximate cause of the damages

alleged by Plaintiff Wendy Davis?

YES _____

NO_____

### i.  Verdict Form- First Amendment Defense

If you have found that Plaintiffs have established by the preponderance of the

evidence that they have proved each element of Claim I, II, or III, that Plaintiffs

sustained damages, and that Defendants Steve and Randi Ceh was the proximate

cause of the damages, then you must consider whether Defendants Steve and Randi Ceh is protected from liability because her actions and words were protected free speech and/or free association under the First Amendment.  In order to find that Defendants Steve and Randi Ceh is protected by this defense you must answer the questions below:

1.     Were Defendants Steve and Randi Ceh 's actions and words political speech and association?

YES _____

NO_____

2.     Did Defendants Steve and Randi Ceh 's actions and words constitute political hyperbole and not a true threat?

YES _____

NO_____

If you answered yes to either question 1 and 2, then Defendants Steve and Randi Ceh 's speech and actions are protected by the First Amendment and you must find her not liable for Claims I, II, and III.  If you answered no to question 2, then please proceed to question 3.

3.     Did Defendants Steve and Randi Ceh  intend for her political speech and association to hold an unlawful purpose or did she have any knowledge or agreement that her speech and association would further an unlawful objective?  In other words,

did Defendants Steve and Randi Ceh  have a subjective belief that her speech and association was threatening or unlawful.

YES _____

NO_____

If you answered no to question 3, then Defendants Steve and Randi Ceh 's speech and actions are protected by the First Amendment and you must find her not liable for Claims I, II, and III.  If you answered yes to question 3, then please proceed to question 4.

4.    While engaging in political speech and association, did Defendants Steve and Randi Ceh  act with recklessness?

YES _____

NO_____

If you answered no to question 4, then Defendants Steve and Randi Ceh 's speech and actions are protected by the First Amendment and you must find her not liable for Claims I, II, and III.  If you answered yes to questions 3 and 4, then Defendants Steve and Randi Ceh  is not entitled to this defense.

### ii.  Verdict Form- Damages

If you have found that Defendants Steve and Randi Ceh  was the proximate cause of damages sustained by Plaintiffs for Claim I, II, or III, then you should proceed to questions 1-4 below.  If you answered no, you have completed your deliberations, and your foreperson should date and sign the verdict form below.

If you answered yes, please proceed to questions 1-4.

1.    Do you find that Plaintiffs has proven they have suffered any actual damages for which Defendants Steve and Randi Ceh  is liable?

YES _____

NO_____

    If your answer is YES, please enter the amount here.

        Plaintiff David Gins  $_____

        Plaintiff Timothy Holloway  $_____

        Plaintiff Wendy Davis  $_____

2.    If you answered YES to question 1, but did not assign any actual damages in question 2, you may award nominal damages of up to One Dollar ($1.00) against the defendants.  Please enter the amount, if any, of nominal damages below.

        Plaintiff David Gins  $_____

        Plaintiff Timothy Holloway  $_____

        Plaintiff Wendy Davis  $_____

3.    If you have found for the Plaintiffs and against Defendants Steve and Randi Ceh , then you may consider whether Defendants Steve and Randi Ceh  acted with evil intent, maliciously, or with callous indifference toward Plaintiffs such that Plaintiffs would be entitled to an award of punitive damages.  Do you find that Plaintiffs are entitled to punitive damages against Defendants Steve and Randi Ceh ?

YES _____

48

NO_____

4.      If you have found Plaintiff are entitled to an award of punitive damages, please enter the amount of such damages.

    Plaintiff David Gins  $_____

    Plaintiff Timothy Holloway  $_____

    Plaintiff Wendy Davis  $_____

When you have completed your deliberations, your foreperson should date and sign the verdict form below.

DATED this ____ day of September ___, 2024.

                                    _____
                                    FOREPERSON


8.  **Estimate of Probable Length of Trial, <u>W.D. Tex. L.R. 16(a)(10):</u>**

Defendants Steve and Randi Ceh  estimates that this case will take between two to four weeks to try by jury.


                    Respectfully submitted,


                    */S/Steve Ceh*
                    Steve Ceh, *Pro Se*

                    */S/Randi Ceh*
                    Randi Ceh*, Pro Se*

                    Steve Ceh

Email: steveceh33@gmail.com

Randi Ceh
Email: randiceh716@gmail.com

2039 Wind Chime Way
New Braunfels, TX 78130
18501 FM-306
Canyon Lake, TX 78133
1659 State HWY
46 W STE PMB 145 78132
830-832-0966
702-423-4614

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2024, a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas, in compliance with the Federal Rules of Civil Procedure as well as via e-mail pursuant to an agreement of the parties.

*/S/Steve Ceh*
Steve Ceh, *Pro Se*

*/S/Randi Ceh*
Randi Ceh, *Pro Se*