**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **WENDY DAVIS, et al.,** § | | |
| *Plaintiffs* § | | |
| § | | **1:21-cv-565-RP** |
| **v.** § | | |
| § | | |
| **ELIAZAR CISNEROS, et al.,** § | | |
| *Defendants* | | |

### ORDER ON JURY SELECTION AND JUROR QUESTIONNAIRE

By referral of the District Court pursuant to 28 U.S.C. § 636 (Dkt. 481), jury selection will proceed before this Magistrate Judge at **9:30 a.m. on Friday, September 6, 2024**, in Courtroom 1 on the First Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas, according to the plan below.

### Juror Questionnaire

The parties asked the Court to send a supplemental questionnaire to jurors, but did not reach an agreement on its form. Defendant Dolores Park submitted an excessively lengthy proposed questionnaire, with 158 questions spanning 23 pages, joined by Defendant Eliazar Cisneros with five more questions. Plaintiffs and Defendants Joeylynn Mesaros and Robert Mesaros submitted a joint proposed questionnaire more appropriate in length, but the first six of its 18 questions overlap with the Court's standard questionnaire, and the joint questionnaire was not submitted in a format ready to send to jurors.

The Court **ORDERS** Plaintiffs and the Mesaros Defendants to **RESUBMIT** their joint proposed supplemental juror questionnaire, eliminating any questions if they choose, in both Word and .pdf formats **ready for completion by prospective jurors** – specifically, with spaces for answers – **by Wednesday, August 28, 2024**. The questionnaire will be emailed to the venire.

**Jury Selection Plan**

The parties are **HEREBY ORDERED** to submit any objections or changes to this jury selection plan on or before **Wednesday, September 4, 2024**. Counsel must appear to address any objections or requested changes to the jury selection plan, or any other issues concerning jury selection, at **9 a.m. on Friday, September 6, 2024**.

I. Welcome

    A. Venire seated in gallery

    B. Explanation of purpose of voir dire examination

    C. Initial instructions

II. General Questions (with follow-up to juror questionnaire responses as needed)

    A. Anticipated trial length: Undue hardship/special problem?

    B. Statement of Facts:

> This civil case is brought by three Plaintiffs—Wendy Davis, David Gins, and Timothy Holloway—against six Defendants—Eliazar Cisneros, Randi Ceh, Steve Ceh, Joeylynn Mesaros, Robert Mesaros, and Dolores Park. Plaintiffs allege that on October 30, 2020, they were campaigning for the Biden-Harris Presidential Campaign in a campaign bus tour traveling on Interstate 35 from San Antonio to Austin. Plaintiffs allege that Defendants, with others, organized and carried out a conspiracy to use force, intimidation, or threats to prevent Plaintiffs from supporting and advocating for their preferred candidate, or to injure them for that support, by surrounding the bus with their cars and trucks in a so-called "Trump Train," impeding its progress and preventing Plaintiffs from making several scheduled campaign stops along I-35.
>
> Plaintiffs bring three claims for monetary damages. In Claim I, Plaintiffs allege that Defendants violated 42 U.S.C. § 1985(3), also referred to as the Ku Klux Klan Act, "by conspiring with each other and others to knowingly intimidate constitutionally eligible voters by physically assaulting, threatening, and harassing Plaintiffs while driving on I-35." In Claim II, Plaintiffs allege that Defendants are liable for Civil Conspiracy under Texas State Law. In Claim III, Plaintiffs allege that Defendants are liable for Assault under Texas State Law.

        Defendants deny the allegations. Defendants assert that they are not liable for damages because Plaintiffs cannot establish the required elements to their claims or their requested damages. Defendants also assert that even if Plaintiffs were to satisfy the elements of their claims, Defendants' actions constituted protected speech and association under the First Amendment, which provides a complete defense from liability, and under the Texas Constitution.

C. Counsel, client, and witness introductions: Do you or any immediate family member know any of them? Have you been employed by, heard or read anything, or formed an opinion about them?

D. Do you have any knowledge of other panel members or the courthouse judges and staff?

E. Do you know anything about this case? Is there anything about the description that causes you to believe you could not judge this case fairly, with an open mind?

F. Do you have any interest in the outcome of this litigation?

G. Have you or any member of your immediate family ever participated in a lawsuit as a party, witness, or in any other capacity?

H. Do you have any legal training, education, or work experience?

I. Instructions on evidence and law: Are you able and willing to render a verdict solely on the evidence presented at the trial in the context of the law?

J. Instruction on burden of proof in civil cases: Are you able to require plaintiffs to prove their case by a preponderance of the evidence and not hold them to a greater or lesser standard of proof?

**III. Specific Questions Requested by Counsel (with follow-up questions as needed)**

A. Have you heard anything about a case brought by Plaintiffs against the City of San Marcos and others that resulted in a public settlement in 2023?

B. Have you, or your close family members or friends, ever attended a "Trump Train," "MAGA Drag the Interstate," or similar event, or been a member of the "New Braunfels Trump Train" or "Alamo City Trump Train" Facebook groups?

C. Have you, or your close family members or friends, been employed by or had any business or close personal relationship with a Texas politician or political body or organization?

D. Have you, or your close family members or friends, ever attended a rally, protest, or campaign event? Have you ever ridden on a campaign or tour bus?

E. Do you hold any personal political beliefs that would affect your ability to be a fair and impartial juror in this case?

3

**IV.**    **Questions from Plaintiffs' Counsel (45 minutes)**

**V.**    **Questions from Defendants' Counsel (45 minutes)**

**VI.**    **Final Questions by the Court, including any matter for the Court's attention**

**VII.**    **Recess**

    A.    Jurors are excused

    B.    Attorneys may exercise challenges for cause and peremptory challenges

    C.    Eight jurors are selected

**VIII.**    **Jurors Return to Courtroom**

    A.    Stricken jurors are excused

    B.    Jury is sworn and preliminary instructions are provided

**SIGNED** on August 23, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE