UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>                              Plaintiffs,<br><br>      v.<br><br>ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK,<br><br>                              Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

## <u>PLAINTIFFS' MOTIONS IN LIMINE</u>

On August 5, 2024, during the final pretrial conference in this case, this Court advised that, in the interest of judicial economy, the parties could put forth a reasonable number of evidentiary disputes for the Court's consideration prior to trial. Thus, Plaintiffs Wendy Davis, David Gins, and Timothy Holloway (together, "Plaintiffs") respectfully submit these Motions *in Limine* and specifically request that this Court:

### 1.  Admit the Documents Marked as Plaintiffs Exhibits PTX-096 and PTX-097

This Court should overrule Defendants' objections to Plaintiffs' Trial Exhibits PTX-096 and 097, and admit these documents into evidence in this case. Exs. 1 and 2. PTX-096 is a compilation of Facebook comments made by Defendant Joeylynn Mesaros between January 1, 2020 and May 13, 2022. PTX-097 is an excerpt of PTX-096 focused on October 1–November 1, 2020, the key time period at issue in this case. This compilation of comments was downloaded from Facebook and produced by Ms. Mesaros in response to a number of Plaintiffs' discovery

requests which pertained to Ms. Mesaros's social media.[1] *See* Ex. 3 at RFP 1, 2, 3, 6, 7, 8, 9, 19, 20, 22, and 23. Defendants Park and Joeylynn and Robert Mesaros (together, the "Mesaros Defendants") have objected to both PTX-096 and 097 under Federal Rule of Evidence 801, 802, 401, 901, and 106. Each of these objections should be overruled.

**Rules 801 & 802 objections:** PTX-096 and 097 are both compilations of Ms. Mesaros's Facebook comments, and *only* Ms. Mesaros's Facebook comments. Given that it is the Plaintiffs who are seeking admission of these comments, and the comments were made by Ms. Mesaros herself, these comments constitute statements by a party opponent and are not hearsay under Federal Rule of Evidence 801(2).

**Rule 901 objection:** Defendants' challenge to the authenticity of PTX-096 and 097 under Federal Rule of Evidence 901 is equally misplaced. In producing this document, Ms. Mesaros represented that this was an accurate summary of her Facebook account data.[2] Since that time, Ms. Mesaros has reviewed PTX-096 and 097, both at her deposition and at the January 31, 2024 Sanctions Hearing before Magistrate Judge Lane. *See* Ex. 4, J. Mesaros Dep. Tr. at 61:13-18 (Exhibit 2); Ex. 5, Hearing Tr. at 85:5-12 (Dkt. 271-7). In both instances, Ms. Mesaros answered questions about and acknowledged the accuracy of the substance contained in this compilation of comments. Ex. 4 at 61:16-18; 62:9-21; Ex. 5 at 85:10-12 ("Q. Now, if you flip through that, you

---

[1] In responding to these requests, Ms. Mesaros, through her counsel, informed Plaintiffs that, due to the scope of her social media activity, producing every individual post, comment, or message requested would be unduly burdensome. The parties conferred and ultimately agreed that the Mesaroses would produce a full download of their Facebook activity, commonly referred to as a "take-out," from January 2020 through the date download (May 13, 2022). This take-out contained thousands of documents, including PTX-096, which is a compilation of all comments Ms. Mesaros made on Facebook from January 2020 to May 13, 2022.

[2] Because Ms. Mesaros was the one to produce this document, she should be barred from now challenging its accuracy and authenticity.

can see comments that you've made to various individuals; is that right? A. Uh-huh. That's correct."). Indeed, at the Sanctions Hearing Ms. Mesaros's own counsel referred to and questioned her about the information in PTX-096. Ex. 5 at 106:5-108:2. In response, Ms. Mesaros stated that she and her husband produced her Facebook data in "this way as opposed to capturing screen shots or anything" in order to ensure its completeness and accuracy. Ex. 5 at 109:4-6. This testimony from a witness with knowledge, should be sufficient to for a finding that PTX-096 and 097 are accurate compilations of Ms. Mesaros's Facebook comments.

