UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | Civil Action |
| v. | § | |
| | § | No. 1:21-CV-565-RP |
| ELIAZAR CISNEROS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MESAROSES' OBJECTION TO CONTENT AND DISTRIBUTION OF SUPPLEMENTAL JURY QUESTIONNAIRE**

The Mesaros Defendants strenuously object to the introductory content of the Court's proposed supplemental juror questionnaire and the proposal for its distribution by email. The Mesaroses raise the same two objections as stated by Defendant Park this afternoon, and raise an additional content objection.

As an initial matter, the Mesaroses respectfully request that the Court consider this objection despite the Court's order that objections be filed by 5 p.m. today. The order to object by 5 p.m. was only issued at 2:07 p.m. Undersigned counsel was on his way home from the office around that time, and once home, was occupied watching his one-year-old daughter for a period of time this afternoon. He therefore did not even see the order until after 5 p.m. The Mesaroses are filing these objections as quickly as possible and request that they be considered timely, particularly given that that the introductory paragraph contains misleading and prejudicial content and, coupled with the Court's plan to email it to the jury pool a week before jury selection, poses a serious risk of tainting the pool.

1

The Mesaroses' objections are three-fold.  First, the introductory paragraph is misleading for the reasons stated in Park's objection (ECF 495).

Second, the Mesaroses further object to the *identification of the parties to the case* and to *any description of the nature of the case*, if the supplemental questionnaire is going to be emailed to jurors ahead of jury selection.  The form supplemental questionnaire shared with the parties on August 27 **(Exh. A)** does not contain fields showing the style of the case, the parties' identities, or any synopsis of the claims and defenses.  Therefore, the first time these components were revealed to the parties was this afternoon after 2 p.m.[1]

Identifying the parties to the case to the venire before jury selection begins—especially in the context of this case—presents an unnecessary and significant risk of tainting the jury pool.  The Plaintiffs' attorneys in this case aggressively misled media and the general public about the nature of the events of October 30, 2020 beginning at least on the date suit was filed and continuing for months, if not years.  One of the Plaintiffs' law firms—the Texas Civil Rights Project—hosted a fundraising page on its website featuring specially-commissioned cartoons depicting the Defendants in white Klan robes with pointy hats.  The stories that Plaintiffs' misleading communications generated are still, of course, all over the internet.  **Exhibit B** shows the first page of a basic Google search that any potential juror might find with simple

---

[1] The Mesaroses also have objections to the proposed summary of the claims or, at least, the defenses, that the Court has indicated it wishes to use on September 6 when introducing the case to the potential jurors.  However, those objections are not due until next week, and the summary contained in the proposed supplemental questionnaire, which differs from the August 23 order, was only revealed this afternoon.

2

key terms. The headlines are slanted. They represent that the "Trump Train" **"attacked," "harassed,"** and **"intimidated"** the Biden bus. These headlines simply regurgitate the Plaintiffs' false claims as fact. The USA Today headline says, matter-of-factly, **"Trump Train drivers that almost ran Biden bus off road sued."** This never happened. The stories themselves are full of misrepresentations. One of the first links that appears describes settlements that the Plaintiffs' attorneys effectively coerced from two very young and unrepresented defendants, Hannah Ceh and Kyle Kruger, who now have been dismissed but whose coerced statements appear on Plaintiffs' attorneys' website and are referenced in many internet stories.

Defendants can deal with Plaintiffs' misrepresentations in the trial, when the jury will be exposed to the actual evidence. But revealing the parties' identities to the venire before September 6 creates a serious risk of tainting the jury pool, which can easily be avoided because it's entirely unnecessary. If the questionnaire is to be emailed, it should not contain the case style or any information about the case or parties, just like the form supplemental questionnaire. If the Mesaroses had known that the questionnaire would contain such information, they would have objected earlier. It is not necessary to describe the case in order to secure answers to the questions included.

## Conclusion

Accordingly, the Mesaroses respectfully request that, if the questionnaire is to be emailed beforehand, <u>the entire first paragraph of the cover page, and the case caption on the first page of the questionnaire (and any other places that would</u>

<u>identify the parties or the nature of the case) be removed</u>.  The remainder of the text makes sense without it and is unobjectionable.  Alternatively, the Mesaroses join Park's request that the questionnaire be delivered to the venire on September 6.

The Mesaros Defendants have already endured years' worth of character defamation and persistent invective and harassment from all corners of the internet, as well as local people, influenced by Plaintiffs' deliberate misrepresentations of the facts of this case.  Plaintiffs issued press releases and defamatory cartoons raising money before they even served the Mesaroses with process.  The trial is supposed to avoid such misrepresentations and rely on the actual evidence.  There is no reason to create *any* degree of increased risk of a tainted jury pool than has already been seeded by the Plaintiffs themselves for the last three years.  Inclusion of the objectionable information will prejudice the Mesaroses, who deserve finally to have their day in court with a fair jury.

Respectfully submitted,

<u>/s/ *Jerad Najvar*   </u>
Jerad W. Najvar
Tex. Bar No. 24068079
CHALMERS, ADAMS, BACKER & KAUFMAN LLC
2180 North Loop W., Ste. 255
Houston, TX 77018
Phone: (281) 404-4696
jnajvar@chalmersadams.com
*Counsel for Mesaros Defendants*

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 29, 2024, the foregoing document, and any accompanying exhibits and proposed order, was served

by CM/ECF as follows upon all counsel of record, and upon pro se parties Steve Ceh and Randi Ceh by email.

/s/ *Jerad Najvar*
Jerad Najvar