UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDY DAVIS, *et al.*, § | | |
| § | | |
| Plaintiffs, § | Civil Action | |
| v. § | | |
| § | No. 1:21-CV-565-RP | |
| ELIAZAR CISNEROS, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**DEFENDANT DOLORES PARK'S RESPONSE TO PLAINTIFFS' MOTIONS IN LIMINE FILED ON AUGUST 23, 2024**

Per the pre-trial order, all motions in limine in this case were due on July 22, 2024. The Court should deny Plaintiffs' motions in limine filed on August 23, 2024, which do not serve to streamline evidentiary disputes and instead highlight the inappropriate nature of Plaintiffs' request for pre-admissibility determinations of the exhibits before trial. Furthermore, Plaintiffs seek to exclude Defendants' potential exhibits which were known to them prior to the July 22, 2024 for such motions in limine. There is no excuse for the tardy nature of Plaintiffs' motions to exclude this evidence and receiving a second opportunity pre-trial to exclude exhibit they neglected to address in their motions in limine. Defendants certainly weren't given such an opportunity to file a second round of motions in limine to exclude Plaintiffs' evidence.

1. **This Court Should Not Admit PTX-096—a 328-page Exhibit with Primarily Irrelevant Material—or PTX-097—a 19-page Exhibit with Primarily Irrelevant Material.**

Without citing any case law or basis for foregoing with the normal process of establishing admissibility and authenticity of these exhibits, Plaintiffs seek pre-admission of these exhibits. There is no reason to do so here. While Plaintiffs say that the 347 pages of exhibits is all from "the key time period at issue in this case" the exhibit appears otherwise. Pl's Mot. at 1. Exhibit 1 to the motion, which is PTX-096, begins with several comments wishing people who are not witnesses in this case a happy new year, discussions of clothes and dogs, and several exchanges with people who again are not witnesses in this case. Pl's Mot. at Ex. 1. Exhibit 2 to the motion, which is PTX-097, starts with a comment about "Disney Plus" and again includes exchanges with people who are not witnesses in this case. Pl's Mot. at Ex. 2. The vast majority of the information contained in these documents has nothing or little to do with Plaintiffs' allegations in this case.

**A. The Exhibits Should be Excluded as Hearsay under Fed. R. Evid. 801 & 802.** Plaintiffs simply argue, without establishing the matter, that the statements in the 347 pages of PTX-096 and PTX-097 are not hearsay. However, these documents *do* contain hearsay as it pertains to Defendant Park and should not be used against her as evidence. Plaintiffs have made no argument that these statements fall under a different hearsay exception or rule and should be admissible as evidence of Ms. Park's liability or lack thereof.

Plaintiffs cite no case law to support their argument for admissibility. The two sentences that Plaintiffs devote to this argument in the motion do not support a

finding of pre-admissibility of the 347 pages of evidence before trial.  At the very least, if the Court should admit these documents, Dolores Park should be granted a limiting instruction that the statements contained in these documents are not evidence against her under the federal rules of evidence.

**B. The Documents Lack Authenticity Under Fed. R. Evid. 901.**  Plaintiffs cite no case law or text of any rule to support their argument.  Dolores Park cannot stipulate that these documents are authentic.  These documents have never been in her possession, and she would have no way to know if they are accurate.  Plaintiffs should not be relieved of their obligation to establish the authenticity or admissibility of their documents.

The very language of Rule 901 puts the onus on the party seeking admission of the documents.  "[T]he proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901.  Plaintiffs have not produced sufficient evidence.

**C. The Documents are Irrelevant Under Fed. R. Evid. 401.**  Plaintiffs argue that PTX-096 and PTX-097 should be admitted before trial because they are relevant.  However, the proposed exhibits are primarily composed of highly irrelevant information outside of any relevant time period.  Plaintiffs again raise this argument without citing any case law or even the text of the federal rules.  Plaintiffs argue that they "disagree with Ms. Park's assertion that these documents are 'irrelevant as to Park.'"  Pls' Mot. at 3.  Plaintiffs, however, point to no information within the proposed exhibits that mentions Dolores Park or includes a communication with

3

Dolores Park. Plaintiffs argue that "Ms. Mesaros is part of the same alleged conspiracy," but Plaintiffs are required to establish that a conspiracy exists prior to entering statements of an alleged co-conspirator as evidence against another alleged co-conspirator and only if the proffered statements were made in the furtherance of the alleged conspiracy. *Dutton v. Evans*, 400 U.S. 74 (1970); *Arroyo v. Dretke*, 362 F. Supp. 2d 859 (2005). Here, in all 347-pages of Ms. Mesaros comments she never mentions Dolores Park. This is because Dolores Park never communicated with her nor does Dolores Park know her, nor did she enter into any agreement or plan with an unlawful common goal.

