UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI, *et al.*, § | |
| § | |
| Plaintiffs, § | Civil Action |
| v. § | |
| § | No. 1:21-CV-565-RP |
| ELIAZAR CISNEROS, *et al.*, § | |
| § | |
| Defendants. § | |

**MESAROSES' NOTICE OF NON-CONSENT TO MAGISTRATE JUDGE DISTRIBUTION OF CONTENT IDENTIFYING PARTIES AND SUMMARIZING NATURE OF CASE TO VENIRE PRIOR TO SEPTEMBER 6[1]**

Judge Pitman's August 7 Order recognized that "jury selection" may only be conducted by a magistrate judge with the parties' consent. ECF No. 462. The Order relied on *Peretz v. United States*, 501 U.S. 923 (1991), for the principle that a magistrate judge "may conduct jury selection when the parties consent." ECF 462 at 1. When the Mesaroses consented to Judge Hightower "conducting jury selection in this case," such consent did not include consent to send a substantive summary of the case and identification of the parties to the venire a week before the date of jury selection. This possibility was not even remotely considered; counsel has never heard of a court identifying the actual parties to the case and summarizing the claims and defenses in a document sent to the venire prior to their arrival at court. The form supplemental juror questionnaire of the Western District, shared by the court with

---

[1] The Mesaroses request that the Court consider this notice as timely, given the circumstances described in their objections filed yesterday evening. This issue is important and the Defendants must be afforded a reasonable opportunity to respond and object.

1

the parties on August 27, in no way suggests that the content provided in the court's proposed cover letter to the venire would be part of the communication to the venire.

Accordingly, the Mesaroses did not consent to such content being a part of the "jury selection" to be conducted by Magistrate Judge Hightower. For the reasons explained in the Mesaroses' objections filed yesterday, they strenuously object to the provision of such content identifying the parties and any discussion of the nature of the case, however brief, prior to the venire's arrival at court. The questionnaire itself is not objectionable, because it does not identify the parties or attempt a summary of the claims or defenses and is a common part of the "jury selection" process which the parties could have anticipated when consenting to conduct of same by the Magistrate Judge.

The Mesaroses therefore respectfully request that any party-identifying information and any summary of the case be excised from any information that is to be sent to the venire prior to their walking into the courtroom on September 6.

The proposed case summary itself in the proposed cover letter is also misleading and inaccurate, as stated in Parks' and the Mesaroses' objections filed yesterday, and the Mesaroses therefore object to the summary even if it were to be appended to the questionnaire if delivered to the panel on September 6.

Respectfully submitted,

/s/ *Jerad Najvar*
Jerad W. Najvar
Tex. Bar No. 24068079
CHALMERS, ADAMS, BACKER & KAUFMAN LLC
2180 North Loop W., Ste. 255

Houston, TX 77018<br>
Phone: (281) 404-4696<br>
jnajvar@chalmersadams.com<br>
*Counsel for Mesaros Defendants*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on August 30, 2024, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF as follows upon all counsel of record, and upon pro se parties Steve Ceh and Randi Ceh by email.

*/s/ Jerad Najvar*<br>
Jerad Najvar