IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI *et al.*, | |
| *Plaintiffs,* | |
| v. | Case No. 1:21-cv-565-RP |
| ELIAZAR CISNEROS *et al.*, | |
| *Defendants.* | |

### DEFENDANT STEVE AND RANDI CEH'S
### OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

It appears that Plaintiffs are seeking improper pre-clearance to present contested exhibits to the jury in their opening presentation, prior to Defendants' ability to conduct *voir dire* on admissibility, and thereby short-circuiting the evidentiary safeguards of trial. This is entirely improper. As an initial matter, Plaintiffs do not provide the standard for obtaining a motion *in limine*. In this district, "[t]he Court will exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Coates v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00018-DC, 2023 WL 2557388, at *1 (W.D. Tex. Jan. 9, 2023). In fact, "[t]he purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Id.* Therefore, "if the context of trial would provide clarity" then the "Court will defer rulings." *Id.*

**Request No. 2 – Admit the Document Marked Plaintiffs' Exhibit 060**

This request is improper as it seeks to conditionally admit an exhibit on a motion *in limine*. As noted above, "if the context of trial would provide clarity" then the "Court will defer rulings." *Id.* Therefore, this request should be denied.

**Request No. 4 – Admit 911 Call Recordings and Statements Made in Such Recordings.**

This request is improper as it seeks to admit entire recordings as excited utterances or present sense impressions, without presenting any factual support for how the entire recordings falls within these exceptions. Plaintiffs provide no detail to show that the entire recordings, or even the excerpts that they would play during opening arguments, fit within these hearsay definitions. A present sense impression is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it," and an excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *See* Fed. R. Evid. 803(1), (2). These are highly factual determinations and Plaintiffs have not offered any factual support or even sought to show conditional relevancy under 104(a). Plaintiffs may or may not be able to establish exceptions to hearsay for this evidence, but that is for determination at trial, not at a motion *in limine*, which would deny Defendants the ability to test and challenge the foundations for these exceptions. Therefore, this request should be denied.

**Request No. 5 – Exclude Questions and Evidence Concerning Sensational News Articles Relating to Plaintiffs Wendy Davis and David Gins.**

Plaintiffs seek to exclude, in pertinent parts, Ceh-137, Ceh-139 and "questioning, evidence, testimony, argument, and any other reference to unauthenticated news articles written about Plaintiffs Wendy Davis and her family or Plaintiff David Gins." Applied to Plaintiffs' overbroad request, these are plainly not documents or areas of inquiry that should be excluded, as there are admissible and relevant lines of inquiry relating to these documents and issues. First, Ceh-137 is an article about a Plaintiff's prior bad act involving dishonesty or deceit. It is improper to shut down this line of inquiry under the Federal Rules of Evidence. Mr. Gins may be a witness in this case, and evidence of prior bad acts is admissible as to a witness under FRE 404(a)(3). In addition, prior crimes, wrongs, or acts are also admissible under FRE 404(b)(2) to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Finally, such conduct may be probed on cross-examination under FRE 608(b). Therefore, this and other such relevant lines of inquiry are plainly not inadmissible on all potential grounds. Even if the Court determines that this article is inadmissible, it must leave open the availability of this line of inquiry should Mr. Gins take the stand as a witness.

Second, Ceh-139 is an article about Mr. Gins posting about his love of working for Ms. Harris and his credibility and motives are questioned. The extent to which Mr. Gins will go to serve his boss is a pertinent question, particularly in light of the

information contained in Ceh-137. As noted above, Mr. Gins may be witness in this case and his biases, motives, and prior acts are potentially subject to inquiry.

Finally, Plaintiffs unreasonable request to restrict "questioning, evidence, testimony, argument, and any other reference to unauthenticated news articles written about Plaintiffs Wendy Davis and her family or Plaintiff David Gins," is untenable at best. As noted above, it is impossible for Plaintiffs to meet their required standard of showing that this is inadmissible on all potential grounds. They admit that Ms. Davis and her family have been in the public eye for decades, yet they seem to argue that this somehow shields her for any inquiry into her public life now that she has chosen to bring a lawsuit in this Court. It is quite the opposite. A public figure is generally held to a heightened standard in many contexts due to their choice to hold themselves out in the public limelight. This Court should disregard this ill-conceived and legally unsupported request.

## CONCLUSION

For the above reasons, Defendants respectfully request the Court deny Plaintiffs' motion *in limine*.

Dated: August 30, 2024                                  Respectfully submitted,

/s/ Jason C. Greaves
Jason C. Greaves, TBN 24124953
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
(703) 888-1943
Fax: (703) 888-1930
jason@binnall.com

*Attorney for Steve and Randi Ceh*

4

## CERTIFICATE OF SERVICE

I certify that on August 30, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jason C. Greaves
Jason C. Greaves, TBN 24124953

*Attorney for Steve and Randi Ceh*
