UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ERIC CERVINI, *et al.*,                    §
                                           §
                    Plaintiffs,            §          Civil Action
        v.                                 §
                                           §          No. 1:21-CV-565-RP
ELIAZAR CISNEROS, *et al.*,                §
                                           §
                    Defendants.            §

**MESAROSES' RESPONSE TO
PLAINTIFFS' AUGUST 23, 2024 MOTIONS IN LIMINE**

The Mesaroses respond as follows to Plaintiffs' motions in limine filed August 23, 2024 (ECF 489).

First, it is well to remember the general principles applicable here. "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *EEOC v. First Metro. Fin. Serv.*, 515 F.Supp.3d 573 (5th Cir. 2021). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Id.* (citations omitted). "To that end, evidentiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.* (internal quotations and citations omitted).

1. **PTX-096 and -097**

The Mesaroses do not object to the authenticity or the admissibility, in general, of these exhibits, as they largely contain the statements of Joeylynn Mesaros, who does not deny that they are her comments. The Exhibits should be admitted, but with the following caveat/understanding. The Mesaroses asserted a potential

1

hearsay objection because while the comments are Joeylynn's, in some of them, she is paraphrasing or otherwise restating comments or views of other Facebook users to whom she is responding.  One random example (identified quickly for purposes of explanation here and not necessarily for its relevance to the case) is Joeylynn's response to a comment at 10:59 am on December 9, 2020 (ECF 489-1 at p. 104).  Those other users' statements are not visible in the exhibit.  The Mesaroses asserted a hearsay objection only because the document may contain hearsay to the extent Plaintiffs wanted to offer Joeylynn's comments as evidence of the truth of someone else's viewpoint or comment to which she is responding.  Thus, with the understanding that Joeylynn's comments in these exhibits are not evidence of the truth of comments of others that she is paraphrasing or otherwise representing, the Mesaroses agree that they should be admitted.  Any context required for explaining the limitations of such hearsay within the document can be made clear, to the extent necessary, to the jury at trial in the context of the actual testimony.  The Mesaroses also reserve the right to use at trial any other otherwise-admissible documents necessary to place any of these comments in context.

### 2.  Plaintiffs' motions in limine 2-6

The Mesaroses join in the response filed by Defendant Park with respect to the rest of the Plaintiffs' August 23, 2024 motions in limine.


Respectfully submitted,

/s/ *Jerad Najvar*

2

Jerad W. Najvar
Tex. Bar No. 24068079
CHALMERS, ADAMS, BACKER & KAUFMAN LLC
2180 North Loop W., Ste. 255
Houston, TX 77018
Phone: (281) 404-4696
jnajvar@chalmersadams.com
*Counsel for Mesaros Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 30, 2024, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF as follows upon all counsel of record.

/s/ *Jerad Najvar*
Jerad Najvar