UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>       Plaintiffs,<br><br> v.<br><br>ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK,<br><br>       Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

**PLAINTIFFS' OBJECTION TO JURY SELECTION PLAN**

Plaintiffs Wendy Davis, David Gins, and Timothy Holloway (together, "Plaintiffs") respectfully submit this Objection to the Court's August 23, 2024 Order on Jury Selection and Juror Questionnaire, Dkt. 488 (the "Order"). Plaintiffs object to the following sentence in the Statement of Facts within the Jury Selection Plan of the Order, Section II.B: "Defendants also assert that even if Plaintiffs were to satisfy the elements of their claims, Defendants' actions constituted protected speech and association under the First Amendment, which provides a complete defense from liability, and under the Texas Constitution." Order at 3. For the reasons set forth below, Plaintiffs respectfully request that the Court strike the above sentence from the Statement of Facts, as it would contravene the Court's previous Orders in this case, confuse and misinform the jury, and prejudice Plaintiffs.

First, Defendants previously raised arguments that their actions are protected under the First Amendment, the Texas Constitution, and/or Texas state law, *see* Dkt. 325 at 1, 14-16 (Defendant Park's Memorandum in Support of Motion for Summary Judgment); Dkt. 329-1 at 4-5, 7-8 (Defendant Cisneros's Memorandum in Support of Motion for Summary Judgment), but the Court rejected those arguments on grounds they are wrong as a matter of law. Dkt. 475 at 39-47 (Order on Summary Judgment).[1] In the Court's Order On Summary Judgment, Dkt. 475, the Court noted that Defendant Park was the "only defendant to raise a true First Amendment defense" and that Defendant "Cisneros appears to raise a defense based on the Texas Citizens Participation Act ('TCPA'), Texas's anti-SLAPP (Strategic Litigation Against Public Participation) statute," such that he seeks to suggest the alleged "Constitutionally protected nature of defendants' actions as well as the political nature of the plaintiffs' action in bringing this suit."[2] Dkt. 475 at 39, n.13.

---

[1] Defendant Park and Defendants Joeylynn and Robert Mesaros (the "Mesaros Defendants") also filed Petitions for Writ of Mandamus in the Fifth Circuit following the Court's denial of their Motions to Dismiss in this case, in which they each raised First Amendment defense arguments in their Mandamus Petitions. *In re Dolores Park*, No. 23-50585, Dkt. 2-1 at 1, 23-25 (5th Cir. Aug. 16, 2023); *In re Joeylynn Mesaros and Robert Mesaros*, No. 23-50593, Dkt. 2-1 at 12, 39-40 (5th Cir. Aug. 18, 2023). Both petitions were denied (after which Defendant Park and the Mesaros Defendants filed renewed requests for Mandamus relief, which were also denied). *In re Dolores Park*, No. 23-50585, Dkts. 37, 40, 96; *In re Joeylynn Mesaros and Robert Mesaros*, No. 23-50593, Dkts. 24, 28, 50. Their respective Motions to Dismiss the First Amended Complaint (which were denied, Dkt. 204) did not raise true First Amendment defenses relating to Defendants' First Amendment rights, but rather argued that an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless there is state action. *See* Dkt. 162 at 3-4; Dkt. 163 at 5-8. Neither did Defendant Cisneros' Motion to Dismiss the First Amended Complaint, Dkt. 164, which, among other filings, incorporated Defendant Cisneros' Motion to Dismiss the Original Complaint, Dkt. 25, which had vague references to exercising First Amendment rights in the context of arguing that there was no federal question jurisdiction, and was also denied, Dkt. 64. Defendant Park, Defendant Cisneros, and the Mesaros Defendants also each filed with this Court Motions for Reconsideration of the Court's Motion to Dismiss Order and Renewed Requests to Certify an Interlocutory Appeal, all of which were denied. *See* Dkts. 210, 223, 224, 258.

[2] In Defendant Cisneros's Motion for Summary Judgment, Defendant Cisneros made a passing reference to the Texas Constitution in his TCPA argument. *See* Dkt. 329-1 at 8. Other than that

The Court rejected both arguments. As to Defendant Park, the Court held that Plaintiffs' suit "arises from Park's allegedly tortious, unlawful behavior in the form of unsafe and assaultive driving" and "[b]ecause Plaintiffs' suit only seeks to hold Park liable for this unlawful conduct, Park cannot escape liability by seeking cover under the First Amendment." *Id.* at 40. The Court explained that Defendant Park's "First Amendment defense fails for two reasons: (1) the basis of Plaintiffs' claims is Park's tortious driving, which is not expressive conduct protected by the First Amendment; and (2) to the extent Park's speech or expression is raised or referenced, such speech could reasonably be found to be incidental to tortious conduct or a 'true threat'—categories of conduct that are excluded from First Amendment protection." *Id*. The Court further reasoned that:

> Here, the conduct that forms the basis of Plaintiffs' claims is not the fact that Defendants were engaged in a political caravan to indicate support of their preferred candidate for President. What is at issue is the manner in which they drove that caravan . . . Just as the First Amendment does not protect a driver waving a political flag from running a red light, it does not protect Defendants from allegedly threatening Plaintiffs with reckless driving.

