**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>                    Plaintiffs,<br><br>   v.<br><br>ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK,<br><br>                    Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

## NON-PARTY ERIC CERVINI'S MOTION TO QUASH

Non-Party Eric Cervini ("Dr. Cervini") respectfully requests that the Court quash the subpoena issued by counsel for Defendants Robert Mesaros and Joeylynn Mesaros ("the Mesaros Defendants"), pursuant to Federal Rule of Civil Procedure 45.  Given the upcoming September 9, 2024 trial date and corresponding date of compliance for the subpoena, Dr. Cervini respectfully requests the Court's expedited consideration of this motion.

## BACKGROUND

Dr. Cervini is a former plaintiff in this lawsuit whose claims were voluntarily dismissed with prejudice.  Dkt. 456.  The reasons that he sought dismissal were explained thoroughly in his motion to dismiss.  Dkt. 414.  Dr. Cervini adopts and incorporates the arguments and evidence set forth in that motion, and in the accompanying motion to seal, Dkt. 413, as if fully stated herein.  Out of an abundance of caution and despite having previously prevailed against Defendants' dispositive motions, mandamus petitions, and appeal, Dr. Cervini sought to dismiss his claims with prejudice to ensure his participation in this lawsuit would end.  Dkt. 414 (citing Dkts. 64, 100, 204,

209, 221, 258, 285, 290).  The Mesaros Defendants' subpoena threatens to frustrate that specific purpose.

The Mesaros Defendants responded to Dr. Cervini's motion to dismiss, stating that they were unopposed.  Dkt. 434.  They opposed only the sealing of the motion and exhibits, arguing that the parties' protective order did not protect such material.  *Id.*

On August 2, 2024, the Court granted both motions, having reviewed the "sensitive personal reasons why he is seeking to withdraw from this case as a plaintiff" and the ways in which Dr. Cervini's continued public participation in the lawsuit "may subject him to … harassment." Dkt. 456 at 3.  The Court further found that there was "no indication that he is seeking dismissal to avoid an adverse ruling or has excessively delayed in prosecuting the case" and that "because all of Plaintiffs' claims in this case are identical and the other Plaintiffs will be continuing to litigate their claims, Cervini's participation in this case has not caused Defendants to expend significant resources that they would not otherwise have expended."  *Id.* at 2-3.

On August 16, despite the Court's opinion and their previous non-opposition, the Mesaros Defendants served Dr. Cervini with a subpoena at his home in Santa Monica, California.  The subpoena must be quashed because it seeks to compel Dr. Cervini's appearance far beyond the 100-mile limit on the Court's compulsory process and because compelling Dr. Cervini's appearance would subject him to an undue burden.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 sets forth the requirements for the form and content of a subpoena.  Rule 45(c)(1) makes compulsory process available for trial testimony "only" if the place of compliance is "within 100 miles of where the person resides, is employed, or regularly transacts business in person; or within the state where the person resides, is employed, or regularly

transacts business in person, if the person is a party or a party's officer or is commanded to attend trial and would not incur substantial expense."  Fed. R. Civ. P. 45(c)(1)(A-B) (numeration omitted).

"On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

## ARGUMENT

The Mesaros Defendants served Dr. Cervini with a subpoena to testify at the trial beginning on September 9, 2024 at the federal courthouse in Austin, Texas.  A copy of the subpoena is attached as Exhibit A.

This motion is timely, and this Court has authority to quash the Mesaros Defendants' subpoena because it is the Court where compliance is required.  *Hoeflein v. Crescent Drilling & Prod., Inc.*, 2020 WL 7643122, at *2 (W.D. Tex. Dec. 23, 2020) (noting that, though "[t]he rules do not define timely … to be considered timely, [a motion must] be filed before the date set in the subpoena for compliance"); *Phil. Indem. Ins. Co. v. Odessa Fam. YMCA*, 2020 WL 6484069, at *1 (W.D. Tex. June 26, 2020) (citing *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex.

2017)); *Meritage Homes of Tex., LLC v. AIG Specialty Ins. Co.*, 2024 WL 221448, at \*4 (W.D. Tex. Jan. 18, 2024).[1]  The Court must grant this motion pursuant to Rule 45(d)(3)(A)(ii) and (iv).

### A.  The subpoena seeks to compel Dr. Cervini to comply and appear outside the 100-mile geographical limit of Rule 45(c).

On its face, the subpoena identifies the place of compliance as the federal courthouse in Austin, Texas, which reaches well beyond the 100-mile geographical limit of Rule 45(c)(1).  There is no dispute that Dr. Cervini is a resident of Santa Monica, California; indeed, the Mesaros Defendants knew to serve him at his home in California.  As set forth in his motion to dismiss, Dr. Cervini has already testified under oath as to the sensitive reasons he no longer resides or works in Texas.  Dkt. 414 at 3.  The subpoena's attempt to compel his appearance is invalid, and Dr. Cervini is entitled to the automatic quashal under Rule 45(d)(3)(A)(ii).

