UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC CERVINI, *et al.*, | § § | |
| Plaintiffs, | § | Civil Action |
| v. | § § | No. 1:21-CV-565-RP |
| ELIAZAR CISNEROS, *et al.*, | § § | |
| Defendants. | § | |

### MESAROSES' RESPONSE TO
### ERIC CERVINI MOTION TO QUASH SUBPOENA[1]

Mr. Cervini was properly served with a trial subpoena at his apparent residence in Santa Monica. While Mr. Cervini apparently resides in California, he is still within range for a trial subpoena if he "is employed, or regularly transacts business in person" within 100 miles of the courthouse. Fed. R. Civ. P. 45(c)(1)(A). Mr. Cervini voluntarily filed a lawsuit in this judicial district alleging claims arising from personal business he transacted in this district, namely, accompanying the Biden-Harris campaign bus in October 2020 in his own vehicle (or one belonging to a family member), including, within a few miles of this very courthouse.

Mr. Cervini's motion to quash is not verified and is not supported by a declaration signed by him. It contains only counsel's conclusory statement that Mr. Cervini is not within subpoena range, but does not purport to describe the extent to

---

[1] As an initial matter, the Mesaroses respectfully request that the Court consider this response as timely filed. Counsel has been engaged in preparing and uploading trial exhibits, as well as meeting the deadline yesterday evening for objections to Magistrate Hightower's jury selection plan.

which Cervini transacts business in Texas. The docket also reflects that he has continued to transact business in Texas in person, when he traveled to Texas with a bus apparently owned by a company Cervini owns to make books available to Texas children. Given these continued instances of personal business in Texas, a conclusory, unverified motion is insufficient to satisfy his burden of establishing that he is outside the range. *See Mathis v. Sw. Corr., LLC*, No. 5:20CV146-RWS-JBB, 2023 WL 11819343, at *3 (E.D. Tex. Feb. 27, 2023) (LaSalle Defendants have not met their burden of establishing that the trial subpoena does not comply with Rule 45.).

Nonetheless, the Mesaroses suggest that a decision on Cervini's motion be stayed pending a determination of whether his testimony may be necessary at all. The Mesaroses wish to be able to call Cervini if necessary to authenticate certain documents, for example, communications between him and other Plaintiffs during or about the incident. The Mesaroses do not anticipate that Cervini's testimony should be necessary, because the materials at issue are able to be authenticated and admitted over hearsay objections through other witnesses. But just as a precaution, the Mesaroses wish to be able to call Cervini, whether in person or by remote video link if approved by the Court, for these purposes.

        Respectfully submitted,

        /s/ *Jerad Najvar*
        Jerad W. Najvar
        Tex. Bar No. 24068079
        CHALMERS, ADAMS, BACKER & KAUFMAN LLC
        2180 North Loop W., Ste. 255
        Houston, TX 77018

>Phone: (281) 404-4696
>jnajvar@chalmersadams.com
>*Counsel for Mesaros Defendants*

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 5, 2024, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF as follows upon all counsel of record.

>*/s/ Jerad Najvar*
>Jerad Najvar