IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDY DAVIS, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-565-RP |
| ELIAZAR CISNEROS, et al., | § § § | |
| Defendants. | § § | |

## ORDER

This case is set for trial beginning in five days, on September 9, 2024. (Dkt. 405). Before the Court is Defendants Randi Ceh and Steve Ceh's (collectively, the "Ceh Defendants") motion for continuance of trial, (Dkt. 507), and the parties' responsive briefing, (Dkts. 508, 509, 510, 516). The Ceh Defendants, who have appeared *pro se* for much of this litigation, request a continuance because "after a diligent search" they have "finally been able to retain counsel in this matter to represent them at the upcoming trial." They request a continuance of two weeks so that their new counsel can have additional time to prepare for the trial. (*Id.*). The Ceh Defendants state that Defendants Dolores Park and Eliazar Cisneros do not oppose a continuance. (*Id.*).

However, Plaintiffs Wendy Davis, David Gins, and Timothy Holloway (collectively, "Plaintiffs") and Defendants Joeylynn Mesaros and Robert Mesaros (collectively, the "Mesaros Defendants") oppose a continuance. (Dkts. 508, 509). Plaintiffs and the Mesaros Defendants argue that the Ceh Defendants have not shown good cause for why they waited until shortly before trial to retain counsel. Plaintiffs and the Mesaros Defendants explain that a continuance would prejudice them because they have made arrangements and incurred expenses in preparation for the upcoming trial. (*See id.*).

In their reply, the Ceh Defendants raise an additional argument for continuance, stating that their counsel has recently learned that "Plaintiffs have, for over a year, withheld and failed to disclose written agreements with former defendants—and now plaintiff witnesses—Hannah Seh [sic] and Kyle Kruger." (Dkt. 510). The Ceh Defendants argue that this alleged failure to disclose is another reason to continue the trial. They also request that the Court briefly reopen discovery "on the issue of Plaintiffs' agreements and communications with Hannah Ceh and Kyle Kruger." (*Id.*). In a sur-reply, Plaintiffs emphasize that information about Plaintiffs' settlement with Hannah Ceh and Kyle Kruger was widely publicized back in April 2023, six months before discovery closed in December 2023. (Dkt. 516). Despite knowing about the settlements over a year ago, the Ceh Defendants did not ask Plaintiffs for this information, nor did they propound any discovery requests before or after discovery closed. Accordingly, Plaintiffs argue that both the Ceh Defendants' motion for continuance and request to reopen discovery should be denied. (*Id.*).

"[T]he decision whether to grant a continuance [is] within the sound discretion of the trial court." *United States v. Rounds*, 749 F.3d 326, 336 (5th Cir. 2014). "[T]he judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *HC Gun & Knife Shows, Inc. v. City of Hous.*, 201 F.3d 544, 549–50 (5th Cir. 2000). "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). The district court's decision will be reversed "only when [it] has abused its discretion and the [moving party] can establish that he suffered serious prejudice." *Rounds*, 749 F.3d at 336 (cleaned up). It is not an abuse of discretion to deny a motion for a continuance

where prejudice to the moving party has been caused by its own failure to act. *See Kelso v. Butler*, 899 F.3d 420, 428 (5th Cir. 2018).

This litigation began on June 24, 2021. (Dkt. 1). The Ceh Defendants were first named parties in the case on January 18, 2023, over a year-and-a-half ago. (Dkt. 151). The Ceh Defendants proceeded *pro se* in this litigation for over eighteen months until their counsel entered a notice of appearance five days ago—one week before jury selection and just over a week before trial. (*See* Dkts. 488, 498). Their motion for continuance does not explain why it took them so long to obtain counsel to defend them in this action. Indeed, the trial in this case has already been continued multiple times, (*see* Dkts. 126, 176, 254, 405), and the Ceh Defendants have had notice of the current trial setting of September 9, 2024, since May of this year. (Dkt. 405). The Ceh Defendants participated for over a year in discovery, depositions, meet-and-confers, the filing of pretrial disclosures, and the final pretrial conference without counsel. Although this case is complex, counsel for the Ceh Defendants must have known that trial was imminent when he agreed to represent them. Any prejudice that the Ceh Defendants might incur is due to their own delay in retaining counsel.

On the other hand, a continuance would seriously prejudice Plaintiffs, the Mesaros Defendants, non-party witnesses, and the Court itself. The trial in this case—which will begin in mere days—is anticipated to last three weeks and will involve the travel of multiple witnesses and counsel to Austin to participate at trial. As Plaintiffs and the Mesaros Defendants detail in their responses, the parties have spent months planning various logistics for the trial, such as coordinating the schedules of participating witnesses, arranging transportation and travel, and securing time off work and childcare for parties who will have to attend trial for a three-week period far from home. (*See* Dkts. 508, 509). Plaintiffs state that many of their expenses associated with this planning have already been paid and cannot be recouped. (Dkt. 508). Moreover, the Court has made extensive

3

preparations for this trial. A supplemental juror questionnaire has already been emailed to the venire panel. (*See* Dkt. 503). Because the Austin Division of the Western District of Texas is one of the busiest federal courthouses in the country, with a sole active judge, the Court plans its trial calendar months in advance. Any shift in the scheduling of this multi-week trial would impact the numerous other cases set for trial this Fall.

Plaintiffs' nondisclosure of settlement agreements with former defendants Hannah Ceh and Kyle Kruger also does not merit a continuance or a reopening of discovery. Despite proceeding *pro se* for much of this litigation, the Ceh Defendants meaningfully participated during the discovery phase of this litigation. They attended multiple depositions and asked questions in at least one Plaintiff's deposition. (Dkt. 516). However, they chose not to propound any discovery requests, including regarding information on settlement agreements which they already knew about. Plaintiffs were not required to produce discovery that the Ceh Defendants never requested, and the Court will not reopen discovery simply because the Ceh Defendants have obtained counsel at the eleventh hour.

It was the Ceh Defendants' choice to wait until the eve of trial to obtain counsel in this litigation. Their decision to wait over eighteen months to obtain counsel does not constitute a compelling reason for this Court to yet again reschedule this complex, multi-week trial. Accordingly, **IT IS ORDERED** that the Ceh Defendants' motion for continuance of trial, (Dkt. 507), is **DENIED**.

**SIGNED** on September 5, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4