IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDY DAVIS, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-565-RP |
| ELIAZAR CISNEROS, et al., | § § § | |
| Defendants. | § § | |

## ORDER

This case is set for trial beginning on September 9, 2024. (Dkt. 405). Before the Court are two motions to quash trial subpoenas, filed by non-parties Michael Forges and Eric Cervini. (Dkts. 505, 514). Defendants Joeylynn and Robert Mesaros (collectively, the "Mesaros Defendants") filed responses in opposition. (Dkts. 513, 520).[1] After reviewing the motions and the relevant law, the Court issues the following order.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 45 sets forth the requirements for the form and content of a subpoena. Rule 45(c)(1) makes compulsory process available for trial testimony "only" if the place of compliance is "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or "within the state where the person resides, is employed, or regularly transacts

---

[1] To ensure that the Court could timely resolve the motions to quash before trial, the Court directed the Mesaros Defendants to file responses by specified times. The Court ordered the Mesaros Defendants to file a response to Michael Forges's motion to quash by September 3, 2024 at 5:00 pm, (Dkt. 506), and the Court ordered the Mesaros Defendants to file a response to Eric Cervini's motion to quash by September 5, 2024, at 12:00 pm, (Dkt. 517). The Mesaros Defendants did not comply with either deadline. Despite the late nature of their filings, the Court considers their responses. However, the Court cautions counsel that late filings may not be considered in the future.

business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1).

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## II. DISCUSSION

### A. Michael Forges

The Court begins with the motion to quash filed by Non-party Michael Forges ("Forges"). Forges was served with a trial subpoena at his home in Harvey, Louisiana on August 19, 2024. (Dkt. 505). He was served by counsel for the Mesaros Defendants. (*See* Subpoena, Dkt. 505-1). The subpoena states that Forges must appear as a witness at the United States Courthouse in Austin on September 9, 2024 at 9:30 am. (*Id.*). In his motion, Forges states that his home in Harvey is 516.7 miles from the Austin courthouse. He also states that he is not employed within 100 miles of the courthouse, nor does he regularly transact business within 100 miles of the courthouse. Accordingly, Forges argues that the Court must quash the subpoena because Forges is beyond the geographic scope laid out in Rule 45(c). (Dkt. 505).

In response, the Mesaros Defendants assert that Forges would give highly relevant testimony in this case because he was a bus driver who was present on the Biden-Harris Bus during the October 30, 2020 incident that gave rise to this lawsuit. (Dkt. 513). They counter Forges's motion to quash in several ways. First, the Mesaros Defendants argue that Forges is within range for the subpoena because on October 30, 2020, he was employed by the Biden-Harris Campaign as its campaign bus traversed through central Texas. Second, the Mesaros Defendants argue that Forges

has not met his burden of establishing that he is outside the subpoena range because his motion to quash is not supported by a signed declaration. Last, the Mesaros Defendants note that Forges has stated that he is amenable to presenting his testimony via live video feed at trial (*Id.*). As such, the Mesaros Defendants request that Forges be allowed to present his testimony in such manner to alleviate Forge's burden of travel. (*Id.*).

The Court will grant Forges's motion to quash. First, Forges's motion is timely as it was filed before the date of compliance. *Hoeflein v. Crescent Drilling & Prod., Inc.*, 2020 WL 7643122, at *2 (W.D. Tex. Dec. 23, 2020). Second, Forges does not live or regularly work within 100 miles of the Austin courthouse. The Court is not persuaded by the Mesaros Defendants' arguments to the contrary. Forges has made representations about his residence and place of employment in a motion signed by his counsel. As such, these representations are presumably accurate, *see* Fed. R. Civ. P. 11, and the Mesaros Defendants make no argument to suggest that Forges's representations are fraudulent. Further, the fact that Forges worked once in central Texas does not mean that he "is employed" or "regularly transacts business in person" within 100 miles of the Austin courthouse. Therefore, the trial subpoena would require Forges to comply beyond the geographical limits specified in Rule 45(c), and as such this Court must quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(A).

The Court next addresses the Mesaros Defendants' request that Forges be allowed to present testimony remotely via a live video feed. It is the Court's practice to only allow remote testimony in extraordinary circumstances, and such circumstances do not exist here. The Mesaros Defendants state that they have known about Forges's connection to this lawsuit since Plaintiffs made their initial disclosures and Plaintiff Wendy Davis sat for her deposition. (Dkt. 513). The Mesaros Defendants should have anticipated that there could be difficulties in compelling Forges's appearance at trial given that he lives in Louisiana and could have deposed Forges so they could

introduce his testimony. Yet, the Mesaros Defendants did not obtain Forges's testimony during the discovery phase and provide no reasonable justification for their attempt to secure his testimony now on the eve of trial. The Court finds no good cause nor extraordinary circumstances that would warrant allowing remote testimony in this instance. Accordingly, the Court denies the Mesaros Defendants' request to allow Forges to present testimony remotely and grants Forges's motion to quash in full.

### B. Eric Cervini

The Court next turns to the motion to quash filed by Non-party Eric Cervini ("Cervini"). Cervini is a former Plaintiff in this case who voluntarily dismissed his claims with prejudice on August 1, 2024. (Dkt. 456). Cervini was served a trial subpoena at his home in Santa Monica, California on August 16, 2024. (Dkt. 514). Cervini asks the Court to quash the subpoena because he is beyond the geographic limit imposed by Rule 45 and his appearance would impose an undue burden. (*Id.*). In response, the Mesaros Defendants argue that Cervini has not satisfied his burden on the motion to quash. (Dkt. 520). However, the Mesaros Defendants also suggest that a decision on Cervini's motion could be stayed pending a determination of whether his testimony may be necessary at all. They state that they may wish to call Cervini to authenticate certain documents but do not anticipate Cervini's testimony being necessary because the materials at issue should be able to be authenticated by other witnesses. (*Id.*).

In light of the Mesaros Defendants' representations that they may not need to call Cervini to testify, the Court will deny Cervini's motion to quash without prejudice. Cervini may refile his motion to quash should the Mesaros Defendants determine that they wish to call him at trial.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Forges's motion to quash, (Dkt. 505), is **GRANTED**.

**IT IS FURTHER ORDERED** that Cervini's motion to quash, (Dkt. 514), is **DENIED WITHOUT PREJUDICE** to refiling should Cervini need to re-urge his request.

**SIGNED** on September 6, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE