**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>                            Plaintiffs,<br><br>     v.<br><br>ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK,<br><br>                         Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS MOTION IN LIMINE TO ADMIT DEPOSITION TESTIMONY

The Ceh and Mesaros Defendants' and Dolores Park's Oppositions to Plaintiffs' Motion in Limine to Admit Deposition Testimony of Jason Peña Ahuyon [Dkts. 539, 540] disregard the facts and law counseling in favor of presenting Mr. Peña by deposition given his self-imposed, irrevocable unavailability due to his plans to invoke the Fifth Amendment if called to the stand.

**First**, Plaintiffs submit as an attachment both the page and line designations of the specific seven and a half minutes of Mr. Peña's deposition sought to be presented (Ex. A), the page and line deposition designations filed pretrial (Ex. B, and Dkt. 424-6), and the full deposition transcript (Ex. C), which permits the Court to probe the propriety of the Fifth Amendment invocation in each instance, as requested by Defendants. The transcripts and the video deposition excerpts Plaintiffs seek to present—as well as the portions belatedly designated by Defendant Park—indicate that Mr. Peña did not make a "blanket refusal to testify," but answered some questions and considered each question with his attorney present at the deposition. *See United States v. Melchor Moreno*,

536 F.2d 1042, 1049 (5th Cir. 1976*), opinion supplemented on denial of reh'g*, 543 F.2d 1175 (5th Cir. 1976).

**Second**, as discussed in Plaintiffs' motion, the legal precedent is clear that Mr. Peña is unavailable due to his planned invocation of the Fifth Amendment, and it is too late for any party to seek to compel his testimony overriding his constitutional right. A party may not withdraw an assertion of Fifth Amendment privilege if using it "in a tactical, abusive manner" or the opposing party would "experience undue prejudice as a result." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 548 (5th Cir. 2012), *as revised* (Jan. 12, 2012). Defendants cite no reason this analysis should not apply equally to third parties closely associated with a party, as Mr. Peña is with Defendant Eliazar Cisneros. Defendants appear concerned that Mr. Pena's Fifth Amendment invocation unduly prejudices them, but did not move to compel his testimony. Plaintiffs are concerned that Mr. Peña will invoke the Fifth Amendment only to Plaintiffs' questioning, but answer Defendants' counsel's questions despite previously depriving Plaintiffs of his truthful answers. Just today, Mr. Peña again confirmed through his attorney that he plans to assert the Fifth Amendment. The simplest way to avoid both parties' fears of undue prejudice and surprise, and to avoid extended fights before the jury, is to present the limited, attached portions of Mr. Peña's deposition testimony. This approach presents further efficiencies because, as stated in Plaintiffs' motion, Dkt. 538 at 5, Mr. Pena recently informed them that he is the sole caretaker for another and would be severely burdened by traveling to the Court from San Antonio for live testimony—one of several factors behind the timing of the instant motion.

**Third,** the Ceh and Mesaros Defendants' filing is premised on opposing an adverse inference jury instruction based on the Fifth Amendment invocation. But Plaintiffs' submitted proposed jury instructions filed [Dkt. 424-7], which they emailed to the Court prior to the start of

trial do not include a request for an adverse inference instruction notwithstanding their obvious entitlement to one. *See In re Cowin*, 492 B.R. 858, 885 (Bankr. S.D. Tex. 2013), *aff'd*, 538 B.R. 721 (S.D. Tex. 2015), *aff'd In re*, 864 F.3d 344 (5th Cir. 2017) (citations omitted) ("[T]he Fifth Circuit permits an adverse inference to be drawn against a party due to a non-party witness' assertion of the Fifth Amendment privilege against self-incrimination. This is particularly appropriate where, as here, the witness and the party to the lawsuit are co-conspirators."). Plaintiffs are willing to forego such an instruction because Mr. Peña's deposition—at which he answered some questions relating to his activities and communications but invoked the Fifth Amendment relating to the majority of Plaintiffs' questions relating to the October 30, 2020 conspiracy— represents just one among many efforts by Defendants to thwart Plaintiffs' factfinding throughout this case. His refusal to answer questions is relevant to the jury to show the evasiveness of a co-conspirator, not to ask for any inference that Mr. Peña or any Defendant did anything incriminating. The lack of adverse inference instruction mitigates the Ceh and Mesaros Defendants' fears of undue prejudice to their clients.

