



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WENDY DAVIS, DAVID GINS, and §
TIMOTHY HOLLOWAY, §
§
        Plaintiffs, §
§
v. §        1:21-CV-565-RP
§
ELIAZAR CISNEROS, RANDI CEH, STEVE §
CEH, JOEYLYNN MESAROS, ROBERT §
MESAROS, and DOLORES PARK, §
§
        Defendants. §

## JURY CHARGE

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

## I. INSTRUCTIONS FOR THE JURY

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you

1

to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendants in arriving at your verdict.

## INSTRUCTION NO. 1

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiffs Wendy Davis, David Gins, and Timothy Holloway have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs Wendy Davis, David Gins, and Timothy Holloway have failed to prove any element of their claims by a preponderance of the evidence, then they may not recover on that claim.

## INSTRUCTION NO. 2

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence

that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You are not to decide this case by counting the number of exhibits on the opposing sides. Exhibits are weighed; exhibits are not counted. The test is not the relative number of exhibits, but the relative convincing force of the evidence. A single exhibit is sufficient to prove any fact if after considering all of the other evidence you believe that exhibit.

Additionally, I remind you that anything you may have seen or heard during this trial other than testimony from witnesses and exhibits admitted into evidence should be disregarded.

## INSTRUCTION NO. 3

### LIMITING INSTRUCTION

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

## INSTRUCTION NO. 4

### DEMONSTRATIVE EVIDENCE

Certain exhibits were shown to you for the purpose of assisting counsel in demonstrating their arguments or assisting witnesses in demonstrating their testimony. If your recollection of the evidence differs from these exhibits, rely on your recollection.

## INSTRUCTION NO. 5

### WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light

of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## INSTRUCTION NO. 6

### DEPOSITION TESTIMONY

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read and shown to you throughout the trial. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## INSTRUCTION NO. 7

### EVIDENTIARY SANCTIONS AGAINST DEFENDANTS ELIAZAR CISNEROS AND DEFENDANT JOEYLYNN MESAROS – PERMISSIVE ADVERSE INFERENCE

In a federal civil action like this case, parties are entitled to the disclosure of all relevant, non-privileged evidence the other side possesses or controls, including relevant documents and electronically stored information. This pre-trial process is known as "discovery."

During this trial, you have heard evidence that certain Defendants no longer have relevant evidence in their possession. During the discovery process in this case, the Court found, as a matter of law, that Defendants Eliazar Cisneros and Joeylynn Mesaros failed to comply with their discovery obligations in this lawsuit by destroying evidence of electronically stored information relevant to this case. In addition, I found that, in refusing to comply with their discovery obligations, these Defendants acted with bad faith and caused Plaintiffs prejudice.

As a result, you are instructed as to the following:

1. Eliazar Cisneros intentionally deleted text messages, relevant to Plaintiffs' claims in this litigation, with Jason Peña, Edward Niño, and others from the days leading up to October 30, 2020, and on October 30, 2020, and you may presume that Eliazar Cisneros deleted those text messages because they were unfavorable to his case and would have been used by Plaintiffs to establish his liability.

2. Defendant Joeylynn Mesaros intentionally deleted social media content relevant to Plaintiffs' claims in this litigation and instructed her husband Robert Mesaros to do the same, and you may presume that Joeylynn Mesaros deleted this social media content because it was unfavorable to her case and would have been used by Plaintiffs to establish her liability.

3. Defendant Joeylynn Mesaros intentionally failed to preserve her text messages from key time periods including shortly before, during, and after October 30, 2020, and you may presume that Joeylynn Mesaros failed to preserve these text messages because they were unfavorable to her case and would have been used by Plaintiffs to establish her liability.

4. Finally, Defendant Joeylynn Mesaros intentionally failed to preserve other phone data from key time periods including shortly before, during, and after October 30, 2020, and you may presume that Joeylynn Mesaros failed to preserve this phone data because it was unfavorable to her case and would have been used by Plaintiffs to establish her liability.

You are cautioned, however, that each party is entitled to have the case decided solely on the evidence that applies to that party. Sanctions against these parties have no bearing on other parties.

## INSTRUCTION NO. 8

### LAWSUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## INSTRUCTION NO. 9

### CIVIL LIABILITY

The action before you is a civil lawsuit, not a criminal prosecution. You must not speculate whether a criminal case was brought based on these facts; whether a criminal case was brought is irrelevant to your consideration of this matter. As jurors, it is your duty to consider only whether the facts are sufficient to establish civil liability.

