# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

WENDY DAVIS, et al.,
      Plaintiffs,

ELIAZAR CISNEROS, et al.,
      Defendants

Civil Action
No. 1:21-CV-565-RP

### ELIAZAR CISNEROS'
### MOTION FOR JUDGMENT ON PARTIAL JURY FINDINGS
### OR
### FOR A NEW TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Defendant Eliazar Cisneros (Cisneros) and asks the Court to amend the jury's answer to Question No.1 and to grant a motion for judgment on partial findings, alternatively for a new trial, all as authorized by Federal Rule of Civil Procedure 50(a)(b)(2,3), 53(b), 59(a)(e),60(a)(b4,6).

## INTRODUCTION

Plaintiffs sued the Defendants under 42 U.S.C. §1985(3), [Jury Charge Instructions (JCI) 1-17], Civil Conspiracy Under Texas Law, [JCI 18], Civil Assault and Aiding and Abetting Assault under Texas Law [JCI 19]. The court's JCIs are 1 to 30. At Page 26-31, are the Court's Jury Questions, [ECF 550]. At page 26, Verdict Form, First Claim: 42U.S.C. §1985(3) Question No.1, The Jury answered "YES" for Defendant Cisneros, and NO to all the other five Defendants. All six Defendants were found NOT Liable under each remaining Questions 2,3,6,7,8 where the Jury answered NO. The jury answered Questions 4 and 5 with monetary amounts.

The Court and the Jury heard the presentation of the Plaintiffs' and the Defendants' case. Each party closed. Before the case was submitted to the jury, Defendants including Cisneros moved the court for a directed verdict, [FRCP

1

50(a)(2)] specifying that as a matter of law, the Plaintiffs presented insufficient evidence and/or no evidence on all issues asking that the court direct a verdict in favor of the Defendants. Then, each party presented to the Jury their closing arguments and they retired to deliberate their verdict.

Defendant Cisneros incorporates by reference and renews his Motions for Summary Judgment [ECF 329] with respect to his assertion of the inapplicability of 42 U.S.C. §1985(3) to this case and the defendants claim that the plaintiffs failed to state a cause of action against them. Attention is directed to the US Court of Appeals, 5th Cir., Order in Case No. 23 50585, In Re Dolores Park and filed with this Cause [ECF 221]; the Motion made by Defendant Cisneros at the close of the Plaintiffs case before the Court [oral motion NOV] that there was no evidence to prove the Plaintiffs' case; and, that there was insufficient evidence to prove the Plaintiffs' case by a preponderance of the evidence.

## CONFLICT IN JURY ANSWERS TO QUESTIONS

Now, Defendant Cisneros is requesting the court's judgment on partial findings to amend their answer to Question No. 1 so as to correct the jury's response of "YES" or for a NEW TRIAL for the following reasons:

a.     **Facts, failure of Plaintiffs to prove their burden:**  The Plaintiffs did not present legally sufficient evidence to prevail on the issue of "…Preponderance of the Evidence in their claim that one or more Defendants engaged in a conspiracy in violation of 42 USC §1985(3)?" when the jury answered "YES" to "Eliazar Cisneros" and only to him.

1.  There is no evidence that Cisneros agreed with anyone to commit an illegal or unlawful act. Though there was some evidence that an idea of "Block the Bus" was initiated by one non-party, neither Cisneros, witness Ed Nino nor any other defendant stated that "Block the Bus" was ever the plan. All of the defendants stated that the only plan was to follow the bus and to stop

wherever the bus stopped and demonstrate their support for Trump. There was no other plan.

2.  There was no evidence that Cisneros used force, intimidation, or threat or that he injured any citizen in their person or property on account of the plaintiffs' support (for Biden-Harris) to any of the Plaintiffs. Evidence presented by Plaintiffs that Cisneros protested BLM in San Antonio, or that he assisted the police in downtown San Antonio with his weapon, are hardly issues of intimidation to the plaintiffs, not to mention they are and were highly irrelevant and prejudicial to the issues under Question 1. These events occurred months before October 30, 2020 and have no relevance to the issues involve in this case but they serve to prejudice the jury and smear Cisneros character. There was not any evidence that Cisneros injured any citizen aboard the bus or its passengers in their person or property on account of such support or advocacy. There is no evidence that Cisneros knew who was in or saw anyone in the bus, not even the driver. No one in the bus knew Cisneros, what he looked like or what he was doing until he was named in this suit.

