UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>        Plaintiffs,<br><br> v.<br><br>ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK,<br><br>        Defendants. | Civil Action No. 1:21-cv-00565-RP<br><br>Hon. Robert Pitman |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL DEFENDANT ELIAZAR CISNEROS TO PAY PLAINTIFFS' EXPERTS' DEPOSITION FEES**

Pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i), Plaintiffs Wendy Davis, David Gins, and Timothy Holloway ("Plaintiffs") respectfully request that the Court order Defendant Eliazar Cisneros to pay Plaintiffs' experts—Theron Bowman, Peter Simi, and Kathleen Blee—his share of the reasonable fees Plaintiffs' experts charged in connection with their depositions. Moreover, Plaintiffs request that this Court order Defendant Cisneros to pay the attorney's fees associated with filing this motion.

## BACKGROUND

Plaintiffs designated Drs. Simi, Blee, and Bowman as testifying experts in this case on November 8, 2023. Dkts. 261, 262. Counsel for Defendant Cisneros, along with counsel for the other Defendants, deposed Drs. Simi, Blee, and Bowman on January 8, January 12, and January 16, 2024, respectively. Plaintiffs sent Defendants the experts' deposition invoices on April 15, 2024, requesting payment within 30 days. Ex. 1 at 8. The Defendants balked, refusing to pay the experts. *Id.* at 5–7. To avoid motions practice, Plaintiffs offered Defendants a 15% discount on the invoices on May 31, 2024. *Id.* at 4–5. The Defendants failed to respond to Plaintiffs' offer, so Plaintiffs followed up via email on June 21, 2024, stating that they interpreted Defendants' silence as declining the offer. *Id.* at 3. Plaintiffs also stated that they intended to file a motion seeking the expert fees as well as attorney's fees incurred in bringing that motion to compel. *Id.*

Within two hours of that email, counsel for Defendant Cisneros relayed to Plaintiffs (via counsel for Defendant Dolores Park) that he had accepted Plaintiffs' offer. *Id.* at 2. But nearly two months later, on August 16, 2024, Defendant Cisneros still had not paid. On that date, Plaintiffs sent counsel for Defendant Cisneros another email reminding him of Defendant Cisneros's obligation to make the payment. Ex. 1 at 1. Counsel for Defendant Cisneros did not respond. Following trial, Plaintiffs sent counsel for Defendant Cisneros a final reminder email on October

1, 2024 and asked for an update regarding the status of the payment by October 4, 2024. Ex. 2. Plaintiffs did not receive an update by that date—or anytime afterward.

It has now been over eight months since Plaintiffs first sent the experts' deposition invoices to Defendant Cisneros, and he has still failed to pay Plaintiffs' experts what he owes them. He continues to decline to make the payments despite never articulating any specific objection to Plaintiffs' experts' requested fees and even explicitly agreeing to pay one-third of the fees after Plaintiffs offered a 15% discount.[1] Ex. 1 at 3. Regardless of the parties' agreement, the mandate of Federal Rule of Civil Procedure 26(b)(4)(E)(i) is clear: Defendant Cisneros must make the required payments. Plaintiffs now respectfully request this Court order Defendant Cisneros to pay Drs. Simi, Blee, and Bowman the $2,720, $3,485, and $3,446, respectively, that he owes them. Exs. 3–5. This amount is calculated by taking one-third of each of the expert's invoices and applying the agreed-upon 15% discount. Plaintiffs further request that the Court order Defendant Cisneros to pay the attorney's fees for the time spent preparing this motion.

## ARGUMENT

**I.     Defendant Cisneros Must Pay Plaintiffs' Experts' Fees Charged in Connection with Their Depositions**

"[T]he court must require that the party seeking discovery" pay an expert a "reasonable fee" for time spent in responding to discovery unless "manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E). This includes the time Plaintiffs' experts spent preparing for their depositions and the time that they spent reviewing their depositions, to the extent it was reasonable. *See Nester v. Textron, Inc.*, 2016 WL 6537991, at *4 (W.D. Tex. Nov. 3, 2016).

---

[1] Defendants Dolores Park and Joeylynn and Robert Mesaros have paid their share of the experts' reasonable fees and expenses; the only outstanding payment is Defendant Cisneros's one-third share.

Each of Plaintiffs' experts only requests payment for the time they spent preparing for their deposition, at their deposition, and reviewing their deposition transcript. Exs. 3–5. Defendant Cisneros's agreement to pay one-third of 85% of Plaintiffs' experts invoices demonstrates his belief that Plaintiffs' experts' fees, as reduced, are reasonable. Had Defendant Cisneros believed that the fees were unreasonable or that "manifest injustice would result" from paying Plaintiffs' experts' their requested fees, he would not have agreed to do so. Thus, Defendant Cisneros must pay Plaintiffs' experts what he owes them.

