**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY, <br><br> Plaintiffs, <br><br> v. <br><br> ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK, <br><br> Defendants. | Civil Action No. 1:21-cv-00565-RP <br><br> Hon. Robert Pitman |

**PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT
CISNEROS SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Plaintiffs Wendy Davis, David Gins, and Timothy Holloway ("Plaintiffs") respectfully move the Court to order Defendant Eliazar Cisneros to show cause why he should not be held in contempt of its August 1, 2025 order to pay Plaintiffs' experts the reasonable fees he owes them by August 15, 2025 (the "Order").

**FACTS**

On January 13, 2025, Plaintiffs filed a motion to compel Cisneros to pay the reasonable fees he owes Plaintiffs' experts in connection with their depositions pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i). Dkt. 579. Cisneros failed to respond to Plaintiffs' motion, and the Court granted it on August 1, 2025. Dkt. 588 at 2. The Court ordered Cisneros to "make payment to Plaintiffs' experts in the following amounts within fourteen days: $2,720 to Dr. Peter Simi; $3,485 to Dr. Kathleen Blee; and $3,446 to Dr. Theron Bowman." *Id.* On August 6, 2025, Plaintiffs

provided updated[1] payment instructions to counsel for Cisneros and reminded him of the Court's

Order requiring payment by August 15, 2025. *See* Declaration of JoAnna Suriani ("Suriani Decl.")

at ¶ 7. Plaintiffs have yet to receive any portion of the ordered payments, and counsel for Defendant

Cisneros has informed Plaintiffs' counsel that Cisneros will not be making them. *See* Suriani Decl.

at ¶¶ 8–9. Plaintiffs respectfully move the Court to order Cisneros to show cause why he should

not be held in contempt of its August 1, 2025 Order.

## LEGAL STANDARD

"Courts may impose sanctions for civil contempt as exercises of their inherent powers to

protect their proper functioning and ensure 'submission to their lawful mandates.'" *Yeti Coolers,*

*LLC v. Yeti Prods. LLC*, 2024 WL 4526041, at *3 (W.D. Tex. Aug. 30, 2024) (quoting *Int'l Union,*

*United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994)). A court may employ

"[j]udicial sanctions in civil contempt proceedings . . . to coerce the defendant into compliance

with the court's order [or] to compensate the complainant for losses sustained." *Am. Airlines, Inc.*

*v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) (quoting *United States v. United Mine*

*Workers of Am.*, 330 U.S. 258, 303–04 (1947)).

The movant bears the burden "of establishing by clear and convincing evidence 1) that a

court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that

the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45,

47 (5th Cir. 1992). The movant does not need to show that the contemptuous action was willful

"so long as the contemnor actually failed to comply with the court's order." *Am. Airlines*, 228 F.3d

at 581.

---

[1] Plaintiffs first provided payment instructions to Defendant Cisneros on April 15, 2024. Dkt. 579-1 at 9.

The Supreme Court has outlined the factors to be considered in the imposition of a civil contempt sanction: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (citing *United States v. United Mine Workers of Am.*, 330 U.S. at 304).

## ARGUMENT

### I.    This Court's August 1, 2025 Order is in Effect and Requires Certain Conduct by Cisneros

On August 1, 2025, the Court granted Plaintiffs' motion to compel Cisneros to pay Plaintiffs' experts' deposition fees. Dkt. 588 at 2. The Court ordered Cisneros to "make payment to Plaintiffs' experts in the following amounts within fourteen days: $2,720 to Dr. Peter Simi; $3,485 to Dr. Kathleen Blee; and $3,446 to Dr. Theron Bowman." Dkt. 588 at 2. Although Cisneros initially indicated his opposition to Plaintiffs' January 13, 2025 motion to compel, he failed to file a response to it. *Id.* at 1–2. The Court's Order—which it entered as unopposed—is still in effect.

### II.    Cisneros Failed to Comply with this Court's August 1, 2025 Order

Plaintiffs have not received any of the payments required by this Court's Order. *See* Suriani Decl. at ¶¶ 8–9. On August 6, 2025, Plaintiffs provided updated instructions for how to make the ordered payments to Cisneros, directing him to mail them to Plaintiffs' counsel at 2020 Pennsylvania Ave. NW, Suite # 163, Washington, DC 20006. *Id.* at ¶ 7. As of the filing of this

motion, five days after the payments were due pursuant to the Order, Plaintiffs still have not received any portion of the ordered payments. *Id.* at ¶ 9.

