IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-565-RP |
| ELIAZAR CISNEROS, RANDI CEH, STEVE CEH, JOEYLYNN MESAROS, ROBERT MESAROS, and DOLORES PARK, | § § § § § | |
| Defendants. | § § | |

**ORDER**

On August 1, 2025, the Court issued an order granting, as unopposed, Plaintiffs Wendy Davis, David Gins, and Timothy Holloway's (collectively, "Plaintiffs") Motion to Compel Defendant Eliazar Cisneros to Pay Plaintiffs' Experts' Deposition Fees, (Dkt. 579). (Dkt. 588). The Court ordered Defendant Eliazar Cisneros ("Cisneros") to pay Plaintiffs' experts the fees requested and ordered Cisneros to pay Plaintiffs' reasonable attorneys' fees incurred in filing the motion. The Court ordered Plaintiffs to file an affidavit and supporting documentation to substantiate the fees they incurred. (*Id.*). On August 7, 2025, Plaintiffs filed a declaration by counsel Samuel Hall that details the specific amount of fees Plaintiffs are requesting in connection with their motion to compel. (Dkt. 595).

Courts in the Fifth Circuit use the "lodestar method" to calculate an appropriate fee award. *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, namely, the market rate in the community for the work. *Id.* "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After

calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

Plaintiffs ask the Court to award $1,440 in attorneys' fees, which reflects 2.4 hours incurred by counsel at a blended rate of $600 to account for work done by a partner and an associate. (Dkt. 595, ¶¶ 12, 14). Hall's declaration is accompanied by charts summarizing the work performed by counsel on the motion to compel. (Dkt. 595-1). The Court finds that the specific hourly rates charged by counsel are within the range of reasonable rates charged by other counsel in this region and finds that the blended rate proposed is a proper basis by which to ascertain the lodestar. Further, the Court finds that the time spent on the motion was reasonable. Therefore, the lodestar amount is $1,440. After considering the *Johnson* factors, the Court does not find cause to adjust the lodestar total.

Accordingly, **IT IS ORDERED** that, within fourteen days, Cisneros must pay $1,440.00 to Plaintiffs for their reasonable attorneys' fees incurred in filing the motion to compel.

**SIGNED** on August 19, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.