**Rule 401 Objection:** As to Defendants' challenge under Federal Rule of Evidence 401, Plaintiffs disagree with Ms. Park's assertion that these documents are "irrelevant as to Park." Dkt. 449 at 16.[3] Ms. Mesaros is part of the same alleged conspiracy, and many of these comments relate to that conspiracy. However, even if these comments were entirely irrelevant as to Park, they are clearly relevant to the case against Ms. Mesaros and other Defendants in this case. In her comments, Ms. Mesaros discusses her actions and state of mind on October 30, 2020, she discusses her participation in prior Trump Trains, and she interacts with her co-defendants, Robert Mesaros and Eliazar Cisneros, as well as non-parties who participated in the October 30, 2020 Trump Train. Additionally, as noted by Magistrate Judge Lane in his Report and Recommendation filed after the January 31, 2024 Sanctions Hearing, PTX-097 displays evidence that "[t]he deletion of inculpatory comments was likely part of the Mesaroses' purge of their social media." Dkt. 377 at 19 ¶ 19. As such, PTX-096 and 097 are both relevant and highly probative.

---

[3] Defendant Park's objections specify that PTX-096 and 097 are irrelevant under Rule 401 "*as to Park.*" Dkt. 449 at 16. Because the Mesaros Defendants chose to simply adopt Defendant Park's objections rather than file their own, Dkt. 454 at 1, any objections on the basis of relevance to the Mesaroses should be deemed waived.

**106 Objection:** Finally, the Defendants object to PTX-096 and 097 under Federal Rule of Evidence 106, stating that these documents are "incomplete and misleading." Dkt. 449 at 16. PTX-097 is, admittedly, an excerpt. Plaintiffs used this excerpt at the Sanctions Hearing in order to more easily facilitate testimony. *See generally* Ex. 5. PTX-096 is hundreds of pages, only a small segment of which were relevant at that hearing. However, by admitting PTX-096 *and* 097, any prejudice from the excerpting, to the degree that it exists, would be eliminated. Defendants' objection to PTX-096 is inexplicable. PTX-096 is a complete document, being admitted in its entirety. Regardless, Defendants will have the opportunity to "require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Accordingly, all of Defendants' objections should be overruled, and this Court should admit PTX-096 and 097.

GRANTED _____     MODIFIED _____     DENIED _____

### 2.  Admit the Document Marked Plaintiffs' Exhibit 060

This Court should overrule Defendants' objections to Plaintiffs' Exhibit PTX-060, the New Braunfels Trump Train ("NBTT") MeWe page, and conditionally admit this exhibit subject to Plaintiffs demonstrating relevancy and foundation during trial. PTX-060 consists of a copy of a group page on the social media platform MeWe titled "TRUMP TRAIN NB" that was captured on January 18, 2023, by Plaintiffs' third-party technology vendor Page Vault. *See* Ex. 6. During her deposition, Defendant Randi Ceh admitted to creating this MeWe page. *See* Ex. 7, R. Ceh. Dep. Tr., at 180:7-16. And, during his deposition, Defendant Steve Ceh admitted to making a post about the October 30, 2020 Trump Train on this MeWe page. Ex. 8, S. Ceh. Dep. Tr., at 205:13-206:16. Yet, neither Defendant Randi Ceh nor Defendant Steve Ceh (together, the "Ceh Defendants") was able to produce relevant posts from this MeWe page during discovery because they claim that they

no longer know how to access MeWe. Ex. 7 at 27:1-3; Ex. 8 at 21:13-22, 31:9-32:15. Accordingly, Plaintiffs were forced to engage a third-party vendor, Page Vault, to capture this document.

**Rule 901 Objection:** Defendant Park and the Mesaros Defendants object to the admission of this document because it "[l]acks authentication" under Federal Rule of Evidence 901. Dkt. 449 at 10; Dkt. 454 at 1 (stating "the Mesaroses' position is expressed in the list of objections filed by Defendant Park"). But during his deposition, Mr. Ceh recognized his own post on this MeWe page and spoke to the meaning and accuracy of this post. Ex. 8 at 206:2-207:13. Mr. Ceh also recognized a picture of his children at the top of the document. *Id.* at 190:4-23. Furthermore, Plaintiffs recently sent a copy of this document to Mr. Ceh, and he responded that it "look[ed] authentic." Ex. 9. The Ceh Defendants do not contest the authenticity of this document, and Plaintiffs would not have needed to obtain this document using their own vendor if not for the Ceh Defendants' purported inability to produce this evidence themselves. Accordingly, Defendants' objection under Federal Rule of Evidence 901 should be overruled.