**D. The Documents Run Afoul the Rule of Completeness under Fed. R. Evid. 106.** Plaintiffs want to cherry-pick portions of an exhibit and show them to the jury without any reference that those portions are only a small part of a whole. This is the exact prejudice and misuse of evidence that Fed. R. Evid. 106 seeks to prevent. The Rule requires that when a jury is exposed to an exhibit for the first time, that they are allowed to know if the evidence is only one part of a whole, and, if so, what the remainder of the whole is. Pre-admitting evidence without exposing the jury first to its entire contents, especially when the defendants have objected to such mishandling of evidence, violates Fed. R. Evid. 106. Plaintiffs' request to pre-admit PTX-096 and PTX-097 should be denied.

Plaintiffs have not cited a single case to support their argument and have not carried their burden for admissibility of these exhibits and for this motion to be granted.

**2. This Court Should Not Admit PTX-060—a 44-page Document for a Group that Dolores Park Never Knew of and Did Not Belong to—and that was Captured by an Unidentified Person by the Name of "Anna."**

**A. The Documents are Hearsay under Fed. R. Evid. 801, 802, & 803 and Irrelevant under Fed. R. Evid. 401.** Plaintiffs move for the pre-admissibility of PTX-060 without citing any case law for this request. Plaintiffs' argument on this point does not at all support their conclusion. Plaintiffs state: "This Court should refrain from ruling on Defendants' hearsay objections." Pls' Mot. at 5. "The Court should assess any hearsay objections to statements contained in PTX-060 on a statement-by-statement basis during trial." Pls' Mot. at 5. And "it is premature to rule" on these issues. Pls' Mot. at 5-6. Yet, Plaintiffs then argue that Defendants' objections should be overruled and the documents automatically admitted without any care or attention to the Federal Rules of Evidence. Plaintiffs have not established any legal basis for doing so.

**B. The Document Lacks Authenticity Under Fed. R. Evid. 901.** Plaintiffs cite no case law or text of any rule to support their argument. Dolores Park cannot stipulate that these documents are authentic. These documents have never been in her possession, and she would have no way to know if they are accurate. Furthermore, Plaintiffs have not provided the identity of the person who captured the document on their witness list for trial. The person who retrieved the document appears to be an unidentified person simply known by the name of "Anna" with the last name unknown. *See* Pls' Mot. at Ex. 6 (identifying "User" as "Anna" on third-party Page vault cover page).

**C. The Documents Should Not be Pre-Admitted Because of the Rule of Completeness Under Fed. R. Evid. 106.** Plaintiffs want to cherry-pick portions of an exhibit and show them to the jury without any reference that those portions are only a smart part of a whole. This is the exact prejudice and misuse of evidence that Fed. R. Evid. 106 seeks to cure. The Rule requires that when a jury is exposed to an exhibit for the first time, that they are allowed to know if the evidence is only part of a whole, and if so, what the remainder of the whole is. Pre-admitting evidence without exposing the jury first to its entire contents, especially when the defendants have objected to such mishandling of evidence, violates Fed. R. Evid. 106.

Plaintiffs have not cited a single case to support their argument and have not carried their burden for admissibility of PTX-060. Plaintiffs' request to pre-admit PTX-060 should be denied.

**3 and 4. This Court Should Not Admit 911 Calls or Recordings When Plaintiffs Have Not Provided the Declarants of the Calls on their Witness Lists and the Calls are Unreliable.**

Plaintiffs and Defense Counsel for the Mesaros Defendants, Dolores Park, and Eliazar Cisneros met and conferred prior to the final pre-trial conference on July 12, 2024. Counsel for Plaintiffs, John Paredes, asked if defendants would stipulate to the admissibility of all the 911 calls in the case. Defense counsel stated that they would not at that time, but if their position changed, they would let him know. At this time, Defendant Park's position has not changed. What is recorded on the calls is hearsay, and Plaintiffs have not even provided the identity of all of the Declarants on those calls on their trial witnesses list. How can Defendants cross examine a

declarant who is unknown to them and who Plaintiffs plan not to produce? How can anyone know if the statements on the calls are reliable?