*Id.* at 41-42. As to Defendant Cisneros, the Court held that his "offhand references to the TCPA and applicable caselaw without argument as to how the statute applies to the facts of this case are not enough to raise a First Amendment defense." *Id.* at 39, n.13.

Second, the Court has already granted Plaintiffs' Motion in Limine No. 3, which requested that the Court "exclude any attempts by Defendants or their counsel to offer irrelevant, inappropriate, and/or incorrect legal interpretations to the jury," including arguments that "the First Amendment protects Defendants' activities that give rise to Plaintiffs' claims," Dkt. 424-8 at 5-7.

---

reference, and a vague reference in Defendant Park's Answer to the Original Complaint, Dkt. 79 at 16-17, Plaintiffs are not aware of another Defendant raising the Texas Constitution as a defense in this case.

As Plaintiffs explained in Motion in Limine No. 3, "as a matter of law, the First Amendment does not protect the conduct at issue here . . . If a properly instructed jury finds that Plaintiffs have proven their case, Defendants cannot validly argue that imposing liability would encroach on 'free speech.'" *Id.* at 6, n.3.  The Court agreed, finding that "Defendants may argue that they ***intended*** to participate in a peaceful protest," but "Defendants ***may not elicit or introduce testimony around their interpretation of the First Amendment***." Dkt. 471 at 2 (emphasis added).

Notably, only the Mesaros Defendants included a reference to the Texas Constitution in their proposed statement of the case. *See* Dkt. 427 at 2 ("Moreover, even if the Mesaroses' activity could support a cognizable claim under the Klan Act or either state law claim, the Act and/or state law claim would violate the speech and associational rights of the Mesaroses protected by the First Amendment ***and/or, with regard to the state law claims, the Texas constitution***.") (emphasis added).  No other Defendant referenced the Texas Constitution in their proposed statement of the case. *See* Dkt. 426 at 23-25; Dkt. 470 at 1-2; Dkt. 478 at 1-2.  The Mesaros Defendants' offhand invocation of the Texas Constitution, apparently raised by them for the first time in their proposed statement of the case, should be excluded.  Citing the Texas Constitution in its entirety without identifying a particular provision does not adequately raise a defense under the Texas Constitution.

In sum, the Court has already held that any argument that the First Amendment protects the conduct at issue in this case is legally and factually wrong.  The Court has also precluded Defendants from making legal arguments that the First Amendment provides a defense to liability at trial.  And the Mesaros Defendants' eleventh-hour invocation of the whole Texas Constitution in their proposed statement of facts is insufficient to raise it as a defense.  The inclusion of the sentence to which Plaintiffs object in the Statement of Facts—which will be the first substantive piece of information the jurors hear about this case—would prejudice Plaintiffs, directly

contravene the Court's previous Orders in this case, and misinform the jurors about the law at the outset of the trial. The First Amendment and Texas Constitution do not operate as affirmative defenses in this case, like self-defense in a murder trial; if a jury finds that Plaintiffs meet the elements of their claims at trial, Defendants cannot then defend against liability with a First Amendment defense or similar defense under the TCPA or Texas Constitution. *See* Dkt. 475 at 39-47. Accordingly, Plaintiffs respectfully request that the Court strike that sentence from the Statement of the Case.

DATED: September 3, 2024

Respectfully submitted,

*/s/ Robert Meyer*

**TEXAS CIVIL RIGHTS PROJECT**
Christina M. Beeler (TX Bar No. 24096124)
Sarah Xiyi Chen (CA Bar No. 325327) (*pro hac vice*)
Veronikah Rhea Warms (TX Bar No. 24132682) (*pro hac vice*)
Travis Fife (TX Bar No. 24126956)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
christinab@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org
travis@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601

New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org
orion.danjuma@protectdemocracy.org

Cerin Lindgrensavage (DC Bar No. 1741602) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Anne Harden Tindall (DC Bar No. 494607) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
cerin.lindgrensavage@protectdemocracy.org
joanna.suriani@protectdemocracy.org
anne.tindall@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac*

*vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
Jamielah Yancey (DC Bar No. 1619055) (*pro hac vice*)
Rebecca Heath (DC Bar No. 1644402) (*pro hac vice*)
Amy R. Orlov (DC Bar No. 1780213) (*pro hac vice*)
Noah Mussmon (DC Bar No. 90006660) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jyancey@willkie.com
rheath@willkie.com
aorlov@willkie.com
nmussmon@willkie.com

Aaron E. Nathan (NY Bar No. 5478227) (*pro hac vice*)
Madeleine Tayer (NY Bar No. 5683545) (*pro hac vice*)
Christina Adele Peck (NY Bar No. 5923545) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: anathan@willkie.com
mtayer@willkie.com
cpeck@willkie.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, a true and correct copy of the foregoing has been served on all counsel of record by the Electronic Case File System of the Western District of Texas in compliance with the Federal Rules of Civil Procedure.

DATED: September 3, 2024                                    Respectfully submitted,

*/s/ Robert Meyer*

Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
rmeyer@willkie.com