### B.  Compelling Dr. Cervini's appearance at trial would impose an undue burden.

Compelling Dr. Cervini to appear and testify at trial would subject him to undue burden, even if the subpoena were facially valid and enforceable.  *Id.* at 45(d)(3)(A)(iv).  Dr. Cervini sought to voluntarily dismiss his claims to achieve the specific end of alleviating the personal burden imposed by this litigation and the risk of increasing public harassment.  Dkt. 414.  The Court acknowledged this risk when it granted his motion to dismiss.  Dkt. 456 at 3.  Should Dr. Cervini be compelled to testify at trial, he would incur the exact burden that he sought to avoid.  Merely two weeks passed between the Court's order granting dismissal of Dr. Cervini's claims and the

---

[1] By filing in this Court and not in his home district, Dr. Cervini in no way intends to waive any objection to the geographical limits of any court's compulsory process power or the due process rights implicated. Rather, Dr. Cervini files here because "[d]istrict courts in the Fifth Circuit turn to the subpoena and Rule 45 to determine where compliance is required." *Phil. Indemn. Ins.*, 2020 WL 6484069 at \*1. The place of compliance noticed by the Mesaros Defendants is the federal courthouse in Austin, Texas, making the place of compliance the Western District of Texas.

Mesaros Defendants serving this subpoena.  In the interim, nothing changed in terms of burden or risk of harassment.

The subpoena reflects a dubious effort to contort the civil litigation process and have it both ways. The Mesaros Defendants did not oppose Dr. Cervini motion to dismiss, claiming that their prior resistance to stipulating to his dismissal was based solely on their desire to confirm "that his withdrawal as a party at this juncture will not affect the Mesaroses' (sic) ability to seek fees, costs, and other sanctions."  Dkt. 434 at 1.  They did not identify any other prejudice or burden that Dr. Cervini's dismissal from the lawsuit, or absence from the upcoming trial, might impose on them—because they cannot.  As the Court found, "because all of Plaintiffs' claims in this case are identical and the other Plaintiffs will be continuing to litigate their claims, Cervini's participation in this case has not caused Defendants to expend significant resources that they would not otherwise have expended."  Dkt. 456 at 2-3.

The remaining Plaintiffs will proceed to trial on their allegations, seeking damages for their respective injuries.  The Mesaros Defendants will have their opportunity to cross-examine and present arguments against each of those Plaintiffs.  On the other hand, Dr. Cervini dismissed his claims and his corresponding right to any recovery at the upcoming trial on the merits.  In turn, the Mesaros Defendants no longer face a risk of an adverse judgment or damages owed to Dr. Cervini. Subjecting Dr. Cervini to examination at trial would serve no purpose other than to undermine the impetus behind Dr. Cervini's motion to dismiss and to circumvent the Court's subsequent reasoning for granting it.  *See Rembrandt Pat. Innovations v. Apple, Inc.*, No. 1:15-CV-438-RP, 2015 WL 4393581, at *1 (W.D. Tex. July 15, 2015) (Pitman, J.) ("[T]his Court is of the opinion that because the information at issue is available from … a party to the litigation, any interest [the

parties serving the subpoena] have in obtaining said information from a non-party is far outweighed by the burden imposed.").

Accordingly, there is no reason to compel Dr. Cervini to testify at trial about the other Plaintiffs' claims and injuries—let alone a reason that would overcome his sensitive, personal reasons for ending his participation in the lawsuit.  This is especially true because Dr. Cervini has already testified under oath at a December 1, 2023 deposition.  That deposition was noticed by Defendants and attended by the Mesaros Defendants' counsel, who had the opportunity to question him.  Thus, in the unlikely event that Dr. Cervini's testimony becomes relevant to the other Plaintiffs' claims, the Mesaros Defendants may seek to introduce his deposition testimony pursuant to Fed. R. Civ. P. 32 without further involving him.

## CONCLUSION

For the foregoing reasons, this Court should grant Dr. Cervini's motion to quash the Mesaros Defendants' subpoena.

DATE: September 3, 2024

Respectfully submitted,

*/s/ Heaven C. Chee*_____
Heaven C. Chee
Texas Bar No. 24087290
**LEÓN COSGROVE JIMÉNEZ, LLP**
700 Louisiana Street, 53rd Floor
Houston, Texas 77002
hchee@leoncosgrove.com
Telephone: (346) 250-5661

Sam T. Linn
New York Bar No. 5602982
**LEÓN COSGROVE JIMÉNEZ, LLP**
One World Trade Center
85th Floor, Suite 12
New York, NY 10007
slinn@leoncosgrove.com
Telephone: (346) 250-5663

*Counsel for Non-Party Eric Cervini*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, a true and correct copy of the foregoing has been served on all counsel of record by the Electronic Case File System of the Western District of Texas in compliance with the Federal Rules of Civil Procedure.

DATED:  September 3, 2024

Respectfully submitted,

*/s/ Heaven C. Chee*
Heaven C. Chee