**Fourth**, this witness's role in no way implicates the Court's ruling on Plaintiffs' prior motion *in limine* relating to argument about the absence of other parties, which Defendants' counsel have flouted already in their questioning of Plaintiff Wendy Davis and witness John Polizzi. Nothing about Mr. Peña's testimony opens the door to questioning regarding why he was not sued, since there remain innumerable reasons why any Defendant is listed in the pleadings. Defendants' argument to revisit that motion *in limine* ruling should be denied regardless of the manner in which Mr. Peña's testimony is presented.

.      **Fifth**, Defendant Park's counsel had the opportunity to counter-designate deposition testimony when they received Plaintiffs' deposition designations on the pretrial disclosure

deadline. Because they have not, they have waived the ability to now counter-designate deposition testimony. But if the Court were to allow Defendant Park's newly designated Peña deposition portions to be played, Plaintiffs request that it should start at 0:57 of the clip linked in Defendant Park's Opposition, because the first 56 seconds are counsel testifying about her confusion about Mr. Peña's Fifth Amendment invocation, which is not appropriate for presentation to the jury. Additionally, Plaintiffs request that the Court sustain their objections to the form of many of opposing counsel's questions in that portion of the deposition, so those objectionable questions and answers should not be played to the jury.

In conclusion, Plaintiffs request that the Court examine the transcript of the deposition testimony Plaintiffs seek to present in lieu of Mr. Peña's live testimony, declare the Fifth Amendment invocations appropriate, declare Mr. Peña unavailable, and permit Plaintiffs to play the short excerpt of his deposition video in their presentation. This course allows Plaintiffs to present the facts elucidated in discovery to the jury in the most efficient, sensible manner and still "allows jurors to gauge the witness's attitude reflected by his motions, facial expressions, demeanor and voice inflections." *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000). To respond to Defendants' concerns, Plaintiffs are willing to forego an adverse inference instruction to the jury relating to Mr. Peña's Fifth Amendment invocation.

Date: September 16, 2024

Respectfully submitted,

___/s/ John Paredes_____

**TEXAS CIVIL RIGHTS PROJECT**
Christina M. Beeler (TX Bar No. 24096124)
Sarah Xiyi Chen (CA Bar No. 325327)
(*prohac vice*)
Veronikah Rhea Warms (TX Bar No.
24132682) (*pro hac vice*)

Travis Fife (TX Bar No. 24126956)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
christinab@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org
travis@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org
orion.danjuma@protectdemocracy.org

Cerin Lindgrensavage (DC Bar No. 1741602) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Anne Harden Tindall (DC Bar No. 494607) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
cerin.lindgrensavage@protectdemocracy.org
joanna.suriani@protectdemocracy.org
anne.tindall@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582

Facsimile: (202) 769-3176
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No.
37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
Jamielah Yancey (DC Bar No. 1619055) (*pro hac vice*)
Rebecca Heath (DC Bar No. 1644402) (*pro hac vice*)
Amy R. Orlov (DC Bar No. 1780213) (*pro hac vice*)
Noah Mussmon (DC Bar No. 90006660) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jyancey@willkie.com
rheath@willkie.com
aorlov@willkie.com
nmussmon@willkie.com

Aaron E. Nathan (NY Bar No. 5478227)
(*pro hac vice*)
Madeleine Tayer (NY Bar No. 5683545)

(*pro hac vice*)
Christina Adele Peck (NY Bar No. 5923545)
(*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: anathan@willkie.com
mtayer@willkie.com
cpeck@willkie.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, a true and correct copy of the foregoing has

been served on all counsel of record by the Electronic Case File System of the Western District of

Texas in compliance with the Federal Rules of Civil Procedure as agreed by the parties.

DATED:  September 16, 2024                                          Respectfully submitted,

                                              */s/ John Paredes*

**THE PROTECT DEMOCRACY
PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro
hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org