## INSTRUCTION NO. 10

### NONPARTIES AND DISCONTINUANCE AS TO SOME PARTIES

During the course of this trial, you have both heard the names of and heard from certain individuals who are mentioned in testimony but are not parties to this lawsuit or are no longer involved in this lawsuit. You must not speculate why they are not parties to this lawsuit, or why they are no longer involved in this case. As jurors, it is your duty to consider the issues only among the parties before you.

## II. CLAIM INSTRUCTIONS

### INSTRUCTION NO. 11

### THE LAW OF PLAINTIFFS' CLAIMS UNDER 42 U.S.C. § 1985(3)

Plaintiffs claim that Defendants participated in a conspiracy to engage in election-related intimidation in violation of 42 U.S.C. Section 1985(3). To prove this claim, Plaintiffs must prove:

**First:**   The existence of a conspiracy of two or more persons;

**Second:**   The purpose of the conspiracy was *either*:

(a) to prevent, by force, intimidation, or threat, one or more citizens who are lawfully entitled to vote, from giving their support or advocacy in a legal manner toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; *or*

(b) to injure any citizen in their person or property on account of such support or advocacy.

**Third:**   At least one person involved in the conspiracy took an overt act in furtherance of the conspiracy; and

**Fourth:**   As a result of the conspiracy, Plaintiffs were injured.

I will explain each of these elements in turn.

### INSTRUCTION NO. 12

### 42 U.S.C. § 1985(3) – EXISTENCE OF A CONSPIRACY

The **first** element that Plaintiffs must establish for their Section 1985(3) claims is the existence of a conspiracy. A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. While Plaintiffs must prove that the conspiracy had an unlawful objective, Plaintiffs need not prove that the conspiracy had only an unlawful purpose. Co-conspirators may have legal as well as unlawful objectives. A conspiracy may have several objectives, but if any one

of them, even if it is only a secondary objective, is to violate the law, then the conspiracy is unlawful. That said, I will talk about the unlawful purpose in the second element and will focus here solely on the agreement.

To prove a conspiracy, Plaintiffs do not need to prove that Defendants entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. An informal agreement may be sufficient. All Plaintiffs must show is an agreement to cause the unlawful purpose of the conspiracy, as detailed below.

Plaintiffs are also not required to show that all the Defendants they alleged as members of the conspiracy, were, in fact, parties to the alleged agreement, or that all of the members of the alleged conspiracy were named or alleged in this lawsuit. Nor must Plaintiffs prove that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little evidence of such an agreement. Therefore, a conspiracy may be established by circumstantial evidence. Circumstantial evidence tending to prove a conspiracy may include evidence of a Defendant's relationship with other members of the alleged conspiracy, the length of any such association, the Defendant's attitude and conduct, and the nature of the alleged conspiracy.

Simply put, to find that an agreement existed between conspirators, you must be convinced, by a preponderance of the evidence, that there was a mutual understanding, either spoken or unspoken, between the conspirators to commit at least one unlawful act. The law holds co-conspirators liable for all the reasonably foreseeable acts of their co-conspirators done in furtherance of the conspiracy.

## INSTRUCTION NO. 13

## 42 U.S.C. § 1985(3) – MEMBERSHIP IN A CONSPIRACY

Because there are multiple defendants in this case, you will also need to consider which, if any, of the Defendants was a member of the alleged conspiracy. In order to prevail on their claim against any individual Defendant, Plaintiffs must show that that individual Defendant joined the conspiracy and agreed on the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If any Defendant understood the unlawful nature of a plan or scheme and knowingly and intentionally joined in that plan or scheme on one occasion, that is sufficient to find that that individual Defendant joined a conspiracy even though the Defendant had not participated before and even though the Defendant played only a minor part.

The extent of a Defendant's participation, if any, has no bearing on the issue of a Defendant's membership, if any. A conspirator's membership is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

Moreover, once Plaintiffs have presented evidence of a conspiracy, Plaintiffs only need to produce slight evidence to connect an individual to the conspiracy. To be clear, that does not mean that Plaintiffs' burden of proof is "slight." Before the jury may find that a defendant, or any other person, became a member of the alleged conspiracy, the evidence in the case must show by a preponderance of the evidence that the defendant knew the purpose or goal of the agreement or understanding of that conspiracy and then deliberately entered into the agreement, intending in some way to accomplish the goal or purpose by this common plan or joint action.