3.  Cisneros' only physical participation in the October 30, 2020, Trump Train was to follow the bus. See PTX039R @.04. The driver of the white SUV collided with Cisneros [DEF452 and PTX026R] as the bus moved into Cisneros' Lane, [PTX041 @.04] and the white SUV crossed the IH35 road dividing line, crashing into Cisneros's truck[PTX394, DEF452]. At most, the collision was an accident. There is no evidence that the bus's occupants saw the accident, although they were subsequently informed.

4.  Cisneros proceeded to Austin, Texas [W.Davis video PTX001-004 and PTX002@19:20-25,and @ 23:40-49]. After the accident, there is no evidence that Cisneros followed the bus. Yet, there is ample evidence that he stayed

far from the bus after the accident on the rest of the route into Austin. [See W.Davis video PTX002 @ 23:40-49].

5.  In all the evidence presented to the jury, Cisneros is seen once while driving on the far-right lane of IH 35, [PTX394, DEF452] when the bus, while traveling on that same road in the middle lane, moves onto the right lane when Cisneros is approaching. At that point, the accident occurs with the white SUV. The next time Cisneros is seen in the distance (from the view on Plaintiff W. Davis's video PTX002,19;20-25) his truck is getting to the shoulder of the road where the white SUV is stopped, in Cisneros' attempt to exchange insurance and other information. Upon Cisneros' truck stopping, the white SUV darts onto the highway. Cisneros is seen again PTX002, 23:40-49 much ahead of the bus and never again in any of the videos.

6.  There is no evidence that Cisneros was driving dangerously or in violation of any traffic laws. Cisneros, testimony and the videos of his truck approaching the bus, show that he was at most 10 feet from the rear of the bus when the white SUV collided with his truck. Cisneros' testimony says he went to where the bus stopped in Austin, that he never crossed the police line, and that he spoke to the police officers there, telling them about the accident as a hit and run on the part of the white SUV and was told that it was outside their (Austin Police) jurisdiction.

b.  In Questions Nos. 2, 3, 6 7and 8 [ECF 550], at pages 27-31, the Jury answered "NO" to all defendants including Cisneros. The Jury's answer to these questions on Conspiracy and Assault, demonstrates that Cisneros was not engaged in any Conspiracy whether under 42 U.S.C. §1985(3) or Texas Law.

c.  Civil Conspiracy, Jury Instructions: To answer Question No. 2, [ECF550] at page 27, Civil Conspiracy (Texas Law) the jury had the court's instruction [JCI18] at page 15, that for a civil conspiracy "…Plaintiffs must establish the existence of a combination of two or more persons", that "…the Plaintiffs must establish that each Defendant specifically intended to accomplish an unlawful

4

purpose". The court explains to the jury that to have this conspiracy, they must "…establish that each defendant specifically intended to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means--here, assault". Further instructing the jury, the court charges that to find a Civil Conspiracy (at Page 16) "…that at least one conspirator committed assault.". Further instructing the jury at page 17 [JCI19] the court charges that "First, Plaintiffs may establish liability for assault by showing that a defendant intentionally or knowingly threatened them with imminent bodily injury. A person knowingly threatens another with imminent bodily injury if the person is aware that he/she places another in fear of imminent bodily injury. A person intentionally threatens another with imminent bodily injury if it is the person's conscious objective or desire to place the other person in fear of imminent bodily injury."