## II. Defendant Cisneros Should Pay Plaintiffs' Attorney's Fees Incurred in Bringing this Motion

When a party's motion to compel is granted, the court must require the opposing party to pay the movant's reasonable fees and expenses unless (1) the moving party did not confer in good faith before filing the motion; (2) the opposing party was substantially justified in their objection; or (3) doing so would be otherwise unjust. Fed. R. Civ. P. 37(a)(5)(A); *Washington v. M. Hanna Constr. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008); *see also Stewart v. City of Houston*, 2010 WL 1524015, at *1 (S.D. Tex. Apr. 14, 2010) (awarding attorney's fees incurred in connection with a motion to compel the payment of expert fees). None of the three exceptions listed in Rule 37(a)(5)(A) apply here.

First, Plaintiffs have attempted to confer in good faith with Defendant Cisneros for over eight months regarding the experts' unpaid invoices. Defendant Cisneros has refused to pay. Second, Defendant Cisneros is not substantially justified in his objections. In fact, he has made no specific objections to the experts' invoices and, as discussed *supra*, he has already agreed to pay the requested fees. Finally, it would not be unjust to order Defendant Cisneros to pay the attorney's fees associated with filing this motion. Plaintiffs would not have needed to file this motion had he

honored the agreement he made when Plaintiffs first stated they would be filing this motion on June 21, 2024. Ex. 1 at 3. Thus, Plaintiffs respectfully request that the Court order Defendant Cisneros to pay the attorney's fees associated with filing this motion.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Defendant Cisneros to pay Drs. Simi, Blee, and Bowman, $2,720, $3,485, and $3,446, respectively, within seven days. Plaintiffs further request that the Court order Defendant Cisneros to pay the attorney's fees associated with filing this motion.

---

[2] Thus far, the attorney's fees Plaintiffs plan to request for this Motion amount to approximately two hours, but Plaintiffs will submit a final accounting along with their Reply, reserving the right to amend that figure further for any additional and necessary work following that Reply.

DATED:  January 13, 2025

Respectfully submitted,

*/s/ Samuel Hall*

**TEXAS CIVIL RIGHTS PROJECT**
Christina M. Beeler (TX Bar No. 24096124)
Sarah Xiyi Chen (CA Bar No. 325327) (*pro hac vice*)
Veronikah Rhea Warms (TX Bar No. 24132682) (*pro hac vice*)
Travis Fife (TX Bar No. 24126956)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
christinab@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org
travis@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
john.paredes@protectdemocracy.org
orion.danjuma@protectdemocracy.org

Cerin Lindgrensavage (DC Bar No. 1741602) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Anne Harden Tindall (DC Bar No. 494607) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (202) 769-3176

cerin.lindgrensavage@protectdemocracy.org
joanna.suriani@protectdemocracy.org
anne.tindall@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207) (*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093) (*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
Jamielah Yancey (DC Bar No. 1619055) (*pro hac vice*)
Rebecca Heath (DC Bar No. 1644402) (*pro hac vice*)
Amy R. Orlov (DC Bar No. 1780213) (*pro hac vice*)
Noah Mussmon (DC Bar No. 90006660) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com

- 8 -

shall@willkie.com
mgovernski@willkie.com
jyancey@willkie.com
rheath@willkie.com
aorlov@willkie.com
nmussmon@willkie.com

Aaron E. Nathan (NY Bar No. 5478227)
(*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: anathan@willkie.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas, in compliance with the Federal Rules of Civil Procedure.

/s/ *Samuel Hall*

## CERTIFICATE OF CONFERENCE

I certify that, as described in this Motion, Plaintiffs have attempted to confer on this matter with Defendant Cisneros multiple times since they first transmitted the experts' invoices to Defendant Cisneros on April 15, 2024. Ex. 1 at 8. Specifically, following Defendant Cisneros's acceptance of the 15% invoice discount, Plaintiffs asked Defendant Cisneros on August 16, 2024, via his counsel, to confirm that he would pay the agreed-upon fees by August 23, 2024. *Id.* at 1. Defendant Cisneros did not respond to Plaintiffs' email. On October 1, 2024, Plaintiffs asked counsel for Defendant Cisneros for a status update regarding the payment by October 4, 2024. Defendant Cisneros did not provide Plaintiffs with a status update by that date (or anytime thereafter) and has failed to pay the expert fees. Plaintiffs sent counsel for Defendant Cisneros an email on January 10, 2025, asking for his position on this motion by January 13, 2025 at 12 PM Eastern Time. Plaintiffs did not receive a response. Thus, based on Defendant Cisneros's failure to pay the experts' fees and respond to Plaintiffs' request for his position on this motion, I understand that he is opposed to this motion to compel him to make that payment.

/s/ *Samuel Hall*