### III.    This Court Should Impose Appropriate Sanctions on Cisneros Upon a Finding of Contempt

In determining whether to impose a civil contempt sanction, this Court must consider "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Fin. Corp.*, 918 F.2d at 567 (citing *United States v. United Mine Workers of Am.*, 330 U.S. at 304). Each of these factors weighs in favor of imposing Plaintiffs' proposed sanctions on Cisneros upon a finding that he is in contempt.

#### A. A Coercive, Nonpunitive Fine is an Appropriate Sanction

A per diem fine for each day a contemnor fails to comply with an affirmative court order is a valid and enforceable contempt sanction. *See Bagwell*, 512 U.S. at 829; *see also Yeti Coolers*, 2024 WL 4526041, at *4 (imposing a $100 per diem fine on the contemnor); *Sec. & Exch. Comm'n v. Faulkner*, 2019 WL 277621, at *6 (N.D. Tex. Jan. 22, 2019) (imposing a per diem fine of $250 to coerce contemnor to make a court-ordered payment); *Ranco Indus., Inc. v. Boston Floor Mats*, 2012 WL 4620389, at *4 (S.D. Tex. Oct. 2, 2012) (finding a $100 per diem fine appropriate until the party in contempt complied with the court's order); *Belfor USA Grp. Inc. v. Ins. Reconstruction, LLC*, 755 F. Supp. 2d 813, 818 (E.D. Mich. Dec. 10, 2010) (finding a $500 per diem fine appropriate).

As discussed *infra*, Cisneros has continuously ignored deadlines throughout this case, and an appropriately calibrated and nonpunitive per diem fine is an appropriate sanction to coerce Cisneros's compliance with the Court's Order. "A coercive fine may be imposed so long as the

contemnor 'is afforded an opportunity to purge,' that is, a 'subsequent opportunity to reduce or avoid the fine through compliance.'" *Cooper v. Dallas Police Ass'n*, 2013 WL 1787564, at *8 (N.D. Tex. Apr. 5, 2013), *report and recommendation adopted*, 2013 WL 1787563 (N.D. Tex. Apr. 26, 2013) (quoting *Bagwell*, 512 U.S. at 829). Plaintiffs believe it would be appropriate for the per diem fine to begin one week after any order finding Cisneros in contempt. Cisneros would be able to purge his contempt during that one-week period and at any time thereafter by making the payments to Plaintiffs' experts.

Each of the Fifth Circuit's factors from *Lamar Fin. Corp.* weighs in favor of imposing a per diem fine on Cisneros if the Court finds that he is in contempt. *See* 918 F.2d at 567. First, Cisneros's failure to obey this Court's Order inflicts a substantial and ongoing monetary harm on Plaintiffs' experts by depriving them of the fees they are owed in connection with their depositions. This harm is exacerbated by the fact that Cisneros has failed to make the payments for over sixteen months. *See* Dkt. 579-1 at 9.

Second, Cisneros's conduct throughout this litigation demonstrates the probable effectiveness of Plaintiffs' proposed sanctions. As this Court noted in its Order Denying Cisneros's Motion for Judgment on Partial Findings and Striking Motion to Supplement, Cisneros has continuously failed to meet deadlines in this case. *See* Dkt. 590 at 4–5 & n.2. At the final pretrial conference, this Court warned counsel for Defendant Cisneros, "I need you to take seriously—all I'm asking is that you take seriously the deadlines of this court and not minimize, not excuse, and not deflect like you've been doing." *Id.* at 5 n.3 (quoting Hr'g Tr., Dkt. 570, at 16:17–20). The Court permitted Defendant Cisneros to file his pretrial filings late because "Mr. Canseco's clear that we'll need to continue to be diligent in meeting the deadlines" moving forward. Dkt. 590 at 5 n.3 (quoting Hr'g Tr., Dkt. 570, at 16:25–17:2). Since then, Defendant Cisneros's flouting of Court

deadlines has continued—first with his late filing of his Motion to Supplement (which this Court struck, Dkt. 590), and then with his failure to comply with this Court's Order to pay Plaintiffs' experts. Thus, further measures are required to enforce Defendant Cisneros's compliance with this Court's Order, which the history of this litigation demonstrates he is otherwise inclined to ignore. The per diem penalty will ensure Defendant Cisneros's prompt compliance and will not allow him to continue to ignore this Court's deadline for the payments.