**Rules 803 & 401 Objections:** Defendants' other objections are similarly unfounded. This Court should refrain from ruling on Defendants' hearsay objections. Plaintiffs do not intend to use all out-of-court statements found in PTX-060 for the truth of the matter asserted, and Plaintiffs may have grounds for admitting these statements through exceptions in Federal Rule of Evidence 803. This Court should assess any hearsay objections to statements contained in PTX-060 on a statement-by-statement basis during trial. Furthermore, Defendant Park's objection that PTX-060 "[l]acks any relevance as it pertain to Defendant Dolores Park" under Rule 401 is conclusory. Dkt. 449 at 10. During trial, Plaintiffs will have the opportunity to prove the elements of the conspiracy, including that Defendant Park was part of the conspiracy. Accordingly, it is premature to rule that

PTX-060 lacks any relevance as it pertains to Defendant Park, and this objection should also be overruled.

**Rule 106 Objection:** Finally, Defendants' objection that PTX-060 is incomplete and misleading under Federal Rule of Evidence 106 should not prevent this exhibit from being admitted. If Plaintiffs "introduce[] all or part of a statement" from PTX-060, Defendants will have the opportunity to "require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Accordingly, all of Defendants' objections should be overruled, and this Court should admit PTX-060.

**GRANTED** ____     **MODIFIED** ____     **DENIED** ____

### 3. Deem 911 Call Recordings Authentic as Business Records.

Plaintiffs respectfully request that the following 911 call recordings included on their exhibit list, Dkt. 424-4, (hereinafter, "911 Calls") be deemed authentic for use at trial because they are self-authenticating business records under Federal Rule of Evidence 902(11): PTX-016; PTX-017; PTX-021; PTX-022; PTX-023; PTX-024; PTX-388; PTX-389; PTX-390; PTX-391; PTX-392. Exs. 10–20.

In accordance with Federal Rule of Evidence 902(11), Plaintiffs have obtained certifications from the records custodians for each of these exhibits attesting that: (i) the exhibits are true and accurate copies of the records; (ii) they were made at or near the time of the events set forth therein by people with knowledge of those matters; (iii) they were kept in the regular course of business; and (iv) that it was the regular practice of the respective police department for an employee or representative of the police department to record the information included in the exhibits. Exs. 21, 22, 23. Plaintiffs have also provided the Defendants with "reasonable written notice of the intent to offer the record[s]" and "ma[d]e the record[s] and certification[s] available

for inspection" so that the Defendants have "a fair opportunity to challenge them." *See* Fed. R. Evid. 902(11). On August 8, 2024, Plaintiffs emailed the certifications to the Defendants, identified the exhibit numbers for the exhibits that Plaintiffs sought to authenticate, and offered to re-produce the exhibits to Defendants if needed. Ex. 24. Plaintiffs set a deadline of August 15, 2024, for Defendants to object. Defendants did not respond to Plaintiffs' request. Given the lack of objection to the self-authentication of these exhibits, Plaintiffs respectfully request that these exhibits be deemed self-authenticated under Federal Rule of Evidence 902(11).

GRANTED _____    MODIFIED _____    DENIED _____

**4.  Admit 911 Call Recordings and Statements Made in Such Recordings.**

Plaintiffs respectfully request that the aforementioned 911 Calls be admitted into evidence prior to the start of trial. The 911 Calls are recordings provided by the records custodians from the San Marcos Police Department, Kyle Police Department, and New Braunfels Police Department that Plaintiffs intend to use in their Opening Statement and certain witness examinations at trial. The 911 Calls were made by individuals reporting their real-time perceptions of the conditions on I-35 on October 30, 2020, in the vicinity of where the Biden-Harris campaign bus was traveling that day. Thus, though the statements captured in the 911 Calls are hearsay, those statements fall within the hearsay exceptions for excited utterances and present sense impressions. Fed. R. Evid. 803(1, 2). The exception for present sense impressions and excited utterances applies "regardless of whether the declarant is available as a witness." *See* Fed. R. Evid. 803. As Plaintiffs would like to play the 911 Calls in their opening statement, these exhibits are appropriate candidates for early admission.