The Fifth Circuit has held that transcripts of 911 calls *may* be admissible, but that "for this evidence to be admissible at trial . . . [the proffering party] must fully comply with Federal Rule of Evidence 803(6)." *Evans v. Miley*, 694 F.Supp.3d 755 (5th Cir. 2023). This includes authenticating the transcript itself, as well as gaining admission of the statements transcribed. *Id.* And this requires an examination of when the call was made, who was making the statements, and more. It is not something that could or should be decided on motions before trial. The calls are hearsay and Plaintiffs have not established an exception to that rule that would permit the admission of those documents.

Plaintiffs do not cite a single case where a court has handled evidence in the manner in which they wish for this Court to handle theirs. Plaintiffs request to pre-admit or sua sponte authenticate an exhibit should be denied.

5. **Defendant Should Be Allowed to Ask Plaintiffs Wendy Davis and David Gins Questions on Cross Examination.**

Plaintiff David Gins is guilty of stealing campaign signs. He was arrested for these acts. This raises a question of his moral turpitude. Yet Plaintiffs wish to shield Gins from any examination on these questions and seeks to exclude news articles discussing this fact.

Plaintiffs could have—and should have, if they wanted such examination excluded—filed a motion in limine on this point. They did not. They should not now be permitted to try to exclude evidence or testimony through the back door. Any

7

statements Gins has made in any police report, to any other person, or in his deposition are clearly party opponent admissions admissible under Fed. R. Evid. 801(d)(2)(A). Gins *admitted* to the content of the articles in his deposition. *See* ECF No. 325 at Ex. 3 at 155-56. Gins admitted he was the person identified in the articles regarding stealing the campaign signs of Republican candidates. *Id.* When asked, "Q. Did you put the signs behind the driver's seat of the Chevrolet Traverse?", Gins responded, "A. That sounds correct." *Id.* at 155, lns. 5-7.

Further, questioning Plaintiffs regarding their credibility is an essential aspect of cross examination, explicitly allowable under the Federal Rules of Civil Procedure. Fed. R. Evid. 608(a). And specific instances of conduct "may, on cross examination, . . . be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b). Direct evidence and questioning containing Plaintiffs admissions of stealing, lying, or stretching the truth are highly relevant and are far more probative than prejudicial.

The Exhibits Plaintiffs seek to exclude, prior to trial even beginning, is an appropriate line of questioning, and Defendants should be permitted to explore it.

6. **Defendants Should be Allowed to Question Plaintiff Wendy Davis about an Organization She Founded and Represented When She Was Part of that Organization.**

Defendants should be permitted to question Plaintiff Wendy Davis about an organization that she founded and represented. Specifically, Davis made statements

that "talk is cheap" and other statements regarding the value of speech. Any statements Davis personally has made regarding that organization or her work for it are party opponent admissions admissible under Fed. R. Evid. 801(d)(2)(A). Moreover, they are relevant to the value that she assesses to speech, which is a central point in this litigation.

Plaintiffs' counsel offers arguments as to Ms. Davis's speech, but none are confirmed by citations to Plaintiff Davis' testimony, the testimony of any other witness, or by any evidence in this case. Such statements of counsel should not be relied upon when the witness—indeed, a Plaintiff—can be asked about these very topics. Any attempts to exclude questioning of Davis along these lines based on arguments of counsel are premature.

Respectfully submitted,                                         Dated: August 30, 2024

THOMAS MORE LAW CENTER

<u>/s/ Richard Thompson</u>
Richard Thompson

<u>/s/ Erin Elizabeth Mersino</u>
Erin Elizabeth Mersino
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
Suite J-3200
Ann Arbor, MI 48106
Tel: (734) 827-2001
Fax: (734) 930-7160
Email: rthompson@thomasmore.org
emersino@thomasmore.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all registered ECF participants listed for this case. I sent via email per agreement of the parties a copy of the foregoing to Defendants Steve Ceh and Randi Ceh at the following addresses provided by the parties:

    Steve Ceh
    Email: steveceh33@gmail.com

    Randi Ceh
    Email: randiceh716@gmail.com

                                          /s/ Erin Elizabeth Mersino
                                          Erin Elizabeth Mersino