In attempting to prove a Defendant's membership in the alleged conspiracy, Plaintiffs may rely on all direct and circumstantial evidence, including actions that appear coordinated, Defendants' conduct before, during, and after the relevant events, Defendants' presence at the scene of events, and any encouragement or ratification of a Defendant's acts by members of the conspiracy.

That being said, it is also important to keep in mind that mere presence at the scene of an event, even with knowledge that an unlawful act is being committed; mere encouragement or ratification; or the mere fact that certain persons may have assembled together and discussed common aims and interest, does not necessarily establish proof of the existence of a conspiracy. Instead, you must carefully weigh the evidence to determine if, by a preponderance of the evidence, each Defendant engaged in an agreement to act for an unlawful purpose or if the preponderance of the evidence shows for each Defendant that there was not such an agreement to act for an unlawful purpose.

**<u>INSTRUCTION NO. 14</u>**

**42 U.S.C. § 1985(3) – PURPOSE OF THE CONSPIRACY**

The **second** element Plaintiffs must establish for their Section 1985(3) claims is that one of the goals of the conspiracy that Defendants participated in was to do either of the following:

a)   To prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote from giving their support or advocacy in a legal manner in favor of the election of any qualified person as an elector for President or Vice President, or as a Member of Congress; or

b)   To injure any citizen in their person or property on account of such support or advocacy.

**Definitions:**

"Force" in prong (a) means power exerted against another's will or consent.

"Intimidation" in prong (a) means placing another in fear.

"Threat" in prong (a) means an expression by word or conduct that conveys an intent to place another in fear of harm.

"Injure" in prong (b) means to harm a person physically, emotionally, or to damage their property. For more instructions on what constitutes compensable emotional distress damages, see Instructions 17 and 23.

**<u>INSTRUCTION NO. 15</u>**

**42 U.S.C. § 1985(3) – SPECIFIC INTENT**

As previously stated, to hold any particular Defendant liable for a conspiracy, Plaintiffs must prove by a preponderance of the evidence that such Defendant conspired with one or more persons with the specific intent to further one of the two aforementioned goals. In other words, it is not enough for Plaintiffs to show that a Defendant agreed with other persons to drive out onto the

roadway in the vicinity of the Biden-Harris Campaign Bus in order to express support for President Trump or otherwise protest the Biden-Harris Campaign. Instead, Plaintiffs must show, by a preponderance of the evidence, that the particular Defendant had the specific intent to prevent Plaintiffs' support or advocacy by "force, intimidation, or threat" or to "injure" them on account of such support or advocacy.

Intentional acts are not merely negligent or reckless. Plaintiffs must prove that a particular Defendant's actions related to the Incident in question were motivated by an intent to prevent Plaintiffs' support or advocacy by "force, intimidation, or threat" or to "injure" them on account of such support or advocacy.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of their knowing acts. You may draw the inference that each defendant intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional act or conscious omission. You may consider any such inference drawn in determining whether or not Plaintiffs have proved by a preponderance of the evidence that each defendant possessed the required intent.

As long as there was some specific intent to accomplish the above goal, you must find for the Plaintiffs on this element even if the Defendants also possessed some other motive. This is because, as mentioned previously, co-conspirators may have legal as well as unlawful objectives.

### INSTRUCTION NO. 16

### 42 U.S.C. § 1985(3) – OVERT ACT IN FURTHERANCE OF THE CONSPIRACY

The **third** element that Plaintiffs must establish for their Section 1985(3) claims is that at least one of the conspirators during the existence of the conspiracy knowingly did at least one overt act in order to accomplish some object or purpose of the conspiracy. An "overt act" means some type of outward objective action performed by one of the members of the conspiracy which evidences that

agreement. An overt act may be an act which is entirely innocent when considered alone, but which is knowingly done in furtherance of some object or purpose of the conspiracy. The overt act need not be unlawful so long as it is done in furtherance of the conspiracy. All Plaintiffs must prove is a single overt act by just one of the conspirators.

### INSTRUCTION NO. 17

### 42 U.S.C. § 1985(3) – INJURIES SUSTAINED

The **fourth** element that Plaintiffs must establish for their Section 1985(3) claims is that they suffered an injury or injuries as a consequence of the alleged conspiracy. Injury for these purposes includes emotional distress such as humiliation and personal indignity, emotional pain, embarrassment, fear, anxiety, anguish, depression, and sleeplessness.