To answer Questions No. 1, one needs to look at the court's instructions N0.s 11,12, 13, 14, 15,16 and 17 [ECF 550 pages 8-14]. Each instruction to the jury, instructs it that to find liability under the Ku Klux Klan Act 42 U.S.C. §1985(3), there has to be a finding of an "unlawful purpose", "violation of the law", "unlawful act", "a purpose or goal…unlawful act", with the use or the purpose of "…force, intimidation, or threat,…". The court then, is instructing the jury that for purposes of the Ku Klux Klan Act 42 U.S.C. §1985(3), the jury needs to find that the defendant sought "To prevent by force, intimidation, or threat, any citizen…". The language in these instructions is equivalent to a violation of law, or an unlawful act, etc. This then, is identical to the court's Instruction No.s 18-19 requirement of an "unlawful purpose where the jury found none as the court instructed in Instructions JCI18 and 19  in answering "NO" to Questions 2,3,6,7 and 8. The different answers between the first Question and subsequent ones tells the court that the jury found no evidence and or insufficient evidence to hold Cisneros liable under both Ku Klux Klan Act 42 U.S.C. §1985(3), and Civil Conspiracy and assault.

Additionally, Ku Klux Klan Act 42 U.S.C. §1985(3) act has its definition of "unlawful act or purpose", it is "To prevent, by force, intimidation, or threat, any citizen…" or " to injure any citizen in their person or property on account of such support or advocacy." Both have the same purpose of finding unlawful activity, and or an assault.

d.  That Defendant Cisneros was found liable on Question No. 1 and not liable on all others Questions No.s 2,3,6,7,8,  indicates that the jury did NOT find Cisneros to have conspired to perform nor plan an illegal, unlawful act, or to injure any citizen in their person of property on account of their support or advocacy of the "Biden Harris" campaign.

### ARGUMENTS

The jury's answers to Questions No.1, verses 2,3, 6,7, and 8 are conflicted and must be reconciled by the court finding no evidence or insufficient evidence to support the jury's answer to Question No. 1. When the jury's answers appear to conflict, the court is obliged to reconcile the answers, if possible, in order to validate the jury's verdict.

The United States Supreme Court in *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 360, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962) (internal quotation marks and citation omitted) states that the Seventh Amendment of the U. S. Constitution "fashions [a] federal policy favoring jury decisions of disputed fact questions." *Atlantic & Gulf Stevedores, Inc., Supra.* Thus, the courts "must attempt to reconcile the jury's findings, by exegesis if necessary." *Ellis v. Weasler Eng'g, Inc.,* 258 F.3d 326, 343 (5th Cir.2001) (citing *Gallick v. Baltimore & O.R. Co.,* 372 U.S. 108, 119, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963)). If the answers to the interrogatories seem to conflict, "[the court is] obligated to reconcile the answers, if possible, in order to validate the jury's verdict." *White v. Grinfas,* 809 F.2d 1157, 1161 (5th Cir. 1987). When reconciling conflicts, it must be determined whether "the answers may fairly be said to represent a logical and probable decision on the relevant issues as

submitted." The judge's "constitutional mandate to create consistency requires that we look beyond the face of the interrogatories to the court's instruction's as well*.*" *Alverez v. J. Ray McDermott & Co., Inc.*, 674 F.2d 1037, 1040 (5th Cir.1982) (citation omitted).The Supreme Court has long since held that "[w]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); see also *Ellis v. Weasler Eng'g Inc.,* 258 F.3d 326 (5th Cir.2001) ("We are required under the Seventh Amendment to make a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible.") (citing *Atlantic & Gulf Stevedores*, 369 U.S. at 364, 82 S.Ct. 780) (emphasis added); *Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1260 (5th Cir.1988) ("Courts are obligated to reconcile a jury's answers when possible."). The principle guiding all of these cases is simp**lify** where possible, the court must interpret a jury's answers in such a way as to best fulfill the intent of the jury.