Third, Plaintiffs ask that the Court impose an *appropriately calibrated* per diem fine to coerce Defendant Cisneros's compliance with the Order. To assist in calibrating that fine, Plaintiffs request time at any show cause hearing this Court holds to question Defendant Cisneros regarding his financial resources.

Fourth, Defendant Cisneros's contempt is willful. Defendant Cisneros has had sixteen months to make the required payments, and Plaintiffs and this Court have reminded him of his obligation several times. *See* Dkts. 579, 579-1, 579-2, 588. Despite this, Cisneros has made no efforts to comply with the Order, and he has not paid any portion of the fees he owes. Further, counsel for Defendant Cisneros informed Plaintiffs' counsel that Cisneros does not intend to pay the fees. Suriani Decl. at ¶ 9.

**B. Ordering Defendant Cisneros to Pay Plaintiffs' Attorneys Fees Incurred in Bringing this Motion is an Appropriate Compensatory Sanction**

The Court's remedial power in the context of civil contempt includes the discretion to award attorneys' fees. *See Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) ("The theory for allowing attorneys' fees for civil contempt is that civil contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance."). The Court may award "the cost of bringing the violation to the attention of

the court and an award of attorneys' fees to the party doing so." *Yeti Coolers*, 2024 WL 4526041, at *4 (cleaned up); *see also Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC*, 2021 WL 8081939, at *5 (W.D. Tex., July 29, 2021) (awarding the movant attorneys' fees and expenses incurred in bringing a contempt motion).

Defendant Cisneros failed to comply with this Court's Order, necessitating another motion to bring his noncompliance to this Court's attention. Thus, Cisneros should be required to pay the attorneys' fees and costs Plaintiffs incurred in filing this motion and in connection with any further briefing or appearances that may be required.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendant Cisneros to show cause why he should not be held in contempt of court for his failure to comply with this Court's August 1, 2025 Order. Dkt. 588. Further, if Defendant Cisneros fails to do so, Plaintiffs ask that the Court impose an appropriately calibrated per diem fine on Defendant Cisneros to coerce his compliance with the Order and require Defendant Cisneros to compensate Plaintiffs by paying the attorneys' fees and costs incurred in bringing this motion and any further briefing and appearances required in connection with it.

DATED:  August 20, 2025

Respectfully submitted,

*/s/ Samuel Hall*

**TEXAS CIVIL RIGHTS PROJECT**
Christina M. Beeler (TX Bar No. 24096124)
Sarah Xiyi Chen (CA Bar No. 325327) (*pro hac vice*)
Veronikah Rhea Warms (TX Bar No. 24132682) (*pro hac vice*)
Travis Fife (TX Bar No. 24126956)
Texas Civil Rights Project

1405 Montopolis Drive
Austin, TX 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
christinab@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org
travis@texascivilrightsproject.org

**THE PROTECT DEMOCRACY
PROJECT, INC.**
Orion Danjuma (NY Bar No. 4942249) (*pro
hac vice*)
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
orion.danjuma@protectdemocracy.org

Cerin Lindgrensavage (DC Bar No.
1741602) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro
hac vice*)
Anne Harden Tindall (DC Bar No. 494607)
(*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
cerin.lindgrensavage@protectdemocracy.org
joanna.suriani@protectdemocracy.org
anne.tindall@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207)
(*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No.
37093) (*pro hac vice*)

The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Jamielah Yancey (DC Bar No. 1619055) (*pro hac vice*)
Rebecca Heath (DC Bar No. 1644402) (*pro hac vice*)
Amy R. Orlov (DC Bar No. 1780213) (*pro hac vice*)
Noah Mussmon (DC Bar No. 90006660) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
jyancey@willkie.com
rheath@willkie.com
aorlov@willkie.com
nmussmon@willkie.com

Aaron E. Nathan (NY Bar No. 5478227) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: anathan@willkie.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 19, 2025, Plaintiffs' counsel conferred with counsel for Defendant Cisneros via a phone call, and counsel for Defendant Cisneros indicated that Cisneros is opposed to this motion.

DATED: August 20, 2025                                   */s/ Samuel Hall*


## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, a true and correct copy of the foregoing has been served on all counsel of record by the Electronic Case File System of the Western District of Texas in compliance with the Federal Rules of Civil Procedure.

DATED: August 20, 2025                                   */s/ Samuel Hall*