GRANTED _____   MODIFIED _____    DENIED _____

**5. Exclude Questions and Evidence Concerning Sensational News Articles Relating to Plaintiffs Wendy Davis and David Gins.**

Plaintiffs respectfully request that this Court exclude D-PARK-250, D-PARK-251, D-MES-79, D-MES-80, ELI-CISN-58, D-PARK-136, D-PARK-138, Ceh-137, Ceh-139, ELI-CISN-137, ELI-CSN-139, D-MES-63-YYY and D-MES-63-AAAA.[4] Exs. 25, 26, 27, and 28. Plaintiffs additionally request that this Court exclude questioning, evidence, testimony, argument, and any other reference to unauthenticated news articles written about Plaintiffs Wendy Davis and her family or Plaintiff David Gins. *Id.*

As a prominent politician and former Texas state senator, Ms. Davis and her family have been in the public eye for nearly three decades. Like many public figures, Ms. Davis has been subjected to sensationalized media articles and unfounded personal attacks relating to Ms. Davis' adolescence, and sensationalized stories about her personal life that are unrelated to any issues in this case. For example, Defendant Park and the Mesaros Defendants cite an article raising published reports "questioning details of how Ms. Davis went from teenage mother in a Texas trailer park to Harvard Law School graduate." Ex. 25. These articles question Ms. Davis' experience as a teenage mother, equal partner in her former husband's title insurance business, and her 2013 filibuster in the Texas senate. Ex. 26. This unauthenticated hearsay is essentially tabloid fodder and is irrelevant, lacks foundation, risks misleading or confusing the jury, and is otherwise inadmissible. Fed. R. Evid. 403.

Though Mr. Gins is not a public figure, he, too, has been the subject of irrelevant press attention, which the Defendants have included on their exhibit lists. Exs. 27 and 28. These news

---

[4] These documents represent four exhibits, which Plaintiffs have attached hereto as Exhibits 25, 26, 27 and 28. For the sake of clarity, Exhibit 25 is D-PARK-250 and D-MES-79; Exhibit 26 is D-PARK-251, D-MES-80 and ELI-CISN-58; Exhibit 27 is D-PARK-136, CEH-137, ELI-CISN-137, and D-MES-63-YYY; Exhibit 28 is D-PARK-138, Ceh-139, E-CISN-139 and D-MES-AAAA.

articles do not concern the facts underlying this case in any way and are included for the sole purpose of embarrassing and harassing Mr. Gins. As with the articles concerning Ms. Davis, these news articles lack foundation, risk misleading or confusing the jury, and are otherwise inadmissible. Fed. R. Evid. 403.

Moreover, the articles about Ms. Davis and Mr. Gins are hearsay not within an exception, and have a strong likelihood of creating unfair prejudice, and misleading the jury and confusing the issues at trial. *Cano v. Bexar Cnty.,* 280 F. App'x 404, 406 (5th Cir. 2008) ("Newspaper articles, however, are hearsay"); *Kelly-Fleming v. City of Selma*, No. SA-10-CV-675-XR, 2013 WL 6002223, at *2 (W.D. Tex. Nov. 12, 2013) (excluding references to newspaper articles as hearsay that has "a strong likelihood of confusing the jury as to the relevant facts consistent with Rule 403). Thus, D-PARK-250, D-PARK-251, D-MES-79, D-MES-80, ELI-CISN-58, D-PARK-136, D-PARK-138, Ceh-137, Ceh-139, ELI-CISN-137, ELI-CSN-139, D-MES-63-YYY and D-MES-63-AAAA and similar evidence should be excluded.

**GRANTED** _____      **MODIFIED** _____      **DENIED** _____

### 6. Exclude Questions and Evidence Concerning Social Media Posts Authored by Deeds Not Words Action Fund ("Deeds Action Fund").