Plaintiffs may satisfy this element by showing that a member of the conspiracy did, or caused to be done, an act in furtherance of the conspiracy which was a proximate cause of the injury to Plaintiffs. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the conspirator's act.

To make this showing, Plaintiffs need not identify a particular person who caused their injuries or point to an injury caused by each member of the conspiracy. Instead, the law holds conspirators liable for all the reasonably foreseeable acts of their co-conspirators. In other words, a Defendant who is found to be a member of the conspiracy is liable for the injuries caused by any part of the conspiracy, even if his own personal acts did not proximately contribute to that injury.

### INSTRUCTION NO. 18

**CIVIL CONSPIRACY UNDER TEXAS LAW**

In addition to Plaintiffs' federal Section 1985(3) claim, Plaintiffs bring state claims under Texas law.

Plaintiffs claim that Defendants violated Texas law by engaging in a civil conspiracy to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Plaintiffs may establish liability for civil conspiracy by proving that a conspiracy exists by which a Defendant and another person or persons had knowledge of, agreed to, and intended to accomplish an assault (as defined below in Instruction No. 19) that resulted in damages to Plaintiffs, and that one or more persons involved in the conspiracy performed some act or acts to further the conspiracy. To prove civil conspiracy, Plaintiffs must prove the following five elements:

**First Element: Combination of two or more persons**

The first element of civil conspiracy that Plaintiffs must establish is the existence of a combination of two or more persons.

**Second Element: Intent to Accomplish a Course of Action**

The second element of civil conspiracy that Plaintiffs must establish is that each Defendant specifically intended to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means—here, assault. The parties to the conspiracy must have been aware of the harm or wrongful conduct likely to result from the wrongful conduct at the outset of the combination or agreement.

**Third Element: Meeting of Minds**

The third element of civil conspiracy that Plaintiffs must establish is that each Defendant reached a meeting of the minds on the unlawful purpose or reached a meeting of the minds to accomplish a lawful purpose by unlawful means. Plaintiffs must show that each Defendant had knowledge of the object and purpose of the conspiracy and had a meeting of the minds with the other

conspirators to accomplish that object and purpose, intending to bring about the resulting injury. Such knowledge and agreement may be established by circumstantial evidence. The agreement need not be formal, the understanding may be a tacit one, and it is not essential that each conspirator have knowledge of the details of the conspiracy. Inferences of concerted action may be drawn from joint participation in the course of action.

### Fourth Element: One or More Unlawful Overt Acts

The fourth element of civil conspiracy that Plaintiffs must establish is that at least one Defendant took one or more unlawful overt acts in pursuance of the agreed object or course of action—in this case, that at least one conspirator committed assault. Once a civil conspiracy is found, each co-conspirator is responsible for the actions of any co-conspirator in furtherance of the conspiracy. Thus, each element of the underlying tort of assault is imputed to each participant.

### Fifth Element: Injury

The fifth and final element of civil conspiracy that Plaintiffs must establish is that their damages occurred as a proximate result of each Defendants' conduct. That is, each Plaintiff's injury or injuries must follow from the underlying wrongful act. Injuries in this context include any relatively high degree of emotional distress that is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these. In this case, Plaintiffs are seeking to recover only for such emotional distress.

Plaintiffs allege that all Defendants—Eliazar Cisneros, Robert Mesaros, Joeylynn Mesaros, Randi Ceh, Steve Ceh, and Dolores Park—engaged in a civil conspiracy to threaten Plaintiffs with imminent bodily injury.

**INSTRUCTION NO. 19**

**CIVIL ASSAULT AND AIDING AND ABETTING ASSAULT UNDER TEXAS LAW**

Plaintiffs claim that Defendants violated Texas law by assaulting them. There are two ways for Plaintiffs to prevail on their assault claims.

First, Plaintiffs may establish liability for assault by showing that a Defendant intentionally or knowingly threatened them with imminent bodily injury. A person knowingly threatens another with imminent bodily injury if the person is aware that he/she places another in fear of imminent bodily injury. A person intentionally threatens another with imminent bodily injury if it is the person's conscious objective or desire to place the other person in fear of imminent bodily injury. Plaintiffs allege that Defendants Eliazar Cisneros and Robert Mesaros assaulted them by their actions threatening imminent bodily injury.