In Cisneros' case, it is more than possible to interpret the jury's answers in such a way as to best fulfill the intent of the jury. The **jury's answers** to Questions 2,3,6,7 and 8 tell the court that Cisneros was not liable for conspiracy; not liable for any unlawful act or assault or intimidation, etc**. These are** in conflict with the findings in Question No. 1. See, e.g., *Federal Deposit Ins. Corp. v. Munn*, 804 F.2d 860, 867 (5th Cir.1986) where the court, in a case involving a Texas DTP statute found conflicts in the special verdict. It stated at page 866, "The special verdict is a useful device for clarifying a jury's verdict and for focusing the jurors' attention on the disputed facts, but it presents the risk of conflicting answers. See *Guidry v. Kem Manufacturing Co.,* 598 F.2d 402, 405-06 (5th Cir.1979), cert. denied, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980). When answers apparently conflict, the reviewing court's duty is to reconcile the conflicts, if possible, in order to validate the jury verdict. *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir.1973). When the answers cannot be reconciled "after

a concerted effort," the court must grant a new trial.  *Miller v. Royal Netherlands Steamship Co.*, 508 F.2d 1103, 1106 (5th Cir.1975)".

In *Crossland v. Canteen Corp.*, 711 F.2d 714, 725 (5th Cir.1983) the Court addressed inconsistent challenges to jury findings on the Texas DTPA. At page 725 it states,"The inconsistency challenge, however, survives our reversal of the DTPA verdict, because the jury's verdict is required to reflect a consistent view of the facts. In reviewing a verdict for inconsistency, a court has a duty under the seventh amendment to reconcile the answers and uphold the verdict if that is at all possible.  *Mercer v. Long Manufacturing, Inc.*, 665 F.2d 61, 65-66 (5th Cir.), aff'd on panel rehearing, 671 F.2d 946 (5th Cir.1982);  *Guidry v. Kem Manufacturing Co.*, 598 F.2d 402, 406 (5th Cir.1979), cert. denied, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980);  *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir.1973)."

In the present case, the issues presented by the jury between Question No. 1 verses Questions No.s 2,3,6,7,8 can and must be reconciled by a court finding that the jury's answer to Question No. 1 is "NO". The jury's answer to Question No.1 is not consistent with the other factual findings of the jury in Questions No.s 2,3,6,78. Reconciliation of the facts to Question No. 1 are indeed undeniable.

The *Crossland* court at page 728 states "Canteen first argues that the jury's awarding of damages to both parties is inconsistent. We repeat that, as a reviewing court, we have a seventh amendment duty to reconcile the verdicts if it is at all possible.  *Mercer v. Long Manufacturing, Inc.,* 665 F.2d 61, 65-66 (5th Cir.), aff'd on panel rehearing, 671 F.2d 946 (5th Cir.1982);  *Guidry v. Kem Manufacturing Co.,* 598 F.2d 402, 406 (5th Cir.1979), cert. denied, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980);  *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir.1973). We can do so here. The jury expressly found that Canteen had breached the contract, but its award to Canteen was not necessarily premised on a finding that Canteen did not breach the contract. The jury simply found that $6560 was "owed to Defendant Canteen Corporation by Plaintiffs under the terms of the contract. The instructions did not require that such an award be premised on a finding that Canteen had not breached. The verdicts are reconcilable under the view that both parties breached

the agreement, and each is entitled to damages for the other's breach. This challenge therefore fails."

Indeed, this effort is required by the Seventh Amendment. See, e.g., *Crossland*, 711 F.2d at 725. The touchstone in reconciling apparent conflict is whether "the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted." *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir.1973).

*Mercer v. Long Mfg. N.C. Inc.,* supra, is referred to numerous times and it is quoted here because of how it addresses Cisneros issues of conflicts in jury answers herein above presented. Mercer says at pages 65 and 66 the following:" The test for determining whether jury answers to special verdicts are inconsistent is well-established in this Circuit.

This court has stated that the test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted, even though the form of the issue or alternative selective answers prescribed by the judge may have been the likely cause of the difficulty and largely produced the apparent conflict.... If on review of the District Court's judgment we find that there is no view of the case which makes the jury's answers consistent and that the inconsistency is such that the special verdict will support neither the judgment entered below nor any other judgment, then the judgment must be reversed and the cause remanded for trial anew. *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973) (citations omitted). See also *Gallimore v. Missouri Pacific Railroad Co.,* 635 F.2d 1165 (5th Cir. 1981); *Dallas-Fort Worth Regional Airport Board v. Combustion Equipment Associates, Inc.*, 623 F.2d 1032 (5th Cir. 1980); *Guidry v. Kem Manufacturing Co.*, 598 F.2d 402 (5th Cir. 1979), cert. denied, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980); *Willard v. The John Hayward*, 577 F.2d 1009 (5th Cir. 1978).