This Court should exclude D-PARK-252, D-MES-25, and ELI-CISN-59 as well as questioning, evidence, testimony, argument, and any other reference to social media posts authored by Deeds Action Fund, a nonprofit organization Ms. Davis founded but with which she severed ties in 2022.[5] Ex. 29. Although Ms. Davis founded Deeds Action Fund, a non-profit that seeks to empower and activate the voices of young women in public and political discourse, she has not served as a staff or board member since 2022, and had ceased affiliation with the organization by

---

[5] The exhibits labeled D-PARK-252, D-MES-25, and ELI-CISN-59 are all the same document, which is attached hereto as Exhibit 29.

July of 2022, well before the time of the social media posts at issue. Ms. Davis thus has no personal knowledge or control over the Deeds Action Fund's campaigns, promotions, events, or social media posts. Ex. 30. The Mesaros Defendants, as well as Defendants Park and Cisneros, included social media posts from Deeds Action Fund on their exhibit lists. Though a full date is not visible, these social media posts appear to be from 2023, years after Ms. Davis had severed ties with the organization.[6] *See* Ex. 29. The posts are not connected to Ms. Davis in any way and she has no personal knowledge of these social media posts. Further, these posts are irrelevant, and pose a risk of creating unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 402, 403. Lastly, the content of the posts is hearsay for which an exception does not apply, and the posts likely cannot be authenticated at trial as Ms. Davis cannot authenticate these posts. *See* Fed. R. Evid. 802, 901.  Thus, D-PARK-252, D-MES-25, and ELI-CISN-59 and similar evidence should be excluded.

**GRANTED \_\_\_\_   MODIFIED \_\_\_\_   DENIED \_\_\_\_**

Date: August 23, 2024                            Respectfully submitted,

                                                                  *\_\_\_/s/ John Paredes_____*

                                                                  **TEXAS CIVIL RIGHTS PROJECT**
                                                                  Christina M. Beeler (TX Bar No. 24096124)
                                                                  Sarah Xiyi Chen (CA Bar No. 325327) (*pro hac vice*)
                                                                  Veronikah Rhea Warms (TX Bar No. 24132682) (*pro hac vice*)
                                                                  Travis Fife (TX Bar No. 24126956)
                                                                  Texas Civil Rights Project
                                                                  1405 Montopolis Drive
                                                                  Austin, TX 78741
                                                                  Telephone: (512) 474-5073

---

[6] The posts reference an event in 2023, which is why Plaintiffs believe these posts are from 2023. *See* Ex. 29 at 4.

Facsimile: (512) 474-0726
christinab@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org
travis@texascivilrightsproject.org

**THE PROTECT DEMOCRACY
PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro
hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro
hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org
orion.danjuma@protectdemocracy.org

Cerin Lindgrensavage (DC Bar No.
1741602) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro
hac vice*)
Anne Harden Tindall (DC Bar No. 494607)
(*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
cerin.lindgrensavage@protectdemocracy.org
joanna.suriani@protectdemocracy.org
anne.tindall@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207)
(*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No.
37093) (*pro hac vice*)

The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
Jamielah Yancey (DC Bar No. 1619055) (*pro hac vice*)
Rebecca Heath (DC Bar No. 1644402) (*pro hac vice*)
Amy R. Orlov (DC Bar No. 1780213) (*pro hac vice*)
Noah Mussmon (DC Bar No. 90006660) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jyancey@willkie.com
rheath@willkie.com
aorlov@willkie.com
nmussmon@willkie.com

Aaron E. Nathan (NY Bar No. 5478227) (*pro hac vice*)
Madeleine Tayer (NY Bar No. 5683545) (*pro hac vice*)
Christina Adele Peck (NY Bar No. 5923545) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue

New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: anathan@willkie.com
mtayer@willkie.com
cpeck@willkie.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, a true and correct copy of the foregoing has been served on all counsel of record and Defendants Steve Ceh and Randi Ceh by the Electronic Case File System of the Western District of Texas in compliance with the Federal Rules of Civil Procedure and by email as agreed by the parties.

DATED:  August 23, 2024                                  Respectfully submitted,

                                                           _/s/ John Paredes_

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org