Second, Plaintiffs may also establish liability for assault by showing that a Defendant solicited, encouraged, directed, aided, or attempted to aid another Defendant in committing assault. In order to prevail on a claim of aiding and abetting assault, Plaintiffs must show that a Defendant (1) knows that the other's conduct constitutes assault; and (2) gives substantial assistance or encouragement to the other in committing assault. Anyone who commands, directs, advises, encourages, procures, controls, aids, or abets a wrongful act by another, is just as responsible for the wrongful act as the one who actually committed it. Plaintiffs allege that Defendants Eliazar Cisneros, Robert Mesaros, Joeylynn Mesaros, Randi Ceh, Steve Ceh, and Dolores Park aided and abetted others' actions threatening imminent bodily injury.

### INSTRUCTION NO. 20

### FIRST AMENDMENT

Defendants contend that their actions were protected by the First Amendment to the United States Constitution.

The First Amendment is not a defense to conspiracy to engage in unlawful conduct or assault. If you find that Defendants engaged in the violations of law that I have instructed you on, including a conspiracy as alleged by Plaintiffs, you may not find that Defendants' actions were protected by the First Amendment because the violations of law I have instructed you on are not protected by the First Amendment. The fact that an agreement to engage in illegal conduct necessarily takes the form of words also does not confer upon it, or upon the underlying conduct, protection under the First Amendment.

## III. DAMAGES

### INSTRUCTION NO. 21

### DAMAGES GENERALLY

I am now going to instruct you on damages. If you find that Plaintiffs Wendy Davis, David Gins, and Timothy Holloway have proved their claims against Defendants Randi Ceh, Steve Ceh, Eliazar Cisneros, Joeylynn Mesaros, Robert Mesaros, and Dolores Park by a preponderance of the evidence, then you must determine the damages to which each Plaintiff is entitled. You should not interpret the fact that I have given instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendants Randi Ceh, Steve Ceh, Eliazar Cisneros, Joeylynn Mesaros, Robert Mesaros, and Dolores Park are liable. I am instructing you on damages so that you will have guidance in the event that Defendants are liable, and that Plaintiffs are entitled to recover money from Defendants.

Plaintiffs must prove their compensatory damages by a preponderance of the evidence. Plaintiffs must prove their punitive damages on their federal claims by a preponderance of the evidence and punitive damages on their state law claims by clear and convincing evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiffs need not prove the amount of their losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

Last, you may only award damages—whether compensatory or punitive—that a particular Plaintiff has proven to have been the direct consequence of unlawful conduct.

## INSTRUCTION NO. 22

## COMPENSATORY DAMAGES

If you find that Defendant Randi Ceh, Steve Ceh, Eliazar Cisneros, Joeylynn Mesaros, Robert Mesaros, or Dolores Park is liable to Plaintiffs, then you must determine an amount that is fair compensation for each of Plaintiffs' damages. These damages are called compensatory damages. You also will be asked to determine if Defendant Randi Ceh, Steve Ceh, Eliazar Cisneros, Joeylynn Mesaros, Robert Mesaros, or Dolores Park are liable for punitive damages. Because the methods of determining punitive damages differ, I will instruct you separately on punitive damages. The instructions I give you now apply only to your consideration of compensatory damages.

The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that they have suffered. If Plaintiffs prevail on their claims in this lawsuit, they are entitled to compensatory damages for any emotional distress that they have suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. You should award compensatory

damages for those injuries that Plaintiffs have actually suffered or are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Plaintiffs in this case seek compensatory damages for emotional distress only. You should consider whether Plaintiffs have proved that they suffered emotional distress as defined below. Plaintiffs' burden of proof to recover for emotional distress is a preponderance of the evidence.

### INSTRUCTION NO. 23

### EMOTIONAL DISTRESS DAMAGES UNDER FEDERAL LAW

If you find that Defendants are liable with respect to Plaintiffs' federal Section 1985(3) claims, you may consider whether Plaintiffs Wendy Davis, David Gins, and Timothy Holloway have proven emotional distress damages for purposes of those claims. To do so, each Plaintiff must prove that they have suffered a specific discernable injury with credible evidence.

Hurt feelings, anger, and frustration are part of life and are not the types of harm that can support a mental-anguish distress award. Compensable emotional harm may manifest itself as sleeplessness, anxiety, stress, depression, marital strain, humiliation, loss of self-esteem, excessive fatigue, or a nervous breakdown, and physical manifestations may include ulcers, gastrointestinal disorders, hair loss, or headaches.