"We are required under the Seventh Amendment to make a concerted effort to reconcile apparent inconsistencies if at all possible. *Atlantic & Gulf Stevedores,*

*Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798, 806-07 (1962*); Miller v. Royal Netherlands Steamship Co.*, 508 F.2d 1103, 1106-07 (5th Cir. 1975); *Griffin v. Matherne, supra.* "We therefore must attempt to reconcile the jury's findings, by exegesis, if necessary ... before we are free to disregard the jury's verdict and remand the case for a new trial." *Gallick v. B & O R.R. Co.,* 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618, 627 (1963). See *Morrison v. Frito-Lay, Inc.*, 546 F.2d 154 (5th Cir. 1977); *Gonzales v. Missouri Pacific Railroad Co.*, 511 F.2d 629 (5th Cir. 1975); R.*B. Co. v. Aetna Insurance Co.,* 299 F.2d 753 (5th Cir. 1962). In attempting to reconcile special verdicts, we must also look to the court's instructions*. Griffin, supra; McVey v. Phillips Petroleum Co.*, 288 F.2d 53, 59 (5th Cir. 1961).

"With our constitutional mandate to create consistency where possible, we focus on the actual conflicts between the answers to the interrogatories here. On the surface, there appears to be no conflict between the finding of a breach of warranty and no violation of the DTPA. Under interrogatory (1) the jury found a breach of warranty in that the combine was not fit for the ordinary purposes for which it was sold.   The conflict appears when we look to the actual instructions in the jury charge of the District Court concerning the claimed violations of the DTPA, the subject of interrogatory (2). The District Court specifically charged that, along with certain misrepresentations and misleading statements, a breach of an express or implied warranty was a violation of the Act.  This instruction is in accordance with the statute, as amended in 1977, which provides that "a consumer may maintain an action if he has been adversely affected by ... (2) breach of an express or implied warranty...." 1977 Tex.Gen.Laws, ch. 216, § 5, at 603.

"In the light of the court's charge and the answer of the jury to interrogatory (2) it is impossible for this Court to exclude the possibility that the jury found that Long did not breach an express or implied warranty. The possibility is so great as to create a direct conflict with the explicit determination in interrogatory (1) that a breach of warranty had occurred. For this reason, the case must be remanded for trial again on the issues of breach of warranty and violation of the DTPA and resulting damages, if any."

Cisneros was found liable under Question No. 1, yet found NOT Liable under Questions 2,3,6,7 and 8. To reconcile the jury's conflicted and incongruent answers and to conform its verdict can be resolved by recognizing the jury's intent in its finding Cisneros NOT Liable in its answers to Questions 2,3 6,7 and8. The Court may make this ruling on its own and enter judgment accordingly, Or the court may order a new trial on that issue exclusive issue of 42 U.S.C. 1985(3) (Jury Question No. 1).

## CONCLUSION

For the reasons herein above stated, Defendant Cisneros moves this court asking it to grant this motion and render judgment on partial findings in favor of defendant Cisneros on jury Question No.1 as a "NO" verdict, (to amend the judgement FRCP 50(b)) it being the true intent of the jury to so find, and in the alternative to order a new trial on the issues presented by Question No. 1.

Respectfully submitted,                    Dated September 30, 2024


                               FRANCISCO R. CANSECO,
                               Attorney at Law
                               19 Jackson Court
                               San Antonio, Texas 78230
                               Telephone 210.901.4279
                               frcanseco@gmail.com

                    By:    /s/Francisco R. Canseco
                           Francisco R. Canseco
                           Pro Hac Vice
                           State Bar No. 03759600
                           Counsel for Defendant
                           Eliazar Cisneors

CERTIFICATE OF SERVICE

 I hereby certify that on September 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all registered ECF participants listed for this case.

/S/Francisco R. Canseco

Francisco R Canseco