Evidence of emotional distress need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiffs must support their claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

## INSTRUCTION NO. 24

### EMOTIONAL DISTRESS DAMAGES UNDER STATE LAW

If you find that Defendants are liable with respect to Plaintiffs' Texas state law civil conspiracy, assault, or aiding and abetting assault claims, you may consider whether Plaintiffs Wendy Davis, David Gins, and Timothy Holloway have proven emotional distress damages for purposes of those claims. Compensable emotional distress is a relatively high degree of mental pain and distress that is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these. Evidence of the nature, duration, and severity of the emotional distress is required, which can take the form of Plaintiffs' own testimony, or that of a third party. You may also consider whether Plaintiffs have proven to a reasonable probability that they will suffer compensable emotional distress in the future. In order to recover damages for emotional distress, Plaintiffs must also prove that Defendants acted intentionally or with malice.

## INSTRUCTION NO. 25

### UNUSUALLY SUSCEPTIBLE PLAINTIFF

You have heard testimony that Plaintiffs may have been more susceptible to emotional upset than average people and that this made their injuries more severe. If you find that any Defendant caused harm to Plaintiffs, then that Defendant is liable for the full extent of the harm, and Plaintiffs are entitled to recover for all of that harm, even if the harm is greater than what would be expected for an average person.

## INSTRUCTION NO. 26

### PUNITIVE DAMAGES GENERALLY

If you find that one or more of Defendants Randi Ceh, Steve Ceh, Eliazar Cisneros, Joeylynn Mesaros, Robert Mesaros, and/or Dolores Park are liable to Plaintiffs Wendy Davis, David Gins, and Timothy Holloway, you must award Plaintiffs the compensatory damages that they have proven. You may, in addition, award punitive damages. The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiffs have been made whole by compensatory damages, so punitive damages should be awarded only if the Defendants' misconduct is so reprehensible under the standards set out below as to warrant the imposition of further sanctions to achieve punishment or deterrence.

## INSTRUCTION NO. 27

### PUNITIVE DAMAGES UNDER FEDERAL LAW

To award punitive damages against any Defendant with respect to Plaintiffs' federal Section 1985(3) claims, you must first find that the Defendant acted with malice or reckless indifference to the rights of others. In this context, one acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. You may award punitive damages in connection with Plaintiffs' federal law claims even if you find that Plaintiffs are not entitled to compensatory damages. Plaintiffs have the burden of proving that punitive damages under federal law should be awarded by a preponderance of the evidence.

## INSTRUCTION NO. 28

### PUNITIVE DAMAGES UNDER STATE LAW

To award punitive damages against a Defendant with respect to Plaintiffs' state law civil conspiracy, assault, or aiding and abetting assault claims, you must first find that the harm for which Plaintiffs seek recovery resulted from the Defendants' malice. In this context, "malice" means a specific intent by the Defendant to cause substantial injury or harm to Plaintiffs. You cannot award punitive damages in connection with Plaintiffs' state law claims unless you first find that Plaintiffs are entitled to an award of compensatory damages.

Plaintiffs have the burden of proving that punitive damages should be awarded by clear and convincing evidence. "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established. The clear and convincing evidence standard of proof applies *only* to the award of punitive damages in connection with Plaintiffs' state law claims. The standard of proof for all other findings in this case, including punitive damages under federal law, is a preponderance of the evidence.

## INSTRUCTION NO. 29

### FACTORS TO GUIDE THE AWARD OF PUNITIVE DAMAGES

If you decide to award punitive damages against any Defendant in connection with any of Plaintiffs' claims, the following factors should guide you in fixing the proper amount:

1. The reprehensibility of the Defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury; and

2. The ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened.

You may consider the financial resources of the Defendants in fixing the amount of punitive damages.

You may impose punitive damages against one or more of the Defendants and not others. You may also award different amounts against the Defendants.

## INSTRUCTION NO. 30

## DUPLICATE DAMAGES

If you find that Plaintiffs are entitled to damages, you must be careful not to award double or duplicate damages. Double or duplicate damages means more than one award of money for the same loss, injury, violation, wrong, or damage. In this case, Plaintiffs are seeking damages from Defendants under a number of claims. Where the same acts cause the injury or loss to Plaintiffs under more than one claim, Plaintiffs may recover only once for that injury or loss. To recover damages under more than one of the claims, Plaintiffs must prove Defendants' liability for each of those claims and must present evidence of distinct, separate injuries or losses under those claims.

With respect to punitive damages, however, you may make separate awards on each claim that is established.

## IV. DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not

be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** on September 20, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE